63

Rcpt. No. 150022047

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

v.

Case: **2:26-cv-13454**
Assigned To : **Berg, Terrence G.**
Referral Judge: **Altman, Kimberly G.**
Assign. Date : **9/11/2026**
Description: **CMP DAVIS V. BENSON ET AL (DA)**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan,
**JONATHAN BRATER**, in his official and individual capacities as the duly appointed Director of Michigan Bureau Elections,
**WAYNE COUNTY ELECTION COMMISSION**,
and
**BRENDA GREEN**, in her official capacity as the duly elected City Clerk for the City of Highland Park,
Defendants.

_______________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

_______________________________________/

**There is no other cause of action between the same or similar parties arising out of the same transactions or occurrences as alleged in this complaint pending in the United States District Court for the Eastern District of Michigan.**

## VERIFIED COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiff, ROBERT DAVIS ("Plaintiff" or "Plaintiff Davis"), in his own proper person and complaint, and for his Verified Complaint and Jury Demand ("Complaint"), states the following:

## I. NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq*.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.
3. This Court has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq*.
4. This Court has jurisdiction to adjudicate state law claims brought against Defendant Wayne County Election Commission pursuant to 28 U.S.C. § 1367.
5. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because Plaintiff is a resident of the Eastern District of Michigan, and the actions giving rise to the claims pled and alleged in this Complaint all occurred within the Eastern District of Michigan.

## III. PARTIES

6. Plaintiff, Robert Davis **("Plaintiff" or "Plaintiff Davis")**, is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff is a registered and dues paying member of the Michigan Democratic Party.

7. Defendant, Jocelyn Benson ("**Defendant Secretary of State**"), is the duly elected Secretary of State for the State of Michigan, who will appear on the November 3, 2026 general election ballot as the Michigan Democratic Party nominee for Governor.

8. Defendant, Jonathan Brater ("**Defendant State Director of Elections"**), is the duly appointed Director of Michigan Bureau of Elections under Mich.Comp.Laws §168.32 of Michigan Election Law.

9. Defendant, Wayne County Election Commission ("**Defendant Election Commission**"), pursuant to Mich.Comp.Laws §168.23, is the three-member board comprised of the Chief Judge of the Wayne County Probate, the Wayne County Clerk, and the Wayne County Treasurer, who has the statutory authority under Mich.Comp.Laws §168.689 to authorize the printing of the ballots for the November 3, 2026 general election and under Mich.Comp.Laws §168.567 to correct any errors that may be present on said general election ballots.

10. Defendant, Brenda Green ("**Defendant Highland Park City Clerk**"), is the duly elected City Clerk for the City of Highland Park.

11. **All exhibits and documents referenced an/or cited in this complaint will be filed separately as a separate "Index of Exhibits".**

12. That an actual controversy exists between the parties named herein.

## IV. COMMON FACTS

13. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

### A. Plaintiff Timely Files Sworn Complaint Challenging Validity of Eli Savit's and Garlin Gilchrist's Affidavits of Identity Under Mich Admin Code, 168.5 and Michigan Court of Claims Lawsuit.

14. On Saturday, August 29, 2026, challenged candidates Eli Savit and Garlin Gilchrist were *officially* and *formally* nominated at the Michigan Democratic Party's State Fall Convention, which was held in Lansing, MI. *See Davis v Secretary of State,* unpublished per curiam opinion of the Court of Appeals, issued August 24, 2026 (Docket No, 382032).

15. Plaintiff, as a lawful voting member of the Michigan Democratic Party, personally attended the Michigan Democratic Party's State Fall Convention held on August 29, 2026 and officially lodged his opposition to the nomination of challenged candidates Eli Savit and Garlin Gilchrist, II as the Democratic Party's nominees for Attorney General and Secretary of State, respectively.[1]

---

[1] See https://www.detroitnews.com/story/news/politics/2026/08/30/democrats-say-theyre-unified-for-november-amid-lingering-tension/91341869007/

16. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, on Monday, August 31, 2026, challenged candidates Eli Savit and Garlin Gilchrist II filed their respective affidavits of identity with the Defendant Secretary of State. (**See Redacted Copies of Affidavits of Identity of Filed By Savit and Gilchrist on August 31, 2026**).

17. On September 1, 2026, Plaintiff filed his ***original*** verified complaint for declaratory and mandamus relief against Defendant Secretary of State in the Michigan Court of Claims. Contemporaneously, Plaintiff also filed an emergency motion for temporary restraining order (TRO), or in the alternative, motion for preliminary injunction and order to show cause. See *Davis v Benson*, Court of Claims Case No. 26-000187-MB.

18. Prior to filing the state court lawsuit, in the morning of September 1, 2026, pursuant to Mich Admin Code, R 168.5, as amended effective June 8, 2026, Plaintiff also filed sworn complaints with the Defendant Secretary of State challenging the validity of Eli Savit's and Garlin Gilchrist II's affidavits of identity that were filed with the Defendant Secretary of State on August 31, 2026. (**See Plaintiff's Sworn Complaints Challenging Validity of Affidavits of Identity Filed By Challenged Candidates Eli Savit and Garlin Gilchrist, II attached**).

19. On September 2, 2026, Court of Claims Chief Judge Michael F. Gadola ("Chief Judge Gadola") issued an Emergency Scheduling Order requiring the Defendant Secretary of State to file a combined response to the original

complaint and Plaintiff's Emergency *Ex Parte* Motion for TRO/Preliminary Injunction and Order to Show Cause by 4 p.m. on September 2, 2026.

20. Chief Judge Gadola's September 2, 2026 Emergency Scheduling Order also directed Plaintiff to file a response to Defendant Secretary of State's motion for summary disposition by Noon on September 3, 2026.

21. Pursuant to Chief Judge Gadola's September 2, 2026 Emergency Scheduling Order, on September 2, 2026 at 3:48 p.m., the Defendant Secretary of State filed a motion for summary disposition seeking dismissal of Plaintiff's ***original*** complaint under MCR 2.116(C)(8).

22. On September 3, 2026, Plaintiff filed an emergency motion to strike Adam Fracassi's affidavit, which was filed in support of Defendant Secretary of State's 9/2/26 motion for summary disposition under MCR 2.116(C)(8).

23. Also, on September 3, 2026, in accordance with MCR 2.118(A)(1), Plaintiff timely filed an ***amended*** verified complaint that only added additional facts with respect to Count I of the ***original*** complaint. In accordance with the Court's September 2, 20226 Emergency Scheduling Order, on September 3, 2026, Plaintiff timely filed a response addressing all of the substantive legal arguments raised in Defendant's 9/2/2026 motion for summary disposition.

24. Then, on September 4, 2026 at 8:35 a.m., Plaintiff filed an emergency motion to file a supplemental response brief.

25. After the filing of Plaintiff's emergency motion to file a supplemental response brief, at 10:42 a.m., Chief Judge Gadola issued its opinion and order

granting Defendant Secretary of State's motion for summary disposition under MCR 2.116(C)(8) and denying Plaintiff's various motions and dismissing with prejudice Plaintiffs' ***original*** and ***amended*** complaints. (**See Chief Judge Gadola's September 4, 2026 Opinion and Order**).

**B. Plaintiff's Emergency Appeal To Michigan Court of Appeals**

26. Later that same day, in the afternoon on Friday, September 4, 2026, Plaintiff promptly filed an emergency appeal in the Michigan Court of Appeals claiming an appeal of right from Chief Judge Gadola's September 4, 2026 opinion and order. See *Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 8, 2026 (Docket No. 382336).

27. Accompanying Plaintiff's claim of appeal were motions for immediate consideration and to expedite the appeal under MCR 7.213(C)(4). The Commissioners of the Michigan Court of Appeals provided the Defendant Secretary of State until Noon on Tuesday, September 8, 2026[2] to file her response to Plaintiff's emergency motions for immediate consideration and to expedite the appeal. See *Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 8, 2026 (Docket No. 382336).

28. On Tuesday, September 8, 2026, Plaintiff filed appellant's principal brief on appeal. Later that day, the Michigan Court of Appeals entered an order **denying Plaintiff's motion to expedite the appeal without**

[2] Michigan Courts were closed on Monday, September 7, 2026 in observance of the federal Labor Day Holiday.

**explanation**. *See Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 8, 2026 (Docket No. 382336).

**Plaintiff's Emergency Interlocutory Application For Leave To Appeal Filed In Michigan Supreme Court**

29. On Thursday, September 10, 2026, Plaintiff filed an Emergency Interlocutory Application For Leave To Appeal the September 8, 20226 Order of the Court of Appeals with the Michigan Supreme Court. See *Davis v Secretary of State*, Michigan Supreme Court No. 170671.

30. Contemporaneously, Plaintiff filed a motion to expedite the appeal so that a decision on whether the appeal would be REMANDED back to the Michigan Court of Appeals for an expedited decision on the merits could be issued by the close of business on Thursday, September 10, 2026.

31. As of the date and time of the filing of this verified complaint with the Clerk of the Court, the Michigan Supreme Court had **NOT** issued a decision or order with respect to Plaintiff's emergency application for leave to appeal or motion to expedite the appeal.

## V. CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983-Procedural Due Process Claim- Defendants Secretary of State and State Director of Elections Violated Plaintiff's Procedural Due Process Rights As Afforded Under Mich Admin Code, R 168.2(3) and (4), R 168.5, and R 168.6, As Amended.

32. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

33. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities.

34. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

35. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

36. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

37. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

**Plaintiff Timely Files Sworn Complaint Challenging Validity of Eli Savit's and Garlin Gilchrist's Affidavits of Identity Under Mich Admin Code, R 168.5, As Amended.**

38. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, on Monday, August 31, 2026, challenged candidates Eli Savit and Garlin Gilchrist II filed their respective affidavits of identity with the Defendant Secretary of State. (**See Redacted Copies of Affidavits of Identity of Filed By Savit and Gilchrist on August 31, 2026**).

39. In the morning of September 1, 2026, pursuant to Mich Admin Code, R 168.5, as amended effective June 8, 2026, Plaintiff also filed sworn complaints with the Defendant Secretary of State challenging the validity of Eli Savit's and Garlin Gilchrist II's affidavits of identity that were filed with the Defendant Secretary of State on August 31, 2026. (**See Plaintiff's Sworn Complaints Challenging Validity of Affidavits of Identity Filed By Challenged Candidates Eli Savit and Garlin Gilchrist, II attached**).

40. Mich Admin Code, R 168.5, as amended effective June 8, 2026, provides:

> **R 168.5 Affidavit of identity challenge.**
>
> Rule 5.
>
> (1) **The filing official shall reject any challenge received more than 7 days after the deadline for the filing of the affidavit of identity.**
> (2) **The filing official shall reject any challenge that is not in the form of a signed and notarized complaint**. [emphasis supplied.]

41. Mich Admin Code, R 168.6, as amended effective June 8, 2026, further provides:

> R 168.6 Candidate response to challenge.
>
> Rule 6.
>
> (1) **The filing official shall render a decision without consideration of a candidate's response to a challenge to the candidate's affidavit of identity if the response is received more than 7 days after the candidate was provided with the challenge.**
> (2) The filing official shall decline to consider a response that is not signed. [emphasis supplied.]

42. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, the **deadline for the filing of the affidavits of identity for the Democratic Party's nominees for Attorney General and Secretary of State <u>was Monday, August 31, 2026</u>** because the Michigan Democratic Party officially and formally nominated their party's candidates at the Fall State Nominating Convention held in Lansing, MI on Saturday, August 29, 2026. (**See Michigan Democratic Party's Call To Convention for Fall State Nominating Convention**).

43. Therefore, Plaintiff's sworn complaints filed with the Defendant Secretary of State on September 1, 2026—one day after Savit and Gilchrist filed their respective affidavits of identity with the Defendant Secretary of State—were timely under Mich Admin Code, R 168.5.

44. Pursuant to Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, the Defendant Secretary of State, as the filing official for candidates for Attorney General and Secretary of State had a statutory legal duty to "**check state and county records to ensure that a candidate has made accurate statements in the affidavit**." *Wilcoxon v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op 5 (emphasis supplied). (Unpublished Michigan Court of Appeals Opinion attached).

45. Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, provides:

> (3) ***The filing official shall examine the campaign finance records of the secretary of state and county clerk for any county***

> ***in which the candidate* previously sought nomination or election**, if applicable, ***to determine whether the candidate made a false statement in the affidavit of identity***. [emphasis supplied.]

46. Mich Admin Code, R 168.1(c) defines "Filing official" to mean "the township, city, or county clerk, or the secretary of state with the affidavit of identity is filed." (emphasis supplied).

47. As noted, pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, the Democratic Party's nominees for Attorney General and Secretary of State were required to file their respective affidavits of identity with the Defendant Secretary of State. Therefore, the Defendant Secretary of State is the "filing official" for purposes of Mich Admin Code, R 168.1(c) and R 168.2(3).

48. The Defendant Secretary of State, who will be appearing on the November 3rd general election ballot as the *Michigan Democratic Party's nominee* for Governor, has publicly endorsed and supported the challenged candidates Eli Savit and Garlin Gilchrist, II for their respective candidacies for Attorney General and Secretary of State.[3]

49. The Defendant State Director of Elections, who was appointed to his position by the Defendant Secretary of State, has also publicly endorsed and supported the challenged candidates Eli Savit and Garlin Gilchrist, II for their respective candidacies for Attorney General and Secretary of State.

---

[3] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboePublicReport&electionType=GEN&electionYear=2026 (last accessed on Thursday, September 10, 2026)

50. With respect to sworn complaints filed in accordance with Mich Admin Code, R 168.5 challenging the validity of a candidate's affidavit of identity, the Defendant State Director of Elections acts on behalf of the Defendant Secretary of State and conducts the investigation required under Mich Admin Code, R 168.2(3).

51. That Defendant Secretary of State is a "biased decisionmaker" because as the Michigan Democratic Party nominee for Governor, Defendant Secretary of State is running as a "team" with challenged candidates Eli Savit and Garlin Gilchrist, II.

52. That Defendant Secretary of State is a "biased decisionmaker" because as the Michigan Democratic Party nominee for Governor, Defendant Secretary of State has publicly endorsed and supported the candidacies of the challenged candidates Eli Savit and Garlin Gilchrist, II for Attorney General and Secretary of State, respectively.

53. That Defendant Secretary of State is a "biased decisionmaker" because of her personal animus and dislike she has expressed publicly towards and against the Plaintiff.

54. Plaintiff has been quoted in the media as expressing his dislike for the Defendant Secretary of State and Plaintiff publicly stated that he will NOT be voting for Defendant Secretary of State despite the fact that Plaintiff is a registered Democrat.

55. Plaintiff has filed a campaign finance complaint against the Defendant Secretary of State, which was referred to Michigan Attorney General Dana Nessel for investigation. (See Referral of Plaintiff's Campaign Finance Complaint against Defendant Secretary of State attached).

56. Plaintiff also has a lawsuit pending to have Defendant Secretary of State removed and disqualified as the Democratic Party's nominee for Governor for the November 3, 2026 general election. See *Davis v Benson*, Court of Claims No. 26-000187-MB; Court of Appeals Docket No. 382321.

57. In the election-related matter, *Shalanda Leggs, et.al. v Benson*, Court of Claims No. 26-000148-MB, it was properly pled and alleged that Plaintiff has repeatedly been informed and advised by Wayne County Election officials that Plaintiff is "hated" and "despised" by the Defendant Secretary of State and her staff, which includes but is not limited to Defendant State Director of Elections and his deputy, Adam Fracassi.

58. The Defendant Secretary of State has purposely denied Plaintiff's FOIA request for election information pertaining to a candidate's compliance with the Michigan Election Law and Michigan Campaign Finance Act in effort to derail Plaintiff's attempts to challenge a candidate's eligibility to appear on an election ballot. This is the subject of a now-dismissed lawsuit in the Court of Claims. See *Davis v State Bureau of Elections*, COC No. 26-000153-MZ (Judge Randy Wallace).

59. Based upon the documented animus and hatred Defendant Secretary of State and her staff have toward Plaintiff, Defendant Secretary of State was **NOT** an "impartial decision-maker" to address Plaintiff's two (2) sworn complaints filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits of identity filed by her Democratic Party running mates Eli Savit and Garlin Gilchrist.

60. As further evidence that Defendant Secretary of State was **NOT** a "fair" and "impartial decision-maker," Plaintiff currently has a campaign finance complaint pending against the Defendant Secretary of State, which was referred to the Michigan Attorney General for possible criminal investigation as required under the Michigan Campaign Finance Act (MCFA).

61. Additionally, Plaintiff has been quoted publicly that Plaintiff Davis was **NOT** supporting Defendant Secretary of State's gubernatorial candidacy and that Plaintiff would do everything in his power to ensure that Defendant Secretary of State would not be elected Governor of Michigan.

62. Defendant Secretary of State's refusal and neglect to properly address and review Plaintiff's meritorious sworn complaints timely filed under Mich Admin Code, R 168.5 was a direct result of Defendants Secretary of State and State Director of Elections' personal hatred and animus they each individually have expressed publicly and in private against the Plaintiff.

63. The Defendants Secretary of State's and State Director of Elections' hatred and personal animus they each individually have towards Plaintiff has

caused Defendant Secretary of State and her staff, including Defendant State Director of Elections failing to properly address Plaintiff's timely filed sworn complaints challenging the validity of Eli Savit's and Garlin Gilchrist's affidavits of identity and Defendant Secretary of State's failure to carry out her statutory duties under Mich Admin Code, R 168.2(3) before she issued her "notice" to the county clerks "certifying" Eli Savit and Garlin Gilchrist as candidates for the November 3, 2026 general election ballot.

64. Plaintiff has been told by Wayne County Election Officials that they were advised by Defendant State Director of Elections that he would see to it that nothing associated with Plaintiff would be addressed by the Defendant Secretary of State with respect to election-related matters and challenges Plaintiff filed to have a candidate disqualified under Mich.Comp.Laws §168.558(4) of Michigan Election Law.

65. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections have issued a written determination or response to Plaintiff's two (2) sworn challenges filed on September 1, 2026 under Mich Admin Code, R 168.5.

66. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections conducted any investigations with respect to Eli Savit's and Garlin Gilchrist's affidavits of identity as required under Mich Admin Code, R 168.2(3).

67. Pursuant to Mich.Comp.Laws §168.648, the Defendant Secretary of State had until September 4, 2026 to provide send "to the county clerk of each county a notice in writing of such primary or election, specifying in such notice the federal, state and district offices for which candidates are to be nominated or elected, as well as any constitutional amendments and questions to be submitted there at."

68. In accordance with Mich.Comp.Law §168.648 of Michigan Election Law, on September 4, 2026, the Defendant Secretary of State issued a "notice" "to the county clerk of each county.... Specifying in such notice the federal, state and district offices for which candidates are to be...elected[.]

69. Plaintiff had a protected property interest under Mich Admin Code, R 168.5 to file a sworn complaint within 7 days of the August 31, 2026 filing deadline challenging the validity of Eli Savit's and Garlin Gilchrist's affidavit of identity and to have said challenges addressed by the Defendants Secretary of State and State Director of Elections ***before*** the Defendant Secretary of State certified Eli Savit and Garlin Gilchrist on September 4, 2026.

70. Defendants Secretary of State and State Director of Elections had a statutory legal duty under Mich Admin Code, R 168.2(3) to "**check state and county records to ensure that a candidate has made accurate statements in the affidavit [of identity]**" and to "**compare statements in an affidavit of identity to campaign records for the state and county *before* certifying a candidate**[.]" Wilcoxon v Garrett, unpublished opinion of the

Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 5 (emphasis supplied).

71. Defendants Secretary of State and State Director of Elections had a statutory legal duty under Mich Admin Code, R 168.2(3) to "**perform some investigation into the statutes of each candidate's campaign finance records history *before* certifying the candidate's name to appear on a ballot**." *Wilcoxon v Garrett*, unpublished opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 6 (emphasis supplied).

72. The Defendant Secretary of State and Defendant State Director failed to address the merits of Plaintiff's two (2) sworn complaints challenging the validity of Eli Savit's and Garlin Gilschrist's affidavits of identity and **failed** to properly conduct an investigation and check state and county campaign finance records to ensure candidates Eli Savit and Garlin Gilchrist made accurate statements in their respective affidavits of identity ***before*** certifying these candidates on September 4, 2026 as required under Mich Admin Code, R 168.2(3) and Mich Admin Code, R 168.5. See *Wilcoxon v Garrett*, unpublished per curiam opinion of Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at pp 5-6.

73. Defendants Secretary of State and State Director of Elections' actions were deliberate and intentional due to their personal biases and animus they have against the Plaintiff and based on their political allegiances to the challenged

candidates, Eli Savit and Garlin Gilchrist, as well as to the Michigan Democratic Party.

74. Defendants Secretary of State's and State Director of Elections' unlawful and unethical actions violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution by failing to address the merits of Plaintiff's sworn complaints timely filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits filed by Eli Savit and Garlin Gilchrist on August 31, 2026 ***before*** the Defendant Jocelyn Benson "certified" Eli Savit and Garlin Gilchrist to appear on the November 3, 2026 general election ballot on September 4, 2026.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution by **failing** to perform some investigation into the status of Eli Savit's and Garlin Gilchrist's campaign finance records history and comparing statements in Eli Savit's and Garlin Gilchrist's affidavits of identity to campaign records for the state and county ***before*** certifying the candidates' names to appear on the November 3, 2026 general election ballot as was required under Mich Admin Code, R 168.2(3).

c. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for violating Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

d. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for violating Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

e. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

f. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT II

**42 U.S.C. §1983- "Class of One" Equal Protection Claim- Defendants Secretary of State and State Director of Elections Denied Plaintiff Equal Protection Under The Law By Treating Plaintiff's Sworn Complaints Filed Under MCL 168.5 Differently Than Other Sworn Complaints Filed By Similarly Situated Individuals Due To Defendants Secretary of State's and State Director of Elections' Personal Animus They Have Against The Plaintiff.**

75. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

76. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities

77. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

78. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

79. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

80. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

81. Despite Plaintiff having timely filed his sworn complaints within 7 days of the August 31, 2026 filing deadline for Eli Savit and Garlin Gilchrist to have filed their affidavits of identity with the Defendant Secretary of State under Mich.Comp.Laws §168.558(1), the Defendants Secretary of State and State Director of Elections failed to address the merits of Plaintiff's sworn complaints timely filed on September 1, 2026 under Mich Admin Code, R 168.5.

82. Plaintiff's sworn complaints timely filed on September 1, 2026 under Mich Admin Code, R 168.5 challenging the validity of the Democratic Party's nominees Eli Savit's and Garlin Gilchrist's affidavits of identity, were treated

differently than other sworn complaints that were timely filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits of identity of other candidates.

83. For example, during the August 2026 primary, on April 28, 2026, Andrea Ellen Karpinski timely filed a sworn complaint under Mich Admin Code, R 168.5 challenging the validity of the affidavit of identity filed by judicial 31st District Court candidate Mark Michael Koroi.

84. Defendants Secretary of State and State Director of Elections processed Andrea Ellen Karpinski's challenge and determined that Mr. Koroi was not a qualified elector of the 31st District Court at the time of submitting his affidavit of identity and will not be certified as a candidate for the August 4, 2026, primary election ballot.

85. Defendants Secretary of State and State Director of Elections properly addressed and investigated the merits of Andrea Ellen Karpinksi's sworn complaint filed under Mich Admin Code, R 168.5 challenging the validity of Mr. Koroi's affidavit of identity ***before*** the statutory deadline to certify candidates.

86. Defendants Secretary of State and State Director of Election processed dozens of other sworn complaints that were timely filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits of identity filed by other candidates and properly conducted "some investigation into the status of each candidate's campaign finance records history before certifying the

candidate's name to appear on a ballot" as required under Mich Admin Code, R 168.2(3). *Wilcoxon v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 6.

87. The Defendants Secretary of State and State Director of Elections, however, treated Plaintiff's sworn complaints that were timely filed on September 1, 2026 under Mich Admin Code, R 168.5 ***differently*** than the other sworn complaints filed by other individuals.

88. Plaintiff's sworn complaints filed on September 1, 2026 under Mich Admin Code, R 168.5 were treated differently than the other sworn complaints because of the personal animus Defendants Secretary of State and State Director of Elections has towards the Plaintiff.

89. The Defendant Secretary of State has personally and publicly expressed her personal animus, dislike and ill-will towards and against the Plaintiff.

90. Plaintiff has been quoted in the media as expressing his dislike for the Defendant Secretary of State and Plaintiff publicly stated that he will **NOT** be voting for Defendant Secretary of State despite the fact that Plaintiff is a registered Democrat.

91. Plaintiff has filed a campaign finance complaint against the Defendant Secretary of State, which was referred to Michigan Attorney General Dana Nessel for investigation. (See Referral of Plaintiff's Campaign Finance Complaint against Defendant Secretary of State attached).

92. Plaintiff also has a lawsuit pending to have Defendant Secretary of State removed and disqualified as the Democratic Party's nominee for Governor for the November 3, 2026 general election. See *Davis v Benson*, Court of Claims No. 26-000187-MB; Court of Appeals Docket No. 382321.

93. In the election-related matter, *Shalanda Leggs, et.al. v Benson*, Court of Claims No. 26-000148-MB, it was properly pled and alleged that Plaintiff has repeatedly been informed and advised by Wayne County Election officials that Plaintiff is "hated" and "despised" by the Defendant Secretary of State and her staff, which includes but is not limited to Defendant State Director of Elections and his deputy, Adam Fracassi.

94. The Defendant Secretary of State has purposely denied Plaintiff's FOIA request for election information pertaining to a candidate's compliance with the Michigan Election Law and Michigan Campaign Finance Act in effort to derail Plaintiff's attempts to challenge a candidate's eligibility to appear on an election ballot. This is the subject of a now-dismissed lawsuit in the Court of Claims. See *Davis v State Bureau of Elections*, COC No. 26-000153-MZ (Judge Randy Wallace).

95. Based upon the documented animus and hatred Defendant Secretary of State and her staff have toward Plaintiff, Defendant Secretary of State was **NOT** an "impartial decision-maker" to address Plaintiff's two (2) sworn complaints filed under Mich Admin Code, R 168.5 challenging the validity of the

affidavits of identity filed by her Democratic Party running mates Eli Savit and Garlin Gilchrist.

96. As further evidence that Defendant Secretary of State has personal animus and ill-will towards the Plaintiff, currently Plaintiff has a campaign finance complaint pending against the Defendant Secretary of State, which was referred to the Michigan Attorney General for possible criminal investigation as required under the Michigan Campaign Finance Act (MCFA).

97. Additionally, Plaintiff has been quoted publicly that Plaintiff Davis was **NOT** supporting Defendant Secretary of State's gubernatorial candidacy and that Plaintiff would do everything in his power to ensure that Defendant Secretary of State would not be elected Governor of Michigan.

98. Defendant Secretary of State's refusal and neglect to properly address and review Plaintiff's meritorious sworn complaints timely filed under Mich Admin Code, R 168.5 was a direct result of Defendants Secretary of State and State Director of Elections' personal hatred and animus they each individually have expressed publicly and in private against the Plaintiff.

99. The Defendants Secretary of State's and State Director of Elections' hatred and personal animus they each individually have towards Plaintiff has caused Defendant Secretary of State and her staff, including Defendant State Director of Elections failing to properly address Plaintiff's timely filed sworn complaints challenging the validity of Eli Savit's and Garlin Gilchrist's affidavits of identity and Defendant Secretary of State's failure to carry out

her statutory duties under Mich Admin Code, R 168.2(3) before she issued her "notice" to the county clerks "certifying" Eli Savit and Garlin Gilchrist as candidates for the November 3, 2026 general election ballot.

100. Plaintiff has been told by Wayne County Election Officials that they were advised by Defendant State Director of Elections that he would see to it that nothing associated with Plaintiff would be addressed by the Defendant Secretary of State with respect to election-related matters and challenges Plaintiff filed to have a candidate disqualified under Mich.Comp.Laws §168.558(4) of Michigan Election Law.

101. In fact, at the Michigan Democratic Party's August 29, 2026 Fall State Nominating Convention, Defendant Secretary of State and Plaintiff crossed paths and Defendant Secretary of State gave Plaintiff an "evil" and "cold" look when they passed each other during the convention held at the Lansing Convention Center.

102. During this brief exchange between Plaintiff and Defendant Secretary of State at the Michigan Democratic Party's August 29, 2026 Fall State Nominating Convention, some of Defendant Secretary of State's supporters that were with her were heard calling Plaintiff an "asshole" and the "black devil".

103. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections have issued a

written determination or response to Plaintiff's two (2) sworn challenges filed on September 1, 2026 under Mich Admin Code, R 168.5.

104. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections conducted any investigations with respect to Eli Savit's and Garlin Gilchrist's affidavits of identity as required under Mich Admin Code, R 168.2(3).

105. Due to the personal animus and ill-will Defendants Secretary of State and State Director of Elections has towards Plaintiff, the sworn complaints Plaintiff timely filed on September 1, 2026 under Mich Admin Code, R 168.5 were treated differently denying Plaintiff equal protection under the law.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, denied Plaintiff equal protection under the law under the "Class of One" theory because they treated Plaintiff's sworn complaints timely filed on September 1, 2026 under Mich Admin Code, R 168.5 differently than others due to the personal animus and ill-will each of them individually have publicly expressed against the Plaintiff in violation of the Fourteenth Amendment of United States Constitution.

b. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly

elected Secretary of State for the State of Michigan, for denying Plaintiff equal protection under the law under the "Class of One" theory in violation of the Fourteenth Amendment of the United States Constitution.

c. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for denying Plaintiff equal protection under the law under the "Class of One" theory in violation of the Fourteenth Amendment of the United States Constitution.

d. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

e. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT III
## 42 U.S.C. §1983- First Amendment Prior Restraint- Provision of Mich.Comp.Laws §24.264 of The Administrative Procedures Act (APA) Requiring Plaintiff To Receive Prior Approval From Defendant Secretary of State To File Lawsuit Concerning The Validity or Applicability of A Promulgated Rule Constitutes As A Prior Restraint In Violation of Plaintiff's First Amendment Rights.

106. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

107. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities

108. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

109. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

110. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

111. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

112. Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, ***the validity or applicability of a rule***, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, **may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff**. The action shall be filed in the circuit court of the county where the plaintiff resides or has his or her principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. ***An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.*** This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted. [emphasis supplied.]

113. On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (**See Plaintiff's August 22, 2026 expedited request for declaratory ruling attached**).

114. As of the date and time of the filing of this complaint, Plaintiff has **NOT** received a written response to his August 22, 2026 expedited request for declaratory ruling.

115. Plaintiff has sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

116. Defendants Secretary of State and State Director of Elections' **refusal** to timely respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court.

117. Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request***

***or failed to act upon it expeditiously."*** *See Warren Consol Sch Dist v Hazel Park Sch Dist.*, ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency. If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court.*") (emphasis supplied).

118. There is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling.

119. Thus, Defendants Secretary of State and State Director of Elections can take as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling.

120. Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters.

121. This provision of Mich.Comp.Laws §24.264 requiring Defendants Secretary of State and State Director of Elections to respond with a written denial constitutes a "prior restraint" violating Plaintiff's First Amendment rights.

122. "A 'prior restraint' exists when the exercise of a First Amendment right depends on the prior approval of public officials." *Déjà vu of Nashville, Inc. v Metro Gov't of Nashville and Davison County*, 274 F.3d 377, 400 (6th Cir. 2001).

123. "The filing of a lawsuit to redress grievances is clearly protected activity under the First Amendment." *Eckerman v Tennessee Dept. of Safety*, 636 F.3d 202, 208 (6th Cir. 2010) (citing *Thaddeus-X v Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc).

124. The U.S. Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights." *Nebraska Press Assn. v Stuart*, 427 U.S. 539, 559 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976).

125. Accordingly, "[a]ny system of prior restraints comes to this Court bearing a heavy presumption against its constitutional validity." *Freedman v Maryland*, 380 U.S. 51, 57; 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

126. The provision of Mich.Comp.Laws §24.264 of the APA has prevented Plaintiff from filing a meritorious and nonfrivolous lawsuit in state court seeking declaratory relief against the Defendant Secretary of State and other local clerks, including the Defendant Highland Park City Clerk, as to the applicability of Mich Admin Code, R 168.2(3) with respect to the "certification" of candidates for the November 3, 2026 general election.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, violated Plaintiff's First Amendment rights by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA with respect to Plaintiff's August 22,2026 expedited request for declaratory ruling as to the applicability of Mich Admin Code, R 168.2(3) to the certification of candidates for the November 3, 2026 general election.

b. Issue a declaratory judgment pursuant to 42 U.S.C. 1982 and the Declaratory Judgment Act declaring Mich.Comp.Laws §24.264 of APA is unconstitutional for it is an unconstitutional prior restraint to Plaintiff exercising his First Amendment right to file a meritorious and nonfrivolous lawsuit against Defendants Jocelyn Benson and Jonathan Brater and other local city and county clerks regarding the applicability of Mich Admin Code, R 168.2(3) to the certification of candidates for the November 3, 2026 general election.

c. Issue a Order enjoining the Defendants Jocelyn Benson and Jonathan Brater from enforcing the provision of Mich.Comp.Laws §24.264 requiring Plaintiff to first receive a written denial from the Defendants Jocelyn Benson and Jonathan Brater prior to filing a lawsuit for declaratory relief as to the validity or applicability of a rule promulgated under the APA.

d. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for violating Plaintiff's First Amendment rights by enforcing the unconstitutional

prior restraint provision set forth in Mich.Comp.Laws §24.264 of the APA.

e. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for violating Plaintiff's First Amendment rights by enforcing the unconstitutional prior restraint provision set forth in Mich.Comp.Laws §24.264 of the APA.

f. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

g. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT IV**
**28 U.S.C. §1367 Supplemental Jurisdiction- State Law Claim Declaratory Judgment Declaring Defendant Highland Park City Clerk Violated Mich Admin Code, R 168.2(3) By Failing To Perform Some Investigation Into The Status Of Each Candidate's Campaign Finance Records History *Before* Certifying Candidate's Name To Appear On November 3rd General Election.**

127. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

128. Pursuant to 28 U.S.C. §1367 this Court shall exercise supplemental jurisdiction over this state law claim brought against Defendant Highland Park City Clerk **ONLY** under Mich.Comp.Laws §24.264 of APA and MCR 2.605. *See Warren Consol Sch Dist v Hazel Park Sch Dist.*, ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643).

129. This state-law claim for declaratory relief is brought against the Defendant Highland Park City Clerk ONLY pursuant to Mich.Comp.Laws §24.264 of Administrative Procedures Act (APA) and MCR 2.605.

130. To the extent prior approval from the Defendant Secretary of State was required under Mich.Comp.Laws §24.264 of APA, such a request and subsequent approval would have been futile due to the Defendant Secretary of State's documented animus and ill-will she has against the Plaintiff and due to the strict deadlines for emergency-related matters.

131. Additionally, Defendants Secretary of State's and State Director of Elections' deliberate, unethical and intentional actions of delaying to issue a written denial to Plaintiff's August 22, 2026 expedited request for declaratory relief constitutes a constructive denial of Plaitniff's expedited request for declaratory relief for purposes of Mich.Comp.Laws §24.264 of APA.

132. Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, provides:

> (3) The filing official shall examine the campaign finance records of the secretary of state and county clerk for any county in which the candidate previously sought nomination or election, if applicable, to determine whether the candidate made a false statement in the affidavit of identity.

133. Mich Admin Code, R 168.2(4), as amended effective June 8, 2026, further provides:

> (4) The filing official shall disqualify a candidate who falsely states that as of the date he or she signed the affidavit of identity, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's

election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid. Candidates disqualified on this basis cannot reverse disqualification by filing a corrected affidavit.

134. Mich Admin Code, R 168.1(c), as amended effective June 8, 2026, defines "filing official" to mean "**the township, *city***, or county ***clerk***, or the secretary of state **with which the affidavit of identity is filed**." (emphasis supplied).

135. In accordance with Mich.Comp.Laws §§ 168.323 and 168.558(1), candidates seeking election to local elective office for the City of Highland Park had to file their respective affidavits of identity, filing fees or nominating petitions with the Highland Park City Clerk.

136. On August 4, 2026, the City of Highland Park held primary elections for the elective offices of Mayor and City Council. Pursuant to Mich.Comp.Laws §168.540 of Michigan Election Law, however, there were **NO** primary elections for the elective offices of City Treasurer and City Clerk because there were not twice as many candidates as there were to be elected. However, these elective offices will appear on the November 3, 2026 general election ballot.

137. Presumably, all candidates whose names were certified to appear on the August 4, 2026 primary election by the Defendant Highland Park City Clerk submitted affidavits of identity that did **NOT** contain false statements. See Mich.Comp.Laws §168.558(4).

138. Despite the fact that candidates' names may have appeared on the August 4, 2026 primary election ballot, the Michigan Court of Appeals has

held that Mich.Comp.Law §168.558 applies to **both primary and general** elections. *Moore v Genesee Co,* 337 Mich App 723, 728-729; 976 NW2d 921 (2021); see also *Kahlilia Davis v Secretary of State*, unpublished order of the Court of Appeals, entered August 22, 2022 (Docket No. 362455).

139. Therefore, pursuant to Mich Admin Code, R 168.2(3), the Defendant Highland Park City Clerk had the statutory legal duty to "**perform some investigation into the status of each candidate's campaign finance records history before certifying the candidate's name to appear on**" the November 3, 2026 general election ballot. *Wilcoxon v Garrett,* unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 6 (emphasis supplied).

140. Defendant Highland Park City Clerk failed to perform her statutory legal duties under Mich Admin Code, R 168.2(3) before she certified candidates for the November 3, 2026 general election.

141. Particularly, Defendant Highland Park City Clerk failed to perform her statutory legal duties under Mich Admin Code, R 168.2(3) with respect to incumbent Mayoral candidate Glenda McDonald and her mayoral campaign committee.

142. Currently pending before the Defendant Secretary of State is a campaign finance complaint filed by the Plaintiff against Glenda McDonald and her candidate committee that thoroughly sets forth various violations of

the Michigan Campaign Finance Act (MCFA), which renders Glenda McDonald's affidavit of identity false under Mich.Comp.Laws §168.558(4).

143. As such, because Plaintiff's campaign finance complaint will ultimately determine Glenda McDonald's candidate committee failed to file campaign statements or reports that were "***required of***" her candidate committee on the date she signed her affidavit of identity to qualify as a candidate for Mayor of Highland Park, under Mich.Comp.Laws §168.558(4) and Mich Admin Code, R 168.2(4), Defendant Highland Park City Clerk should **NOT** have certified Glenda McDonald to appear on the November 3, 2026 general election as a candidate for Mayor. See *Moore*, 337 Mich App at 728-729; see also *Kahlilia Davis v Secretary of State*, unpublished order of the Court of Appeals, entered August 22, 2022 (Docket No. 362455).

144. As noted, pursuant to Mich.Comp.Laws §24.264 of APA, Plaintiff filed an expedited request for declaratory ruling with the Defendant Secretary of State regarding the applicability of Mich Admin Code, R 168.2(3) with respect to local clerk's, such as the Defendant Highland Park City Clerk, certification of candidates for the November 3, 2026 general election.

145. To date, however, the Defendant Secretary of State has **NOT** issued a written response denying Plaintiff's expedited request for declaratory ruling and Plaintiff has thus been **prevented** from filing this cause of action under Mich.Comp.Laws §24.264 against the Defendant Highland Park City Clerk. *See Warren Consol Sch Dist v Hazel Park Sch Dist.*, ___Mich.____;

____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643).

146. The Defendant Highland Park City Clerk's failure to properly perform her statutory duties under Mich.Comp.Laws §168.558(4) and Mich Admin Code, R 168.2(3) and (4) will result in an otherwise ineligible candidate for Mayor appearing on the November 3, 2026 general election ballot.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Brenda Green, in her official capacity as the duly elected City Clerk for the City of Highland Park, as follows:

a. Issue a declaratory judgment pursuant to Mich.Comp.Laws §24.264 of APA and MCR 2.605 declaring that Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, applied to Defendant Brenda Green, in her official capacity as the duly elected City Clerk for the City of Highland Park, with respect to certifying candidates for the November 3, 2026 general election.

b. Issue a declaratory judgment pursuant to Mich.Comp.Laws §24.264 of APA and MCR 2.605 declaring that pursuant to Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, Defendant Brenda Green, in her official capacity as the duly elected City Clerk for the City of Highland Park, was required to perform some investigation into the status of each candidate's campaign finance records history before certifying the candidate's name to appear on the November 3, 2026 general election ballot.

c. Issue a declaratory judgment pursuant to MCR 2.605 that the Defendant Brenda Green, in her official capacity, violated Mich.Comp.Laws §168.558(4) and Mich Admin Code, R 168.2(3) by failing to perform some investigation into the status of each candidate's campaign finance records history before certifying the candidate's name to appear on the November 3, 2026 general election

ballot, specifically as to the improper and unlawful certification of Highland Park Mayoral candidate Glenda McDonald to appear on the November 3, 2026 general election ballot.

d. Issue a Order enjoining the Defendants Jocelyn Benson and Jonathan Brater from enforcing the provision of Mich.Comp.Laws §24.264 requiring Plaintiff to first receive a written denial from the Defendants Jocelyn Benson and Jonathan Brater prior to filing a lawsuit for declaratory relief as to the validity or applicability of a rule promulgated under the APA.

e. Award Plaintiff court costs and attorney's fees pursuant to Michigan Court Rules and applicable state law.

f. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT V**

**28 U.S.C. §1367 Supplemental Jurisdiction- State Law Claim Declaratory Judgment Declaring Defendant Wayne County Election Commission Had A Statutory Legal Duty Under Mich.Comp.Laws §168.689 of Michigan Election Law To Independently Determine Whether Defendant Secretary of State "Properly Certified" Eli Savit and Garlin Gilchrist As Candidates For Attorney General and Secretary of State, Respectively.**

147. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

148. Pursuant to 28 U.S.C. §1367 this Court shall exercise supplemental jurisdiction over this state law claim brought against Defendant Wayne County Election Commission **ONLY** under MCR 2.605.

149. This state-law claim for declaratory relief is brought against the Defendant Wayne County Election Commission **ONLY** under MCR 2.605.

150. On September 6, 2026, Plaintiff sent an "urgent" written communication to the Defendant Wayne County Election Commission requesting permission to be placed on its September 8, 2026 meeting agenda

to present his challenge and objections to the "improper" certification of Eli Savit and Garlin Gilchrist as the Democratic nominees for Attorney General and Secretary of State, respectively. (**See Plaintiff's September 6, 2026 email to Defendant Wayne County Election Commission attached**).

151. On September 8, 2026 at approx. 9:32 a.m., Wayne County Elections Director Greg Mahar sent Plaintiff a reply email informing the Plaintiff that Plaintiff's request would be presented to the members of the Defendant Wayne County Election Commission at its 11 a.m. meeting scheduled for later that morning.

152. Plaintiff appeared virtually at the Defendant Wayne County Election Commission's September 8, 2026 meeting. At the outset, Plaintiff noticed that only two (2) of three members of the Defendant Wayne County Election Commission were present.

153. Specifically, the Chairman, Wayne County Probate Chief Judge Hon. David Braxton was **ABSENT**. No explanation was provided on the record as the reason for Judge Braxton's absence from the meeting.

154. In his absence, Wayne County Treasurer Eric Sabree presided over the meeting as the Chairman.

155. Notably, however, the two (2) members of the Defendant Wayne County Election Commission that were present did **NOT** vote appoint a replacement for the Chairman Judge David Braxton as required under

Mich.Comp.Laws §168.23. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

156. After receiving a briefing from its legal counsel, the Defendant Wayne County Election Commission **voted to disregard and not to address the merits of Plaintiff's objections and challenges** to the Defendant Secretary of State's "improper" certifications of Eli Savit and Garlin Gilchrist. **(See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

**Defendant Wayne County Election Commission Has The Statutory Duty Under MCL 168.689 of Michigan Election Law To Determine Whether Eli Savit and Garlin Gilchrist Were "Properly Certified" By Defendant Secretary of State To Appear On The November 3, 2026 General Election Ballot.**

157. Pursuant to MCL 168.689, the various county boards of election commission are charged with the statutory duty of approving and authorizing the printing of the ballots for the November 3, 2026 general election and NOT the Secretary of State. See *Davis v Wayne County Election Commission*, 349 Mich.App. 355; 28 NW3d 354, 364 (2023) (emphasis supplied) ("As a general premise, it is true that MCL 168.689 authorizes, indeed requires, the Commission to do what the statute states: to 'prepare the official ballots for use' in Wayne County and to 'have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners' for 'use at any state, district or county election held therein....'"); see also *Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II*) ("It is well established that it is the

province of the election commission, not the city clerk, to approve and furnish the ballots to be used in an election.").

158. The task of preparing and printing ballots for any **state,** district, or county election falls on county election commissions, like the Defendant Wayne County Election Commission, pursuant to MCL 168.689, which provides:

> **The board of election commissioners of each county *shall* prepare the official ballots for use at any state, district or county election held therein, *and shall have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners***, and ballots for all proposed constitutional amendments or other questions to be submitted at such election to supply each election precinct in such county with a sufficient number for such precinct, and not less than 25% more than the total number of votes cast therein at the corresponding election held 4 years previous for the office which received the greatest number of votes. [emphasis supplied.]

159. As noted, Pursuant to MCL 168.714 of Michigan Election Law, **September 19, 2026 is the deadline** for county clerks to deliver absent voter ballots for November General Election to local clerks. (**See Secretary of State's Election Manual for November 3, 2026 General Election attached**).

160. Pursuant to MCL 168.759a and Mich.Const.1963, art. II, 4, **September 19, 2026 is the deadline** for local city and township clerks to electronically transmit or mail (as requested) an absent voter ballot to each absent military or overseas voter who applied for an absent voter ballot 45 days or more before the election (MOVE deadline). (**See Secretary of**

**State's Election Manual for November 3, 2026 General Election attached**).

161. The Court of Appeals previously addressed the meaning of the phrase ***"properly certified"*** and whether it permits a county election commission to make an independent determination regarding whether a ballot question or candidate was ***"properly"*** certified. See *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986).

162. In *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986), the question was whether resolutions adopted by the Detroit City Council and certified for inclusion on an upcoming election ballot by the city clerk would appear on the ballot. The questions certified by the city clerk were advisory questions (i.e., questions asking the voters for advice about how the city council should proceed in certain matters). *Id.* at 374-376.

163. On the advice of counsel, the Wayne County Election Commission refused to place those questions on the ballot, believing that there was "no constitutional or statutory authority for placing the resolutions on the state general election ballot." *Id.* at 376. The first question the Court of Appeals answered was whether the Commission had authority to refuse to place on the ballot an item that had been certified by the official authorized to make that certification. *Id.*

164. The Court of Appeals examined MCL 168.689, and in particular the phrase "***properly certified***," to conclude that the Wayne County Board of Election Commissioners had the authority to determine not only whether a candidate, constitutional amendment, or ballot question had been certified, but also whether any of those had been properly certified. *Id.* at 377-378.

165. "Accordingly, where it is apparent to the board of county election commissioners that the question is not entitled to placement on the ballot, it may refuse to place it thereon and leave the certifying body to its legal recourse. We interpret 'properly' in this context to mean that the election commissioners are required to determine that, on its face, the question is entitled to placement on the ballot." *Id.* at 378.

166. The second question addressed by the Court of Appeals was whether the advisory questions were, in fact, entitled to placement on the ballot. The Court of Appeals held that the questions posed were clearly advisory. Id. at 378. And "they are advisory questions in the areas of federal military intervention in Central American and federal military spending, with respect to which the city council has no power to act officially." *Id.* at 378-379.

167. The Court of Appeals explained that, while no constitutional or statutory authority explicitly prohibited advisory questions, nothing in the relevant statutes represented the Legislature's authorization "to spend public funds in a straw vote in an area entirely outside the powers of the city council . . . ." *Id.* at 382.

168. While an advisory question concerning an area in which the city council had authority to act might be proper, advisory questions concerning topics that clearly fell outside the scope of the city council's powers were not. *Id.* at 382-384. Thus, while advisory questions might be properly placed on the ballot as a general matter, the particular questions at issue could not be placed on the ballot. *Id.* at 384.

169. Pursuant to *Southeastern Mich Fair Budget Coalition*, the duty of the Defendant Election Commission at issue here is to "determine that, on its face, the [candidate] is entitled to placement on the ballot." *Southeastern Mich Fair Budget Coalition*, 153 Mich App at 378.

170. The Court has implied that a "facial" review amounts to a ministerial review. See *Berry v Garrett*, 316 Mich App 37, 45; 890 NW2d 882 (2016) ("Rather, by doing nothing more than the ministerial task of completing a facial review of the affidavits [of identity], defendants would undertake to perform their clear legal duty under [MCL 168.558(4)] to 'not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply' with [MCL 168.558(2)].") (third and fourth alterations in original).

171. And in *Southeastern Mich Fair Budget Coalition*, the review at issue was a purely legal matter concerning the scope of the city council's authority. *Southeastern Mich Fair Budget Coalition*, 153 Mich App at 382-384.

172. A facial review of the relevant campaign finance documents, specifically Plaintiff's two (2) sworn complaints timely filed on September 1,

2026 with the Defendant Secretary of State under Mich Admin Code, R 168.5 challenging the validity of Eli Savit's and Garlin Gilchrist's affidavits of identity, clearly reveals and shows Democratic Party nominees Eli Savit and Garlin Gilchrist filed **false** affidavits of identity in violation of Mich.Comp.Laws §168.558(4); and thus, they should **not** have been certified, authorized or approved by the Defendant Wayne County Election Commission to appear on the November 3, 2026 general election ballot.

173. Additionally, Plaintiff is supporting other candidates for Attorney General and Secretary of State and Plaintiff's candidates of choice would lose votes if Eli Savit and Garlin Gilchrist were allowed to remain on the November 3, 2026 general election ballot in Wayne County as the democratic party nominees for Attorney General and Secretary of State

174. Plaintiff will suffer irreparable harm as this would result in a loss of votes for Plaintiff's candidates of choice.

**WHEREFORE**, Plaintiff requests this Honorable Court enters judgment and grants the following relief against the Defendant Wayne County Election Commission as follows:

a. Enter a declaratory judgment declaring that under Mich.Comp.Laws §168.689, the Defendant Wayne County Election Commission has a statutory legal duty to independently determine whether Democratic Party nominees Eli Savit and Garlin Gilchrist were "properly" certified by the Defendant Secretary of State to appear on the November 3, 2026 general election as the Democratic Party nominees as Attorney General and Secretary of State, respectively.

b. Enter a declaratory judgment declaring that Defendant Wayne County Election Commission has a statutory legal duty under Mich.Comp.Laws §168.689 **not** to print names of Eli Savit and Garlin Gilchrist on the November 3, 2026 general election ballot as the Democratic Party nominees for Attorney General and Secretary of State, respectively, because they each filed an affidavit of identity that contained a false statement in violation of Mich.Comp.Laws §168.558(4) of Michigan Election Law.

c. Enter a declaratory judgment declaring that Defendant Wayne County Election Commission has the sole statutory duty under Mich.Comp.Laws §168.689 to authorize the printing of the ballots for the November 3, 2026 general election and to determine what candidates names are authorized to appear on the November 3, 2026 general election ballot.

d. Enter a declaratory judgment declaring that the Defendant Wayne County Election Commission has a statutory legal duty under Mich.Comp.Laws §168.567 to correct errors on the November 3, 2026 general election ballot.

e. Enter an order enjoining the Defendant Wayne County Election Commission from proceeding with printing ballots for the November 3, 2026 general election with Eli Savit's and Garlin Gilchrist's names printed thereon as the Democratic Party's nominees for Attorney General and Secretary of State, respectively.

f. Enter an order awarding Plaintiff his court costs and attorney's fees.

g. An order awarding whatever other equitable relief appears appropriate to the Court at the time of final judgment.

**COUNT VI**

**28 U.S.C. §1367 Supplemental Jurisdiction- State Law Claim Declaratory Judgment Declaring Defendant Wayne County Election Commission Violated Mich.Comp.Laws §168.23 By Failing To Immediately Appoint A Replacement To Act In The Stead Of Absent Chairman Judge David Braxton.**

175. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

176. Pursuant to 28 U.S.C. §1367 this Court shall exercise supplemental jurisdiction over this state law claim brought against Defendant Wayne County Election Commission **ONLY** under MCR 2.605.

177. This state-law claim for declaratory relief is brought against the Defendant Wayne County Election Commission **ONLY** under MCR 2.605.

178. On September 6, 2026, Plaintiff sent an "urgent" written communication to the Defendant Wayne County Election Commission requesting permission to be placed on its September 8, 2026 meeting agenda to present his challenge and objections to the "improper" certification of Eli Savit and Garlin Gilchrist as the Democratic nominees for Attorney General and Secretary of State, respectively. (**See Plaintiff's September 6, 2026 email to Defendant Wayne County Election Commission attached**).

179. On September 8, 2026 at approx. 9:32 a.m., Wayne County Elections Director Greg Mahar sent Plaintiff a reply email informing the Plaintiff that Plaintiff's request would be presented to the members of the Defendant Wayne County Election Commission at its 11 a.m. meeting scheduled for later that morning.

180. Plaintiff appeared virtually at the Defendant Wayne County Election Commission's September 8, 2026 meeting. At the outset, Plaintiff noticed that only two (2) of three members of the Defendant Wayne County Election Commission were present.

181. Specifically, the Chairman, Wayne County Probate Chief Judge Hon. David Braxton was **ABSENT**. No explanation was provided on the record as the reason for Judge Braxton's absence from the meeting.

182. In his absence, Wayne County Treasurer Eric Sabree presided over the meeting as the Chairman.

183. Notably, however, the two (2) members of the Defendant Wayne County Election Commission that were present did **NOT** vote appoint a replacement for the Chairman Judge David Braxton as required under Mich.Comp.Laws §168.23. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

184. Mich.Comp.Laws §168.23(1) of Michigan Election Law provides:

> (1) The chief or only judge of probate of the county or probate court district, the county clerk, and the county treasurer shall constitute a board of county election commissioners for each county. **The chief or only judge of probate of the county or probate court district and the county clerk shall act respectively as chairperson and secretary of the board.** In the absence or disqualification of the county clerk from any meeting of the board of county election commissioners, the board may select 1 of the county clerk's deputies to act in the county clerk's place. ***In the absence*** **or disqualification** ***of any member of the board of county election commissioners other than the county clerk*****, the members of the board who are present** ***shall appoint*** **the county prosecuting attorney, county sheriff, or register of deeds in the absent or disqualified member's place, and the appointed county officer, on being**

> **notified, shall attend without delay and act as a member of the board.** [emphasis supplied.]

185. The Draft minutes from the Defendant Wayne County Election Commission's September 8, 2026 meeting clearly shows that the Wayne County Clerk and Wayne County Treasurer, which were the two (2) members present, did **NOT** appoint the county prosecuting attorney, county sheriff or register of deeds to act in the Charman's absence.

186. The Defendant Wayne County Election Commission's failure to comply with the mandatory requirements under Mich.Comp.Laws §168.23 renders **ALL actions taken at the September 8, 2026 meeting VOID!!**

**WHEREFORE**, Plaintiff requests this Honorable Court enters judgment and grants the following relief against the Defendant Wayne County Election Commission as follows:

a. Enter a declaratory judgment declaring that the Defendant Wayne County Election Commission violated Mich.Comp.Laws §168.23 by failing appoint the county prosecuting attorney, county sheriff or register of deeds to act in the absence of its Chairman Judge David Braxton.

b. Enter a declaratory judgment declaring that ALL actions taken and voted on at the Defendant Wayne County Election Commission's September 8, 2026 meeting shall be and are hereby declared **VOID and UNENFORCEABLE** as a result of the Defendant Wayne County Election Commission **failing** to comply with the requirements of Mich.Comp.Laws §168.23, which required the present members to appoint the county prosecuting attorney, county sheriff or register of deeds to act in the absence of its Chairman Judge David Braxton.

c. Enter an order enjoining the Defendant Wayne County Election Commission from proceeding with printing ballots for the November 3, 2026 general election with Eli Savit's and Garlin Gilchrist's names printed thereon as the Democratic Party's nominees for Attorney General and Secretary of State, respectively.

d. Enter an order awarding Plaintiff his court costs and attorney's fees.

e. An order awarding whatever other equitable relief appears appropriate to the Court at the time of final judgment.

**COUNT VII**

**28 U.S.C. §1367-Supplemental Jurisdiction- State-Law Claim for Writ of Mandamus Compelling Defendant Wayne County Election Commission To Remove And To Not Include Gubernatorial Candidate Jocelyn Benson's Name From The November 3, 2026 General Election Ballot.**

187. Plaintiff incorporates, repeats and realleges the foregoing allegations as though they were fully set forth and stated herein.

188. Pursuant to 28 U.S.C. §1367 this Court shall exercise supplemental jurisdiction over this state-law claim brought against Defendant Wayne County Election Commission **ONLY** under MCR 3.305.

189. This state-law claim for writ of mandamus is brought against the Defendant Wayne County Election Commission **ONLY** under MCR 3.305.

190. If the Court grants Plaintiff declaratory relief with respect to Count V of this verified complaint, entry of a writ of mandamus compelling the Defendant Wayne County Election Commission to correct the November 3rd general election ballots with the removal of the names of Eli Savit and Garlin Gilchrist as the Democratic Party nominees for Attorney General and

Secretary of State, respectively, from the November 3, 2026 general election ballot will be most appropriate.

191. "A writ of mandamus is the appropriate remedy for a party seeking to compel action by election officials." *Davis v Secretary of State*, ___Mich.App.___, ____; ____NW2d_____ (2023) (Docket No. 362841); slip op at p 9, citing *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 248; 896 NW2d 485 (2016).

192. "To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result." *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016). (quotation marks and citations omitted).

193. "A clear legal duty, like a clear legal right, is one that `is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided.'" *Hayes v. Parole Bd.*, 312 Mich. App. 774, 782, 886 N.W.2d 725 (2015), quoting *Rental Props. Owners Ass'n*, 308 Mich. App. at 518-519, 866 N.W.2d 817.

194. "A ministerial act is one in which the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Berry v. Garrett*, 316 Mich. App. 37,

42, 890 N.W.2d 882 (2016), quoting *Hillsdale Co. Senior Servs., Inc. v. Hillsdale Co.*, 494 Mich. 46, 58 n. 11, 832 N.W.2d 728 (2013) (quotation marks omitted).

195. As a registered voter of the County of Wayne, State of Michigan, who is opposed to Jocelyn Benson's candidacy and who is supporting another candidate for Governor and who has petitioned the Defendant Wayne County Election Commission to independently determine whether Jocelyn Benson was "properly certified" by the Secretary of State, Plaintiff has a clear legal right to the performance of the duty sought to be compelled. See *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016); *League of Women Voters,* 506 Mich. at 587, 957 N.W.2d 731; see also *Deleeuw v. Bd. of State Canvassers*, 263 Mich. App. 497, 505-506, 688 N.W.2d 847 (2004); *Helmkamp v. Livonia City Council,* 160 Mich. App. 442, 445, 408 N.W.2d 470 (1987) ("[I]n the absence of a statute to the contrary, ... a private person ... may enforce by mandamus a public right or duty relating to elections without showing a special interest distinct from the interest of the public." [Quotation marks omitted.]).

196. It is well-settled in Michigan jurisprudence that the removal of candidates' names from the ballot is a ministerial duty. See *Barrow v. Detroit* Election Comm., 301 Mich. App. 404, 412, 836 N.W.2d 498 (2013) (Barrow I) ("The inclusion or exclusion of a name on a ballot is ministerial in nature.").

197. Lastly, other than filing the instant action, Plaintiff has no adequate remedy at law to ensure that the provisions of Mich.Comp.Laws §§ 168.560b(3) and (4) are adhered to and complied with.

198. Additionally, as noted, Plaintiff is supporting other candidates for Attorney General and Secretary of State and Plaintiff's candidates of choice would lose votes if Eli Savit and Garlin Gilchrist were allowed to remain on the November 3, 2026 general election ballot in Wayne County as the Democratic Party's nominees for Attorney General and Secretary of State, respectively.

199. Plaintiff will suffer irreparable harm as this would result in a loss of votes for Plaintiff's candidates of choice.

200. Similarly, pursuant to Mich.Comp.Laws §168.567, the Defendant Wayne County Election Commission has a clear legal duty to correct the November 3, 2026 general election ballot by removing names of Eli Savit and Garlin Gilchrist from appearing on the November 3rd general election ballot as the Democratic Party nominees for Attorney General and Secretary of State, respectively.

201. MCL 168.567 states:

> "The boards of election commissioners shall correct such errors as may be found in said ballots, and a copy of such corrected ballots shall be sent to the secretary of state by the county clerk."

202. "**MCL 168.567 is a mechanism by which boards of election commissioners must correct errors in ballots that are later found**."

*Davis v Wayne County Election Commission*, 349 Mich.App. 355, ___; ____NW3d ____ (2023) (Docket No. 368615), slip op at p 13 (emphasis supplied).

203. In *Berry*, the Court of Appeals addressed a similar issue concerning a challenge to affidavits of identity filed by candidates for township trustee and township supervisor. *Berry*, 316 Mich App at 40. Both failed to state in their affidavits of identity their precinct number, a requirement previously stated in MCL 168.558(2). *Berry*, 316 Mich App at 40.

204. The Michigan Court of Appeals explained that under Mich.Comp.Laws § 168.558(4), the defendants had a clear legal duty " 'not to certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply' with the requirement, under § 558(2), of duly including the precinct number where the candidate was registered to vote." *Berry*, 316 Mich App at 44, quoting MCL 168.558(4).

205. The Michigan Court of Appeals in *Berry* further explained that because the defendants had failed to comply with their clear legal duty under MCL 168.558(4), they then had a clear legal duty to correct "such errors as may be found in the resulting, improper ballots" under MCL 168.567. *Berry*, 316 Mich App at 44.

206. Again, as register voter of the County of Wayne, State of Michigan, Plaintiff has a clear legal right to the performance of the duty sought to be compelled. *League of Women Voters,* 506 Mich. at 587, 957 N.W.2d 731; see

also *Deleeuw v. Bd. of State Canvassers,* 263 Mich. App. 497, 505-506, 688 N.W.2d 847 (2004); *Helmkamp v. Livonia City Council,* 160 Mich. App. 442, 445, 408 N.W.2d 470 (1987) ("[I]n the absence of a statute to the contrary, ... a private person ... may enforce by mandamus a public right or duty relating to elections without showing a special interest distinct from the interest of the public." [Quotation marks omitted.]).

207. It is well-settled in Michigan jurisprudence that the removal of candidates' names from the ballot is a ministerial duty. See *Barrow v. Detroit Election Comm.,* 301 Mich. App. 404, 412, 836 N.W.2d 498 (2013) (*Barrow I*) ("The inclusion or exclusion of a name on a ballot is ministerial in nature.").

208. Additionally, it is also well-settled in Michigan jurisprudence that it is a ministerial duty for the Defendant Wayne County Election Commission to correct errors on primary election ballots in accordance with MCL 168.567. *Berry,* 316 Mich. App. at 44-45, 890 N.W.2d 882 ("[T]he action that plaintiff now seeks to compel is decidedly 'ministerial' in nature. The duty to correct the ballots under § 567 is set forth 'with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'").

209. Other than filing the instant action, Plaintiff has no adequate remedy at law to require the Defendant Wayne County Election Commission to correct the errors on the November 3, 2026 general election ballot under Mich.Comp.Laws §168.567 and to ensure only qualified candidates that have

strictly complied with the requirements of Mich.Comp.Laws §168.558 are on the November 3, 2026 general election ballot.

**WHEREFORE**, Plaintiff requests this Honorable Court enters judgment and grants the following relief against the Defendant Wayne County Election Commission as follows:

a. Enter a writ of mandamus compelling the Defendant Wayne County Election Commission to "correct" the ballots for the November 3, 2026 general election as authorized under Mich.Comp.Laws §168.567 by removing the names of Eli Savit and Garlin Gilchrist from appearing on the November 3, 2026 general election ballot as the Democratic Party's nominees for Attorney General and Secretary of State, respectively.

b. Enter a writ of mandamus compelling the Defendant Wayne County Election Commission to "correct" the ballots for the November 3, 2026 general election as authorized under Mich.Comp.Laws §168.567 and Mich.Comp.Laws §168.689 by **NOT** printing Eli Savit's and Garlin Gilchrist's names on the November 3, 2026 general election ballot as the Democratic Party's nominees for Attorney General and Secretary of State, respectively.

c. Award Plaintiff his court costs.

d. An order awarding whatever other equitable relief appears appropriate to the Court at the time of final judgment.

Dated: September 11, 2026

Respectfully submitted,
/s/ROBERT DAVIS 9-11-26
**ROBERT DAVIS, *Pro Se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**VERIFIED COMPLAINT UNDER 28 U.S.C.§1746**

"I, ROBERT DAVIS, declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct."

**Executed on:** September 11, 2026.

**FURTHER AFFIANT SAYETH NOT.**
/S/ ROBERT DAVIS 9-11-26
**ROBERT DAVIS**
**Plaintiff, *pro se***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case: **2:26-cv-13454**
Assigned To : **Berg, Terrence G.**
Referral Judge: **Altman, Kimberly G.**
Assign. Date : **9/11/2026**
Description: **CMP DAVIS V. BENSON ET AL (DA)**

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan,
**JONATHAN BRATER**, in his official and individual capacities as the duly appointed Director of Michigan Bureau Elections,
**WAYNE COUNTY ELECTION COMMISSION**,
and
**BRENDA GREEN**, in her official capacity as the duly elected City Clerk for the City of Highland Park,
Defendants.

_______________________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

_______________________________________________/

**DEMAND FOR JURY TRIAL**

**NOW COMES**, Plaintiff, ROBERT DAVIS ("Plaintiff" or "Plaintiff Davis"), in his own proper person and complaint, and pursuant to Fed.R.Civ.P. 38, hereby demands a jury trial on all the issues so triable by a jury as pled in Plaintiff's complaint.

Dated: September 11, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

County in which action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Robert Davis

**DEFENDANTS** Jocelyn Benson, Jonathan Brater, Wayne County Election Commission, and BreakGreen

**(b)** County of Residence of First Listed Plaintiff: Wayne *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Ingham *(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert Davis, Pro se
180 Eason, Highland Park, MI 48203

Case: **2:26-cv-13454**
Assigned To : **Berg, Terrence G.**
Referral Judge: **Altman, Kimberly G.**
Assign. Date : **9/11/2026**
Description: **CMP DAVIS V. BENSON ET AL (DA)**

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**: ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**: ☐ 440 Other Civil Rights; ☒ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS** — Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty; Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**: ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR**: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**: ☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY**: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 835 Patent - Abbreviated New Drug Application; ☐ 840 Trademark; ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**: ☐ 375 False Claims Act; ☐ 376 Qui Tam (31 USC 3729(a)); ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit (15 USC 1681 or 1692); ☐ 485 Telephone Consumer Protection Act; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☒ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding; ☐ 2 Removed from State Court; ☐ 3 Remanded from Appellate Court; ☐ 4 Reinstated or Reopened; ☐ 5 Transferred from Another District *(specify)*; ☐ 6 Multidistrict Litigation - Transfer; ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***: 42 U.S.C. 1983
Brief description of cause: 42 U.S.C. §1983, Election-Related Constitutionality of State Statute

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** In excess of $250,000
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE 9-11-26 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :