**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 2:26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.

______________________________________________/

**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________________/

**BRIEF IN SUPPORT**
**PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO FED.R.CIV.P. 65(a)**

******ORAL ARGUMENT REQUESTED******

**TABLE OF CONTENTS**

**STATEMENT OF ISSUES/QUESTIONS PRESENTED**......................................3

**CONTROLLING MOST APPROPRIATE LEGAL AUTHORITY**..................4

**INDEX OF AUTHORITIES**.........................................................................5-6

**INTRODUCTION**.........................................................................................7-9

**ARGUMENTS**..............................................................................................9-20

**CONCLUSION**...............................................................................................20

**CERTIFICATE OF SERVICE**....................................................................21

---

## STATEMENT OF ISSUES/QUESTIONS PRESENTED

I. Does the provision of Mich.Comp.Laws §24.264 of Administrative Procedures Act (APA) requiring the prior approval of the Defendant Secretary of State before Plaintiff can initiate a state-court lawsuit constitute an unconstitutional prior restraint on Plaintiff exercising his First Amendment right to file a nonfrivolous lawsuit?

Plaintiff Answers: YES
Defendants Benson and Brater Answer: NO

II. Should the Court set an expedited briefing and hearing schedule for this election-related matter?

Plaintiff Answers: YES
Defendants Answer: N/A

## CONTROLLING AND MOST APPROPRIATE LEGAL AUTHORITY

- *California Transport v Trucking Unlimited*, 404 U.S. 508 (1972) (First Amendment includes right to petition every department of government including the right of access to the courts)

- *Eckerman v Tennessee Dept. of Safety*, 636 F.3d 202 (6th Cir. 2010) (Filing of nonfrivolous lawsuit is protected under the First Amendment)

- *Déjà Vu of Nashville, Inc. v Metro Gov't of Nashville and Davidson County*, 274 F.3d 377 (6th Cir. 2001) ("A 'prior restraint' exists when the exercise of a First Amendment right depends on the prior approval of public officials.")

- *Nebraska Press Assn. v Stuart*, 427 U.S. 539, 96 S.CT. 2791, 49 L.Ed.2d 683 (1976) (Holding that "prior restraints on speech and publication are the most serious and the least tolerable infringement on First Amendment rights.")

## INDEX OF AUTHORITIES

*ACLU of Kentucky v. McCreary County,* 354 F.3d 438 (6th Cir. 2003)……………….13.

*Am.Civil Liberties Union Fund of Mich. v Livingston County*, 796 F.3d 636 (6th Cir. 2015)………………………………………………………………………………9

*Anderson v Celebreeze*, 460 U.S. 780 (1983)…………………………………………..16,17,

*Braun v Ann Arbor Charter Twp*., 519 F.3d 564 (6th Cir. 2008)………………………14

*Burdick v Takushi*, 504 U.S. 428 (1992)……………………………………………..16,17,18

*California Transport v Trucking Unlimited*, 404 U.S. 508 (1972)……………11,15,16

*Citizens for Legislative Choice v Miller*, 144 F.3d 916 (6th Cir. 1998)……………….18

*Citizens for Tax Reform v. Deters,* 518 F.3d 375 (6th Cir.2008)………………………10

*City of Boerne v Flores*, 521 U.S. 507 (1997)…………………………………18,19,21,23

*City of Cleburne v. Cleburne Living Ctr., Inc.,* 473 U.S. 432 (1985)…………………21

*Connection Distributing Co., v Reno*, 154 F.3d 281 (6th Cir. 1998)……………………9

*Daunt v Benson*, 956 F.3d 396 (6th Cir. 2020)……………………………………………17

*Déjà vu of Nashville, Inc. v. Metro. Gov't of Nash.,* 274 F.3d 377 (6th Cir. 2001)14,16

*Doe v Michigan Dept. of State Police*, 490 F.3d 491 (6th Cir. 2007)…………………..21

*Elrod v Burns*, 427 U.S. 347, 371 (1976)…………………………………………………23

*G&V Lounge, Inc. v. Michigan Liq Control Comm'n,* 23 F.3d 1071 (6th Cir. 1994)..24

*Gable v Lewis*, 201 F.3d 769 (6th Cir. 2000)……………………………………11,15,16

*Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648 (6th Cir. 1996)……………………………….9

*Howard v Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)…………………………………17

*Johnson v City of Cincinnati*, 310 F.3d 484 (6th Cir. 2002)……………………14, 15, 16

*McDonald v Smith*, 472 U.S. 479 (1985)…………………………………………………16

*Ohio Democratic Party v Husted*, 834 F.3d 620 (6th Cir. 2016)……………………17,18

*Perry v Sindermann*, 408 U.S. 593 (1972)………………………………………………..15

*Smith v Arkansas State Highway Emp. Local 1315*, 441 U.S. 463 (1979)………10,11

*Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339 (6th Cir.1992)........................20

*Thomas v Collins*, 323 U.S. 516, 530 (1945)...................................................16

*Thornhill v. Alabama,* 310 U.S. 88 (1940).......................................................10

*Virginia v Black*, 538 U.S. 343, 358 (2003).......................................................10

*Vitolo v Guzman*, 999 F.3d 353 (6th Cir. 2021).................................................12

*Women's Medical Professional Corp. v Voinovich*, 130 F.3d 187 (6th Cir. 1997)......13

**STATE STATUTES**

Mich.Comp.Laws §24.264.............................................................IN PASSIM

Mich.Comp.Laws §168.759a(5)..........................................................8,9

**STATE CONSTITUTION**

Mich.Const.1963, art. II, §1..............................................................12

**FEDERAL CONSTITUTION**

U.S. Const. amend. I.........................................................IN PASSIM

## INTRODUCTION

On Friday, September 11, 2026, Plaintiff filed a seven-count verified complaint against Defendants Jocelyn ("Defendant Secretary of State"), in both her official and individual capacities as the duly elected Secretary of State for the State of Michigan; Jonathan Brater ("Defendant Director State Director of Election"), in both his official and individual capacities as the appointed Director of State Bureau of Elections; Defendant Wayne County Election; and Defendant Brenda Green ("Defendant Highland Park City Clerk"). (ECF No. 1, PageID. 1-61).

Counts I-III are constitutional claims brought under 42 U.S.C. 1983 alleging Defendants Secretary of State and State Director of Election in both their official and individual capacities violated Plaintiff's Procedural Due process, Equal Protection, and First Amendment rights afforded under the United States Constitution.

With respect to the remaining claims, Counts IV-VII are state-law claims in which Plaintiff seeks declaratory relief under Mich.Ct.R. 2.605 and the issuance of a writ of mandamus under Mich.Ct.R. 3.305. (ECF No. 1, PageID. 34-61).

Pursuant to Fed.R.Civ.P. 65(a), Plaintiff seeks the issuance of a preliminary injunction to enjoin the Defendant Secretary of State from enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of Administrative Procedures Act (APA) that essentially requires the Defendant Secretary of State's prior approval before Plaintiff can initiate a state-court action seeking to challenge the validity or applicability of a "rule" promulgated under the APA.

Mich.Comp.Laws §24.264, coupled with the Defendant Secretary of State's deliberate refusal to provide a timely response to Plaintiff's expedited request for declaratory ruling under Mich.Comp.Laws §24.264, has prevented Plaintiff from initiating a state-court action against the Defendant Secretary of State and/or Defendant Highland Park City Clerk with respect to the applicability of Mich Admin Code, R 168.2(3) with respect to certification of candidates appearing on the November 3, 2026 general election ballot.

**Accordingly, Plaintiff respectfully requests this Honorable Court to enter an order expediting the briefing scheduling and setting an emergency/expedited hearing on Plaintiff's Emergency Motion for Preliminary Injunction so that a hearing**

**can be held on or before Friday, September 18, 2026, which is the deadline for the dissemination of overseas military absentee ballots.** *See* Mich.Comp.Laws §168.759a(5).

## ARGUMENTS

### I. Preliminary Injunction Should Issue Enjoining Defendant Secretary of State From Enforcing The Provision of Mich.Comp.Laws §24.264 of APA That Requires Defendant Secretary of State's Prior Approval Before Plaintiff Can Initiate State-Court Action Challenging Validity or Applicability of Rules Promulgated Under The APA.

"A district court must balance four factors in determining whether to grant a preliminary injunction: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Am.Civil Liberties Union Fund of Mich. v Livingston County*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *Bays v City of Fairborn*, 668 F.3d 814, 818-810 (6th Cir. 2012)).

Courts are generally required to balance these four factors, and none of the factors, standing alone, is a prerequisite to relief. *Golden v.*

*Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996). However, "[w]hen a party seeks a preliminary injunction on the basis of the potential violation of the First Amendment, the likelihood of success on the merits often will be the determinative factor." *Connection Distributing Co., v Reno*, 154 F.3d 281, 288 (6th Cir. 1998).

**1. Likelihood of Success On The Merits**

For the reasons stated below, Plaintiff has a "strong likelihood" to succeed on the merits with respect to his First Amendment claim that Mich.Comp.Laws §24.264 of APA constitutes an unconstitutional prior restraint on Plaintiff exercising his First Amendment right to file a nonfrivolous lawsuit.

**A. COUNT III-Prior Restraint In Violation of First Amendment Right To Petition Government for Redress of Grievances.**

In Count III of the Verified Complaint, Plaintiff properly pleads and alleges that the portion of Mich.Comp.Laws §24.264 of APA that requires the prior approval of the Defendant Secretary of State before Plaintiff can initiate a lawsuit in state-court challenging the validity or applicability of a "rule" promulgated under the APA is unconstitutional

because it constitutes a prior restraint to Plaintiff exercising his First Amendment right to file a nonfrivolous lawsuit.

The First Amendment to the U.S. Constitution reads in part, "Congress shall make no law ... abridging the freedom of speech, ... or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The Fourteenth Amendment secured these rights against the States. *Thornhill v. Alabama,* 310 U.S. 88, 95 (1940); see also *Virginia v Black*, 538 U.S. 343, 358 (2003). "One of the main interests embodied in the First Amendment is that of a free, sovereign people using the power of persuasion, rather than force, to govern itself." *Citizens for Tax Reform v. Deters,* 518 F.3d 375, 379 (6th Cir.2008).

"***The First Amendment protects the right of an individual*** to speak freely, to advocate ideas, to associate with others, and ***to petition his government for redress of grievances***." *Smith v Arkansas State Highway Emp. Local 1315*, 441 U.S. 463, 464 (1979) (emphasis supplied). "[T]he right to petition extends to all departments of the Government. **The right of access to the courts is indeed but one aspect of the right of petition.**" *California Transport v Trucking*

*Unlimited*, 404 U.S. 508, 510 (1972) (emphasis supplied). "**The filing of a lawsuit to redress grievances is clearly protected activity under the First Amendment**." *Eckerman v Tennessee Dept. of Safety*, 636 F.3d 202, 208 (6th Cir. 2010) (citing *Thaddeus-X v Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc) (emphasis supplied).

**Mich.Comp.Laws §24.264 of APA Is An Unconstitutional Prior Restraint On Plaintiff Exercising His First Amendment Right To File Nonfrivolous Lawsuit.**

Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, ***the validity or applicability of a rule***, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, **may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff**. The action shall be filed in the circuit court of the county where the plaintiff resides or has his or her principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. ***An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.*** This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action

> or proceeding in which its invalidity or inapplicability is asserted. [emphasis supplied.]

On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (**See Plaintiff's August 22, 2026 expedited request for declaratory ruling attached**).

As of the date and time of the filing of this lawsuit and as of the date and time of the filing of this Emergency Motion, Plaintiff has **NOT** received a written response to his August 22, 2026 expedited request for declaratory ruling. Plaintiff has sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

Defendants Secretary of State and State Director of Elections' **refusal** to timely respond to Plaintiff's August 22, 2026 expedited

request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court. Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.***" *See Warren Consol Sch Dist v Hazel Park Sch Dist*., ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency*. *If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court*.") (emphasis supplied).

Unfortunately, there is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling. Thus, Defendants Secretary of State and State Director of Elections can take

as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling.

Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters. This provision of Mich.Comp.Laws §24.264 requiring Defendants Secretary of State and State Director of Elections to respond with a written denial constitutes a "prior restraint" violating Plaintiff's First Amendment rights.

"A 'prior restraint' exists when the exercise of a First Amendment right depends on the prior approval of public officials.*" Déjà vu of Nashville, Inc. v Metro Gov't of Nashville and Davison County*, 274 F.3d 377, 400 (6th Cir. 2001). "The filing of a lawsuit to redress grievances is clearly protected activity under the First Amendment." *Eckerman v Tennessee Dept. of Safety*, 636 F.3d 202, 208 (6th Cir. 2010) (citing *Thaddeus-X v Blatter*, 175 F.3d 378, 396 (6th Cir. 1999) (en banc).

The U.S. Supreme Court has held that "prior restraints on speech and publication are the most serious and the least tolerable

infringement on First Amendment rights." *Nebraska Press Assn. v Stuart*, 427 U.S. 539, 559 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976). Accordingly, "[a]ny system of prior restraints comes to this Court bearing a heavy presumption against its constitutional validity." *Freedman v Maryland*, 380 U.S. 51, 57; 85 S.Ct. 734, 13 L.Ed.2d 649 (1965).

The provision of Mich.Comp.Laws §24.264 of the APA has prevented Plaintiff from filing a meritorious and nonfrivolous lawsuit in state court seeking declaratory relief against the Defendant Secretary of State and other local clerks, including the Defendant Highland Park City Clerk, as to the applicability of Mich Admin Code, R 168.2(3) with respect to the "certification" of candidates for the November 3, 2026 general election.

"A court may hold a statute unconstitutional wither because it is invalid 'on its face' or because it is unconstitutional 'as applied' to a particular set of circumstances." *Women's Medical Professional Corp. v Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997). In the case at bar, Plaintiff is advancing an "as-applied" challenge. "In an as-applied challenge, the plaintiff contends that application of the statute in the particular

context in which he has acted, or in which he proposes to act, would be unconstitutional.'" *Id*. (citation omitted). "Therefore, the constitutional inquiry in an as-applied challenge is limited to the plaintiff's particular situation." *Id*.

The right to petition "was inspired by the same ideals of liberty and democracy that gave us the freedoms to speak, publish, and assemble…**These First Amendment rights are inseparable**." *McDonald v Smith*, 472 U.S. 479, 485 (1985). "It was not by accident or coincidence that the rights to freedom in speech and press were coupled in a single guaranty with the rights of the people peaceably to assemble and to petition for redress of grievances. **All of these, though not identical, are inseparable."** *Thomas v Collins*, 323 U.S. 516, 530 (1945) (emphasis supplied).

As noted, Plaintiff has been barred from initiating a lawsuit in state-court challenging the applicability of Mich Admin Code, R 168.2(3) with respect to Defendants Secretary of State's and Highland Park City Clerk's statutory duties to certify candidates for the November 3, 2026 general election ballot. Although the ballots for the November 3, 2026 general election are in the process of being printed ahead of the

September 18, 2026 deadline for dissemination of overseas military absentee ballots, Mich.Comp.Laws §168.759a(5), the Defendant Wayne County Election Commission has a statutory legal duty under Mich.Comp.Laws 168.567 to correct any errors that may be present on any ballot, including the printing of the name of an ineligible candidate. *See Davis v Wayne County Election Commission*, 349 Mich.App. 355,___; ___NW3d ____(2023); *Berry v Garrett*, 316 Mich.App. 37, 44; 890 NW2d 882 (2016).

**B. Irreparable Injury**

As to irreparable injury, "when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated[.]" *ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003). As to Plaintiff suffering irreparable injury with respect to his First Amendment claim, "[**t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury**." *Elrod v Burns*, 427 U.S. 347, 371 (1976) (emphasis supplied).

Thus, Plaintiff satisfies this requirement for a preliminary injunction because Plaintiff's Verified Complaint sufficiently pleads and alleges that Plaintiff has been prohibited from filing a nonfrivolous state-court action based on the allegations set forth in Plaintiff's August 22, 2026 expedited request declaratory ruling submitted to the Defendant Secretary of State, which the Defendant Secretary of State has refused to address in an expeditious fashion.

**C. Substantial Harm To Others**

On the issue of harm to others, when a plaintiff demonstrates "a substantial likelihood that a challenged law is unconstitutional, no substantial harm can be said to inhere in its enjoinment." *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001) (citation omitted). Stated differently, "no cognizable harm results from stopping unconstitutional conduct." *Vitolo v Guzman*, 999 F.3d 353, 360 (6th Cir. 2021). Thus, Plaintiff satisfies this requirement for a preliminary injunction.

**D. Public Interest Being Served**

As to the final factor, "[i]t is always in the public interest to prevent a violation of a party's constitutional rights." *G&V Lounge, Inc. v.*

*Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994), *citing Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 383 (1979). For "the public as a whole has a significant interest in… protection of First Amendment liberties." *Dayton Area Visually Impaired Persons, Inc. v Fisher*, 70 F.3d 1474, 1490 (6th Cir. 1995).

Therefore, the public interest favors the enjoining of the likely unconstitutional provision of Mich.Comp.Laws §24.264 of APA.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Robert Davis prays that this Honorable **GRANTS** Plaintiff's Emergency Motion for Preliminary Injunction and **ENTERS** an order setting an expedited briefing schedule so that this matter can be scheduled for a hearing on the earliest possible date.

Dated: September 14, 2026 Respectfully submitted,

/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**CERTIFICATE OF SERVICE**

I, ROBERT DAVIS, certify that on September 14, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

ROBERT DAVIS further certifies that on September 14, 2026, a true and correct copy of the foregoing was served upon Defendants' counsel via electronic mail (email).

Dated: September 14, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118