# Request for Expedited Declaratory Ruling Pursuant to MCL 24.264 of APA Regarding Applicability of Mich Admin Code, R 168.2(3) and (4) With Respect To Filing Officials' Obligations To Apply R 168.2(3),(4) Before Certifying Candidates For November 3, 2026 General Election Ballot

R

**Robert Davis** <davisrobert854@gmail.com>

Sat, Aug 22, 5:49 PM

to bensonj4, Heather, Jonathan, Adam, MDOS-BOERegulatory, Margaret, Lisa

Good Saturday Evening, SOS Benson, Ms. Meingast, Director Brater, and Mr. Fracassi:

Pursuant to MCL 24.264 of Michigan's Administrative Procedures Act (APA), I am respectfully requesting for an "expedited" declaratory ruling to be issued by the Michigan Secretary of State ("SOS") **by 2:00 p.m. on Monday, August 24, 2026** regarding the applicability of Mich Admin Code, R 168.2(3) and (4) with respect to the Secretary of State and local city, county and township filing officials' obligations prior to certifying or approving candidates to appear on the November 3, 2026 general election ballot.

This expedited response is requested due to the impending ballot printing deadlines for the November 3, 2026 general election. On August 18, 2026, the various county boards of canvassers certified the election results from the August 4, 2026 primary election, which were forwarded to the Secretary of State and State Board of Canvassers. On August 24, 2026, the State Board of Canvassers will convene to certify the election results from the August 4, 2026 primary election for the various state-wide and multi-jurisdictional races based upon the vote tallies certified by the various county boards of canvassers.

An "expedited" declaratory ruling under MCL 24.264 of the APA is being requested because Mich Admin Code, R 168.2(3) and (4) are **NOT** being properly enforced by the Secretary of State and local county, city and township filing officials with respect to the certification or approval of candidates for the November 3, 2026 general election.

Contrary to popular belief, whether a candidate's affidavit of identity complies with the mandatory requirements under MCL 168.558 does NOT end when that candidate is certified to appear on a primary election ballot. "[C]ourts have treated MCL 168.558 as applying to ***all elections,***" which would include the November 3rd general election. *Moore v Genesee Co*, 337 Mich App 723, 728-729; 976 NW2d 921 (2021) (emphasis supplied).

Mich Admin Code, R 168.2(3) provides:

"(3) The filing official shall examine the campaign finance records of the secretary of state and county clerk for any county in which the candidate previously sought nomination or election, if applicable, to determine whether the candidate made a false statement in the affidavit of identity."

Mich Admin Code, R 168.2(4) further provides:
"(4) The filing official shall disqualify a candidate who falsely states that as of the date he or she signed the affidavit of identity, all statements, reports, late filing fees, and fines
required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid. Candidates disqualified on this basis cannot reverse disqualification by filing a corrected affidavit."

Mich Admin Code, R 168.1(c), defines "filing official" to mean "**the township, city, or county clerk, or the secretary of state with which the affidavit of identity is filed**." (emphasis supplied).

The Michigan Court of Appeals in *Wilcoxon v Garrett*, unpublished per curiam opinion of Court of Appeals, issued July 22, 026 (Docket No. 375547) recently interpreted MCL 168.588 and Mich Admin Code, R 168.2(3) and (4). In *Wilcoxon*, the Court of Appeals expressly held: "Amendments have been made to both MCL 168.558(4) and Rule 168.2(3) to specifically provide that candidates who file false affidavits are not to be certified and to require that officials check state and county records to ensure that a candidate has made accurate statements in the affidavit." *Id*.; slip op at p 5. (**See Wilcoxon Opinion attached)**

The Court of Appeals in *Wilcoxon* further explained that "while plaintiff may have appeared on ballots in the past when she owed late filing fees, that did not give her a vested right to continue to appear on ballots **after Rule 168.2 was adopted, requiring that election officials perform some investigation into the status of each candidate's campaign finance records history *before certifying* the candidate's name to appear on *a* ballot.**" *Id*.; slip op at p 6 (emphasis supplied).

Issuance of an expedited declaratory ruling under MCL 24.264 of the APA is imperative and necessary due to the Secretary of State's and the local election officials' failures to properly apply Rule 168.2(3) and (4) before certifying a candidate's name to appear on the November general election ballots. This is particularly true with respect to the impending November 3, 2026 general election.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, pursuant to MCL 24.264 of the APA, the Secretary of State shall issue an expedited declaratory ruling **by 2:00 p.m. on Monday, August 24, 2026** concerning the Secretary of State's and local election officials' statutory legal duty under MCL 168.558 to apply Mich Admin Code, R 168.2(3) and (4) ***before certifying* a candidate's name to appear on the November 3, 2026**

**general election ballot.**

Respectfully submitted,
/s/ ROBERT DAVIS
Robert Davis
180 Eason
Highland Park, MI 48203

**Robert Davis** <davisrobert854@gmail.com> Fri, Aug 28, 12:05 PM

to bensonj4, Heather, Jonathan, Adam, MDOS-BOERegulatory, Margaret, Lisa

Good afternoon, SOS Benson, Director Brater and Mr. Fracassi:

Will the Secretary of State be issuing a decision TODAY with respect to this expedited request for Declaratory ruling? Please advise ASAP. Thank you.

Respectfully submitted,
Robert Davis

**Robert Davis** <davisrobert854@gmail.com> Mon, Aug 31, 11:25 AM (11 days ago)

to bensonj4, Heather, Jonathan, Adam, MDOS-BOERegulatory, Margaret, Lisa

Good morning, SOS Benson, Director Brater and Mr. Fracassi,
It has been 9 days since I submitted my expedited request for a declaratory ruling under MCL 24.264 of the Administrative Procedures Act (APA) and I have yet to receive a response. Will your office be issuing a response to my expedited request for a declaratory ruling later today? Please advise ASAP. Thank you.

Respectfully submitted,
Robert Davis

**Robert Davis** <davisrobert854@gmail.com> Fri, Sep 4, 3:14 PM (7 days ago)

to bensonj4, Heather, Jonathan, Adam, MDOS-BOERegulatory, Margaret, Lisa

Good afternoon,
When will I be receiving a response to this request for an expedited declaratory ruling? Please advise ASAP. Thank you.

Respectfully submitted,
Robert Davis
expedited