**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 2:26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.

______________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________/

# PLAINTIFF'S EMERGENCY MOTION FOR DECLARATORY JUDGMENT UNDER MICHIGAN LAW WITH RESPECT TO COUNT VI OF VERIFIED COMPLAINT (ECF NO. 1).

**NOW COMES**, Plaintiff, Robert Davis, in his own proper person, and for his Emergency Motion for Declaratory Judgment Under Michigan Law With Respect To Count VI of Verified Complaint (ECF No. 1), states as follows:

## I. Concurrence Under Local Rule 7.1(a).

Prior to filing the instant emergency motion, pursuant to E.D.Mich. L.R. 7.1(a), Plaintiff sought concurrence from counsel for Defendant Wayne County Election Commission, Asst. Wayne Co. Corporation Counsel Rebecca Camargo, but concurrence was not timely received; necessitating the filing of this emergency motion.

## II. Exercise of Supplemental Jurisdiction Under 28 U.S.C. §1367.

Section 1367 of Title 28 provides that "the district court *shall* have supplemental jurisdiction over all other claims that are so *related to claims in the action* within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. §1367(a) (emphasis supplied). "In other words, if there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v Commerce Exchange Bank*, 137 F.3d 885, 892 (6th Cir. 1998).

A district court may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy" as matters arising under original jurisdiction. 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 209 (6th Cir. 2004). "This requirement is met when state and federal law claims arise from the same contract, dispute, or transaction." *Soehnlen v Fleet Owners Ins. Fund*, 844 F.3d 576, 588 (6th Cir. 2016) (citing *Carnegie — Mellon Univ. v. Cohill,* 484 U.S. 343, 350-51, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Capital Park Ltd. Dividend Hous. Ass'n v. Jackson,* 202 Fed.Appx. 873, 877 (6th Cir. 2006)).

In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the "values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *accord Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir.1993) (holding that a district court should consider several factors in deciding whether to exercise supplemental jurisdiction, including "the avoidance of multiplicity of

litigation, and [that it should] balance those interests against needlessly deciding state law issues").

Here, Plaintiff's state-law claim for declaratory relief as pled in Count VI of the Verified Complaint "form part of the same case or controversy" as the federal claims pled in Counts I-II, as "they derive from a common nucleus of operative facts." *Harper,* 392 F.3d at 209. Therefore, it would be most appropriate for this Honorable Court to exercise supplemental jurisdiction over Count VI of the Verified Complaint.

## III. Law and Legal Analysis

### COUNT VI
### 28 U.S.C. §1367 Supplemental Jurisdiction- State Law Claim Declaratory Judgment Declaring Defendant Wayne County Election Commission Violated Mich.Comp.Laws §168.23 By Failing To Immediately Appoint A Replacement To Act In The Stead Of Absent Chairman Judge David Braxton.

"A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky, Inc. v U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999).

As the Michigan Supreme Court stated in *Lansing Sch. Ed. Ass'n v. Lansing Bd. of Ed.*, 487 Mich. 349, 792 N.W.2d 686 (2010), "[W]henever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment." *Id.* at 372, 792 N.W.2d 686. MCR 2.605 incorporates the doctrine of standing, as well as ripeness and mootness. *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v. Central Mich. Univ. Trustees,* 295 Mich. App. 486, 495, 815 N.W.2d 132 (2012) (*UAW*).

MCR 2.605(A)(1) states: "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." "An actual controversy exists when a declaratory judgment is needed to guide a party's future conduct in order to preserve that party's legal rights." *League of Women Voters v Secretary of State*, 506 Mich. 561, ___; 957 NW2d 731, 743-744 (2020) (citation omitted).

Though "a court is not precluded from reaching issues before actual injuries or losses have occurred," there still must be "a present legal controversy, not one that is merely hypothetical or anticipated in

the future." *Van Buren Charter Twp. v. Visteon Corp.,* 503 Mich. 960, 965 n. 16, 923 N.W.2d 266 (2019) (VIVIANO, J., dissenting), (citing Borchard, Declaratory Judgments (1934), p. 40 ("When the complaint on these tests is considered premature, the dismissal may be explained by any one of a series of labels, e.g., that there is as yet no `controversy,' that the issue is hypothetical, that the result would be only an advisory opinion, etc."); 26 C.J.S., Declaratory Judgment, § 28, p. 66 ("[A] controversy is justiciable, such that a declaratory judgment action may be maintained, when present legal rights are affected, not when a controversy is merely anticipated.").

**Actual Case of Controversy**

On September 6, 2026, Plaintiff sent an "urgent" written communication to the Defendant Wayne County Election Commission requesting permission to be placed on its September 8, 2026 meeting agenda to present his challenge and objections to the "improper" certification of Eli Savit and Garlin Gilchrist as the Democratic nominees for Attorney General and Secretary of State, respectively. (**See Plaintiff's September 6, 2026 email to Defendant Wayne County Election Commission attached**).

On September 8, 2026 at approx. 9:32 a.m., Wayne County Elections Director Greg Mahar sent Plaintiff a reply email informing the Plaintiff that Plaintiff's request would be presented to the members of the Defendant Wayne County Election Commission at its 11 a.m. meeting scheduled for later that morning. (**See September 6, 2026 Email Chain attached**).

Plaintiff appeared virtually at the Defendant Wayne County Election Commission's September 8, 2026 meeting. At the outset, Plaintiff noticed that **only two (2) of three members of the Defendant Wayne County Election Commission were present.** Specifically, the Chairman, Wayne County Probate Chief Judge Hon. David Braxton was **ABSENT**. No explanation was provided on the record as the reason for Judge Braxton's absence from the meeting. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached**).

In his absence, Wayne County Treasurer Eric Sabree presided over the meeting as the Chairman. Notably, however, the two (2) members of the Defendant Wayne County Election Commission that were present did **NOT** vote appoint a replacement for the Chairman

Judge David Braxton as required under Mich.Comp.Laws §168.23. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

Mich.Comp.Laws §168.23(1) of Michigan Election Law provides:

> (1) The chief or only judge of probate of the county or probate court district, the county clerk, and the county treasurer shall constitute a board of county election commissioners for each county. **The chief or only judge of probate of the county or probate court district and the county clerk shall act respectively as chairperson and secretary of the board.** In the absence or disqualification of the county clerk from any meeting of the board of county election commissioners, the board may select 1 of the county clerk's deputies to act in the county clerk's place. ***In the absence* or disqualification *of any member of the board of county election commissioners other than the county clerk*, the members of the board who are present *shall appoint* the county prosecuting attorney, county sheriff, or register of deeds in the absent or disqualified member's place, and the appointed county officer, on being notified, shall attend without delay and act as a member of the board.** [emphasis supplied.]

Plaintiff's state-law claim involves the interpretation of statutory language. Under Michigan law, "[t]he principal goal of statutory interpretation is to give effect to the Legislature's intent, and the most reliable evidence of that intent is the plain language of the statute." *South Dearborn Environmental Improvement Ass'n, Inc v Dep't of*

*Environmental Quality,* 502 Mich 349, 360-361; 917 NW2d 603 (2018). "Where the statutory language is unambiguous, the plain meaning reflects the Legislature's intent and the statute must be applied as written." *Honigman Miller Schwartz and Cohn LLP v Detroit,* 505 Mich 284, 294; 952 NW2d 358 (2020) (quotation marks and citation omitted).

"A statute's words should not be ignored, treated as surplusage, or rendered nugatory." *Andrie Inc v Treasury Dep't,* 496 Mich 161, 172; 853 NW2d 310 (2014). "'Shall' is a mandatory term, not a permissive one." *People v. Francisco,* 474 Mich. 82, 87, 711 N.W.2d 44 (2006); see also *Fradco, Inc. v. Dep't of Treasury,* 495 Mich. 104, 114, 845 N.W.2d 81 (2014) ("The Legislature's use of the word 'shall' ... indicates a mandatory and imperative directive.") "'[W]henever the act to be done under a statute is to be done by a public officer, and concerns the public interest or the rights of third persons, which require the performance of the act, then it becomes the duty of the officer to do it.'" *Agent of State Prison v. Lathrop,* 1 Mich. 438, 444 (1850) (citation omitted). Thus, "[w]hen a public entity does not perform its statutory obligations in a timely manner, and fails to respect the statutory preconditions to its exercise of authority, it lacks the authority to proceed as if it had." *In re*

*Forfeiture of Bail Bond,* 496 Mich 320, ______; 852 NW2d 747, 754 (2014).

Here, it **is undisputed** that the Defendant Wayne County Election Commission **FAILED** to comply with the mandatory provisions of Mich.Comp.Laws §168.23(1) at its September 8, 2026 meeting. The draft minutes from the Defendant Wayne County Election Commission's September 8, 2026 meeting clearly shows that the Wayne County Clerk and Wayne County Treasurer, which were the two (2) members present, did **NOT** appoint the county prosecuting attorney, county sheriff or register of deeds to act in the Charman's absence.

The Defendant Wayne County Election Commission's failure to comply with the mandatory requirements under Mich.Comp.Laws §168.23 renders **ALL actions taken at the September 8, 2026 meeting VOID!!**

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff, Robert Davis, prays that this Honorable Court **GRANTS** Plaintiff's Emergency Motion for Declaratory Judgment Pursuant to MCR 2.605 and declare that the Defendant Wayne County Election Commission violated

Mich.Comp.Laws §168.23(1) of Michigan Election Law, and further declare that **ALL actions and votes** the Defendant Wayne County Election Commission took at its September 8, 2026 meeting, which included voting to authorize the printing of the ballots for the November 3, 2026 general election, shall be and are hereby declared **VOID and UNENFORCEABLE**; and **ENTERS** an order setting an expedited briefing schedule so that this matter can be scheduled for a hearing on the earliest possible date due to the impending September 18, 2026 deadline for disseminating absentee ballots for overseas military personnel for the November 3, 2026 general election.[1]

Dated: September 15, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

[1] Pursuant to Mich.Comp.Laws §168.759a(5) of Michigan Election Law, Defendant Wayne County Election Commission must have the absentee ballots printed for overseas military personnel 45 days before the November 3, 2026 general election (September 18, 2026).

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on September 15, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

ROBERT DAVIS further certifies that on September 15, 2026, a true and correct copy of the foregoing was served upon Defendants' counsel via electronic mail (email).

Dated: September 15, 2026 Respectfully submitted,

/s/ROBERT DAVIS

**ROBERT DAVIS, *Pro Se***