**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 26-cv-13454
Hon. Terrence G. Berg

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan,
**JONATHAN BRATER**, in his official and individual capacities as the duly appointed Director of Michigan Bureau Elections,
**MICHIGAN DEMOCRATIC PARTY,**
**GARLIN GILCHRIST, II,** an individual**,**
**ELI SAVIT,** an individual**,**
**WAYNE COUNTY ELECTION COMMISSION**,
and
**BRENDA GREEN**, in her official and individual capacities, as the duly elected City Clerk for the City of Highland Park,
Defendants.
_______________________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________________________________/

**FIRST-AMENDED VERIFIED COMPLAINT**
**AND JURY DEMAND**

**NOW COMES**, Plaintiff, ROBERT DAVIS ("Plaintiff" or "Plaintiff Davis"), in his own proper person and complaint, and for his First-Amended Verified Complaint and Jury Demand ("Amended Complaint"), states the following:

## I. Plaintiff's Right To File An Amended Complaint Without Leave of the Court Pursuant to Fed.R.Civ.P. 15(a)(1)(A).

1. On September 11, 2026, Plaintiff filed his ***original*** seven-count verified complaint against original Defendants Jocelyn Benson, Secretary of State for the State of Michigan; Jonathan Brater, Director of Michigan Bureau of Elections; Wayne County Election Commission; and Brenda Green, City Clerk for the City of Highland Park. (ECF No. 1).
2. On September 14, 2026, Plaintiff filed a motion for preliminary injunction seeking to enjoin the enforcement portions of Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) to allow Plaintiff to file a state-court declaratory judgment action against the Defendants Jocelyn Benson and Brenda Green in accordance with Mich.Comp.Laws §24.264 of the APA. (ECF Nos. 5,6).
3. On September 15, 2026, Plaintiff filed an emergency motion for declaratory judgment with respect to Plaintiff's state-law claim pled in Count VI of the ***original*** Verified Complaint. (ECF No. 7).

4. On September 16, 2026, the Court held a telephone conference with the parties on September 16, 2026, five days after the complaint was filed. Plaintiff and counsel for Defendants participated in the teleconference and were given the opportunity to state their respective positions on the emergency motions.
5. On September 16, 2026, **ALL** Defendants were properly served with copies of the summons and ***original*** Verified Complaint in accordance with Fed.R.Civ.P. 4(c). (ECF Nos. 10, 11, 12, 13, 14).
6. On September 18, 2026 at approximately 5:06 p.m., the Court issued its order denying Plaintiff's Emergency Motion for Preliminary Injunction Pursuant to Fed.R.Civ.P. 65(a) [5] and denying as MOOT Plaintiff's Emergency Motion for Declaratory Judgement Under Michigan Law With Respect to Count VI [7]. (ECF No. 19).
7. Federal Rule of Civil Procedure Rule 15(a)(1)(A), allows a party to amend a complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(A).
8. Rule 15(a)(1) provides "**A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it**, *or* (B) if the pleading is one to which a responsive pleading is required, 21 days after service under 12(b), (e), or (f), whichever is earlier." (emphasis supplied).
9. "Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir.

2000) (noting that Rule 15(a) `gives plaintiffs an absolute right to amend their complaint one time before a responsive pleading is served.')." *Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009).

10. Therefore, pursuant to Rule 15(a)(1)(A), because ALL Defendants were served with copies of the summons and original Verified Complaint on September 16, 2026, Plaintiff has the right to file an amended complaint within 21 days (October 7th).

11. As of the date and time of the filing of this Amended Verified Complaint, **NONE** of the Defendants have filed a responsive pleading nor a Rule 12(b)(6) motion to dismiss the ***original*** Verified Complaint.

## II. NATURE OF PLAINTIFF'S CLAIMS

12. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq*.

## III. JURISDICTION AND VENUE

13. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367.

14. This Court has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et.seq*.

15. This Court has jurisdiction to adjudicate state law claims brought against Defendant Wayne County Election Commission pursuant to 28 U.S.C. § 1367.

16. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391 because Plaintiff is a resident of the Eastern District of Michigan, and the actions giving rise to the claims pled and alleged in this Complaint all occurred within the Eastern District of Michigan.

## IV. PARTIES

17. Plaintiff, Robert Davis **("Plaintiff" or "Plaintiff Davis")**, is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff is a registered and dues paying member of the Michigan Democratic Party.

18. Defendant, Jocelyn Benson ("**Defendant Secretary of State**"), is the duly elected Secretary of State for the State of Michigan, who will appear on the November 3, 2026 general election ballot as the Michigan Democratic Party nominee for Governor.

19. Defendant, Jonathan Brater ("**Defendant State Director of Elections"**), is the duly appointed Director of Michigan Bureau of Elections under Mich.Comp.Laws §168.32 of Michigan Election Law.

20. Defendant, Michigan Democratic Party ("**Defendant MDP**"), is the official Michigan affiliate of the National Democratic Party, whose principal office is located in Lansing, MI.

21. Defendant, Eli Savit ("**Defendant Savit**"), was nominated at the Defendant Michigan Democratic Party's August 29, 2026 State Fall Nominating Convention by the members and delegates of the Defendant Michigan

Democratic Party to be the state party's nominee for Michigan Attorney General for the November 3, 2026 general election.

22. Defendant, Garlin Gilchrist, II ("**Defendant Gilchrist**"), was nominated at the Defendant Michigan Democratic Party's August 29, 2026 State Fall Nominating Convention by the members and delegates of the Defendant Michigan Democratic Party to be the state party's nominee for Michigan Secretary of State for the November 3, 2026 general election.

23. Defendant, Wayne County Election Commission ("**Defendant Election Commission**"), pursuant to Mich.Comp.Laws §168.23, is the three-member board comprised of the Chief Judge of the Wayne County Probate, the Wayne County Clerk, and the Wayne County Treasurer, who has the statutory authority under Mich.Comp.Laws §168.689 to authorize the printing of the ballots for the November 3, 2026 general election and under Mich.Comp.Laws §168.567 to correct any errors that may be present on said general election ballots.

24. Defendant, Brenda Green ("**Defendant Highland Park City Clerk**"), is the duly elected City Clerk for the City of Highland Park.

25. That an actual controversy exists between the parties named herein.

## V. COMMON FACTS

26. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

### A. Plaintiff's August 22, 2026 Expedited Request For Declaratory Ruling Under Mich.Comp.Laws §24.264 Of Administrative Procedures Act (APA).

27. Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, ***the validity or applicability of a rule***, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, **may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff**. The action shall be filed in the circuit court of the county where the plaintiff resides or has his or her principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. ***An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.*** This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted. [emphasis supplied.]

28. On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (**See Plaintiff's August 22, 2026 expedited request for declaratory ruling attached**).

29. As of the date and time of the filing of this complaint, Plaintiff has **NOT** received a written response to his August 22, 2026 expedited request for declaratory ruling.

30. Plaintiff has sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

31. Defendants Secretary of State and State Director of Elections' **refusal** to timely respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court.

32. Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously."*** *See Warren Consol Sch Dist v Hazel Park Sch Dist*., ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency*. *If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court*.") (emphasis supplied).

33. There is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling.

34. Thus, Defendants Secretary of State and State Director of Elections can take as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling.

35. Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters.

### B. Plaintiff Timely Files Sworn Complaint Under Mich Admin Code, R 168.5 Challenging Validity of Defendants Eli Savit's and Garlin Gilchrist II's Affidavits of Identity Filed In Violation of Mich.Comp.Laws §168.558(4) of Michigan Election Law.

36. On Saturday, August 29, 2026, challenged candidates Defendants Eli Savit and Garlin Gilchrist were *officially* and *formally* nominated at the Michigan Democratic Party's State Fall Convention, which was held in Lansing, MI. *See Davis v Secretary of State,* unpublished per curiam opinion of the Court of Appeals, issued August 24, 2026 (Docket No, 382032).

37. Plaintiff, as a lawful voting member of the Michigan Democratic Party, personally attended the Michigan Democratic Party's State Fall Convention held on August 29, 2026 and officially lodged his opposition to the nomination of challenged candidates Defendants Eli Savit and Garlin Gilchrist, II as the

Democratic Party's nominees for Attorney General and Secretary of State, respectively.[1]

38. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, on Monday, August 31, 2026, challenged candidates Defendants Eli Savit and Garlin Gilchrist II filed their respective affidavits of identity with the Defendant Secretary of State. (**See Redacted Copies of Affidavits of Identity of Filed By Savit and Gilchrist on August 31, 2026**).

39. Mich.Comp.Laws §168.558(4) of Michigan Election Law provides, in relevant part:

> (4) **An affidavit of identity must include a signed and notarized statement that as of the date of the affidavit, all statements, reports**, late filing fees, and fines **required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act**, 1976 PA 388, MCL 169.201 to 169.282, **have been filed** or paid……
>
> *****
>
> ***An officer shall not certify to the board of election commissioners*** the name of a candidate who fails to comply with this section, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***. [emphasis supplied.]

40. Plaintiff, as a duly registered and qualified voter of the County of Wayne and State of Michigan, has a statutory legal right under Mich.Comp.Laws §168.558(4) to enforce the statutory requirements set forth under

[1] See https://www.detroitnews.com/story/news/politics/2026/08/30/democrats-say-theyre-unified-for-november-amid-lingering-tension/91341869007/

Mich.Comp.Laws §168.558(4) of Michigan Election Law. See *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 899-890 (2016)

41. As the Michigan Court of Appeals so held in *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 890 (2016): "**[W]e hold that the public has a clear legal right in the due enforcement of MCL 168.558 against [challenged candidates].** We further hold that***, as an elector, plaintiff is entitled in this case to vindicate the public's clear legal right***." (emphasis supplied).

42. To implement and enforce the provisions of Mich.Comp.Laws §168.558(4) of Michigan Election Law, the Defendant Secretary of State, in accordance with Michigan's Administrative Procedures Act (APA), promulgated Mich Admin Code, R 168.1 through R 168.6 to establish rules and procedures for electors, such as the Plaintiff, to challenge the validity of affidavits of identity filed by candidates under Mich.Comp.Laws §168.558 of Michigan Election Law. (**See Defendant Secretary of State's Promulgated Rules R 168.1 through R 168.6 attached**).

43. Mich Admin Code, R 168.5, as amended effective June 8, 2026, provides:

> **R 168.5 Affidavit of identity challenge.**
>
> Rule 5.
>
> (1) **The filing official shall reject any challenge received more than 7 days after the deadline for the filing of the affidavit of identity.**
> (2) **The filing official shall reject any challenge that is not in the form of a signed and notarized complaint**. [emphasis supplied.]

44. Mich Admin Code, R 168.6, as amended effective June 8, 2026, further provides:

> R 168.6 Candidate response to challenge.
>
> Rule 6.
>
> (1) **The filing official shall render a decision without consideration of a candidate's response to a challenge to the candidate's affidavit of identity if the response is received more than 7 days after the candidate was provided with the challenge.**
> (2) The filing official shall decline to consider a response that is not signed. [emphasis supplied.]

45. In the morning of September 1, 2026, pursuant to Mich Admin Code, R 168.5, as amended effective June 8, 2026, Plaintiff filed sworn complaints with the Defendant Secretary of State challenging the validity of Eli Savit's and Garlin Gilchrist II's affidavits of identity that were filed with the Defendant Secretary of State on August 31, 2026. (**See Plaintiff's Sworn Complaints Challenging Validity of Affidavits of Identity Filed By Challenged Candidates Eli Savit and Garlin Gilchrist, II attached**).

46. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, the **deadline for the filing of the affidavits of identity for the Democratic Party's nominees for Attorney General and Secretary of State <u>was Monday, August 31, 2026</u>** because the Michigan Democratic Party officially and formally nominated their party's candidates at the Fall State Nominating Convention held in Lansing, MI on Saturday, August 29, 2026.

(**See Michigan Democratic Party's Call To Convention for Fall State Nominating Convention**).

47. Therefore, Plaintiff's sworn complaints filed with the Defendant Secretary of State on September 1, 2026—one day after Defendants Savit and Gilchrist filed their respective affidavits of identity with the Defendant Secretary of State—were timely under Mich Admin Code, R 168.5.

48. Plaintiff's September 1, 2026 sworn complaints challenging the affidavits of identity filed with the Defendant Secretary of State on August 31, 2026 by Defendants Savit and Gilchrist provide ample documentary evidence from the Defendant Secretary of State's very own public campaign finance database that show on the date Defendants Savit and Gilchrist signed their respective affidavits of identity (August 29, 2026) they each had outstanding campaign finance reports or statements that had **NOT** been filed, making their affidavits of identity **FALSE**!

### C. Plaintiff's Court of Claims Lawsuit against Defendant Secretary of State.

49. On September 1, 2026, Plaintiff filed his ***original*** verified complaint for declaratory and mandamus relief against Defendant Secretary of State in the Michigan Court of Claims. Contemporaneously, Plaintiff also filed an emergency motion for temporary restraining order (TRO), or in the alternative, motion for preliminary injunction and order to show cause. See *Davis v Benson*, Court of Claims Case No. 26-000187-MB.

50. Prior to filing the state court lawsuit, in the morning of September 1, 2026, pursuant to Mich Admin Code, R 168.5, as amended effective June 8, 2026, Plaintiff also filed sworn complaints with the Defendant Secretary of State challenging the validity of Defendants Eli Savit's and Garlin Gilchrist II's affidavits of identity that were filed with the Defendant Secretary of State on August 31, 2026. (**See Plaintiff's Sworn Complaints Challenging Validity of Affidavits of Identity Filed By Challenged Candidates Eli Savit and Garlin Gilchrist, II attached**).

51. On September 2, 2026, Court of Claims Chief Judge Michael F. Gadola ("Chief Judge Gadola") issued an Emergency Scheduling Order requiring the Defendant Secretary of State to file a combined response to the original complaint and Plaintiff's Emergency *Ex Parte* Motion for TRO/Preliminary Injunction and Order to Show Cause by 4 p.m. on September 2, 2026.

52. Chief Judge Gadola's September 2, 2026 Emergency Scheduling Order also directed Plaintiff to file a response to Defendant Secretary of State's motion for summary disposition by Noon on September 3, 2026.

53. Pursuant to Chief Judge Gadola's September 2, 2026 Emergency Scheduling Order, on September 2, 2026 at 3:48 p.m., the Defendant Secretary of State filed a motion for summary disposition seeking dismissal of Plaintiff's ***original*** complaint under MCR 2.116(C)(8).

54. On September 3, 2026, Plaintiff filed an emergency motion to strike Adam Fracassi's affidavit, which was filed in support of Defendant Secretary of State's 9/2/26 motion for summary disposition under MCR 2.116(C)(8).

55. Also, on September 3, 2026, in accordance with MCR 2.118(A)(1), Plaintiff timely filed an ***amended*** verified complaint that only added additional facts with respect to Count I of the ***original*** complaint. In accordance with the Court's September 2, 20226 Emergency Scheduling Order, on September 3, 2026, Plaintiff timely filed a response addressing all of the substantive legal arguments raised in Defendant's 9/2/2026 motion for summary disposition.

56. Then, on September 4, 2026 at 8:35 a.m., Plaintiff filed an emergency motion to file a supplemental response brief.

57. After the filing of Plaintiff's emergency motion to file a supplemental response brief, at 10:42 a.m., Chief Judge Gadola issued its opinion and order granting Defendant Secretary of State's motion for summary disposition under MCR 2.116(C)(8) and denying Plaintiff's various motions and dismissing with prejudice Plaintiffs' ***original*** and ***amended*** complaints. (**See Chief Judge Gadola's September 4, 2026 Opinion and Order**).

**D. Plaintiff's Emergency Appeal To Michigan Court of Appeals.**

58. Later that same day, in the afternoon on Friday, September 4, 2026, Plaintiff promptly filed an emergency appeal in the Michigan Court of Appeals claiming an appeal of right from Chief Judge Gadola's September 4, 2026

opinion and order. See *Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 8, 2026 (Docket No. 382336).

59. Accompanying Plaintiff's claim of appeal were motions for immediate consideration and to expedite the appeal under MCR 7.213(C)(4). The Commissioners of the Michigan Court of Appeals provided the Defendant Secretary of State until Noon on Tuesday, September 8, 2026[2] to file her response to Plaintiff's emergency motions for immediate consideration and to expedite the appeal. See *Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 8, 2026 (Docket No. 382336).

60. On Tuesday, September 8, 2026, Plaintiff filed appellant's principal brief on appeal. Later that day, the Michigan Court of Appeals entered an order **denying Plaintiff's motion to expedite the appeal without explanation**. *See Davis v Secretary of State*, unpublished order of the Court of Appeals, entered September 8, 2026 (Docket No. 382336).

**E. Plaintiff's Emergency Interlocutory Application For Leave To Appeal Filed In Michigan Supreme Court.**

61. On Thursday, September 10, 2026, Plaintiff filed an Emergency Interlocutory Application For Leave To Appeal the September 8, 2026 Order of the Court of Appeals with the Michigan Supreme Court. See *Davis v Secretary of State*, Michigan Supreme Court No. 170671.

---

[2] Michigan Courts were closed on Monday, September 7, 2026 in observance of the federal Labor Day Holiday.

62. Contemporaneously, Plaintiff filed a motion to expedite the appeal so that a decision on whether the appeal would be REMANDED back to the Michigan Court of Appeals for an expedited decision on the merits could be issued by the close of business on Thursday, September 10, 2026.

63. On September 11, 2026, the Michigan Supreme Court granted the motion to expedite and denied the application for leave to appeal. *Davis v. Sec'y of State*, No. 170671, 2026 WL 2678811 (Mich. Sept. 11, 2026).

## VI. CAUSES OF ACTION

### COUNT I
### 42 U.S.C. §1983-Procedural Due Process Claim- Defendants Secretary of State and State Director of Elections Violated Plaintiff's Procedural Due Process Rights As Afforded Under Mich.Comp.Laws 168.558(4), Mich Admin Code, R 168.2(3) and (4), and Mich Admin Code, R 168.5 and R 168.6, As Amended.

64. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

65. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities.

66. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

67. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

68. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

69. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

**<u>Property Interest</u>**

**Plaintiff Timely Files Sworn Complaints Challenging Validity of Eli Savit's and Garlin Gilchrist's Affidavits of Identity Under Mich Admin Code, R 168.5, As Amended, and Mich.Comp.Laws §168.558(4) of Michigan Election Law, Which Defendants Secretary of State and State Director of Elections Purposedly Failed To Address**.

70. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, on Monday, August 31, 2026, challenged candidates Eli Savit and Garlin Gilchrist II filed their respective affidavits of identity with the Defendant Secretary of State. (**See Redacted Copies of Affidavits of Identity of Filed By Savit and Gilchrist on August 31, 2026**).

71. Mich.Comp.Laws §168.558(4) of Michigan Election Law provides, in relevant part:

> (4) **An affidavit of identity must include a signed and notarized statement that as of the date of the affidavit, all statements, reports**, late filing fees, and fines **required of the candidate or any**

> **candidate committee organized to support the candidate's election under the Michigan campaign finance act**, 1976 PA 388, MCL 169.201 to 169.282, **have been filed** or paid……
>
> *****
>
> ***An officer shall not certify to the board of election commissioners*** the name of a candidate who fails to comply with this section, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***. [emphasis supplied.]

72. Plaintiff, as a duly registered and qualified voter of the County of Wayne and State of Michigan, has a statutory legal right under Mich.Comp.Laws §168.558(4) to enforce the statutory requirements set forth under Mich.Comp.Laws §168.558(4) of Michigan Election Law. See *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 899-890 (2016)

73. As the Michigan Court of Appeals so held in *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 890 (2016): "**[W]e hold that the public has a clear legal right in the due enforcement of MCL 168.558 against [challenged candidates].** We further hold that***, as an elector, plaintiff is entitled in this case to vindicate the public's clear legal right***." (emphasis supplied).

74. To implement and enforce the provisions of Mich.Comp.Laws §168.558(4) of Michigan Election Law, the Defendant Secretary of State, in accordance with Michigan's Administrative Procedures Act (APA), promulgated Mich Admin Code, R 168.1 through R 168.6 to establish rules and procedures for electors, such as the Plaintiff, to challenge the validity of affidavits of identity filed by candidates under Mich.Comp.Laws §168.558 of Michigan Election Law. (**See**

**Defendant Secretary of State's Promulgated Rules R 168.1 through R 168.6 attached**).

75. "[R]ules and understandings, promulgated and fostered by state officials' can form the foundation of a protected property interest." *Gunasekera v Irwin*, 551 F.3d 461, 464 (6th Cir. 2009) (quoting *Perry v Sindermann,* 408 U.S. 593, 602-602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)).

76. Mich Admin Code, R 168.5, as amended effective June 8, 2026, provides:

> **R 168.5 Affidavit of identity challenge.**
>
> Rule 5.
>
> (1) **The filing official shall reject any challenge received more than 7 days after the deadline for the filing of the affidavit of identity.**
> (2) **The filing official shall reject any challenge that is not in the form of a signed and notarized complaint**. [emphasis supplied.]

77. Mich Admin Code, R 168.6, as amended effective June 8, 2026, further provides:

> R 168.6 Candidate response to challenge.
>
> Rule 6.
>
> (1) **The filing official shall render a decision without consideration of a candidate's response to a challenge to the candidate's affidavit of identity if the response is received more than 7 days after the candidate was provided with the challenge.**
> (2) The filing official shall decline to consider a response that is not signed. [emphasis supplied.]

78. In the morning of September 1, 2026, pursuant to Mich Admin Code, R 168.5, as amended effective June 8, 2026, Plaintiff filed sworn complaints with the Defendant Secretary of State challenging the validity of Eli Savit's and Garlin Gilchrist II's affidavits of identity that were filed with the Defendant Secretary of State on August 31, 2026. (**See Plaintiff's Sworn Complaints Challenging Validity of Affidavits of Identity Filed By Challenged Candidates Eli Savit and Garlin Gilchrist, II attached**).

79. Pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, the **deadline for the filing of the affidavits of identity for the Democratic Party's nominees for Attorney General and Secretary of State <u>was Monday, August 31, 2026</u>** because the Michigan Democratic Party officially and formally nominated their party's candidates at the Fall State Nominating Convention held in Lansing, MI on Saturday, August 29, 2026. (**See Michigan Democratic Party's Call To Convention for Fall State Nominating Convention**).

80. Therefore, Plaintiff's sworn complaints filed with the Defendant Secretary of State on September 1, 2026—one day after Defendants Savit and Gilchrist filed their respective affidavits of identity with the Defendant Secretary of State—were timely under Mich Admin Code, R 168.5.

81. Pursuant to Mich.Comp.Laws §168.648 of Michigan Election Law, **on September 4, 2026**, the Defendant Secretary of State issued "to the county clerk of each county a notice in writing of such primary or election, specifying

in such notice the federal, state and district offices for which candidates are to be nominated or elected, as well as any constitutional amendments and questions to be submitted there at."

82. However, prior to issuing the written "notices" to the various county clerks on September 4, 2026, neither Defendant Secretary of State nor Defendant State Director of Elections addressed the merits of Plaintiff's sworn complaints filed on September 1, 2026 challenging the validity of Defendants Savit's and Gilchrist's affidavits of identity.

83. Due to their political and personal allegiances to the Defendants Savit, Gilchrist and MDP, Defendants Secretary of State and State Director of Elections purposely failed to address the merits of Plaintiff's meritorious sworn complaints filed on September 1, 2026 challenging the validity of Defendants Savit's and Gilchrist's affidavits of identity prior to issuing the September 4, 2026 "notices" to the various county clerks.

84. On September 16, 2026, more than two weeks after Plaintiff timely filed the sworn complaints, the Defendant State Bureau of Elections issued a written response to Plaintiff's September 1, 2026 sworn complaints and advised Plaintiff:

> "**In light of pending litigation, in which you seek injunctive and declaratory relief to have both candidates removed from the ballot for the same reasons as those stated in your challenges, the Department <u>will hold your challenges in abeyance until such litigation, including your pending appeal, is resolved</u>**."

(See Defendant State Director of Elections' September 16, 2026 Email Response to Plaintiff's September 1, 2026 Sworn Complaints Challenging Validity of Defendants Savit's and Gilchrist's affidavits of identity attached).

85. Considering the ballots for the November 3, 2026 general election have been printed and disseminated by the various county clerks and county boards of election commissions to the local city and township clerks, the merits of Plaintiff's meritorious sworn complaints challenging the validity of Defendants Savit's and Gilchrist's false affidavits of identity *may* be rendered moot.

**State-Created Liberty Interests Under Mich Admin Code, R 168.2(3) & (4).**

86. Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, provides:

> (3) ***The filing official shall examine the campaign finance records of the secretary of state and county clerk for any county in which the candidate*** **previously sought nomination or election**, if applicable, ***to determine whether the candidate made a false statement in the affidavit of identity***. [emphasis supplied.]

87. Mich Admin Code, R 168.1(c) defines "Filing official" to mean "the township, city, or county clerk, or the secretary of state with the affidavit of identity is filed." (emphasis supplied).

88. As noted, pursuant to Mich.Comp.Laws §168.558(1) of Michigan Election Law, the Defendant MDP's nominees for Attorney General and Secretary of State were required to file their respective affidavits of identity with the Defendant Secretary of State. Therefore, the Defendant Secretary of State is the "filing official" for purposes of Mich Admin Code, R 168.1(c) and R 168.2(3).

89. Pursuant to Mich Admin Code, R 168.2(3), as amended effective June 8, 2026, the Defendant Secretary of State, as the filing official for candidates for Attorney General and Secretary of State had a statutory legal duty to "**check state and county records to ensure that a candidate has made accurate statements in the affidavit**." *Wilcoxon v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op 5 (emphasis supplied). (Unpublished Michigan Court of Appeals Opinion attached).

90. More importantly, pursuant to Mich Admin Code, R 168.2(3), the Defendant Secretary of State was required to "**perform some investigation into the status of each candidate's campaign finance records history *before certifying the candidate's name to appear on a ballot***." *Wilcoxon v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op p 6 (emphasis supplied).

91. The Defendant Secretary of State **failed** to perform her statutory duties under Mich Admin Code, R 168.2(3) ***before*** unlawfully certifying Defendants Savit and Gilchrist to appear on the November 3, 2026 general election ballot as the Defendant MDP's nominees for Attorney General and Secretary of State, respectively.

92. The Defendant Secretary of State also failed to perform her duties under Mich Admin Code, R 168.2(4) before unlawfully certifying Defendants Savit and Gilchrist on September 4, 2026 to appear on the November 3, 2026

general election ballot as the Defendant MDP's nominees for Attorney General and Secretary of State, respectively.

93. Mich Admin Code, R 168.2(4) provides:

> (4) **The filing official *shall disqualify a candidate who falsely states that as of the date he or she signed the affidavit of identity, all statements, reports***, late filing fees, and fines ***required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282*, *have been filed*** or paid. Candidates disqualified on this basis cannot reverse disqualification by filing a corrected affidavit.

94. Mich Admin Code, R 168.2(3) & (4) place substantive limitations on Defendants Secretary of State's and State Director of Elections' official discretion.

95. Mich Admin Code, R 168.2(3) & (4) use the mandatory term "shall". "'Shall' is a mandatory term, not a permissive one." *People v. Francisco,* 474 Mich. 82, 87, 711 N.W.2d 44 (2006); see also *Fradco, Inc. v. Dep't of Treasury,* 495 Mich. 104, 114, 845 N.W.2d 81 (2014) ("The Legislature's use of the word `shall' ... indicates a mandatory and imperative directive.").

96. Mich Admin Code, R 168.2(3) & (4) also require specific substantive outcomes when specific substantive predicates are met.

97. Mich Admin Code, R 168.2(3) requires the Defendant Secretary of State to "**perform some investigation of the status of each candidate's campaign finance records history before certifying the candidate's name to appear on a ballot**." *Wilcoxon v Garrett*, unpublished per curiam

opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 6 (emphasis supplied).

98. Mich Admin Code, R 168.2(3) also requires the Defendant Secretary of State to "**check state and county records to ensure that a candidate has made accurate statements in the affidavit [of identity**]." *Wilcoxon v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 5 (emphasis supplied).

99. And if after conducting the investigation under Mich Admin Code, R 168.2(3) discovers that a challenged candidate has any outstanding campaign finance reports or statements or late filing fees, Mich Admin Code, R 168.2(4) requires the Defendant Secretary of State, as the "filing official", to "***disqualify a candidate who falsely states that as of the date he or she signed the affidavit of identity, all statements, reports***, late filing fees, and fines ***required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act.... have been filed*** or paid." (emphasis supplied).

**Defendants Secretary of State and State Director of Elections Are BIASED Decisionmakers**

100. The Defendant Secretary of State, who will be appearing on the November 3rd general election ballot as the Defendant *Michigan Democratic Party's nominee* for Governor, has publicly endorsed and supported the

challenged candidates Defendants Eli Savit and Garlin Gilchrist, II for their respective candidacies for Attorney General and Secretary of State.[3]

101. The Defendant State Director of Elections, who was appointed to his position by the Defendant Secretary of State, has also publicly endorsed and supported the challenged candidates Eli Savit and Garlin Gilchrist, II for their respective candidacies for Attorney General and Secretary of State.

102. With respect to sworn complaints filed in accordance with Mich Admin Code, R 168.5 challenging the validity of a candidate's affidavit of identity, the Defendant State Director of Elections acts on behalf of the Defendant Secretary of State and conducts the investigation required under Mich Admin Code, R 168.2(3).

103. That Defendant Secretary of State is a "biased decisionmaker" because as the Defendant Michigan Democratic Party's nominee for Governor, Defendant Secretary of State is running as a "team" with challenged candidates Defendants Eli Savit and Garlin Gilchrist, II.[4]

104. That Defendant Secretary of State is a "biased decisionmaker" because as the Defendant Michigan Democratic Party's nominee for Governor, Defendant Secretary of State has publicly endorsed and supported the candidacies of the challenged candidates Eli Savit and Garlin Gilchrist, II for Attorney General and Secretary of State, respectively.

---

[3] See https://michigandems.com/ (last accessed on September 20, 2026).

[4] See https://michigandems.com/ (last accessed on September 20, 2026).

105. That Defendant Secretary of State is a "biased decisionmaker" because of her personal animus and dislike she has expressed publicly towards and against the Plaintiff.

106. Plaintiff has been quoted in the media as expressing his dislike for the Defendant Secretary of State and Plaintiff publicly stated that he will **NOT** be voting for Defendant Secretary of State despite the fact that Plaintiff is a registered Democrat.

107. Plaintiff has appeared on Pulitzer Prize winning journalist Charlie LeDuff's popular podcast, "No BS Newshour with Charlie LeDuff", criticizing Defendants Secretary of State and State Director of Elections for their unethical and unlawful conduct with respect to Plaintiff's meritorious challenges to Defendants Secretary of State's and Savit's and Gilchrist's false affidavits of identity each of them filed in violation of Mich.Comp.Laws §168.558(4) of Michigan Election Law.[5]

108. Plaintiff has filed a separate campaign finance complaint under the Michigan Campaign Finance Act (MCFA) against the Defendant Secretary of State, which was referred to Michigan Attorney General Dana Nessel for investigation. (**See Referral of Plaintiff's Campaign Finance Complaint against Defendant Secretary of State attached**).

[5] See https://open.spotify.com/show/0qMLWg6goiLQCRom8QNndC (last accessed on September 20, 2026).

109. Plaintiff also has a lawsuit pending to have Defendant Secretary of State removed and disqualified as the Democratic Party's nominee for Governor for the November 3, 2026 general election. See *Davis v Benson*, Court of Claims No. 26-000187-MB; Court of Appeals Docket No. 382321.

110. In the election-related matter, *Shalanda Leggs, et.al. v Benson*, Court of Claims No. 26-000148-MB, it was properly pled and alleged that Plaintiff has repeatedly been informed and advised by Wayne County Election officials that Plaintiff is "hated" and "despised" by the Defendant Secretary of State and her staff, which includes but is not limited to Defendant State Director of Elections and his deputy, Adam Fracassi.

111. The Defendant Secretary of State has purposely denied Plaintiff's FOIA request for election information pertaining to a candidate's compliance with the Michigan Election Law and Michigan Campaign Finance Act in effort to derail Plaintiff's attempts to challenge a candidate's eligibility to appear on an election ballot. This is the subject of a now-dismissed lawsuit in the Court of Claims. See *Davis v State Bureau of Elections*, COC No. 26-000153-MZ (Judge Randy Wallace).

112. Based upon the documented animus and hatred Defendant Secretary of State and her staff have toward Plaintiff, Defendant Secretary of State was **NOT** an "impartial decision-maker" to address Plaintiff's two (2) sworn complaints filed under Mich Admin Code, R 168.5 challenging the validity of

the affidavits of identity filed by her Democratic Party running mates Eli Savit and Garlin Gilchrist.

113. Defendant Secretary of State's refusal and neglect to properly address and review Plaintiff's meritorious sworn complaints timely filed under Mich Admin Code, R 168.5 was a direct result of Defendants Secretary of State and State Director of Elections' personal hatred, ill-will and animus they each individually have expressed publicly and in private against the Plaintiff.

114. The Defendants Secretary of State's and State Director of Elections' hatred and personal animus they each individually have towards Plaintiff has caused Defendant Secretary of State and her staff, including Defendant State Director of Elections failing to properly address Plaintiff's timely filed sworn complaints challenging the validity of Eli Savit's and Garlin Gilchrist's affidavits of identity and Defendant Secretary of State's failure to carry out her statutory duties under Mich Admin Code, R 168.2(3) before she issued her "notice" to the county clerks "certifying" Eli Savit and Garlin Gilchrist as candidates for the November 3, 2026 general election ballot.

115. Plaintiff has been told by Wayne County Election Officials that they were advised by Defendant State Director of Elections that he would see to it that nothing associated with Plaintiff would be addressed by the Defendant Secretary of State with respect to election-related matters and challenges Plaintiff filed to have a candidate disqualified under Mich.Comp.Laws §168.558(4) of Michigan Election Law.

116. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections conducted any investigations with respect to Eli Savit's and Garlin Gilchrist's affidavits of identity as required under Mich Admin Code, R 168.2(3) & (4).

117. As noted, in accordance with Mich.Comp.Law §168.648 of Michigan Election Law, on September 4, 2026, the Defendant Secretary of State issued a "notice" "to the county clerk of each county…. Specifying in such notice the federal, state and district offices for which candidates are to be…elected[.]

118. Defendants Secretary of State's and State Director of Elections' unlawful and unethical actions violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Brater, in both of their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both of their official and individual capacities, violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution by failing to address the merits of Plaintiff's sworn complaints timely filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits filed by Defendants Eli Savit and Garlin Gilchrist on August 31, 2026 ***before*** the Defendant Jocelyn Benson "certified" Eli Savit and Garlin Gilchrist to appear on the November 3, 2026 general election ballot on September 4, 2026.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both of their official and individual capacities, violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution by **failing** to perform some investigation into the status of Eli Savit's and Garlin Gilchrist's campaign finance records history and comparing statements in Defendants Eli Savit's and Garlin Gilchrist's affidavits of identity to campaign records for the state and county ***before*** certifying the candidates' names to appear on the November 3, 2026 general election ballot as was required under Mich Admin Code, R 168.2(3) & (4).

c. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both of their official and individual capacities, violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution by **failing** to disqualify Defendants Eli Savit and Garlin Gilchrist for filing affidavits of identity that falsely stated that as of the date of their respective affidavits of identity all statements or reports required of the candidates or any candidate committee organized to support their elections under the Michigan Campaign Finance Act, 1976 PA 388, MCL 169.201 to 169.282, had been filed ***before*** certifying the candidates' names to appear on the November 3, 2026 general election ballot as was required under Mich.Comp.Laws §168.558(4) of Michigan Election Law and Mich Admin Code, R 168.2(4).

d. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for violating Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

e. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for violating Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

f. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

g. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT II
## 42 U.S.C. §1983- "Class of One" Equal Protection Claim- Defendants Secretary of State and State Director of Elections Denied Plaintiff Equal Protection Under The Law By Treating Plaintiff's Sworn Complaints Filed Under Mich Admin Code, R 168.5 Differently Than Other Sworn Complaints Filed By Similarly Situated Individuals Due To Defendants Secretary of State's and State Director of Elections' Personal Animus and Ill-Will They Have Against The Plaintiff.

119. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

120. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities

121. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

122. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

123. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

124. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

125. Despite Plaintiff having timely filed his sworn complaints within 7 days of the August 31, 2026 filing deadline for Eli Savit and Garlin Gilchrist to have filed their affidavits of identity with the Defendant Secretary of State under Mich.Comp.Laws §168.558(1), the Defendants Secretary of State and State Director of Elections failed to address the merits of Plaintiff's sworn complaints timely filed on September 1, 2026 under Mich Admin Code, R 168.5.

126. Plaintiff's sworn complaints timely filed on September 1, 2026 under Mich Admin Code, R 168.5 challenging the validity of the Democratic Party's nominees Eli Savit's and Garlin Gilchrist's affidavits of identity, were treated differently than other sworn complaints that were timely filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits of identity of other candidates.

127. For example, during the August 2026 primary, on April 28, 2026, Andrea Ellen Karpinski timely filed a sworn complaint under Mich Admin Code, R 168.5 challenging the validity of the affidavit of identity filed by judicial 31st District Court candidate Mark Michael Koroi.

128. Defendants Secretary of State and State Director of Elections processed Andrea Ellen Karpinski's challenge and determined that Mr. Koroi was not a qualified elector of the 31st District Court at the time of submitting his affidavit of identity and will not be certified as a candidate for the August 4, 2026, primary election ballot.

129. Defendants Secretary of State and State Director of Elections properly addressed and investigated the merits of Andrea Ellen Karpinksi's sworn complaint filed under Mich Admin Code, R 168.5 challenging the validity of Mr. Koroi's affidavit of identity ***before*** the statutory deadline to certify candidates.

130. Defendants Secretary of State and State Director of Election processed dozens of other sworn complaints that were timely filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits of identity filed by other candidates and properly conducted "some investigation into the status of each candidate's campaign finance records history before certifying the candidate's name to appear on a ballot" as required under Mich Admin Code, R 168.2(3). *Wilcoxon v Garrett*, unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 6.

131. The Defendants Secretary of State and State Director of Elections, however, treated Plaintiff's sworn complaints that were timely filed on September 1, 2026 under Mich Admin Code, R 168.5 ***differently*** than the other sworn complaints filed by other individuals.

132. Plaintiff's sworn complaints filed on September 1, 2026 under Mich Admin Code, R 168.5 were treated differently than the other sworn complaints because of the personal animus Defendants Secretary of State and State Director of Elections has towards the Plaintiff.

133. The Defendant Secretary of State has personally and publicly expressed her personal animus, dislike and ill-will towards and against the Plaintiff.

134. Plaintiff has been quoted in the media as expressing his dislike for the Defendant Secretary of State and Plaintiff publicly stated that he will **NOT** be voting for Defendant Secretary of State despite the fact that Plaintiff is a registered Democrat.

135. Plaintiff has filed a campaign finance complaint against the Defendant Secretary of State, which was referred to Michigan Attorney General Dana Nessel for investigation. (See Referral of Plaintiff's Campaign Finance Complaint against Defendant Secretary of State attached).

136. Plaintiff also has a lawsuit pending to have Defendant Secretary of State removed and disqualified as the Democratic Party's nominee for Governor for the November 3, 2026 general election. See *Davis v Benson*, Court of Claims No. 26-000187-MB; Court of Appeals Docket No. 382321.

137. In the election-related matter, *Shalanda Leggs, et.al. v Benson*, Court of Claims No. 26-000148-MB, it was properly pled and alleged that Plaintiff has repeatedly been informed and advised by Wayne County Election officials

that Plaintiff is "hated" and "despised" by the Defendant Secretary of State and her staff, which includes but is not limited to Defendant State Director of Elections and his deputy, Adam Fracassi.

138. The Defendant Secretary of State has purposely denied Plaintiff's FOIA request for election information pertaining to a candidate's compliance with the Michigan Election Law and Michigan Campaign Finance Act in effort to derail Plaintiff's attempts to challenge a candidate's eligibility to appear on an election ballot. This is the subject of a now-dismissed lawsuit in the Court of Claims. See *Davis v State Bureau of Elections*, COC No. 26-000153-MZ (Judge Randy Wallace).

139. Based upon the documented animus and hatred Defendant Secretary of State and her staff have toward Plaintiff, Defendant Secretary of State was **NOT** an "impartial decision-maker" to address Plaintiff's two (2) sworn complaints filed under Mich Admin Code, R 168.5 challenging the validity of the affidavits of identity filed by her Democratic Party running mates Eli Savit and Garlin Gilchrist.

140. As further evidence that Defendant Secretary of State has personal animus and ill-will towards the Plaintiff, currently Plaintiff has a campaign finance complaint pending against the Defendant Secretary of State, which was referred to the Michigan Attorney General for possible criminal investigation as required under the Michigan Campaign Finance Act (MCFA).

141. Additionally, Plaintiff has been quoted publicly that Plaintiff Davis was **NOT s**upporting Defendant Secretary of State's gubernatorial candidacy and that Plaintiff would do everything in his power to ensure that Defendant Secretary of State would not be elected Governor of Michigan.

142. Defendant Secretary of State's refusal and neglect to properly address and review Plaintiff's meritorious sworn complaints timely filed under Mich Admin Code, R 168.5 was a direct result of Defendants Secretary of State and State Director of Elections' personal hatred and animus they each individually have expressed publicly and in private against the Plaintiff.

143. The Defendants Secretary of State's and State Director of Elections' hatred and personal animus they each individually have towards Plaintiff has caused Defendant Secretary of State and her staff, including Defendant State Director of Elections failing to properly address Plaintiff's timely filed sworn complaints challenging the validity of Eli Savit's and Garlin Gilchrist's affidavits of identity and Defendant Secretary of State's failure to carry out her statutory duties under Mich Admin Code, R 168.2(3) before she issued her "notice" to the county clerks "certifying" Eli Savit and Garlin Gilchrist as candidates for the November 3, 2026 general election ballot.

144. Plaintiff has been told by Wayne County Election Officials that they were advised by Defendant State Director of Elections that he would see to it that nothing associated with Plaintiff would be addressed by the Defendant Secretary of State with respect to election-related matters and challenges

Plaintiff filed to have a candidate disqualified under Mich.Comp.Laws §168.558(4) of Michigan Election Law.

145. In fact, at the Michigan Democratic Party's August 29, 2026 Fall State Nominating Convention, Defendant Secretary of State and Plaintiff crossed paths and Defendant Secretary of State gave Plaintiff an "evil" and "cold" look when they passed each other during the convention held at the Lansing Convention Center.

146. During this brief exchange between Plaintiff and Defendant Secretary of State at the Michigan Democratic Party's August 29, 2026 Fall State Nominating Convention, some of Defendant Secretary of State's supporters that were with her were heard calling Plaintiff an "asshole" and the "black devil".

147. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections have issued a written determination or response to Plaintiff's two (2) sworn challenges filed on September 1, 2026 under Mich Admin Code, R 168.5.

148. As of the date of the filing of this complaint, neither the Defendant Secretary of State nor Defendant State Director of Elections conducted any investigations with respect to Eli Savit's and Garlin Gilchrist's affidavits of identity as required under Mich Admin Code, R 168.2(3).

149. Due to the personal animus and ill-will Defendants Secretary of State and State Director of Elections has towards Plaintiff, the sworn complaints

Plaintiff timely filed on September 1, 2026 under Mich Admin Code, R 168.5 were treated differently denying Plaintiff equal protection under the law.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, denied Plaintiff equal protection under the law under the "Class of One" theory because they treated Plaintiff's sworn complaints timely filed on September 1, 2026 under Mich Admin Code, R 168.5 differently than others due to the personal animus and ill-will each of them individually have publicly expressed against the Plaintiff in violation of the Fourteenth Amendment of United States Constitution.

b. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for denying Plaintiff equal protection under the law under the "Class of One" theory in violation of the Fourteenth Amendment of the United States Constitution.

c. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for denying Plaintiff equal protection under the law under the "Class of One" theory in violation of the Fourteenth Amendment of the United States Constitution.

d. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

e. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT III**
**42 U.S.C. §1983- "Class of One" Equal Protection Claim- Defendants Secretary of State and State Director of Elections Denied Plaintiff Equal Protection Under The Law By Treating Plaintiff's August 22, 2026 Expedited Request For Declaratory Ruling Under Mich.Comp.Laws §24.264 Differently Expedited Requests For Declaratory Rulings Filed By Similarly Situated Individuals Due To Defendants Secretary of State's and State Director of Elections' Personal Animus and Ill-Will They Have Against The Plaintiff.**

150. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

151. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities

152. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

153. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

154. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

155. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

156. Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, ***the validity or applicability of a rule***, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, **may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff**. The action shall be filed in the circuit court of the county where the plaintiff resides or has his or her principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. ***An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.*** This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted. [emphasis supplied.]

157. On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State

concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (**See Plaintiff's August 22, 2026 expedited request for declaratory ruling attached**).

158. As of the date and time of the filing of this amended complaint, Plaintiff has **NOT** received a written response to his August 22, 2026 expedited request for declaratory ruling.

159. Plaintiff has sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

160. Defendants Secretary of State and State Director of Elections' **refusal** to timely respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court.

161. Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously."*** *See Warren Consol Sch Dist v Hazel Park Sch Dist.*, ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264,

however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency. If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court*.") (emphasis supplied).

162. There is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling.

163. Thus, Defendants Secretary of State and State Director of Elections can take as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling.

164. Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters.

165. Defendants Secretary of State and State Director of Elections have treated Plaintiff's August 22, 2026 expedited request for declaratory ruling differently from other similarly situated individuals who have filed expedited requests for declaratory rulings.

166. For example, on November 27, 2023, attorney Dan Wholihan submitted an expedited request for declaratory ruling concerning a transgender candidate for elective office that was seeking a declaratory

ruling with respect to the requirement to list and disclose his or her former name on the affidavit of identity, which was required under Mich.Comp.Laws §168.558(2) of Michigan Election Law.

167. Because Defendants Secretary of State and State Director of Elections support LGBTQ initiatives and rights, and it is believed that members of the Defendants Secretary of State and State Director of Elections' staffs are members of the LGBTQ community, including Defendant State Director of Elections and his deputy director, Adam Fracassi, the Defendants Secretary of State and State Director of Elections *promptly* honored Dan Wholihan's expedited request for declaratory ruling and *expeditiously* issued a response to Dan Wholihan's expedited request for declaratory ruling.

168. Not only did Defendants Secretary of State Director of Elections promptly and expeditiously respond to Dan Wholihan's expedited request for declaratory ruling, but on February 16, 2024, the Defendant Secretary of State *promptly* and *expeditiously* issued a declaratory ruling in advance of the filing deadline date that the transgender candidate was seeking to meet to qualify as a candidate for elective office. (**See Defendant Secretary of State's February 16, 2024 Expedited Declaratory Ruling in Response to Attorney Dan Wholihan's Expedited Request attached**).

169. Another example of the Defendants Secretary of State and State Director of Elections treating Plaintiff's August 22, 2026 expedited request for declaratory ruling differently from other similarly situated individuals is

Defendants Secretary of State's and State Director of Elections' response to Bridgewater Township Clerk Michelle McQueer's expedited request for declaratory ruling submitted in July, 2026.

170. Bridgewater Township Clerk Michelle McQueer submitted an expedited request for declaratory ruling with respect to the Defendant Secretary of State's promulgated rule, Mich Admin Code, R 168.48, which Ms. McQueer alleged conflicts with and contravene 52 U.S.C. § 20701 that requires election officers to retain and preserve records relating to acts of voting in federal elections for 22 months when federal offices are on the ballot.

171. In August 2026, Defendant Secretary of State expeditiously issued a response to Ms. McQueer's July 2026 expedited request for declaratory ruling.

172. Defendants Secretary of State's and State Director of Elections' refusal to issue a response to Plaintiff's August 22, 2026 expedited request for declaratory ruling because of their personal animus, dislike and ill-will each of them have expressed publicly towards and against the Plaintiff.

173. Plaintiff has been quoted in the media as expressing his dislike for the Defendant Secretary of State and Plaintiff publicly stated that he will **NOT** be voting for Defendant Secretary of State despite the fact that Plaintiff is a registered Democrat.

174. Plaintiff has appeared on Pulitzer Prize winning journalist Charlie LeDuff's popular podcast, "No BS Newshour with Charlie LeDuff", criticizing Defendants Secretary of State and State Director of Elections for their unethical and unlawful conduct with respect to Plaintiff's meritorious challenges to Defendants Secretary of State's and Savit's and Gilchrist's false affidavits of identity each of them filed in violation of Mich.Comp.Laws §168.558(4) of Michigan Election Law.[6]

175. Plaintiff has filed a separate campaign finance complaint under the Michigan Campaign Finance Act (MCFA) against the Defendant Secretary of State, which was referred to Michigan Attorney General Dana Nessel for investigation. (**See Referral of Plaintiff's Campaign Finance Complaint against Defendant Secretary of State attached**).

176. Plaintiff also has a lawsuit pending to have Defendant Secretary of State removed and disqualified as the Democratic Party's nominee for Governor for the November 3, 2026 general election. See *Davis v Benson*, Court of Claims No. 26-000187-MB; Court of Appeals Docket No. 382321.

177. In the election-related matter, *Shalanda Leggs, et.al. v Benson*, Court of Claims No. 26-000148-MB, it was properly pled and alleged that Plaintiff has repeatedly been informed and advised by Wayne County Election officials that Plaintiff is "hated" and "despised" by the Defendant Secretary of State

[6] See https://open.spotify.com/show/0qMLWg6goiLQCRom8QNndC (last accessed on September 20, 2026).

and her staff, which includes but is not limited to Defendant State Director of Elections and his deputy, Adam Fracassi.

178. The Defendant Secretary of State has purposely denied Plaintiff's FOIA request for election information pertaining to a candidate's compliance with the Michigan Election Law and Michigan Campaign Finance Act in effort to derail Plaintiff's attempts to challenge a candidate's eligibility to appear on an election ballot. This is the subject of a now-dismissed lawsuit in the Court of Claims. See *Davis v State Bureau of Elections*, COC No. 26-000153-MZ (Judge Randy Wallace).

179. The Defendants Secretary of State's and State Director of Elections' animus and ill will towards the Plaintiff is the basis for their refusal to provide a response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

180. In light of the truncated deadlines associated with election-related matters, Plaintiff's expedited request for a declaratory was necessary in order to get prompt judicial review.

181. Defendants Secretary of State's and State Director of Elections' unlawful and unethical actions were deliberate and intentional in an effort to "run out the clock" so that Plaintiff could not bring a timely challenge in state court prior to the ballots being printed by the statutory deadlines set forth under Michigan Election Law.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, denied Plaintiff equal protection under the law under the "Class of One" theory because they treated Plaintiff's August 22, 2026 expedited request for declaratory ruling under Mich.Comp.Laws §24.264 of APA differently than others due to the personal animus and ill-will each of them individually have publicly expressed against the Plaintiff in violation of the Fourteenth Amendment of United States Constitution.

b. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for denying Plaintiff equal protection under the law under the "Class of One" theory in violation of the Fourteenth Amendment of the United States Constitution.

c. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for denying Plaintiff equal protection under the law under the "Class of One" theory in violation of the Fourteenth Amendment of the United States Constitution.

d. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

e. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT IV**

**42 U.S.C. §1983-Civil Conspiracy- Defendants MDP, Eli Savit, and Garlin Gilchrist Conspired With Defendants Jocelyn Benson and Jonathan Brater To Violate Plaintiff's Procedural Due Process and Equal Protection Rights By Preventing Plaintiff's Sworn Complaints and Expedited Request For Declaratory Ruling From Being Timely and Properly Addressed *Prior* To The September 4, 2026 Deadline For Defendant Jocelyn Benson To Certify Candidates For November 3, 2026 General Election Ballot**.

182. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

183. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Michigan Democratic Party, a private organization, for conspiring with Defendant Eli Savit, Defendant Garlin Gilchrist, Defendant Secretary of State, in her individual and official capacities as the duly elected Secretary of State for the State of Michigan; Defendant State Director of Elections, in his individual and official capacities as the duly appointed Director of Michigan Bureau of Elections, to violated Plaintiff's Procedural Due Process and Equal Protection Rights as afforded under the U.S. Constitution by preventing Plaintiff's September 1, 2026 sworn complaints and his August 22, 2026 expedited request for declaratory ruling from being timely and properly addressed prior to the September 4, 2026 deadline for Defendant Secretary of State to certify candidates for the November 3, 2026 general election ballot.

184. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Eli Savit, a private individual, for conspiring with Defendant Michigan Democratic Party, Defendant Garlin

Gilchirst, Defendant Secretary of State, in her individual and official capacities as the duly elected Secretary of State for the State of Michigan; Defendant State Director of Elections, in his individual and official capacities as the duly appointed Director of Michigan Bureau of Elections, to violated Plaintiff's Procedural Due Process and Equal Protection Rights as afforded under the U.S. Constitution by preventing Plaintiff's September 1, 2026 sworn complaints and his August 22, 2026 expedited request for declaratory ruling from being timely and properly addressed prior to the September 4, 2026 deadline for Defendant Secretary of State to certify candidates for the November 3, 2026 general election ballot.

185. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Garlin Gilchrist, a private individual, for conspiring with Defendant Michigan Democratic Party, Defendant Eli Savit, Defendant Secretary of State, in her individual and official capacities as the duly elected Secretary of State for the State of Michigan; Defendant State Director of Elections, in his individual and official capacities as the duly appointed Director of Michigan Bureau of Elections, to violated Plaintiff's Procedural Due Process and Equal Protection Rights as afforded under the U.S. Constitution by preventing Plaintiff's September 1, 2026 sworn complaints and his August 22, 2026 expedited request for declaratory ruling from being timely and properly addressed prior to the September 4,

2026 deadline for Defendant Secretary of State to certify candidates for the November 3, 2026 general election ballot.

186. For this Count, Defendants Secretary of State and State Director of Elections are being sued in their respective individual capacities for monetary damages for conspiring with other private state actors to violate Plaintiff's procedural dure process and equal protection rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

187. Defendants Secretary of State and State Director of Elections are governmental state actors that were acting under the color of state law for purposes of Plaintiff's civil conspiracy claim brought under 42 U.S.C. §1983 against Defendants Michigan Democratic Party, Eli Savit, and Garlin Gilchrist.

188. Defendants Michigan Democratic Party, Eli Savit and Garlin Gilchrist conspired with Defendants Secretary of State and State Director of Elections to prevent Plaintiff's two (2) sworn complaints filed under Mich Admin Code, R 168.5 and August 22, 2026 expedited request for declaratory ruling filed under Mich.Comp.Laws §24.264 of APA from being timely and properly addressed by the Defendants Secretary of State and State Director of Elections prior to the September 4, 2026 deadline for the Defendant Secretary of State to certify candidates for the November 3, 2026 general election ballot.

189. A single plan existed between Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Secretary of State and State Director of Elections in that they privately met and agreed that the Defendants Secretary of State and State Director of Elections would not comply with Mich Admin Code, R 168.2(3) & (4) and R 168.5 and they further agreed that the Defendants Secretary of State and State Director of Elections would not issue a written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

190. Additionally, Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Secretary of State and State Director of Elections privately met and agreed that the Defendants Secretary of State and State Director of Elections would falsely state publicly or in court filings that the Defendants Secretary of State and State Director of Elections engaged in a preliminary investigation and review of Defendants Eli Savit's and Garlin Gilchrist's campaign finance reports and found no violations or missing reports or statements.

191. On September 1, 2026, Plaintiff received a call from a "well-known" operative of the Defendant Michigan Democratic Party, in which Plaintiff was advised and informed that agents and/or legal representatives of the Defendant Michigan Democratic Party met privately with Defendants Eli Savit and Garlin Gilchrist to advise them that the Defendant Secretary of State would obstruct the processing of Plaintiff's sworn complaints

challenging the validity of Defendants Eli Savit's and Garlin Gilchrist's affidavits of identity, which were filed in accordance with Mich Admin Code, R 168.5.

192. On September 1, 2026, Plaintiff was further informed by the "well-known" operative of the Defendant Michigan Democratic Party that agents and/or representatives of the Defendant Michigan Democratic Party met and/or communicated privately with the Defendant Secretary of State and they agreed that the Defendant Secretary of State would allow the Defendant Michigan Democratic Party to fraudulently amend and/or later its campaign finance filings to defeat any potential challenges brought by the Plaintiff to prevent Defendants Eli Savit from being "certified" due to perceived campaign finance violations.

193. On September 1, 2026, Plaintiff was further informed by the "well-known" operative of the Defendant Michigan Democratic Party that agents and/or representatives of the Defendant Michigan Democratic Party, Defendant Eli Savit and Garlin Gilchrist were secretly communicating with the Defendant Secretary of State through her private email account, JocelynBenson22@gmail.com.

194. Defendant Secretary of State met privately with agents and/or legal representatives of the Defendant Michigan Democratic Party to discuss the plan to block Plaintiff's August 22, 2026 expedited request for declaratory ruling and September 1, 2026 sworn complaints.

195. Defendant Secretary of State also met privately with Defendants Eli Savit and Garlin Gilchrist to discuss the plan to obstruct and block Plaintiff's August 22, 2026 expedited request for declaratory ruling and September 1, 2026 sworn complaints.

196. Despite stating in publicly filed court records that the Defendants Secretary of State and State Director of Elections had not had an opportunity to inform Defendants Eli Savit and Garlin Gilchrist of Plaintiff's September 1, 2026 sworn complaints challenging the validity of their affidavits of identity, Defendant Secretary of State, through her private email account, JocelynBenson22@gmail.com, provided Defendants Eli Savit and Garlin Gilchrist with copies of Plaintiff's September 1, 2026 sworn complaints and August 22, 2026 expedited request for declaratory ruling.

197. The Defendant Secretary of State also communicated privately with agents and/or legal representatives of the Defendant Democratic Party through Defendant Secretary of State's private email account, JocelynBenson22@gmail.com.

198. An essential part of the plan was to delay any decision by the Defendants Secretary of State and State Director of Elections on Plaintiff's September 1, 2026 sworn complaints challenging the validity of Defendants Eli Savit's and Garlin Gilchrist's affidavits of identity until after the September 4, 2026 deadline for the Defendant Secretary of State to certify candidates for the November 3, 2026 general election.

199. Another essential part of the plan was for the Defendants Secretary of State and State Director of Elections not to respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling, which would delay and prevent Plaintiff from filing a civil action in the Court of Claims for declaratory relief under Mich.Comp.Laws §24.264 of APA.

200. Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Secretary of State and State Director of Elections agreed with the plan.

201. Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist all communicated secretary and privately with the Defendant Secretary of State through her private email account, JocelynBenson22@gmail.com.

202. Defendant Secretary of State directed the Defendant State Director of Elections not to engage in a preliminary investigation of the allegations set forth in Plaintiff's September 1, 2026 sworn complaints, which was statutorily required under Mich Admin Code, R 168.2(3) & (4) and Mich Admin Code, R 168.5.

203. Defendant Secretary of State also directed the Defendant State Director of Elections not to respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

204. Defendant State Director of Elections also directed his deputy director, Adam Fracassi, to submit a false affidavit falsely attesting to the fact that the Defendants Secretary of State and State Director of Elections had engaged in a review under Mich Admin Code, R 168.2(3) & (4) and found that

neither Defendant Eli Savit nor Defendant Garlin Gilchrist had any outstanding campaign finance reports or statements that had not been filed as of August 29, 2026.

205. Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Secretary of State and State Director of Elections each individually knew of the plan and agreement and shared in its conspiratorial objective to prevent Plaintiff's meritorious sworn complaints from being addressed prior to the September 4, 2026 certification deadline

206. Again, the plan and agreement were developed by Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Secretary of State and State Director of Elections in secret and through secret and private email communications with the Defendant Secretary of State through her private email account, JocelynBenson22@gmail.com.

207. To carry out this conspiratorial plan, the Defendants Secretary of State and State Director of Elections committed the following overt acts that injured the Plaintiff:

- To date, Defendants Secretary of State and State Director of Elections have not issued a written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.
- On September 4, 2026, pursuant to Mich.Comp.Laws §168.648, Defendant Secretary of State issued written "notices" to the various county clerks "certifying" Defendants

Eli Savit and Garlin Gilchrist **without** conducting an investigation as required under Mich Admin Code, R 168.2(3) & (4) ***before*** certifying the candidates and without addressing the merits of Plaintiff's September 1, 2026 sworn complaints challenging the validity of Defendants Eli Savit and Garlin Gilchrist's affidavits of identity.

- On September 2, 2026, Defendants Secretary of State and State Director of Elections caused a false affidavit to be filed in the Michigan Court of Claims in the matter of *Davis v Benson*, Court of Claims Case No. 26-000187-MB, by Deputy Elections Director, Adam Fracassi, in which he falsely attested to the fact that the Defendant Secretary of State and State Director of Elections had conducted a preliminary investigation and review of campaign finance records filed by various candidate committees of Defendants Eli Savit and Garlin Gilchrist and found not outstanding statements were due.
- On September 3, 2026, the Defendants Secretary of State and State Director of Elections allowed the Defendant Michigan Democratic Party to fraudulently alter and/or amend its campaign finance filings to false show that Defendant Eli Savit's candidate committee for Attorney

General, rather than Defendant Eli Savit's candidate committee for Washtenaw County Prosecutor made a $4,573.13 contribution to the Defendant Michigan Democratic Party's state central committee in July 2026 in violation of the Michigan Campaign Finance Act (MCFA).

- On September 4, 2026, in accordance with Mich.Comp.Laws §168.648, the Defendant Secretary of State issued written "notices" to the various county clerks listing the candidates that the Defendant Secretary of State "certified" to appear on the November 3, 2026 general election ballot, which included the names of Defendants Eli Savit and Garlin Gilchrist.
- On September 16, 2026, the Defendants Secretary of State and State Director of Elections issued a written response to Plaintiff's September 1, 2026 sworn complaints challenging the validity of Defendants Eli Savit and Garlin Gilchrist's affidavits of identity advising Plaintiff that "the Department will hold your challenges in abeyance until such litigation, including your pending appeal, is resolved."
- On September 18, 2026, in accordance with Mich.Comp.Laws §168.759a(5), local city, county and township clerks disseminated absentee ballots to overseas military personnel

after receiving the Defendant Secretary of State's "certification" of candidates on September 4, 2026.

208. Defendants Michigan Democratic Party's, Eli Savit's, Garlin Gilchrist's, Secretary of State's and State Bureau of Elections' plan ultimately worked because on September 4, 2026, the Defendant Secretary of State issued written "notices" under Mich.Comp.Laws §168.648 to the various county clerks "certifying" Defendants Eli Savit and Garlin Gilchrist as candidates and on September 18, 2026, absentee ballots were disseminated to overseas military personnel that had Defendants Eli Savit's and Garlin Gilchrist's names printed thereon.

209. This was achieved as a result of Defendants Michigan Democratic Party's, Eli Savit's, Garlin Gilchrist's, Secretary of State's and State Bureau of Elections' plan to prevent Plaintiff's August 22, 2026 expedited request for declaratory ruling and September 1, 2026 sworn complaints from being timely and properly addressed by the Defendants Secretary of State and State Bureau of Elections ***before*** the September 4, 2026 certification deadline and September 18, 2026 deadline for absentee ballots being printed and disseminated to overseas military personnel.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Jocelyn Benson,

in both her individual and official capacities, and Defendant Jonathan Brater, in both his individual and official capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Michigan Democratic Party, a private organization, entity and actor, conspired with Defendant Jocelyn Benson, in her individual and official capacities as the duly elected Secretary of State for the State of Michigan; Defendant Jonathan Brater, in his official and individual capacities as the duly appointed Director of Michigan Bureau of Elections; Defendant Eli Savit, a private individual/actor; and Defendant Garlin Gilchirst, a private individual/actor, to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Eli Savit, a private individual/actor, conspired with Defendant Jocelyn Benson, in her individual and official capacities as the duly elected Secretary of State for the State of Michigan; Defendant Jonathan Brater, in his official and individual capacities as the duly appointed Director of Michigan Bureau of Elections; Defendant Michigan Democratic Party, a private organization, entity and actor; and Defendant Garlin Gilchirst, a private individual/actor, to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

c. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Garlin Gilchrist, a private individual/actor, conspired with Defendant Jocelyn Benson, in her individual and official capacities as the duly elected Secretary of State for the State of Michigan; Defendant Jonathan Brater, in his official and individual capacities as the duly appointed Director of Michigan Bureau of Elections; Defendant Michigan Democratic Party, a private organization, entity and actor; and Defendant Eli Savit, a private individual/actor, to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

d. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Jocelyn Benson,

in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, conspired with Defendant Jonathan Brater, in his official and individual capacities as the duly appointed Director of Michigan Bureau of Elections; Defendant Michigan Democratic Party, a private organization, entity and actor; Defendant Eli Savit, a private individual/actor; and Defendant Garlin Gilchirst, a private individual/actor, to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

e. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Jonathan Brater, in his official and individual capacities as the duly appointed Director of Michigan Bureau of Elections, conspired with Defendant Jocelyn Benson, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan; Defendant Michigan Democratic Party, a private organization, entity and actor; Defendant Eli Savit, a private individual/actor; and Defendant Garlin Gilchirst, a private individual/actor, to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

f. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $250,000 against the Defendants Michigan Democratic Party, Eli Savit and Garlin Gilchrist, severally, for conspiring to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

g. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity for conspiring to violate Plaintiff's procedural due process and equal protection constitutional rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

h. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity, for conspiring to violate Plaintiff's procedural due process and equal protection constitutional

rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

i. Award Plaintiff costs and attorney's fees pursuant to 42 U.S.C. §1988.

j. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT V
## 42 U.S.C. §1983- Void for Vagueness- Provision of Mich.Comp.Laws §24.264 of The Administrative Procedures Act (APA) Allowing Plaintiff To File State-Court Lawsuit For Declaratory Relief If Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Request For Declaratory Ruling "Expeditiously" Is Void-For-Vagueness.

210. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

211. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities.

212. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

213. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

214. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

215. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

216. Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, ***the validity or applicability of a rule***, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, **may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal rights or privileges of the plaintiff**. The action shall be filed in the circuit court of the county where the plaintiff resides or has his or her principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. ***An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.*** This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted. [emphasis supplied.]

217. On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (**See**

**Plaintiff's August 22, 2026 expedited request for declaratory ruling attached**).

218. As of the date and time of the filing of this complaint, Plaintiff has **NOT** received a written response to his August 22, 2026 expedited request for declaratory ruling.

219. Plaintiff has sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

220. Defendants Secretary of State and State Director of Elections' **refusal** to timely respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court.

221. Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.***" *See Warren Consol Sch Dist v Hazel Park Sch Dist*., ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency. If such a request is*

*actually or constructively denied, the party may then file a declaratory judgment action in circuit court*.") (emphasis supplied).

222. There is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling.

223. Thus, Defendants Secretary of State and State Director of Elections can take as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling.

224. Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters.

225. Plaintiff has First Amendment right to access the courts and to file a nonfrivolous lawsuit for declaratory relief under Mich.Comp.Laws §24.264 of the APA.

226. The provision of Mich.Comp.Laws §24.264 allowing Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's request for declaratory ruling "Expeditiously" is void-for-vagueness.

227. The word "expeditiously" is **NOT** defined under the APA. Thus, a state-court judge is free to exercise its discretion and interpret the term "expeditiously" as the state-court judge sees fit.

228. Because the term "expeditiously" is **NOT** defined under the APA, a state-court judge could conceivably rule that the Defendants Secretary of State and State Director of Elections need more than just a few weeks to respond to an expedited request for declaratory ruling even if it pertains to an impending election with imminent ballot printing deadlines.

229. The phrase "failed to acted upon it expeditiously" is NOT clearly defined under the APA such that a person of ordinary intelligence can readily identify the applicable standard for inclusion or exclusion.

230. There are simply no clear, nonarbitrary standards under the APA or Mich.Comp.Laws §24.264 of the APA that guide and/or direct the discretion of a state-court judge vested with the authority to enforce and apply the provisions of Mich.Comp.Laws §24.264 of the APA to particular set of facts.

231. For example, a state-court judge could determine that the Defendants Secretary of State and State Director of Elections have not had sufficient time to respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling due to their workload in addressing issues impacting the impending November 3, 2026 general election.

232. Plaintiff and Defendants Secretary of State and State Director of Elections are aware of decisions of Judges of the Michigan Court of Claims

that determined that the Defendants Secretary of State and State Director of Elections were not given ample time to respond to an expedited request for declaratory ruling under Mich.Comp.Laws §24.264 despite the fact that the expedited request related to an impending election and ballot printing deadlines.

233. Although Plaintiff believes the Defendants Secretary of State and State Bureau of Election did not act "*expeditiously*", under the current language of Mich.Comp.Laws 24.264 of the APA, a state-court judge could ultimately determine otherwise and would not be precluded from exercising its discretion and determine that the Defendants Secretary of State and State Director of Elections have not been given ample time to respond.

234. The "vague" provision of Mich.Comp.Laws §24.264 of the APA has prevented Plaintiff from filing a "*meaningful*" and meritorious and nonfrivolous lawsuit in state court seeking declaratory relief against the Defendant Secretary of State and other local clerks, as to the applicability of Mich Admin Code, R 168.2(3) with respect to the "certification" of candidates for the November 3, 2026 general election.

235. Although Plaintiff desires to immediately filed a state-court lawsuit against the Defendant Secretary of State and State Director of Elections under Mich.Comp.Laws §24.264, Plaintiff is hesitant in doing so because Plaintiff believes it would be "futile" in light of the "unchecked" discretion given to a state-court judge and lack of clear standards guiding the state-

court judge's discretion in determining whether the Defendants Secretary of State and State Director of Elections acted "*expeditiously*" upon Plaintiff's request for declaratory ruling.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both of their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that the portion of Mich.Comp.Laws §24.264 of the APA allowing Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously" is void-for-vagueness.

b. Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, violated Plaintiff's Due Process and First Amendment rights by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously", as it is unconstitutionally void-for-vagueness.

c. Issue an Order enjoining the Defendants Jocelyn Benson and Jonathan Brater from enforcing the provision of Mich.Comp.Laws §24.264 that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

d. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the

Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for violating Plaintiff's Due Process and First Amendment rights by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

e. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly appointed Director of Michigan Bureau of Elections, for violating Plaintiff's Due Process and First Amendment rights by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

f. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

g. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT VI**

**42 U.S.C. §1983-Denial Access To Court "Forward-Looking" Claim-Defendants Secretary of State's and State Director of Elections Failure To Issue A Written Denial of Plaintiff's August 22, 2026 Expedited Request For Declaratory Ruling Under Mich.Comp.Laws §24.264 of APA Has Barred Plaintiff From Filing A State-Court Action For Declaratory Relief.**

236. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

237. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendants Secretary of State and State Director of Elections in **both** of their respective official and individual capacities.

238. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her official capacity for prospective declaratory and injunctive relief.

239. Pursuant to 42 U.S.C. §1983, this claim, as pled and alleged in this Count, is brought against Defendant Secretary of State in her individual capacity for monetary, punitive, exemplary, and compensatory damages.

240. Pursuant to 42 U.S.C. §1983, this claim as pled and alleged in this Count, is brought against Defendant State Director of Elections in his official capacity for prospective declaratory and injunctive relief.

241. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant State Director of Elections in his individual capacity for monetary, punitive, exemplary, and compensatory damages.

242. Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) provides:

> Unless an exclusive procedure or remedy is provided by a statute governing the agency, ***the validity or applicability of a rule***, including the failure of an agency to accurately assess the impact of the rule on businesses, including small businesses, in its regulatory impact statement, **may be determined in an action for declaratory judgment if the court finds that the rule or its threatened application interferes with or impairs, or imminently threatens to interfere with or impair, the legal**

> **rights or privileges of the plaintiff**. The action shall be filed in the circuit court of the county where the plaintiff resides or has his or her principal place of business in this state or in the circuit court for Ingham county. The agency shall be made a party to the action. ***An action for declaratory judgment may not be commenced under this section unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.*** This section shall not be construed to prohibit the determination of the validity or applicability of the rule in any other action or proceeding in which its invalidity or inapplicability is asserted. [emphasis supplied.]

243. On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (**See Plaintiff's August 22, 2026 expedited request for declaratory ruling attached**).

244. As of the date and time of the filing of this complaint, Plaintiff has **NOT** received a written response to his August 22, 2026 expedited request for declaratory ruling.

245. Plaintiff has sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling.

246. Defendants Secretary of State and State Director of Elections' **refusal** to timely respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court.

247. Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously."*** *See Warren Consol Sch Dist v Hazel Park Sch Dist*., ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency*. *If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court*.") (emphasis supplied).

248. There is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling.

249. Thus, Defendants Secretary of State and State Director of Elections can take as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling.

250. Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters.

251. Plaintiff has a First Amendment right to access the courts and to file a nonfrivolous lawsuit for declaratory relief under Mich.Comp.Laws §24.264 of the APA.

252. There is no practical reason for the Defendants Secretary of State and State Director of Elections' refusal to issue a written denial of Plaintiff's August 22, 2026 request for declaratory ruling other than to prevent Plaintiff from filing a nonfrivolous lawsuit under Mich.Comp.Laws §24.264 of APA.

253. Defendants Secretary of State's and State Director of Elections' unethical actions have denied Plaintiff "effective" and "meaningful" access to the court because the September 4, 2026 deadline for "certifying" candidates for the November 3, 2026 general election has passed and the absentee ballots have been printed and disseminated to the local city, township and county clerks.

254. Although Plaintiff may seek relief against the Defendant Wayne County Election under Mich.Comp.Laws §168.567 to correct the ballots with the removal of Defendants Eli Savit and Garlin Gilchrist's names that were improperly "certified" by the Defendant Secretary of State to appear on the November 3, 2026 general election ballot, Plaintiff has been denied "effective"

and "meaningful" access to the court because Plaintiff could have sought "meaningful" relief to have Defendants Savit and Gilchrist's names removed from the ballot before the ballots were printed.

255. Plaintiff was unable to file a lawsuit because under Mich.Comp.Laws §24.264 of the APA because the written denial of Defendants Secretary of State and State Director of Elections was required *first*.

256. And although Mich.Comp.Laws §24.264 of the APA, allows Plaintiff to file a lawsuit because Defendants Secretary of State and State Director of Elections "failed to act upon" Plaintiff's request for declaratory ruling "expeditiously", such judicial review is not "meaningful" or "effective" because the state-court judge has "unchecked" discretion to ultimately determine if the Defendants Secretary of State and State Elections Director had ample and sufficient time to issue a written response.

257. The condition under Mich.Comp.Laws §24.264 of APA requiring the written denial of the Defendants Secretary of State and State Director of Elections before Plaintiff can file a nonfrivolous lawsuit for declaratory relief under Mich.Comp.Laws §24.264 of APA must be eliminated so that Plaintiff can proceed with filing a state-court action for declaratory relief.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendants Jocelyn Benson and Jonathan Benson, in both of their official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that the portion of Mich.Comp.Laws §24.264 of the APA allowing Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously" violates Plaintiff's First Amendment right to access the courts under the "forward-looking" doctrine.

b. Defendants Jocelyn Benson and Jonathan Brater, in both their official and individual capacities, violated Plaintiff's First Amendment right to access the courts under the "forward-looking" doctrine by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

c. Issue an Order enjoining the Defendants Jocelyn Benson and Jonathan Brater from enforcing the provision of Mich.Comp.Laws §24.264 that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

d. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State for the State of Michigan, for violating Plaintiff's First Amendment right to access the courts under the "forward-looking" doctrine by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

e. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jonathan Brater, in his individual capacity as the duly

appointed Director of Michigan Bureau of Elections, for violating Plaintiff's First Amendment right to access the courts under the "forward-looking" doctrine by enforcing the unconstitutional provision of Mich.Comp.Laws §24.264 of the APA that only allows Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's August 22, 2026 request for declaratory ruling "Expeditiously".

f. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

g. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT VII**
**42 U.S.C. §1983 and 28 U.S.C. §2201-Preemption Under Supremacy Clause of U.S. Constitution- Declare Defendant Secretary of State's Promulgated Rule, Mich Admin Code, R 168.48, Is Void and Unenforceable For It Is Preempted By 52 U.S.C. §20701 Under The Supremacy Clause of the U.S. Constitution.**

258. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

259. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against the Defendant Secretary of State, in her official capacity, for prospective declaratory and injunctive relief.

260. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against the Defendant Secretary of State, in her individual capacity, for monetary, compensatory, punitive, exemplary and compensatory damages.

261. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against the Defendant Highland Park City Clerk, in her official capacity, for prospective declaratory and injunctive relief.

262. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against the Defendant Highland Park City Clerk, in her individual capacity, for monetary, compensatory, punitive, exemplary and compensatory damages.

263. Plaintiff, as a duly registered and qualified voter of the State of Michigan, voted in the August 4, 2026 primary election and voted for his preferred candidate for U.S. Senate and Member of the U.S. House of Representatives for the 13th Congressional District in the Democratic primary.

264. Plaintiff, as a duly registered and qualified voter of the State of Michigan, will be voting in the upcoming November 3, 2026 general election.

265. Plaintiff intends to vote in person at the polls on November 3, 2026 in the state-wide general election.

266. On October 23, 2025, Defendant Secretary of State's promulgated rule, Mich Admin Code, R 168.48 went into effect.

267. Mich Admin Code, R 168.48 requires and mandates "**the electronic pollbook software and associated files must be deleted from all devices by the seventh day following the final canvass and certification of the election**, unless a petition for recount has been filed

and the recount has not been completed, a post-election audit has been scheduled, or the deletion of the data has been stayed by an order of the court or the secretary of state." (emphasis supplied).

268. In accordance with Mich Admin Code, R 168.48, the Defendant Secretary of State directed and advised all local city and township clerks, including Plaintiff's local city clerk, Defendant Highland Park City Clerk, that "the electronic pollbook software and associated files must be deleted from all devices by the seventh day following the final canvass and certification of the election[.]"

269. Under Michigan law, all local city, county, and township clerks and election officials must follow the directives of the Defendant Secretary of State as the chief elections officer.

270. Thus, Plaintiff's voting data from the August 4, 2026 primary election, was deleted in accordance with Mich Admin Code, R 168.48.

271. Mich Admin Code, R 168.48, however, contravenes and conflicts with 52 U.S.C. §20701, which governs the preservation of **all** election and voting data where federal elective offices appear on the ballot.

272. 52 U.S.C. §20701 provides:

> **Every officer of election shall retain and preserve, *for a period of twenty-two months from the date of any general,* special, or primary *election of which candidates for the office of*** President, Vice President, presidential elector, ***Member of the Senate, Member of the House of Representatives***, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in

> such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that, if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian. Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both. [emphasis supplied.]

273. In accordance with Michigan's Freedom of Information Act (FOIA), Plaintiff requested from the Highland Park City Clerk **all** of the voting and election data from the August 4, 2026 primary election that was required to be preserved under 52 U.S.C. §20701, but the Defendant Highland Park City Clerk was unable to provide Plaintiff with **all** of the requested information and voting and election data because it had been deleted in accordance with Mich Admin Code, R 168.48.

274. In Michigan, just as in the August 4, 2026 primary election, on the November 3, 2026 general election ballot, the office of U.S. Senator and Members of the U.S. House of Representatives will again appear.

275. On November 3, 2026, Plaintiff will be voting for his preferred candidate for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District, which is where Plaintiff resides and is registered to vote.

276. Plaintiff is concerned that his properly cast votes for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional

District and other voting and election data will be unlawfully deleted and unpreserved under the provisions of the Mich Admin Code, R 168.48.

277. Because candidates for the offices of U.S. Senator and Members of the U.S. House of Representatives will be voted for in the November 3, 2026 general election in the State of Michigan, 52 U.S.C. §20701 controls.

278. Mich Admin Code, R 168.48 is preempted by 52 U.S.C. §20701 with respect to the upcoming November 3, 2026 general election because candidates for the offices of U.S. Senator and Members of the U.S. House of Representatives will be voted for in the November 3, 2026 general election held in the State of Michigan.

279. Plaintiff wants his properly cast votes for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District in the November 3, 2026 general election and other voting and election data to be properly preserved under 52 U.S.C. §20701.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Jocelyn Benson, in her official and individual capacities, and Defendant Brenda Green, in her official and individual capacities, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that under the Supremacy Clause of the U.S. Constitution, Mich Admin Code, R 168.48 is preempted by 52 U.S.C. §20701 and thus, is VOID and UNENFORCEABLE with respect to the upcoming November 3, 2026 general election, and further declare that under the Supremacy Clause of the U.S. Constitution, 52 U.S.C. §20701 controls as to the preservation of **all**

voting and election data pertaining and relating to the November 3, 2026 general election.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Mich Admin Code, R 168.48 is preempted by 52 U.S.C. §20701 under the Supremacy Clause of the U.S. Constitution with respect to preservation of all voting data and votes cast in the November 3, 2026 general election.

c. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that the Defendants Jocelyn Benson and Brenda Green, in their respective official capacities, shall retain **all** voting and election data required under 52 U.S.C. §20701 for a period of 22 months from the date of the November 3, 2026 general election.

d. Issue an Order enjoining the Defendants Jocelyn Benson and Brenda Green, in their respective official capacities, from enforcing the provisions of Mich Admin Code, R 168.48 with respect to the November 3, 2026 general election.

e. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Jocelyn Benson, in her individual capacity as the duly elected Secretary of State, for implementing the unconstitutional rule, Mich Admin Code, R 168.48, which resulted in Plaintiff's and other registered voters' voting data and information from the August 4, 2026 primary election being unlawfully deleted and destroyed in violation of 52 U.S.C. §20701.

f. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Brenda Green, in her individual capacity as the duly elected City Clerk for the City of Highland Park, for implementing the unconstitutional rule, Mich Admin Code, R 168.48, which resulted in Plaintiff's and other registered voters' voting data and information from the August 4, 2026 primary election being unlawfully deleted and destroyed in violation of 52 U.S.C. §20701.

g. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

h. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

**COUNT VIII**
**42 U.S.C. §1983-Procedural Due Process- Defendant Wayne County Election Commission Violated Plaintiff's Procedural Due Process Rights At Its Improperly Held September 8, 2026 Meeting.**

280. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

281. Pursuant to 42 U.S.C. §1983, this Claim as pled and alleged in this Count, is brought against Defendant Wayne County Election Commission for prospective declaratory and injunctive relief and monetary damages.

282. On September 6, 2026, Plaintiff, as a duly registered and qualified voter of the County of Wayne, State of Michigan, sent an "urgent" written communication to the Defendant Wayne County Election Commission requesting permission to be placed on its September 8, 2026 meeting agenda to present his challenge and objections to the "improper" certification of Eli Savit and Garlin Gilchrist as the Democratic nominees for Attorney General and Secretary of State, respectively. (**See Plaintiff's September 6, 2026 email to Defendant Wayne County Election Commission attached**).

283. On September 8, 2026 at approx. 9:32 a.m., Wayne County Elections Director Greg Mahar sent Plaintiff a reply email informing the Plaintiff that Plaintiff's request would be presented to the members of the Defendant

Wayne County Election Commission at its 11 a.m. meeting scheduled for later that morning.

284. Plaintiff appeared virtually at the Defendant Wayne County Election Commission's September 8, 2026 meeting. At the outset, Plaintiff noticed that only two (2) of three members of the Defendant Wayne County Election Commission were present.

285. Specifically, the Chairman, Wayne County Probate Chief Judge Hon. David Braxton was **ABSENT**. No explanation was provided on the record as the reason for Judge Braxton's absence from the meeting.

286. In his absence, Wayne County Treasurer Eric Sabree presided over the meeting as the Chairman.

287. Notably, however, the two (2) members of the Defendant Wayne County Election Commission that were present did **NOT** vote appoint a replacement for the Chairman Judge David Braxton as required under Mich.Comp.Laws §168.23. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

288. Mich.Comp.Laws §168.23(1) of Michigan Election Law provides:

> (1) The chief or only judge of probate of the county or probate court district, the county clerk, and the county treasurer shall constitute a board of county election commissioners for each county. **The chief or only judge of probate of the county or probate court district and the county clerk shall act respectively as chairperson and secretary of the board.** In the absence or disqualification of the county clerk from any meeting of the board of county election commissioners, the board may select 1 of the county clerk's deputies to act in the county clerk's place. ***In the absence* or disqualification *of any member of the board of county election commissioners other***

> ***than the county clerk*, the members of the board who are present *shall appoint* the county prosecuting attorney, county sheriff, or register of deeds in the absent or disqualified member's place, and the appointed county officer, on being notified, shall attend without delay and act as a member of the board.** [emphasis supplied.]

289. The draft minutes from the Defendant Wayne County Election Commission’s September 8, 2026 meeting clearly shows that the Wayne County Clerk and Wayne County Treasurer, which were the two (2) members present, did **NOT** appoint the county prosecuting attorney, county sheriff or register of deeds to act in the Charman’s absence.

290. The Defendant Wayne County Election Commission’s failure to comply with the mandatory requirements under Mich.Comp.Laws §168.23 renders **ALL actions taken at the September 8, 2026 meeting VOID, including the Defendant Wayne County Election Commission’s rejection of Plaintiff’s meritorious challenge to the “improper certification” of Defendants Eli Savit and Garlin Gilchrist as candidates by the Defendant Secretary of State!!**

**Property Interest**

291. Plaintiff, as a duly registered and qualified voter of the County of Wayne and State of Michigan, has a protected property interest in the proper enforcement and application of Michigan Election Law with respect to candidates and election procedures.

292. Plaintiff, as a duly registered and qualified voter of the County of Wayne and State of Michigan, has a protected property interest in the proper enforcement and application of Mich.Comp.Laws §168.558(4) of Michigan Election Law, which prevents an election official from "certifying" a candidate whose affidavit of identity contains a false statement with respect to the candidate's compliance with the campaign finance statement set forth under Mich.Comp.Laws §168.558(4) of Michigan Election Law.

293. Defendant Wayne County Election Commission violated its very own policy and practice by denying Plaintiff's request to be placed on the September 8, 2026 meeting agenda to present Plaintiff's challenges prior to the members of the Defendant Wayne County Election Commission voting to approve the printing of the ballots for the November 3, 2026 general election.

**State-Created Liberty Interests**

294. Mich.Comp.Laws §168.23(1) of Michigan Election Law establishes state-created liberty interests.

295. Mich.Comp.Laws §168.23(1) of Michigan Election Law places substantive limitations on official discretion that can be exercised by members of the Defendant Wayne County Election Commission.

296. Mich.Comp.Laws §168.23(1) establishes substantive predicates that govern official decision-making by the members of the Defendant Wayne County Election Commission with respect to their statutory legal duty to

promptly appoint a replacement to act in the absence of its Chairman, Judge David Braxton.

297. Mich.Comp.Laws §168.23(1) uses explicit mandatory language requiring a particular outcome in the event its Chairman, Judge David Braxton, is absent from a meeting of the Defendant Wayne County Election Commission.

298. The mandates of Mich.Comp.Laws §168.23(1) were **NOT** adhered to by Wayne County Clerk and Wayne County Treasurer at the September 8, 2026 meeting of the Defendant Wayne County Election Commission.

299. Mich.Comp.Laws §168.567 and Mich.Comp.Laws §168.689 of Michigan Election Law establish state-created liberty interests as well.

300. Mich.Comp.Laws §168.567 provides:

> "***The boards of election commissioners shall correct such errors as may be found in said ballots***, and a copy of such corrected ballots shall be sent to the secretary of state by the county clerk." [emphasis supplied.]

301. Mich.Comp.Laws §168.689 further provides, in relevant part:

> "The board of election commissioners of each county shall prepare the official ballots for use at any state, district or county election held therein, and shall have printed a sufficient number of ballots containing the names of all ***candidates properly certified to said board of election commissioners***…" [emphasis supplied.]

**Defendant Wayne County Election Commission Has The Statutory Duty Under MCL 168.689 of Michigan Election Law To Determine Whether Eli Savit and Garlin Gilchrist Were "Properly Certified" By Defendant Secretary of State To Appear On The November 3, 2026 General Election Ballot**.

302. Pursuant to MCL 168.689, the various county boards of election commission are charged with the statutory duty of approving and authorizing the printing of the ballots for the November 3, 2026 general election and NOT the Secretary of State. See *Davis v Wayne County Election Commission*, 349 Mich.App. 355; 28 NW3d 354, 364 (2023) (emphasis supplied) ("As a general premise, it is true that MCL 168.689 authorizes, indeed requires, the Commission to do what the statute states: to 'prepare the official ballots for use' in Wayne County and to 'have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners' for 'use at any state, district or county election held therein....'"); see also *Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II*) ("It is well established that it is the province of the election commission, not the city clerk, to approve and furnish the ballots to be used in an election.").

303. The task of preparing and printing ballots for any **state,** district, or county election falls on county election commissions, like the Defendant Wayne County Election Commission, pursuant to MCL 168.689, which provides:

> **The board of election commissioners of each county *shall* prepare the official ballots for use at any state, district or county election held therein, *and shall have printed a***

> ***sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners***, and ballots for all proposed constitutional amendments or other questions to be submitted at such election to supply each election precinct in such county with a sufficient number for such precinct, and not less than 25% more than the total number of votes cast therein at the corresponding election held 4 years previous for the office which received the greatest number of votes. [emphasis supplied.]

304. As noted, Pursuant to MCL 168.714 of Michigan Election Law, **September 19, 2026 is the deadline** for county clerks to deliver absent voter ballots for November General Election to local clerks. (**See Secretary of State's Election Manual for November 3, 2026 General Election attached**).

305. Pursuant to MCL 168.759a and Mich.Const.1963, art. II, 4, **September 19, 2026 is the deadline** for local city and township clerks to electronically transmit or mail (as requested) an absent voter ballot to each absent military or overseas voter who applied for an absent voter ballot 45 days or more before the election (MOVE deadline). (**See Secretary of State's Election Manual for November 3, 2026 General Election attached**).

306. The Court of Appeals previously addressed the meaning of the phrase ***"properly certified"*** and whether it permits a county election commission to make an independent determination regarding whether a ballot question or candidate was ***"properly"*** certified. See *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986).

307. In *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986), the question was whether resolutions adopted by the Detroit City Council and certified for inclusion on an upcoming election ballot by the city clerk would appear on the ballot. The questions certified by the city clerk were advisory questions (i.e., questions asking the voters for advice about how the city council should proceed in certain matters). *Id*. at 374-376.

308. On the advice of counsel, the Wayne County Election Commission refused to place those questions on the ballot, believing that there was "no constitutional or statutory authority for placing the resolutions on the state general election ballot." *Id*. at 376. The first question the Court of Appeals answered was whether the Commission had authority to refuse to place on the ballot an item that had been certified by the official authorized to make that certification. *Id.*

309. The Court of Appeals examined MCL 168.689, and in particular the phrase "***properly certified***," to conclude that the Wayne County Board of Election Commissioners had the authority to determine not only whether a candidate, constitutional amendment, or ballot question had been certified, but also whether any of those had been properly certified. *Id*. at 377-378.

310. "Accordingly, where it is apparent to the board of county election commissioners that the question is not entitled to placement on the ballot, it may refuse to place it thereon and leave the certifying body to its legal

recourse. We interpret 'properly' in this context to mean that the election commissioners are required to determine that, on its face, the question is entitled to placement on the ballot." *Id.* at 378.

311. The second question addressed by the Court of Appeals was whether the advisory questions were, in fact, entitled to placement on the ballot. The Court of Appeals held that the questions posed were clearly advisory. Id. at 378. And "they are advisory questions in the areas of federal military intervention in Central American and federal military spending, with respect to which the city council has no power to act officially." *Id.* at 378-379.

312. The Court of Appeals explained that, while no constitutional or statutory authority explicitly prohibited advisory questions, nothing in the relevant statutes represented the Legislature's authorization "to spend public funds in a straw vote in an area entirely outside the powers of the city council . . . ." *Id*. at 382.

313. While an advisory question concerning an area in which the city council had authority to act might be proper, advisory questions concerning topics that clearly fell outside the scope of the city council's powers were not. *Id.* at 382-384. Thus, while advisory questions might be properly placed on the ballot as a general matter, the particular questions at issue could not be placed on the ballot. *Id*. at 384.

314. Pursuant to *Southeastern Mich Fair Budget Coalition*, the duty of the Defendant Election Commission at issue here is to "determine that, on its

face, the [candidate] is entitled to placement on the ballot." *Southeastern Mich Fair Budget Coalition*, 153 Mich App at 378.

315. The Court has implied that a "facial" review amounts to a ministerial review. See *Berry v Garrett*, 316 Mich App 37, 45; 890 NW2d 882 (2016) ("Rather, by doing nothing more than the ministerial task of completing a facial review of the affidavits [of identity], defendants would undertake to perform their clear legal duty under [MCL 168.558(4)] to 'not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply' with [MCL 168.558(2)].") (third and fourth alterations in original).

316. And in *Southeastern Mich Fair Budget Coalition*, the review at issue was a purely legal matter concerning the scope of the city council's authority. *Southeastern Mich Fair Budget Coalition*, 153 Mich App at 382-384.

317. A facial review of the relevant campaign finance documents, specifically Plaintiff's two (2) sworn complaints timely filed on September 1, 2026 with the Defendant Secretary of State under Mich Admin Code, R 168.5 challenging the validity of Defendants Eli Savit's and Garlin Gilchrist's affidavits of identity, clearly reveals and shows Defendant Michigan Democratic Party's nominees Defendants Eli Savit and Garlin Gilchrist filed **false** affidavits of identity in violation of Mich.Comp.Laws §168.558(4); and thus, they should **not** have been certified, authorized or approved by the Defendant Wayne County Election Commission to appear on the November 3, 2026 general election ballot.

318. Additionally, Plaintiff is supporting other candidates for Attorney General and Secretary of State and Plaintiff's preferred candidates of choice would lose votes if Defendants Eli Savit and Garlin Gilchrist were allowed to remain on the November 3, 2026 general election ballot in Wayne County as the democratic party nominees for Attorney General and Secretary of State

319. Plaintiff will suffer irreparable harm as this would result in a loss of votes for Plaintiff's preferred candidates of choice.

**Biased Decisionmakers**

320. The Wayne County Clerk and Wayne County Treasurer as voting members of the Defendant Wayne County Election Commission are **BIASED** decisionmakers because they both are members and elected board members and/or officers of the Defendant Michigan Democratic Party.

321. The Wayne County Clerk and Wayne County Treasurer as voting members of the Defendant Wayne County Election Commission are also **BIASED** decisionmakers because they both have publicly endorsed Defendants Eli Savit and Garlin Gilchrist as the Defendant Michigan Democratic Party's nominees for Attorney General and Secretary of State, respectively.

322. At the September 8, 2026 meeting of the Defendant Wayne County Election Commission, Plaintiff requested, on the record, that both the Wayne County Clerk and Wayne County Treasurer recuse themselves from voting on any matters at the September 8, 2026 meeting because of the apparent

conflict of interest that exists as a result of both of them being elected board members and/or officers of the Defendant Michigan Democratic Party.

323. At the September 8, 2026 meeting of the Defendant Wayne County Election Commission, both the Wayne County Clerk and Wayne County Treasurer dismissed Plaintiff's request for each of them to recuse themselves.

324. The actions of the Defendant Wayne County Election Commission and its members at its September 8, 2026 meeting violated Plaintiff's Procedural Due Process rights as guaranteed and afforded under the U.S. Constitution.

325. The Defendant Wayne County Election Commission's unwritten official policy or custom granting members of the Defendant Wayne County Election Commission discretion to vote to allow a person with a grievance challenging the "proper certification" of a candidate to be added to the public body's meeting agenda was the moving force behind Plaintiff's injuries.

326. The Defendant Wayne County Election Commission's unwritten official policy or custom granting members of the Defendant Wayne County Election Commission discretion to address the merits of a written challenge challenging whether a candidate has been "properly certified" by the filing official was the moving force behind Plaintiff's injuries.

327. The Wayne County Clerk and Wayne County Treasurer, as members of the Defendant Wayne County Election Commission, collectively had final decision-making authority on behalf of the Defendant Wayne County Election Commission.

328. The Wayne County Clerk and Wayne County Treasurer, as voting members of the Defendant Wayne County Election Commission, ratified the unconstitutional actions of the Defendant Wayne County Election Commission when the Wayne County Clerk and Wayne County Treasurer voted not to place Plaintiff on the September 8, 2026 meeting agenda and voted to reject and dismiss Plaintiff's meritorious challenge as to whether Defendants Eli Savit and Garlin Gilchrist were "properly certified" by the Defendant Secretary of State.

329. The Wayne County Clerk and Wayne County Treasurer, acting in their respective official capacities as voting members of the Defendant Wayne County Election Commission, intentionally deprived Plaintiff of his protected constitutional right of procedural due process with their actions at the September 8, 2026 meeting.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Wayne County Election Commission, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that the Defendant Wayne County Election Commission violated Plaintiff's procedural due process rights as guaranteed and afforded under the Fourteenth Amendment of the U.S. Constitution at its September 8, 2026 meeting by failing to comply with the provisions of Mich.Comp.Laws §168.23(1), Mich.Comp.Laws §168.567 and Mich.Comp.Laws §168.689 of Michigan Election Law.

b. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that all actions and votes taken at

the Defendant Wayne County Election Commission's September 8, 2026 meeting are VOID and UNENFORCEABLE because the provisions of Mich.Comp.Laws §168.23(1) of Michigan Election Law were not strictly complied with.

c. Issue an Order enjoining the Defendant Wayne County Election from enforcing any decisions or actions taken at its September 8, 2026 meeting.

d. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Wayne County Election Commission for violating Plaintiff's procedural due process rights as guaranteed and afforded under the Fourteenth Amendment of the U.S. Constitution at its September 8, 2026 meeting.

e. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

f. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

## COUNT IX
## 42 U.S.C. §1983- "Class of One" Equal Protection Claim- Defendant Wayne County Election Commission Denied Plaintiff Equal Protection Under The Law By Treating Plaintiff's Request To Be Placed On The September 8, 2026 Meeting Agenda And Challenge To Whether Defendants Savit and Gilchrist Were "Properly Certified" By Defendant Secretary of State Due To Defendant Wayne County Election Commission's Personal Animus and Ill-Will They Have Against The Plaintiff For Challenging Defendant Michigan Democratic Party's Nominees For Attorney General and Secretary of State.

330. Plaintiff incorporates, repeats, and realleges the foregoing allegations as though they were fully set forth and stated herein.

331. Pursuant to 42 U.S.C. §1983 and 28 U.S.C. §2201, this Claim as pled and alleged in this Count, is brought against Defendant Wayne County Election Commission for declaratory relief.

332. Pursuant to 42 U.S.C. §1983, this claims as pled and alleged in this Count, is brought against Defendant Wayne County Election Commission for monetary, punitive, exemplary, and compensatory damages.

333. On September 6, 2026, Plaintiff sent an "urgent" written communication to the Defendant Wayne County Election Commission requesting permission to be placed on its September 8, 2026 meeting agenda to present his challenge and objections to the "improper" certification of Eli Savit and Garlin Gilchrist as the Democratic nominees for Attorney General and Secretary of State, respectively. (**See Plaintiff's September 6, 2026 email to Defendant Wayne County Election Commission attached**).

334. On September 8, 2026 at approx. 9:32 a.m., Wayne County Elections Director Greg Mahar sent Plaintiff a reply email informing the Plaintiff that Plaintiff's request would be presented to the members of the Defendant Wayne County Election Commission at its 11 a.m. meeting scheduled for later that morning.

335. Plaintiff appeared virtually at the Defendant Wayne County Election Commission's September 8, 2026 meeting. At the outset, Plaintiff noticed that only two (2) of three members of the Defendant Wayne County Election Commission were present.

336. Specifically, the Chairman, Wayne County Probate Chief Judge Hon. David Braxton was **ABSENT**. No explanation was provided on the record as the reason for Judge Braxton's absence from the meeting.

337. In his absence, Wayne County Treasurer Eric Sabree presided over the meeting as the Chairman.

338. Notably, however, the two (2) members of the Defendant Wayne County Election Commission that were present did **NOT** vote appoint a replacement for the Chairman Judge David Braxton as required under Mich.Comp.Laws §168.23. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

339. After receiving a briefing from its legal counsel, the Defendant Wayne County Election Commission voted **NOT** to allow Plaintiff's challenge to be placed on the Defendant Wayne County Election Commission's September 8, 2026 meeting agenda.

340. Additionally, Defendant Wayne County Election Commission voted to disregard and not to address the merits of Plaintiff's objections and challenges to the Defendant Secretary of State's "improper" certifications of Eli Savit and Garlin Gilchrist. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached).**

341. The actions of the Defendant Wayne County Election Commission were contrary to their established practice and policy to allow individuals who had grievances with respect to whether a candidate has been "improperly certified" by a filing official to be placed on the agenda of the Defendant Wayne County Election Commission to present their case and arguments

prior to the Defendant Wayne County Election Commission taking a vote to authorize the printing of the ballots for a particular election.

342. Plaintiff's request and challenge to the Defendants Savit's and Gilchrist's "certification" was treated differently from other similarly situated individuals who petitioned the Defendant Wayne County Election Commission challenging if a candidate was "properly certified" by a filing official prior to the Defendant Wayne County Election Commission voting to authorize the printing of the ballot for a particular election.

343. A specific example of how Plaintiff's request and challenge were treated differently from other similarly situated individuals, is the case of now Wayne County Probate Judge Macie Gaines and Wayne County Probate Court judicial candidate Daniel Mericier, who petitioned the Defendant Wayne County Election Commission in 2024 concerning the "improper certification" of Wayne County Probate Court candidate Jennifer Parmalee *prior* to the Defendant Wayne County Election Commission voted to authorize the printing of the ballots for the November 2024 general election.

344. In 2024, now Wayne County Probate Judge Macie Gaines and Wayne County Probate Court judicial candidate Daniel Mericier, petitioned the Defendant Wayne County Election Commission on the eve of their 2024 meeting at which the Defendant Wayne County Election Commission were voting to authorize the printing of the ballots for the November 2024 general election with candidate Jennifer Parmalee's name printed thereon.

345. On the eve of the Defendant Wayne County Election Commission's 2024 meeting, now Wayne County Probate Judge Macie Gaines ("Judge Gaines") and Wayne County Probate Court judicial candidate Daniel Mericier petitioned the Defendant Wayne County Election Commission to be placed on their meeting agenda to present their legal arguments and evidence with respect to judicial candidate Jennifer Parmalee being "improperly certified" to appear on the November 2024 general election ballot as a candidate for Judge of the Wayne County Probate Court.

346. The Defendant Wayne County Election Commission honored and granted Judge Gaines and Wayne County Probate Court judicial candidate Daniel Mericier's written requests and placed them on the agenda to be heard prior to the Defendant Wayne County Election Commission taking a vote to authorize the printing of the ballots for the November 2024 general election, which would have included judicial candidate Jennifer Parmalee's name.

347. After Judge Gaines and Wayne County Probate Court judicial candidate Daniel Mericier's presented whiter legal arguments and documentary evidence, the Defendant Wayne County Election Commission determined that judicial candidate Jennifer Parmalee was **NOT** "properly certified" by the filing official, which in that case was the Wayne County Clerk, and voted **UNANIMOUSLY** to "decertify" judicial candidate Jennifer

Parmalee and to remove her name from the November 2024 general election ballot as a candidate for Judge of the Wayne County Probate Court.

348. Both the Wayne County Clerk and Wayne County Treasurer expressed to the Plaintiff privately that they were disappointed and somewhat angry at the Plaintiff for challenging the "certification" of the nominees of the Defendant Michigan Democratic Party considering Plaintiff was a "committed" and "loyal" democrat.

349. Both the Wayne County Clerk and Wayne County Treasurer privately questioned Plaintiff as to "who" Plaintiff was doing this for and whether the Republican Party was paying the Plaintiff to challenge the validity of Defendants Eli Savit's and Garlin Gilchrist's affidavits of identity.

350. Both the Wayne County Clerk and Wayne County Treasurer expressed visible hostility towards the Plaintiff during the September 8, 2026 meeting of the Defendant Wayne County Election Commission.

351. In fact, the Wayne County Treasurer, acting as the temporary chair, angrily dismissed Plaintiff's request and challenge as to whether Defendants Eli Savit and Garlin Gilchrist were "properly certified" by the Defendant Secretary of State and did NOT allow Plaintiff to present his arguments prior to the Defendant Wayne County Election voted to approve the printing of the ballots for the November 3, 2026 general election.

352. This animus and ill will of the Wayne County Clerk and Wayne County Treasurer expressed toward the Plaintiff resulted in the Defendant

Wayne County Election Commission dismissing Plaintiff's meritorious request to be placed on the agenda and challenge to the "improper certification" of Defendants Eli Savit and Garlin Gilchrist by the Defendant Secretary of State.

353. The Defendant Wayne County Election Commission's unwritten official policy or custom granting members of the Defendant Wayne County Election Commission discretion to vote to allow a person with a grievance challenging the "proper certification" of a candidate to be added to the public body's meeting agenda was the moving force behind Plaintiff's injuries.

354. The Defendant Wayne County Election Commission's unwritten official policy or custom granting members of the Defendant Wayne County Election Commission discretion to address the merits of a written challenge challenging whether a candidate has been "properly certified" by the filing official was the moving force behind Plaintiff's injuries.

355. The Wayne County Clerk and Wayne County Treasurer, as members of the Defendant Wayne County Election Commission, collectively had final decision-making authority on behalf of the Defendant Wayne County Election Commission.

356. The Wayne County Clerk and Wayne County Treasurer, as voting members of the Defendant Wayne County Election Commission, ratified the unconstitutional actions of the Defendant Wayne County Election Commission when the Wayne County Clerk and Wayne County Treasurer

voted not to place Plaintiff on the September 8, 2026 meeting agenda and voted to reject and dismiss Plaintiff's meritorious challenge as to whether Defendants Eli Savit and Garlin Gilchrist were "properly certified" by the Defendant Secretary of State.

357. The Wayne County Clerk and Wayne County Treasurer, acting in their respective official capacities as voting members of the Defendant Wayne County Election Commission, intentionally deprived Plaintiff of his protected constitutional right of equal protection under the law with their actions at the September 8, 2026 meeting.

**WHEREFORE**, Plaintiff Robert Davis requests and prays that this Honorable Court enters judgment and grants the following relief against the Defendant Wayne County Election Commission, as follows:

a. Issue a declaratory judgment pursuant to 42 U.S.C. §1983 and the Declaratory Judgment Act declaring that Defendant Wayne County Election Commission denied Plaintiff equal protection under the law under the "Class of One" theory because they treated Plaintiff's request to be placed on the September 8, 2026 meeting and challenge as to whether Defendants Eli Savit and Garlin Gilchrist were "properly certified" by the Defendant Secretary of State differently than others similarly situated due to the personal animus and ill-will members of the Defendant Wayne County Election Commission publicly expressed toward and against the Plaintiff in violation of the Fourteenth Amendment of United States Constitution.

b. Pursuant to 42 U.S.C. §1983, award Plaintiff damages, including but not limited to monetary damages, punitive damages, exemplary damages and compensatory damages, in excess of $250,000 against the Defendant Wayne County Election Commission for denying Plaintiff equal protection under the law under the "Class of One" theory in

violation of the Fourteenth Amendment of the United States Constitution.

c. Award Plaintiff court costs and attorney's fees pursuant to 42 U.S.C. §1988.

d. Grant any further equitable relief the Court deems appropriate, just, and proper at the time of final judgment.

Dated: September 22, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**AMENDED VERIFIED COMPLAINT UNDER 28 U.S.C.§1746**

"I, ROBERT DAVIS, declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct."

**Executed on:** September 22, 2026.

**FURTHER AFFIANT SAYETH NOT**.
/s/ ROBERT DAVIS
**ROBERT DAVIS**
**Plaintiff, *pro se***

**CERTIFICATE OF SERVICE**

I, ROBERT DAVIS, certify that on September 22, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: September 22, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 26-cv-13454
Hon. Terrence G. Berg

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan,
**JONATHAN BRATER**, in his official and individual capacities as the duly appointed Director of Michigan Bureau Elections,
**MICHIGAN DEMOCRATIC PARTY,**
**GARLIN GILCHRIST, II,** an individual**,**
**ELI SAVIT,** an individual**,**
**WAYNE COUNTY ELECTION COMMISSION**,
and
**BRENDA GREEN**, in her official and individual capacities, as the duly elected City Clerk for the City of Highland Park,
Defendants.
______________________________________________________________/

## DEMAND FOR JURY TRIAL

**NOW COMES**, Plaintiff, ROBERT DAVIS ("Plaintiff" or "Plaintiff Davis"), in his own proper person and complaint, and pursuant to Fed.R.Civ.P. 38, hereby demands a jury trial on all the issues so triable by a jury as pled in Plaintiff's First-Amended Verified Complaint.

Dated: September 22, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS,** ***Pro Se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**CERTIFICATE OF SERVICE**

I, ROBERT DAVIS, certify that on September 22, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: September 22, 2026 Respectfully submitted,

/s/ROBERT DAVIS

**ROBERT DAVIS, *Pro Se***