**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 2:26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.

______________________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________________/

# BRIEF IN SUPPORT PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND/OR PRELIMINARY INJUNCTION UNDER FED. R. CIV. P. 65.

## TABLE OF CONTENTS

**STATEMENT OF ISSUES/QUESTIONS PRESENTED**...............3

**CONTROLLING MOST APPROPRIATE LEGAL AUTHORITY**....4

**INDEX OF AUTHORITIES**......................................................5-6

**INTRODUCTION**.........................................................7-9

**ARGUMENTS**...........................................................10-28

**CONCLUSION**.............................................................28

**CERTIFICATE OF SERVICE**..................................................28

## STATEMENT OF ISSUES/QUESTIONS PRESENTED

I. Is Mich Admin Code, R 168.48 preempted by 52 U.S.C. §20701 under the Supremacy Clause of the U.S. Constitution?

Plaintiff Answers: YES
Defendants Benson and Green Answer: NO

II. Should the Court set an expedited briefing and hearing schedule for this election-related matter?

Plaintiff Answers: YES
Defendants Answer: N/A

---

## CONTROLLING AND MOST APPROPRIATE LEGAL AUTHORITY

- *Chase Bank USA, NA v City of Cleveland*, 695 F.3d 548 (6th Cir. 2012). ("The federal law with purported preemptive effect need not expressly provide a cause of action against preempted state law; the cause of action is implied under the Supremacy Clause, U.S. Const. art. VI, cl. 2.")

- *Gray v Sanders*, 372 U.S. 368, 380 (1963) ("Every voter's vote is entitled to be counted once. It must be correctly counted and reported.")

- *Dunn v Blumstein*, 405 U.S. 330, 336 (1972) ("This Court has made clear that a citizen has a constitutionally protected right to participate on an equal basis with other citizens in the jurisdiction.")

- *Bush v. Gore,* 531 U.S. 98, 104-05, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000) (*per curiam*) ("[T]he right to vote as the legislature has prescribed is fundamental; and one source of its fundamental nature lies in the equal weight accorded to each vote and the equal dignity owed to each voter.")

## INDEX OF AUTHORITIES

*ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003)……………………………………………………………………..21

*Am.Civil Liberties Union Fund of Mich. v Livingston County*, 796 F.3d 636 (6th Cir. 2015)…………………………………………………………10

*Bays v City of Fairborn*, 668 F.3d 814 (6th Cir. 2012)……………………10

*Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009)……………………………………………………………………………9

*Bush v. Gore,* 531 U.S. 98, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)…26,27

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 550 (6th Cir.2007)…………………………………………………..21

*Chase Bank USA, NA v City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012)……………………………………………………………11,12,24,25

*Davis v Secretary of State*, 333 Mich.App. 588; 963 NW2d 653, 658 (2020)……………………………………………………………………..15

*Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001)…………………………………………………………27

*Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995 (1972)……………20,21,26

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152-53, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982)…………………………………17,18

*G&V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994)…………………………………………………..27

*Gade v. Nat'l Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992)……………………………………………..18

*Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996)…………10
*Gray v Sanders*, 372 U.S. 368, 380 (1963)

*Gustafson v City of Lake Angelus*, 76 F.3d 778, 792 (6th Cir. 1996).....11

*Hines v. Davidowitz,* 312 U.S. 52, 61 S.Ct. 399, 85 L.Ed. 581 (1941)..18

*Jones v. Caruso,* 569 F.3d 258 (6th Cir.2009)................................15

*League of Women Voters v. Brunner,* 548 F.3d 463 (6th Cir.2008).....26

*McDaniel v Upsher-Smith Laboratories, Inc.*, 893 F.3d 941 (6th Cir. 2018)................................................................13,18,19

*Obama for America v Husted*, 697 F.3d 423 (6th Cir. 2012)...........11,26

*Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir. 2000)....9

*Purcell v. Gonzalez,* 549 U.S. 1, 4, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006)...27

*Secretary of State v. Berrien Co. Bd. of Election Comm'rs,* 373 Mich. 526, 530-531, 129 N.W.2d 864 (1964)............................................15

*Stewart v Blackwell*, 444 F.3d 843, 857 (6th Cir. 2006)......................25

*Torres v Precision Industries, Inc.*, 938 F.3d 752, 755 (6th Cir. 2019)....18

*Vitolo v Guzman*, 999 F.3d 353, 360 (6th Cir. 2021)..........................27

*Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)..................................................................12

*State Farm Bank v. Reardon,* 539 F.3d 336, 342 (6th Cir. 2008).........17

*Yates v. Ortho-McNeil-Janssen Pharm., Inc.,* 808 F.3d 281, 293 (6th Cir. 2015).........................................................................17

**STATE STATUTES**

Mich Admin Code, R 168.48.........................................IN PASSIM

Mich.Comp.Laws §600.6440...............................................23,24

**FEDERAL STATUTES**

52 U.S.C. §20701......................................................IN PASSIM

**FEDERAL CONSTITUTION**

Supremacy Clause, U.S. Const., art. VI, cl. 2..................IN PASSIM

## INTRODUCTION/PROCEDURAL HISTORY

On September 11, 2026, Plaintiff filed his ***original*** seven-count verified complaint against original Defendants Jocelyn Benson, Secretary of State for the State of Michigan; Jonathan Brater, Director of Michigan Bureau of Elections; Wayne County Election Commission; and Brenda Green, City Clerk for the City of Highland Park. (ECF No. 1). On September 14, 2026, Plaintiff filed a motion for preliminary injunction seeking to enjoin the enforcement portions of Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) to allow Plaintiff to file a state-court declaratory judgment action against the Defendants Jocelyn Benson and Brenda Green in accordance with Mich.Comp.Laws §24.264 of the APA. (ECF Nos. 5,6).

The next day, on September 15, 2026, Plaintiff filed an emergency motion for declaratory judgment with respect to Plaintiff's state-law claim pled in Count VI of the ***original*** Verified Complaint. (ECF No. 7). On September 16, 2026, the Court held a telephone conference with the parties on September 16, 2026, five days after the complaint was filed. Plaintiff and counsel for Defendants participated in the teleconference

and were given the opportunity to state their respective positions on the emergency motions.

On September 16, 2026, **ALL** Defendants named in the ***original*** Verified Complaint were properly served with copies of the summons and ***original*** Verified Complaint in accordance with Fed.R.Civ.P. 4(c). (ECF Nos. 10, 11, 12, 13, 14). On September 18, 2026 at approximately 5:06 p.m., the Court issued its order denying Plaintiff's Emergency Motion for Preliminary Injunction Pursuant to Fed.R.Civ.P. 65(a) [5] and denying as MOOT Plaintiff's Emergency Motion for Declaratory Judgement Under Michigan Law With Respect to Count VI [7]. (ECF No. 19). The Court also declined to exercise supplemental jurisdiction over Plaintiff's state-law claims and consequently, *sua sponte* dismissed Plaintiff's state-law claims against Defendants Brenda Green and Wayne County Election Commission. (ECF No. 19).

Federal Rule of Civil Procedure Rule 15(a)(1)(A), however, allows a party to amend a complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(A). Rule 15(a)(1) provides "**A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it**, *or* (B) if the pleading is one to which a responsive pleading

is required, 21 days after service under 12(b), (e), or (f), whichever is earlier." (emphasis supplied). "Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1); *see Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417, 421 (6th Cir. 2000) (noting that Rule 15(a) 'gives plaintiffs an absolute right to amend their complaint one time before a responsive pleading is served.')." *Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009).

Pursuant to Rule 15(a)(1)(A), because **ALL** Defendants named in the ***original*** Verified Complaint were served with copies of the summons and ***original*** Verified Complaint, on September 22, 2026, Plaintiff timely filed an ***amended*** Verified Complaint naming new defendants and additional constitutional claims against the new and original defendants. (ECF No. 20).

## ARGUMENTS

### I. Temporary Restraining Order (TRO) and/or Preliminary Injunction Should Issue Enjoining Defendants Secretary of State and Highland Park City Clerk From Enforcing Mich Admin Code, R 168.48 Because It Is VOID and UNENFORCEABLE As It Is Preempted By 52 U.S.C. §20701 Under Supremacy Clause of U.S. Const. art. VI, cl. 2.

Both temporary restraining orders (TROs) and preliminary injunctions are governed by Federal Rule Civil Procedure 65. "A district court must balance four factors in determining whether to grant a preliminary injunction: '(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction." *Am.Civil Liberties Union Fund of Mich. v Livingston County*, 796 F.3d 636, 642 (6th Cir. 2015) (quoting *Bays v City of Fairborn*, 668 F.3d 814, 818-810 (6th Cir. 2012)).

Courts are generally required to balance these four factors, and none of the factors, standing alone, is a prerequisite to relief. *Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996). However, "When a

party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for America v Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (quoting *Jones v. Caruso,* 569 F.3d 258, 265 (6th Cir.2009)).

### A. Likelihood of Success On The Merits

For the reasons stated below, Plaintiff has a "strong likelihood" to succeed on the merits with respect to his federal preemption claim that Mich Admin Code, R 168.48 is **VOID** and **UNENFORCEABLE** because it is preempted by 52 U.S.C. 20701 under the Supremacy Clause of U.S. Const. art. VI, cl. 2.

### Cause of Action for Preemption Is Implied Under the Supremacy Clause, U.S. Const. art. VI, cl. 2.

It has been established that "a claim premised on a violation of the Supremacy Clause through preemption is not cognizable under 42 U.S.C. § 1983." *Gustafson v City of Lake Angelus*, 76 F.3d 778, 792 (6th Cir. 1996) (citing *J. & J. Anderson, Inc. v. Town of Erie,* 767 F.2d 1469, 1476-77 (10th Cir.1985)).

Federal courts, however, "have jurisdiction under [28 U.S.C.] § 1331 'over suits to enjoin state officials from interfering with federal

rights' by enforcing state laws that are preempted by federal law." *Chase Bank USA, NA v City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012)(quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96 n. 14, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (citing *Ex parte Young,* 209 U.S. 123, 160-62, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). While 28 U.S.C. § 1331 confers jurisdiction on a federal court to hear claims based on federal law, it does not provide a cause of action for those claims.

"The federal law with purported preemptive effect need not expressly provide a cause of action against preempted state law; **the cause of action is implied under the Supremacy Clause, U.S. Const. art. VI, cl. 2**." *Chase Bank USA, NA v City of Cleveland*, 695 F.3d 548, 554 (6th Cir. 2012) (emphasis supplied). "Even the critics of an implied cause of action under the Supremacy Clause seem to recognize the viability of claims in the circumstances presented here — a plaintiff seeking declaratory or injunctive relief against a state or local government that is presently taking or threatening action against the plaintiff pursuant an allegedly preempted state law." *Chase Bank USA,* 695 F.3d at 554 n 4 (emphasis supplied).

## Mich Admin Code, R 168.48 Is Preempted By 52 U.S.C. § 20701 Under Supremacy Clause, U.S. Const., art. VI, cl. 2.

"When state and federal laws clash, federal law reigns supreme and state law is preempted. U.S. Const., art. VI, cl. 2." *McDaniel v Upsher-Smith Laboratories, Inc.*, 893 F.3d 941, 944 (6th Cir. 2018). Here, Count VII of First-Amended Complaint (ECF No. 20, PageID. 246-252), properly pleads and alleges a preemption cause of action against the Defendants Secretary of State and Highland Park City Clerk under the Supremacy Clause of the United States Constitution.

Plaintiff, as a duly registered and qualified voter of the State of Michigan, voted in the August 4, 2026 primary election and voted for his preferred candidates for U.S. Senate and Member of the U.S. House of Representatives for the 13th Congressional District in the Democratic primary. (ECF No. 20, ¶ 263, PageID. 247). Plaintiff, as a duly registered and qualified voter of the State of Michigan, will be voting in the upcoming November 3, 2026 general election. (ECF No. 20, ¶ 264, PageID. 247). Plaintiff intends to vote in person at the polls on November 3, 2026 in the state-wide general election. (ECF No. 20, ¶ 265, PageID. 247).

On October 23, 2025, Defendant Secretary of State's promulgated rule, Mich Admin Code, R 168.48, went into effect. (ECF No. 20, ¶ 266, PageID. 248). Mich Admin Code, R 168.48 requires and mandates: "**the electronic pollbook software and associated files must be deleted from all devices by the seventh day following the final canvass and certification of the election**, unless a petition for recount has been filed and the recount has not been completed, a post-election audit has been scheduled, or the deletion of the data has been stayed by an order of the court or the secretary of state." (emphasis supplied).

In accordance with Mich Admin Code, R 168.48, the Defendant Secretary of State directed and advised all local city and township clerks, including Plaintiff's local city clerk, Defendant Highland Park City Clerk, that "the electronic pollbook software and associated files must be deleted from all devices by the seventh day following the final canvass and certification of the election[.]" (ECF No. 20, ¶ 268, PageID. 248).

Under Michigan law, all local city, county, and township clerks and election officials, including Defendant Highland Park City Clerk,

are obligated to follow the directives of the Defendant Secretary of State as the chief elections officer. "Under the Michigan Election Law, MCL 168.1 *et seq.,* and specifically MCL 168.21, the Secretary of State is the chief elections officer of the state and has supervisory authority over local election officials performing their duties." *Davis v Secretary of State*, 333 Mich.App. 588, ___; 963 NW2d 653, 658 (2020). "**Under MCL 168.31, local election officials must follow the Secretary of State's instructions regarding the conduct of elections**." *Id.* (emphasis supplied), citing *Secretary of State v. Berrien Co. Bd. of Election Comm'rs,* 373 Mich. 526, 530-531, 129 N.W.2d 864 (1964) ("Under our holding in *Elliott* v. *Secretary of State,* 295 Mich 245, it is defendants' duty to follow the mentioned instructions received from plaintiff.").

Thus, Defendant Highland Park City Clerk complied with the Defendant Secretary of State's promulgated rule, Mich Admin Code, R 168.48, and Plaintiff's voting data from the August 4, 2026 primary election, was deleted in accordance with Mich Admin Code, R 168.48. (ECF No. 20, ¶ 270, PageID. 248). Mich Admin Code, R 168.48, however, contravenes and conflicts with 52 U.S.C. §20701, which

governs the preservation of **all** election and voting data where federal elective offices appear on the ballot.

52 U.S.C. §20701 provides:

> **Every officer of election shall retain and preserve, *for a period of twenty-two months from the date of any general,* special, or primary *election of which candidates for the office of*** President, Vice President, presidential elector, ***Member of the Senate, Member of the House of Representatives***, or Resident Commissioner from the Commonwealth of Puerto Rico are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that, if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian. Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both. [emphasis supplied.]

In accordance with Michigan's Freedom of Information Act (FOIA), Plaintiff requested from the Highland Park City Clerk **all** of the voting and election data from the August 4, 2026 primary election that was required to be preserved under 52 U.S.C. §20701, but the Defendant Highland Park City Clerk was unable to provide Plaintiff

with **all** of the requested information and voting and election data because it had been deleted in accordance with Mich Admin Code, R 168.48. (ECF No. 20, ¶ 273, PageID. 249).

The Supremacy Clause provides that federal law is "the supreme Law of Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const., Art. VI, cl. 2. State laws, therefore, may be overridden by conflicting federal laws, both expressly and impliedly. *Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 152-53, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). "State-law claims can be preempted expressly in a federal statute or regulation, or impliedly, where congressional intent to preempt state law is inferred." *Yates v. Ortho-McNeil-Janssen Pharm., Inc.,* 808 F.3d 281, 293 (6th Cir. 2015).

In the absence of an express preemption statute, as here, federal law may impliedly preempt state law to the extent the two laws conflict. *Fid. Fed. Sav. & Loan Ass'n v. de la Cuesta,* 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). This type of implied preemption, known as conflict preemption, comes in two forms—impossibility and obstacle preemption. *State Farm Bank v. Reardon,* 539 F.3d 336, 342

(6th Cir. 2008). Impossibility preemption exists when compliance with both federal and state law is impossible. *Gade v. Nat'l Solid Wastes Mgmt. Ass'n,* 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992); *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142-43, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1963). Obstacle preemption exists when state law serves as an obstacle to the purposes and objectives embodied in a federal law. *Gade,* 505 U.S. at 98, 112 S.Ct. 2374; *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941).

"Federal statutes do not preempt state law of their own force; rather, they do so as a result of the Supremacy Clause." *Torres v Precision Industries, Inc.*, 938 F.3d 752, 755 (6th Cir. 2019) (citing *Hillsborough Cty. v. Automated Med. Labs., Inc.,* 471 U.S. 707, 712, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985)) "Simply put, courts hold preempted laws 'unconstitutional' under the Supremacy Clause." *Torres,* 938 F.3d at 755 (quoting *Crosby v. Nat'l Foreign Trade Council,* 530 U.S. 363, 388, 120 S.Ct. 2288, 147 L.Ed.2d 352 (2000)).

Here, it is evident that Mich Admin Code, R 168.48 "conflicts" with 52 U.S.C. §20701 as it pertains to elections where federal elective offices appear on the ballot. "When state and federal laws clash, federal

law reigns supreme and state law is preempted. U.S. Const., art. VI, cl. 2." *McDaniel v Upsher-Smith Laboratories, Inc.*, 893 F.3d 941, 944 (6th Cir. 2018).

In Michigan, just as in the August 4, 2026 primary election, on the November 3, 2026 general election ballot, the office of U.S. Senator and Members of the U.S. House of Representatives will again appear. (ECF No. 20, ¶ 274, PageID. 249). On November 3, 2026, Plaintiff will be voting for his preferred candidate for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District, which is where Plaintiff resides and is registered to vote. (ECF No. 20, ¶ 275, PageID. 249). Plaintiff is concerned that his properly cast votes for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District and other voting and election data will be unlawfully deleted and unpreserved under the provisions of the Mich Admin Code, R 168.48. (ECF No. 20, ¶ 276, Page ID. 249-250).

However, because candidates for the offices of U.S. Senator and Members of the U.S. House of Representatives will be voted for in the November 3, 2026 general election in the State of Michigan, 52 U.S.C. §20701 controls. *McDaniel*, 893 F.3d at 944. Mich Admin Code, R

168.48 is preempted by 52 U.S.C. §20701 with respect to the upcoming November 3, 2026 general election because candidates for the offices of U.S. Senator and Members of the U.S. House of Representatives will be voted for in the November 3, 2026 general election held in the State of Michigan. *Id.*

Plaintiff wants his properly cast votes for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District in the November 3, 2026 general election and other voting and election data to be properly preserved under 52 U.S.C. §20701. (ECF No. 20, ¶ 279, PageID. 250).

**B. Irreparable Injury**

Plaintiff will suffer irreparable injury if a TRO and/or preliminary injunction is not issued by this Honorable Court because Plaintiff's fundamental right to participate in an election on an equal basis with other registered voters in the State of Michigan will be impaired and burdened for the impending November 3, 2026 general election. For it is well-settled that "a citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." *Dunn v. Blumstein,* 405 U.S. 330, 336, 92 S.Ct. 995, 31

L.Ed.2d 274 (1972). "Every voter's vote is entitled to be counted once. It must be ***correctly counted and reported***." *Gray v Sanders*, 372 U.S. 368, 380 (1963) (emphasis supplied).

"A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 550 (6th Cir.2007). However, "when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated[.]" *ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003). "When constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for America*, 697 F.3d at 436. "A restriction on the fundamental right to vote therefore constitutes irreparable injury." *Id.*

Here, Plaintiff's "constitutionally protected right to participate in elections on an equal basis with other citizens in the" State of Michigan has been significantly impaired and denied by Defendants Secretary of State and Highland Park City Clerk with their enforcement of Mich Admin Code, R 168.48 in violation of 52 U.S.C. §20701. Currently,

Plaintiff's vote is being treated differently than the votes cast by the registered voters in the Township of Bridgewater, Michigan. *See McQueer v Benson*, unpublished opinion of Michigan Court of Appeals, issued September 22, 2026 (Court of Claims No. 26-000172-MZ).

In *McQueer*, Michigan Court of Claims Judge Michael J. Riordan ("Court of Claims Judge Riordan") issued a "**TRO prohibiting the enforcement of Rule 168.48 against plaintiff [McQueer]**" **ONLY**. *Id.*; slip op at pp 2, 22-23. Court of Claims Judge Riordan's TRO **ONLY** applies to Bridgewater Township Clerk Michelle McQueer. Court of Claims Judge Riordan's TRO is **NOT** applicable to the Defendant Highland Park City Clerk and the other city and township clerks in the State of Michigan. *Id*.

As a result of Court of Claims Judge Riordan's ***limited*** TRO issued in *McQueer*, the votes Plaintiff cast in the August 4, 2026 primary election and the votes Plaintiff will cast in the November 3, 2026 general election are being treated "differently" than the votes cast by the registered voters in the Township of Bridgewater, Michigan. Plaintiff is being treated "differently" from the registered voters of Bridgewater Township because the votes cast by the registered voters of

Bridgewater Township are being *properly* preserved and maintained in accordance with 52 U.S.C.§ 20701. Whereas, the votes cast by Plaintiff in the August 4, 2026 primary election were **NOT** properly preserved and maintained in accordance with 52 U.S.C. 20701. Rather, the votes cast by the Plaintiff in the August 4, 2026 primary election were *improperly* destroyed and erased by the Defendant Highland Park in accordance with the Defendant Secretary of State's unconstitutional administrative rule, Mich Admin Code, R 168.48. *See McQueer v Benson*, unpublished opinion of Michigan Court of Appeals, issued September 22, 2026 (Court of Claims No. 26-000172-MZ).

It is also important to inform and advise this Honorable Court that the Michigan Court of Claims **lacks** subject-matter jurisdiction to decide issues of federal law, such as Plaintiff's federal preemption and Supremacy Clause claim. The Michigan Court of Claims Act, being Mich.Comp.Laws §600.6440 provides:

> **No claimant may be permitted to file claim in said court against the state nor any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts**, but it is not necessary in the complaint filed to allege that claimant has no such adequate remedy, but that fact may be put in issue by the answer or motion filed

> by the state or the department, commission, board, institution, arm or agency thereof. [emphasis supplied.]

In *McKenzie v Dept. of Corrections*, 332 Mich.App. 289, ___; 957 NW2d 341, 350 (2020), the Michigan Court of Appeals interpreted Mich.Comp.Laws §600.6440 and addressed the legal question of whether the Michigan Court of Claims had subject-matter jurisdiction to address issues of federal law and so held:

> "A review of the plain statutory language indicates that if a claimant has an **adequate remedy for his or her claims *in the federal court*, the claimant *cannot* file the claim in the Court of Claims**." [emphasis supplied].

In *McKenzie*, the Michigan Court of Appeals further explained that "[b]ecause the Court of Claims Act governs the Court of Claims, the aforementioned (and thus "said) court refereed to in MCL 600.6440 is the Court of Claims. **As a result, MCL 600.6440 directs only that if an adequate remedy is available in the federal courts, the claim *cannot be filed, specifically, in the Court of Claims***." *McKenzie*, 332 Mich.App. at___; 957 NW2d at 350. (emphasis supplied).

Because Plaintiff has an adequate remedy and a cause of action in this Court under the Supremacy Clause, *Chase Bank USA*, 695 F.3d at

554, the Michigan Court of Claims lacks subject-matter jurisdiction to address this federal question.

**Plaintiff's Fundamental Right To Participate In Elections On Equal Basis As Other Voters And To Have That Vote Properly Counted And Recorded Implicated.**

"The concept of political equality in the voting booth contained in the Fifteenth Amendment ***extends to all phases of state elections***." *Gray*, 372 U.S. at 380 (emphasis supplied). As noted, "[e]very voter's vote is entitled to be counted once. It must be ***correctly counted and reported***." *Id.* (emphasis supplied). Moreover, "[n]or may the right to vote ***be diluted by alteration of ballots or improper counting ballots***." *Stewart v Blackwell*, 444 F.3d 843, 857 (6th Cir. 2006) (citing *United States v Classic*, 313 U.S. 299, 315, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)) (emphasis supplied).

The purpose of 52 U.S.C. §20701 is to preserve all election data, including votes cast by registered voters, to ensure that no votes were cast illegally and to preserve the integrity of the election by properly preserving all election data and votes cast in any given election whereby federal elective offices are being voted upon.

"'The right to vote is protected in more than the initial allocation of the franchise. Equal protection applies as well to the manner of its exercise.'" *League of Women Voters v. Brunner,* 548 F.3d 463, 477 (6th Cir.2008) (quoting *Bush v. Gore,* 531 U.S. 98, 104, 121 S.Ct. 525, 148 L.Ed.2d 388 (2000)). "[A] citizen has a constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." *Dunn v. Blumstein,* 405 U.S. 330, 336, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972). "Having once granted the right to vote on equal terms, the State may not, by later arbitrary and disparate treatment, value one person's vote over that of another." *Bush,* 531 U.S. at 104-05, 121 S.Ct. 525; *see also Wesberry,* 376 U.S. at 17, 84 S.Ct. 526 ("Our Constitution leaves no room for classification of people in a way that unnecessarily abridges [the right to vote.]").

Accordingly, because Plaintiff's fundamental right to vote has been implicated, Plaintiff has proven irreparable harm. *Obama for America*, 697 F.3d at 436.

**C. Substantial Harm To Others**

On the issue of harm to others, when a plaintiff demonstrates "a substantial likelihood that a challenged law is unconstitutional, no

substantial harm can be said to inhere in its enjoinment." *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001) (citation omitted). Stated differently, "no cognizable harm results from stopping unconstitutional conduct." *Vitolo v Guzman*, 999 F.3d 353, 360 (6th Cir. 2021). Thus, Plaintiff satisfies this requirement for a preliminary injunction.

**D. Public Interest Being Served**

As to the final factor, "[i]t is always in the public interest to prevent a violation of a party's constitutional rights." *G&V Lounge, Inc. v. Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994) (*citing Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 383 (1979). The public has a "strong interest in exercising the `fundamental political right' to vote." *Purcell v. Gonzalez,* 549 U.S. 1, 4, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006) (quoting *Dunn,* 405 U.S. at 336, 92 S.Ct. 995). "That interest is best served by favoring enfranchisement and ensuring that qualified voters' exercise of their right to vote is successful." *Hunter,* 635 F.3d at 244.

Therefore, the public interest favors the enjoining of the enforcement of Mich Admin Code, R 168.48 in the impending November 3, 2026 general election.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Robert Davis prays that this Honorable **GRANTS** Plaintiff's Emergency Motion for TRO and/or Preliminary Injunction under Fed. R. Civ. P. 65 and **ENTERS** an order setting an expedited briefing schedule so that this matter can be scheduled for a hearing on the earliest possible date.

Dated: September 23, 2026 Respectfully submitted,

/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on September 23, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: September 23, 2026 Respectfully submitted,

/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***