**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan,
**JONATHAN BRATER**, in his official and individual capacities as the duly appointed Director of Michigan Bureau Elections,
**MICHIGAN DEMOCRATIC PARTY,**
**GARLIN GILCHRIST, II,** an individual**,**
**ELI SAVIT,** an individual**,**
**WAYNE COUNTY ELECTION COMMISSION**,
and
**BRENDA GREEN**, in her official and individual capacities, as the duly elected City Clerk for the City of Highland Park,
Defendants.

______________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
rcamargo@waynecounty.com

______________________________________/

# PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND/OR PRELIMINARY INJUNCTION UNDER FED. R. CIV. P. 65 WITH RESPECT TO COUNT VIII ONLY OF FIRST-AMENDED VERIFIED COMPLAINT (ECF NO. 20).

**NOW COMES,** Plaintiff, Robert Davis, in his own proper person, and for his Emergency Motion for Temporary Restraining Order (TRO) and/or Preliminary Injunction Under Fed. R. Civ. P. 65 With Respect to Counts VIII ONLY of First-Amended Verified Complaint (ECF No. 20) ("Emergency Motion"), states as follows:

## Concurrence Under E.D.Mich. L.R. 7.1(a)

Prior to filing the instant Emergency Motion, Plaintiff sought concurrence under E.D.Mich. L.R. 7.1(a) from Assistant Wayne County Corporation Counsel Rebecca Camargo, counsel for Defendant Wayne County Election Commission, but concurrence was **DENIED**, necessitating the filing of this Emergency Motion.

## I. Defendant Wayne County Election Commission's Resolution Approved At Its September 8, 2026 Meeting Authorizing The Printing Of Ballots For November 3rd General Election Was Taken In Violation of Mich.Comp.Laws §168.23(1) of Michigan Election Law And Defendant Wayne County Election Commission Had A Clear Legal Duty Under Mich.Comp.Laws §168.689 To Determine Whether Defendants Savit and Gilchrist Were "Properly Certified" Under Mich.Comp.Laws §168.558(4) By Defendant Secretary of State.

Plaintiff seeks the entry of a temporary restraining order (TRO) and/or preliminary injunction under Rule 65 against the Defendant Wayne County Election Commission **ONLY** to enjoin the enforcement of any and all resolutions, actions and votes taken or approved at its September 8, 2026 meeting, including its resolution authorizing the printing of the ballots for the November 3, 2026 general election.

In Count VIII of the First-Amended Verified Complaint (ECF No. 20, ¶¶ 280-329, PageID. 252-265), Plaintiff thoroughly pleads and alleges that the Defendant Wayne County Election violated Plaintiff's procedural due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution. (ECF No. 20, ¶¶ 280-329, PageID. 252-265).

At its September 8, 2026 meeting, the two (2) present members of the Defendant Wayne County Election Commission **violated**

Mich.Comp.Laws §168.23(1) of Michigan Election Law by proceeding with voting to authorize the printing of the ballots for the November 3, 2026 general election **without** having a "***mandatory***" third member as Mich.Comp.Laws §168.23(1) requires. Because the Defendant Wayne County Election Commission **unlawfully** proceeded to vote to authorize the printing of the ballots for the November 3, 2026 general election without having the ***"mandatory"*** third member, any votes cast for the ***"improperly"*** certified nominees of the Defendant Michigan Democratic Party, Defendants Eli Savit and Garlin Gilchrist, may not be counted and/or certified by nonparty Wayne County Board of Canvassers and State Board of Canvassers under Mich.Comp.Laws §168.560 of Michigan Election Law.[1]

Additionally, pursuant to Mich.Comp.Laws §168.689 of Michigan Election Law, the Defendant Wayne County Election Commission had a statutory legal duty to determine whether Defendants Eli Savit and

[1] Mich.Comp.Laws §168.560 of Michigan Election Law provides:

> "**Ballots** ***other than those furnished by the board of election commissioners, according to the provisions of this act, shall not be used, cast, or counted in any election precinct at any election***. The size of all official ballots shall be as the board of election commissioners prescribes." (emphasis supplied).

Garlin Gilchrist were "***properly certified***" under Mich.Comp.Laws §168.558(4) by the Defendant Secretary of State. See *Davis v Wayne County Election Commission*, 349 Mich.App. 355, ____; 28 NW3d 354, 364 (2023); and see also *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986).

"The Supreme Court has made clear that a candidate does not have a fundamental right to appear on the ballot." *Corrigan v City of Newaygo*, 55 F.3d 1211, 1214 (6th Cir. 1995) (citing *Bullock v Carter*, 405 U.S. 134, 142-143 (1972)). For "running for office is not a 'fundamental right'[.]" *Zielasko v State of Ohio*, 873 F.2d 957, 959 (6th Cir. 1989) (quoting *Bullock v Carter*, 405 U.S. 134, 142-143 (1972)). The Michigan Court of Appeals has also recognized and has so held that "there is no constitutional right to vote for an individual who did not meet the eligibility requirements to have their name placed on the ballot." *Barrow v Detroit Election Commission*, 301 Mich.App. 404, 425; 836 NW2d 498, 511 (2013). "Indeed, voters have the right to expect that the candidates appearing on the ballots have met the requirements…." *Id.*

More importantly, with respect to the nomination of Defendants Eli Savit and Garlin Gilchrist by members of the Defendant Michigan

Democratic Party, **"[i]t does not follow, though, that a party is absolutely entitled to have its nominee appear on the ballot as that party's candidate. A particular candidate might be ineligible for office**." *Timmons v Twin Cities Area New Party*, 520 U.S. 351, 359 (1997) (emphasis supplied). "That a particular individual may not appear on the ballot as a particular party's candidate does not severely burden that party's associational rights." *Id*.

As the United States Supreme Court has explained, "[i]t seems to us that limiting the choice of candidates to those who have complied with state election laws requirements is the prototypical example of a regulation that, while it affects the right to vote, is eminently reasonable." *Burdick v Takushi*, 504 U.S. 428, 440 fn. 10 (1992). For "**a state has an interest, if not a duty, to protect the integrity of its political processes from** frivolous ***or fraudulent candidacies***." *Bullock*, 405 U.S. at 145 (emphasis supplied).

**Michigan Election Law Has An Established Procedure To Correct Printed Ballots And For The Replacement of Defendants Savit and Gilchrist As The Nominees of The Defendant Michigan Democratic Party.**

The Michigan Court of Appeals has held that the requirements of Mich.Comp.Laws §168.558 applies to **both primary and general**

**elections**. *Moore v Genesee* Co, 337 Mich App 723, 728-729; 976 NW2d 921 (2021); see also *Kahlilia Davis v Secretary of State*, unpublished order of the Court of Appeals, entered August 22, 2022 (Docket No. 362455). As such, the Defendant Michigan Democratic Party's nominees for Attorney General and Secretary of State, respectively, Defendants Eli Savit and Garlin Gilchrist, who executed affidavits of identity (AOIs) that contained a false statement in violation of Mich.Comp.Laws 168.558(4), **was prohibited from appearing** on the November 3, 2026 general election as the Defendant Michigan Democratic Party's nominees for Attorney General or Secretary of State. Mich.Comp.Laws §168.558(4); Mich Admin Code, R 168.2(4); *Moore*, 337 Mich App at 728-729; see also *Kahlilia Davis v Secretary of State*, unpublished order of the Court of Appeals, entered August 22, 2022 (Docket No. 362455).

Mich.Comp.Laws §168.75 of Michigan Election Law provides the process if a party's nominee for Attorney General or Secretary of State "**become[s] disqualified for any reason**" for the November 3, 2026 general election.

Mich.Comp.Laws §168.75 of Michigan Election Law provides:

> **When a candidate of a political party, after having been nominated to the office of lieutenant governor, secretary of state or attorney general, shall** die, withdraw, remove from the state, ***or become disqualified for any reason***, **the state central committee of such party shall meet forthwith and by a majority vote of the members thereof shall select a candidate to fill the vacancy** thereby caused. The name of the candidate so selected shall be immediately certified by the chairman and the secretary of said committee to the secretary of state and to the board of election commissioners for each county whose duty it is to prepare the official ballots and said board shall cause to be printed or placed upon said ballots, in the proper place, the name of the candidate so selected to fill the vacancy. [emphasis supplied.]

To ensure an orderly and timely process for the Defendant Michigan Democratic Party to select candidates to fill the respective vacancies, **expedited consideration and review is required**!

In support of his Emergency Motion, Plaintiff relies upon the accompanying Brief in Support.

## CONCLUSION

**WHEREFORE**, for foregoing reasons and for the reasons set forth in the accompanying Brief in Support, Plaintiff Robert Davis prays that this Honorable Court **GRANTS** Plaintiff's Emergency Motion for Temporary Restraining Order (TRO) and/or Preliminary

Injunction Under Fed. R. Civ. P. 65 against the Defendant Wayne County Election Commission with respect to Count VIII ONLY of the First-Amended Verified Complaint, and **ENTERS** an order setting an expedited briefing schedule so that this matter can be scheduled for a hearing on the earliest possible date due to the impending November 3, 2026 general election.

Dated: September 25, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**CERTIFICATE OF SERVICE**

I, ROBERT DAVIS, certify that on September 25, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: September 25, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118