**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 2:26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.

______________________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________________/

# BRIEF IN SUPPORT PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER (TRO) AND/OR PRELIMINARY INJUNCTION UNDER FED. R. CIV. P. 65 WITH RESPECT TO COUNT VIII OF FIRST-AMENDED VERIFIED COMPLAINT (ECF NO. 20).

## TABLE OF CONTENTS

**STATEMENT OF ISSUES/QUESTIONS PRESENTED**.................3

**CONTROLLING MOST APPROPRIATE LEGAL AUTHORITY**....4

**INDEX OF AUTHORITIES**......................................................5-7

**ARGUMENTS**.........................................................,,,8-31

**CONCLUSION**............................................................32

**CERTIFICATE OF SERVICE**.............................................32

## STATEMENT OF ISSUES/QUESTIONS PRESENTED

I. Did Defendant Wayne County Election Commission violate Plaintiff's procedural due process rights?

Plaintiff Answers: YES
Defendant Wayne Co. Election Commission Answers: NO

II. Should the Court set an expedited briefing and hearing schedule for this election-related matter?

Plaintiff Answers: YES
Defendant Wayne Co. Election Commission Answers: N/A

## CONTROLLING AND MOST APPROPRIATE LEGAL AUTHORITY

- *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 890 (2016) ("[W]e hold that the public has a clear legal right in the due enforcement of MCL 168.558 against [challenged candidates]. We further hold that, as an elector, plaintiff is entitled in this case to vindicate the public's clear legal right.")

- *Davis v Wayne County Election Commission*, 349 Mich.App. 355. ___; 28 NW3d 354, 364 (2023) (emphasis supplied) ("As a general premise, it is true that MCL 168.689 authorizes, indeed requires, the Commission to do what the statute states: to 'prepare the official ballots for use' in Wayne County and to 'have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners' for 'use at any state, district or county election held therein....'")

- *Daily Services, LLC v Valentino*, 756 F.3d 893, 904 (6th Cir. 2014) ("To establish a procedural due process claim, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights.")

- *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)("the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property.")

---

## INDEX OF AUTHORITIES

*A & W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022)……………………………………………………12

*ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016)……………………………………………………………12,13

*ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003)………………………………………………………………………41

*Anders v Cuevas*, 984 F.3d 1166, 1179 (6th Cir. 2021)………….33,34,37

*Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II*)…………………………………………………24,25

*Bench Billboard v City of Cincinnati,* 675 F.3d 974 (6th Cir. 2012)……37

*Berry v Garrett*,316 Mich.App. 37; 890 NW2d 882 (2016)... 4,17,18,19,23, 24

*Board of Regents of State Colls. v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)……………………………………………16,17

*Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009)………………………………………………………………………10

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007)…………………………………12,13,41

*Cleveland Board of Education* v. *Loudermill,* 470 U. S. 532 (1985)…15

*Daily Services, LLC v Valentino*, 756 F.3d 893 (6th Cir. 2014)…..4,14,15

*Davis v Wayne County Election Commission*, 349 Mich.App. 355; 28 NW3d 354 (2023)……………………………………………………4,24,25

*Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001)…………………………………………………………42

*Dellinger v Bessent*, No. 25-5028, 2025 WL 559669, at *3 (D.C. Cir. Feb. 15, 2025)……………………………………………………………………..13

*EJS Props., LLC v. City of Toledo,* 698 F.3d 845 (6th Cir.2012)….14,16

*Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 605, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)…………………………………………………………33

*Fields v Henry County, Tenn.*, 701 F.3d 180, 186 (6th Cir. 2012)….19,20

*Fradco, Inc. v. Dep't of Treasury,* 495 Mich. 104, 114, 845 N.W.2d 81 (2014)…………………………………………………………………………22

*G&V Lounge, Inc. v. Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994)…………………………………………………………42

*Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996)………..13

*Heyne v Metro Nashville Pub. Sch.,* 655 F.3d 556, 566 (2011)………...31

*Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012)….34,38

*Mikel v Quin*, 58 F.4th 252, 261 (6th Cir. 2023)………………………18,19

*Obama for America v Husted*, 697 F.3d 423 (6th Cir. 2012)…….13,41,42

*People v. Francisco,* 474 Mich. 82, 87, 711 N.W.2d 44 (2006)…………22

*Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417 (6th Cir. 2000)……..10

*Procter & Gamble v. Bankers Tr. Co.*, 78 F.3d 219 (6th Cir.1996)…11,12

*Purcell v. Gonzalez,* 549 U.S. 1, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006)..42,43

*Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986)……………………………..26,27,28,29,30

*Tony L. By & Through Simpson v Childers,* 71 F.3d 1182, 1185 (6th Cir. 1995)…………………………………………………………………18,19

*TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.,* 430 F.3d 783, 788 (6th Cir. 2005)………………………………………………………..32,33

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)……………………………………………………13

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)……………………………………………………33

*Vitolo v Guzman*, 999 F.3d 353, 360 (6th Cir. 2021)…………………..42

*Warren v. City of Athens, Ohio,* 411 F.3d 697 (6th Cir.2005)……..15,33

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 22 (2008)……………12

*Withrow v Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)..31

*Wojcik v City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001)………..15,16

*Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)……………………………………………………………4,15

**STATE STATUTES**

Mich.Comp.Laws §168.23(1)……………………………………IN PASSIM

Mich.Comp.Laws §168.558(4)……………………………..………IN PASSIM

Mich.Comp.Laws §168.567………………………………………...23,24,25

Mich.Comp.Laws §168.689………………………………………24,25,26

**FEDERAL RULES/STATUTES**

FED.R.CIV.P. 65……………………………….………………IN PASSIM

**FEDERAL CONSTITUTION**

Due Process 14th Amendment………………..……………IN PASSIM

Equal Protection 14th Amendment……………………………IN PASSIM

# ARGUMENTS

## I. Temporary Restraining Order (TRO) and/or Preliminary Injunction Should Issue Enjoining The Enforcement of Defendant Wayne County Election Commission's Resolutions Approved At Its September 8, 2026 Meeting Approving List of Candidates "Certified" By Defendant Secretary of State and Authorizing The Printing Of Ballots For November 3rd General Election.

Both temporary restraining orders (TROs) and preliminary injunctions are governed by Federal Rule Civil Procedure 65. Indeed, before courts can even consider the merits, Plaintiff must comply with two procedural requirements imposed by Fed. R. Civ. P. 65. First, the Plaintiff must "clearly show" through "specific facts in an affidavit *or verified complaint*" that he will suffer immediate and irreparable injury, loss, or damage before the nonmovant can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A). Second, the Plaintiff must "certify[] in writing any efforts made" to notify the nonmovant "and the reasons why [such notice] should not be required." Fed. R. Civ. P. 65(b)(1)(B); *see also* E.D. Mich. LR 65.1. Plaintiff has clearly satisfied these two procedural requirements.

Because Plaintiff has satisfied these two procedural requirements, this Court must then turn to the merits. "[T]he purpose of a [temporary restraining order] under Rule 65 is to preserve the *status quo* so that a

reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). In determining whether to issue a TRO or preliminary injunction, this Court must consider the following four factors:

> (1) whether the movant has a strong likelihood of success on the merits,
>
> (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief,
>
> (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and
>
> (4) whether the public interest would be served by granting the preliminary injunctive relief.

*A & W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). It is well-settled that the Plaintiff must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 22 (2008).

"The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis,

however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016); *see also Dellinger v Bessent*, No. 25-5028, 2025 WL 559669, at *3 (D.C. Cir. Feb. 15, 2025) ("The standard for obtaining either a TRO or a preliminary injunction is identical.").

Courts are generally required to balance these four factors, and none of the factors, standing alone, is a prerequisite to relief. *Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996). However, "[w]hen a party seeks a preliminary injunction on the basis of a potential constitutional violation, 'the likelihood of success on the merits often will be the determinative factor.'" *Obama for America v Husted*, 697 F.3d 423, 436 (6th Cir. 2012) (quoting *Jones v. Caruso,* 569 F.3d 258, 265 (6th Cir.2009)).

Of note, "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Moreover, a party "is not required to prove his case in full" to obtain a TRO or preliminary injunction. *Certified*

*Restoration Dry Cleaning Network, LLC v Tenke Corp*., 511 F.3d 535, 543 (6th Cir. 2007).

**A. Likelihood of Success On The Merits**

For the reasons stated below, Plaintiff has a "strong likelihood" to succeed on the merits with respect to his federal due process and equal protection claims as pled and alleged in Counts VIII of the First-Amended Verified Complaint against Defendant Wayne Count Election Commission. (ECF No. 20, ¶¶ 280-357, PageID. 252-273).

**1. Procedural Due Process Claim (Count VIII).**

States may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. This clause has a procedural component, which "is traditionally viewed as the requirement that the government provide a 'fair procedure' when depriving someone of life, liberty, or property." *EJS Props., LLC v. City of Toledo,* 698 F.3d 845, 855 (6th Cir.2012) (quoting *Collins v. City of Harker Heights,* 503 U.S. 115, 125, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992)).

"To establish a procedural due process claim, a plaintiff must show that (1) it had a life, liberty, or property interest protected by the

Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights." *Daily Services, LLC v Valentino,* 756 F.3d 893, 904 (6th Cir. 2014) (citing *Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595, 611 (6th Cir.2006)).

"Procedural due process generally requires that the state provide a person with notice and an opportunity to be heard ***before*** depriving that person of a property or liberty interest." *Warren v. City of Athens, Ohio,* 411 F.3d 697, 708 (6th Cir.2005) (emphasis supplied); see also *Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) ("[T]he Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property."). "'[T]he root requirement' of the Due Process Clause" is "'that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.'" *Cleveland Board of Education* v. *Loudermill,* 470 U. S. 532, 542 (1985) (quoting *Boddie* v. *Connecticut,* 401 U. S. 371, 379 (1971)) (emphasis in original).

"Procedural and substantive due process claims are examined under a two-part analysis. First, the Court must determine whether the interest at stake is a protected liberty or property interest under the

Fourteenth Amendment." *Wojcik v City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001) (citing *Matthews v Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). "Only after identifying such a right do we continue to consider whether the deprivation of that interest contravened the notions of due process." *Id.* (citations omitted).

**Protected Property Interests**

"Whether a person has a 'property' interest is traditionally a question of state law." *EJS Properties, LLC v City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 430, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ("The hallmark of property ... is an individual entitlement grounded in state law."). Property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colls. v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Thus, "[t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.

He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id*.

Here, under Michigan law, Plaintiff, as a duly qualified and registered voter of the County of Wayne and State of Michigan, has a protected "property" interest in the proper enforcement of Mich.Comp.Laws §168.558(4) of Michigan Election with respect to the "proper" certification of candidates for public office by both the Defendants Secretary of State and Wayne County Election Commission. *See Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 899-890 (2016)

Mich.Comp.Laws 168.558(4) of Michigan Election Law states, in pertinent part:

> (4) **An affidavit of identity must include a signed and notarized statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, have been filed or paid**; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both.
>
> ******
>
> **An officer *shall not certify* to the board of election commissioners** the name of a candidate who fails to comply with

this section, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section***. [emphasis supplied.]

As the Michigan Court of Appeals so held in *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 890 (2016): "**[W]e hold that the public has a clear legal right in the due enforcement of MCL 168.558** against [challenged candidates]. **We further hold that, as an elector, plaintiff is entitled in this case to vindicate the public's clear legal right**." (emphasis supplied).

Therefore, per the Michigan Court of Appeals' holding in *Berry, supra*, under Michigan law, Plaintiff, as a registered elector, has a protected "property" interest and "***clear legal right in the due enforcement of MCL 168.558***" and as a registered elector, Plaintiff "***is entitled in this case to vindicate the public's clear legal right***." *Berry*, 316 Mich.App. at____; 890 NW2d at 890 (emphasis supplied).

**State-Created Liberty Interests Under Mich.Comp.Laws §168.23(1) of Michigan Election Law.**

"State-created liberty interests arise when a state places 'substantive limitations on official discretion.'" *Tony L. By & Through Simpson v Childers,* 71 F.3d 1182, 1185 (6th Cir. 1995) (quoting *Olim v Wakinekona*, 461 U.S. 238, 249 (1983)). "A statute places substantive

limits on official discretion when it (1) contains mandatory language (2) requiring specific substantive outcomes (3) when specific substantive predicates are met." *Mikel v Quin*, 58 F.4th 252, 261 (6th Cir. 2023) (citing *Fields v Henry County, Tenn.*, 701 F.3d 180, 186 (6th Cir. 2012)). "Procedural rights that 'do not require a particular substantive outcome' cannot give rise to protected liberty interests." *Fields*, F.3d at 186 (quoting *Gibson v McMurray*, 159 F.3d 230, 233 (6th Cir. 1998)).

Here, Mich.Comp.Laws §168.23(1) of Michigan Election Law creates protected liberty interests because it places substantive limitations on official discretion and conduct of members of the Defendant Wayne County Election Commission by using explicitly mandatory language in connection with requiring specific substantive outcomes when specific substantive predicates are met. *Mikel*, 58 F.4th at 261.

Mich.Comp.Laws §168.23(1) of Michigan Election Law provides:

> (1) The chief or only judge of probate of the county or probate court district, the county clerk, and the county treasurer shall constitute a board of county election commissioners for each county. The chief or only judge of probate of the county or probate court district and the county clerk shall act respectively as chairperson and secretary of the board. In the absence or disqualification of the county clerk from any meeting of the board of county election commissioners, the

> board may select 1 of the county clerk's deputies to act in the county clerk's place. **In the absence or disqualification of any member of the board of county election commissioners *other than the county clerk*, the members of the board who are present *shall appoint* the *county prosecuting attorney, county sheriff, or register of deeds in the absent or disqualified member's place*, *and the appointed county officer, on being notified, shall attend without delay and act as a member of the board*.** [emphasis supplied.]

On September 6, 2026, Plaintiff, as a duly registered and qualified voter of the County of Wayne, State of Michigan, sent an "urgent" written communication to the Defendant Wayne County Election Commission requesting permission to be placed on its September 8, 2026 meeting agenda to present his challenge and objections to the "improper" certification of Eli Savit and Garlin Gilchrist as the Democratic nominees for Attorney General and Secretary of State, respectively. (**See Plaintiff's September 6, 2026 email to Defendant Wayne County Election Commission attached**). (ECF No. 20, ¶282, PageID. 252).

On September 8, 2026 at approx. 9:32 a.m., Wayne County Elections Director Greg Mahar sent Plaintiff a reply email informing the Plaintiff that Plaintiff's request would be presented to the members of the Defendant Wayne County Election Commission at its 11 a.m.

meeting scheduled for later that morning. (ECF No. 20, ¶283, PageID. 252-253). Plaintiff appeared virtually at the Defendant Wayne County Election Commission's September 8, 2026 meeting. At the outset, Plaintiff noticed that only two (2) of three members of the Defendant Wayne County Election Commission were present. (ECF No. 20, ¶284, PageID. 253).

Specifically, the Chairman, Wayne County Probate Chief Judge Hon. David Braxton was **ABSENT**. No explanation was provided on the record as the reason for Judge Braxton's absence from the meeting. (**See Proposed Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting**). (ECF No. 20, ¶285, PageID. 253). In his absence, Wayne County Treasurer Eric Sabree presided over the meeting as the Chairman. Notably, however, the two (2) members of the Defendant Wayne County Election Commission that were present did NOT vote appoint a replacement for the Chairman Judge David Braxton as required under Mich.Comp.Laws §168.23. (**See Draft Minutes from Defendant Wayne County Election Commission's September 8, 2026 meeting attached**). (ECF No. 20, ¶¶ 286-287, PageID. 253).

The plain and unambiguous language of Mich.Comp.Laws §168.23(1) required and mandated the two (2) present members of the Defendant Wayne County Election Commission—Wayne County Clerk and Wayne County Treasurer—to appoint either the Wayne County Prosecutor, Register of Deeds or Sheriff to replace its absent Chairman, Judge Braxton. Mich.Comp.Laws §168.23(1) also required and mandated "the appointed county officer, **on being notified, *shall attend without delay and act as a member of the board***."

Mich.Comp.Laws §168.23(1) of Michigan Election Law uses the mandatory term "shall". "'Shall' is a mandatory term, not a permissive one." *People v. Francisco,* 474 Mich. 82, 87, 711 N.W.2d 44 (2006); see also *Fradco, Inc. v. Dep't of Treasury,* 495 Mich. 104, 114, 845 N.W.2d 81 (2014) ("The Legislature's use of the word 'shall' ... indicates a mandatory and imperative directive.");

Therefore, the plain and unambiguous language of Mich.Comp.Laws §168.23(1) requires three (3) members and **NOT** just two (2) members of the Defendant Wayne County Election Commission to be present in order to transact business the Defendant Wayne

County Election Commission is authorized to transact under the Michigan Election Law.

**State-Created Liberty Interests Under Mich.Comp.Laws §§ 168.567 and 168.689 of Michigan Election Law.**

Mich.Comp.Laws §168.567 and Mich.Comp.Laws §168.689 of Michigan Election Law establish state-created liberty interests as well.

Mich.Comp.Laws §168.567 provides:

> "The boards of election commissioners ***shall correct such errors as may be found in said ballots,*** and a copy of such corrected ballots shall be sent to the secretary of state by the county clerk." [emphasis supplied.]

The Defendant Wayne County Election Commission has a clear statutory legal duty under Mich.Comp.Laws §168.567 of Michigan Election Law to "*correct such errors*" that may be found on printed ballots. See *Berry v Garrett*, 316 Mich.App. 37, ____; 890 NW2d 882, 886-887 (2016) ("Finally, **§ 567 demonstrates that, because the Wayne County defendants failed to perform their clear legal duty under § 558(4)**, ***they now have a clear legal duty to 'correct'; such errors as may be found in the resulting, improper ballots***."). The ballots for the November 3, 2026 general election have been printed and disseminated to the local city and township clerks to issue to

overseas military personnel. (ECF No. 20, ¶¶304-305, PageID. 258). Therefore, any "errors" that may be found will result in the ballots having to be reprinted by the Defendant Wayne County Election Commission. *Berry*, 316 Mich.App. at ____; 890 NW2d at 886-887.

Mich.Comp.Laws §168.689 further provides, in relevant part:

> "The board of election commissioners of each county ***shall prepare the official ballots for use at any state***, district or county ***election held therein***, and shall have printed a sufficient number of ballots ***containing the names of all candidates properly certified to said board of election commissioners***…" [emphasis supplied.]

Pursuant to Mich.Comp.Law §168.689, the various county boards of election commission are charged with the statutory duty of approving and authorizing the printing of the ballots for the November 3, 2026 general election and **NOT** the Defendant Secretary of State. See *Davis v Wayne County Election Commission*, 349 Mich.App. 355,___; 28 NW3d 354, 364 (2023) ("As a general premise, it is true that MCL 168.689 authorizes, indeed requires, the Commission to do what the statute states: to 'prepare the official ballots for use' in Wayne County and to 'have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners' for 'use at any state, district or county election held therein....'"); see also

*Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II*) ("It is well established that it is the province of the election commission, not the city clerk, to approve and furnish the ballots to be used in an election.").

The task of preparing and printing ballots for any **state,** district, or county election falls on county election commissions, like the Defendant Wayne County Election Commission, pursuant to Mich.Comp.Laws §168.689, which provides:

> **The board of election commissioners of each county *shall* prepare the official ballots for use at any state, district or county election held therein, *and shall have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners***, and ballots for all proposed constitutional amendments or other questions to be submitted at such election to supply each election precinct in such county with a sufficient number for such precinct, and not less than 25% more than the total number of votes cast therein at the corresponding election held 4 years previous for the office which received the greatest number of votes. [emphasis supplied.]

Pursuant to MCL 168.714 of Michigan Election Law, **September 19, 2026 was the deadline** for county clerks to deliver absent voter ballots for November General Election to local clerks. (**See Secretary of State's Election Manual for November 3, 2026 General Election attached**). (ECF No. 20, ¶304, PageID. 258). Pursuant to

MCL 168.759a and Mich.Const.1963, art. II, 4, **September 19, 2026 was the deadline** for local city and township clerks to electronically transmit or mail (as requested) an absent voter ballot to each absent military or overseas voter who applied for an absent voter ballot 45 days or more before the election (MOVE deadline). (**See Secretary of State's Election Manual for November 3, 2026 General Election attached**). (ECF No. 20, ¶305, PageID. 258).

The Michigan Court of Appeals previously addressed the meaning of the phrase ***"properly certified"*** and whether it permits a county election commission to make an independent determination regarding whether a ballot question or candidate was ***"properly"*** certified. See *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986).

In *Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986), the question was whether resolutions adopted by the Detroit City Council and certified for inclusion on an upcoming election ballot by the city clerk would appear on the ballot. The questions certified by the city clerk were advisory questions (i.e., questions asking the voters for advice about how the city

council should proceed in certain matters). *Id*. at 374-376. On the advice of counsel, the Wayne County Election Commission refused to place those questions on the ballot, believing that there was “no constitutional or statutory authority for placing the resolutions on the state general election ballot.” *Id.* at 376. The first question the Court of Appeals answered was whether the Commission had authority to refuse to place on the ballot an item that had been certified by the official authorized to make that certification. *Id.*

The Michigan Court of Appeals examined Mich.Comp.Laws §168.689, and in particular the phrase “***properly certified***,” to conclude that the Wayne County Board of Election Commissioners had the authority to determine not only whether a candidate, constitutional amendment, or ballot question had been certified, but also whether any of those had been properly certified. *Id*. at 377-378.

“Accordingly, where it is apparent to the board of county election commissioners that the question is not entitled to placement on the ballot, it may refuse to place it thereon and leave the certifying body to its legal recourse. We interpret ‘properly’ in this context to mean that the election commissioners are required to determine that, on its face,

the question is entitled to placement on the ballot." *Id.* at 378. The second question addressed by the Court of Appeals was whether the advisory questions were, in fact, entitled to placement on the ballot. The Court of Appeals held that the questions posed were clearly advisory. Id. at 378. And "they are advisory questions in the areas of federal military intervention in Central American and federal military spending, with respect to which the city council has no power to act officially." *Id.* at 378-379.

The Michigan Court of Appeals explained that, while no constitutional or statutory authority explicitly prohibited advisory questions, nothing in the relevant statutes represented the Legislature's authorization "to spend public funds in a straw vote in an area entirely outside the powers of the city council . . . ." *Id.* at 382. While an advisory question concerning an area in which the city council had authority to act might be proper, advisory questions concerning topics that clearly fell outside the scope of the city council's powers were not. *Id.* at 382-384. Thus, while advisory questions might be properly placed on the ballot as a general matter, the particular questions at issue could not be placed on the ballot. *Id.* at 384.

Pursuant to *Southeastern Mich Fair Budget Coalition*, the duty of the Defendant Election Commission at issue here is to "determine that, on its face, the [candidate] is entitled to placement on the ballot." *Southeastern Mich Fair Budget Coalition*, 153 Mich App at 378. The Michigan Court of Appeals has implied that a "facial" review amounts to a ministerial review. See *Berry v Garrett*, 316 Mich App 37, 45; 890 NW2d 882 (2016) ("Rather, by doing nothing more than the ministerial task of completing a facial review of the affidavits [of identity], defendants would undertake to perform their clear legal duty under [MCL 168.558(4)] to 'not certify to the board of election commissioners the name of a candidate who [had] fail[ed] to comply' with [MCL 168.558(2)].") (third and fourth alterations in original).

And in *Southeastern Mich Fair Budget Coalition*, the review at issue was a purely legal matter concerning the scope of the city council's authority. *Southeastern Mich Fair Budget Coalition*, 153 Mich App at 382-384. A facial review of the relevant campaign finance documents, specifically Plaintiff's two (2) sworn complaints timely filed on September 1, 2026 with the Defendant Secretary of State under Mich Admin Code, R 168.5 challenging the validity of Defendants Eli Savit's

and Garlin Gilchrist's affidavits of identity, clearly reveals and shows Defendant Michigan Democratic Party's nominees Defendants Eli Savit and Garlin Gilchrist filed **false** affidavits of identity in violation of Mich.Comp.Laws §168.558(4); and thus, they should **not** have been certified, authorized or approved by the Defendant Wayne County Election Commission to appear on the November 3, 2026 general election ballot.

Additionally, Plaintiff is supporting other candidates for Attorney General and Secretary of State and Plaintiff's preferred candidates of choice would lose votes if Defendants Eli Savit and Garlin Gilchrist were allowed to remain on  the November 3, 2026 general election ballot in Wayne County as the democratic party nominees for Attorney General and Secretary of State. (ECF No. 20, ¶318, PageID. 262). Plaintiff will suffer irreparable harm as this would result in a loss of votes for Plaintiff's preferred candidates of choice. *See Lostracco v Fox*, 150 Mich.App. 617, ; 389 NW2d 446 (1986) ("the injury — the loss of votes for plaintiff's candidate in the election — would have been irreparable and permanent."). (ECF No. 20, ¶319, PageID. 262).

## Biased Decisionmakers

"**Procedural due process is *not satisfied*** when a person has a protected interest under the Due Process Clause and ***the individual responsible for deciding whether to deprive that person if his interest is biased***." *Heyne v Metro Nashville Pub. Sch.,* 655 F.3d 556, 566 (2011) (emphasis supplied). "[**A] biased decisionmaker [is] constitutionally unacceptable**." *Withrow v Larkin*, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) (emphasis supplied).

The Wayne County Clerk and Wayne County Treasurer as voting members of the Defendant Wayne County Election Commission are **BIASED** decisionmakers because they both are members and elected board members and/or officers of the Defendant Michigan Democratic Party. (ECF No. 20, ¶320, PageID. 262).

The Wayne County Clerk and Wayne County Treasurer as voting members of the Defendant Wayne County Election Commission are also **BIASED** decisionmakers because they both have publicly endorsed Defendants Eli Savit and Garlin Gilchrist as the Defendant Michigan Democratic Party's nominees for Attorney General and Secretary of State, respectively. (ECF No. 20, ¶321, PageID. 262).

In fact, at the September 8, 2026 meeting of the Defendant Wayne County Election Commission, Plaintiff requested, on the record, that both the Wayne County Clerk and Wayne County Treasurer recuse themselves from voting on any matters at the September 8, 2026 meeting because of the apparent conflict of interest that exists as a result of both of them being elected board members and/or officers of the Defendant Michigan Democratic Party. (ECF No. 20, ¶322, PageID. 262-263). However, the Wayne County Clerk and Wayne County Treasurer dismissed and denied Plaintiff's request for them to recuse themselves. (ECF No. 20, ¶323, PageID. 263).

**B. Irreparable Injury**

Plaintiff will suffer irreparable injury if a TRO and/or preliminary injunction is not issued by this Honorable Court because Defendant Wayne County Election Commission's unlawful actions have violated Plaintiff's procedural due process and equal protection rights as afforded and guaranteed under the Fourteenth Amendment of the U.S. Constitution.

"A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages."

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.,* 511 F.3d 535, 550 (6th Cir.2007). However, "when reviewing a motion for a preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a finding of irreparable injury is mandated[.]" *ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003). "When constitutional rights are threatened or impaired, irreparable injury is presumed." *Obama for America*, 697 F.3d at 436.

Accordingly, because Plaintiff's procedural due process and equal protection constitutional rights have been implicated and violated by the Defendant Wayne County Election Commission, Plaintiff has proven irreparable harm. *Obama for America*, 697 F.3d at 436.

**C. Substantial Harm To Others**

On the issue of harm to others, when a plaintiff demonstrates "a substantial likelihood that a challenged law is unconstitutional, no substantial harm can be said to inhere in its enjoinment." *Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001) (citation omitted). Stated differently, "no cognizable harm results from stopping unconstitutional conduct." *Vitolo v Guzman*, 999 F.3d

353, 360 (6th Cir. 2021). Thus, Plaintiff satisfies this requirement for a preliminary injunction.

**D. Public Interest Being Served**

As to the final factor, "[i]t is always in the public interest to prevent a violation of a party's constitutional rights." *G&V Lounge, Inc. v. Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994) (*citing Gannett Co., Inc. v. DePasquale,* 443 U.S. 368, 383 (1979). The public has a "strong interest in exercising the `fundamental political right' to vote." *Purcell v. Gonzalez,* 549 U.S. 1, 4, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006) (quoting *Dunn,* 405 U.S. at 336, 92 S.Ct. 995). "That interest is best served by favoring enfranchisement and ensuring that qualified voters' exercise of their right to vote is successful." *Hunter,* 635 F.3d at 244.

Therefore, the public interest favors the enjoining of the enforcement of any and all resolutions approved by the two (2) members of the Defendant Wayne County Election Commission at the Defendant Wayne County Election Commission's September 8, 2026 meeting.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Robert Davis prays that this Honorable **GRANTS** Plaintiff's Emergency Motion for TRO and/or Preliminary Injunction under Fed. R. Civ. P. 65 against the Defendant Wayne County Election Commission enjoining the enforcement of any and all resolutions approved by the two (2) members of the Defendant Wayne County Election Commission at the Defendant Wayne County Election Commission's September 8, 2026 meeting, and **ENTERS** an order setting an expedited briefing schedule so that this matter can be scheduled for a hearing on the earliest possible date.

Dated: September 25, 2026 Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on September 25, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: September 25, 2026 Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***