STATE OF MICHIGAN
SECRETARY OF STATE

*In re:* **Robert Davis' Sworn Complaint Challenging Validity of Affidavit of Identity Filed On August 31, 2026 By Eli Savit, Democratic Party Nominee for Attorney General, To Qualify for November 3, 2026 General Election Ballot.**

_______________________________________________/

ROBERT DAVIS
Complainant
180 Eason
Highland Park, MI 48203
Davisrobert854@gmail.com

_______________________________________________/

**SWORN COMPLAINT OF ROBERT DAVIS CHALLENGING VALIDITY OF AFFIDAVIT OF IDENTITY FILED ON AUGUST 31 2026 BY ELI SAVIT, DEMOCRATIC PARTY NOMINEE FOR ATTORNEY GENERAL.**

**ROBERT DAVIS**, a natural person, being first duly sworn and deposed, and under the penalty of perjury states the following:

1. That I am the complainant in the above-entitled matter.
2. That I have first-hand knowledge as to the facts stated, pled and alleged herein.
3. That I am a qualified and registered voter of the city of Highland Park, County of Wayne, State of Michigan.
4. That I am currently a registered member of the Michigan Democratic Party.

5. That I was attended and was physically present at the Michigan Democratic Party's August 29, 2026 Fall State Nominating Convention held in Lansing, MI at the Lansing Convention Center.

6. That at the Michigan Democratic Party's August 29, 2026 Fall State Nominating Convention, I openly and vocally voted **"NAY"** in opposition to the nomination of Eli Savit as the Michigan Democratic Party's nominee for Attorney General.

7. That effective June 8, 2026, Mich Admin Code, R 168.1 through 168.6 governs challenges to candidates' affidavits of identity. (**See Secretary of State's Promulgated Rules, Mich Admin Code, R 168.1 through R 168.6, as amended effective June 8, 2026 attached**).

8. Thus, this sworn complaint challenging the validity of Eli Savit's affidavit of identity filed with the Secretary of State on August 31, 2026, is governed by Mich Admin Code, R 168.1 through R 168.6, as amended effective June 8, 2026.

9. This sworn complaint challenging the validity of Eli Savit's affidavit of identity filed with the Secretary of State on August 31, 2026 has been properly sworn before a notary public and timely filed in accordance with pursuant to R 168.5, as amended effective June 8, 2026.

## SECRETARY OF STATE HAS STATUTORY LEGAL DUTY UNDER R 168.2(3) TO COMPARE STATEMENTS IN AN AFFIDAVIT OF IDENTITY TO CAMPAIGN FINANCE RECORDS MAINTAINED BY SECRETARY OF STATE AND COUNTY CLERKS *BEFORE* CERTIFYING A CANDIDATE.

10. Mich Admin Code, R 168.2(3) provides:

> (3) The filing official shall examine the campaign finance records of the secretary of state and county clerk for any county in which the candidate previously sought nomination or election, if applicable, to determine whether the candidate made a false statement in the affidavit of identity.

11. Recently, the Michigan Court of Appeals had an opportunity to analyze and interpret Mich Admin Code, R 168.2(3) and MCL 168.558. In *Wilcoxon v Garrett*, unpublished per curiam opinion of Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at 5, the Court of Appeals held: "**Rule 168.2(3) now expressly requires that an officer *must* compare statements in an affidavit of identity to campaign records for state and county *before* certifying a candidate**[.]" (emphasis supplied).

12. The Court of Appeals in *Wilcoxon, supra,* further held: "**Amendments have been made to both MCL 168.558(4) and Rule 168.2(3) to require that officials check state and county records to ensure that a candidate has made accurate statements in the affidavit.**" *Wilcoxon*, slip op 5 (emphasis supplied).

13. Pursuant to MCL of 168.558(1) of Michigan Election Law, a political party's nominee for Attorney General must file their affidavit of

identity with the Secretary of State "within 1 business day after being nominated" at the party's fall state convention. See *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 24, 2026 (Docket No. 382032); slip op pp 6-8.

14. Therefore, under R 168.2(3), the Secretary of State, as the filing official that is responsible for accepting a political party's nominee for Attorney General's affidavit of identity is required to "**perform some investigation into the status of each candidate's campaign finance records history *before* certifying that candidate's name to appear on a ballot**." *Wilcoxon*, slip op at p 6 (emphasis supplied).

## ELI SAVIT, DEMOCRATIC NOMINEE FOR ATTORNEY GENERAL, FILED A FALSE AFFIDAVIT OF IDENTITY ON AUGUST 31, 2026 BECAUSE AS OF AUGUST 31, 2026, ALL CAMPAIGN FINANCE STATEMENTS OR REPORTS "REQUIRED OF" ELI SAVIT OR A CANDIDATE COMMITTEE ORGANIZED FOR THE BENEFIT OF HIS ELECTION TO OFFICE WERE NOT FILED.

15. "The filing of certain documents—including AOIs—is governed by MCL 168.558." *Reed-Pratt v Detroit City Clerk*, 339 Mich.App. 510,__; 984 NW2d 794, 797-798 (2021), quoting *Nykoriak v. Napoleon,* 334 Mich.App. 370, 375-377, 964 N.W.2d 895 (2020).

16. "The failure to supply a facially proper affidavit of identity (AOI), i.e., an affidavit that conforms to the requirements of the Election Law, is a ground to disqualify a candidate from inclusion on the ballot." *Stumbo v. Roe,* 332 Mich.App. 479, 481; 957 N.W.2d 830 (2020).

17. Moreover, "[c]andidates are required to strictly comply with MCL 168.558." *Reed-Pratt v Detroit City Clerk*, 339 Mich.App. 510,__; 984 NW2d 794, 798 (2021), citing *Nykoriak,* 334 Mich.App. at 377, 964 N.W.2d 895.

18. "[I]f a candidacy applicant has failed to comply with the statutory requirements, the election officials have a clear legal duty not to certify the applicant." *Moore v Genesee County*, 337 Mich.App. 723, ___; 976 NW2d 921, 927 (2021).

19. According to the Secretary of State's public website that contains an up-to-date listing of candidates who are being recommended to be certified to appear on the November 3, 2026 general election ballot, **on August 31, 2026**, pursuant to MCL 168.558(1) of Michigan Election Law, Eli Savit filed his affidavit of identity with the Secretary of State to qualify for Attorney General.[1]

20. Pursuant to MCL 168.558(4) of Michigan Election Law, provides in relevant part:

> (4) **An affidavit of identity must include a signed and notarized statement *that as of the date of the affidavit, all statements, reports,* late filing fees, and fines *required of the candidate or any candidate committee organized to support the candidate's election* under the Michigan campaign finance act, 1976 PA 388, MCL 169.201 to 169.282, *have been filed* or paid**; .... **An officer shall not**

[1] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboePublicReport&electionType=GEN&electionYear=2026 (last accessed on September 1, 2026 at 3:22 a.m.)

> **certify to the board of election commissioners the name of a candidate** who fails to comply with this section, ***or the name of a candidate who executes an affidavit of identity that contains a false statement with regard to any information or statement required under this section.*** [emphasis supplied].

21. A review of the Washtenaw County Clerk's campaign finance database and the Secretary of State campaign finance database has revealed that as of August 31, 2026, Eli Savit's candidate committees organized for his election as Washtenaw County Prosecutor and for his election for Michigan Attorney General have outstanding campaign finance reports that are required under the Michigan Campaign Finance Act (MCFA).

**The Friends of Eli Savit Candidate Committee Failed To File Required Campaign Finance Reports With Washtenaw County Clerk As Of August 31, 2026.**

22. According to the Washtenaw County Clerk's campaign finance database, on May 20, 2019, Eli Savit filed a Statement of Organization for The Friends of Eli Savit Candidate Committee, which was organized for the purpose of supporting Eli Savit's election as the Washtenaw County Prosecutor.[2] (**See Statement of Organization for Friends of Eli Savit attached**).

---

[2] See https://campaignfinance.us/washtenaw.mi/iDocuments.php?iCommitteeID=2419&cmdOk=View+Campaign+Statements (last accessed on September 1, 2026 at 3:34 a.m.)

23. In November 2019, Eli Savit was elected the Washtenaw County Prosecutor. The Friends of Eli Savit Candidate Committee, to date, remains **ACTIVE**.[3]

24. According to the Washtenaw County Clerk's campaign finance database, on July 25, 2025, the Friends of Eli Savit Candidate Committee timely filed its July 2025 Campaign Statement.[4] (**See Friends of Eli Savit Candidate Committee's July 2025 Campaign Statement attachment**).

25. The Friends of Eli Savit Candidate Committee's July 2025 Campaign Finance Statement reported having **an ending balance of $372.55**.[5] (**See Friends of Eli Savit Candidate Committee's July 2025 Campaign Statement attached**).

26. On October 17, 2025, however, the Friends of Eli Savit Candidate Committee filed an "**Amended**" Statement of Organization in which a

---

[3] See https://campaignfinance.us/washtenaw.mi/iDocuments.php?iCommitteeID=2419&cmdOk=View+Campaign+Statements (last accessed on September 1, 2026 at 3:34 a.m.)

[4] See https://campaignfinance.us/washtenaw.mi/iDocuments.php?iCommitteeID=2419&cmdOk=View+Campaign+Statements (last accessed on September 1, 2026 at 3:34 a.m.)

[5] See https://campaignfinance.us/washtenaw.mi/iDocuments.php?iCommitteeID=2419&cmdOk=View+Campaign+Statements (last accessed on September 1, 2026 at 3:34 a.m.)

"**Reporting Waiver**" was ***requested***.[6] (**See Friends of Eli Savit Candidate Committee's Amended Statement of Organization filed on October 17, 2025 attached**).

27. There were no other campaign finance reports attached to or filed with the "**Amended**" Statement of Organization filed on October 17, 2025.

28. Despite showing an **ENDING BALANCE OF $372.55** on its July 2025 Quarterly Campaign Statement, the Friends of Eli Savit requested a "Reporting Waiver" on its "Amended" Statement of Organization filed with the Washtenaw County Clerk on October 17, 2025.

29. Notably, since the filing of the "**Amended**" Statement of Organization filed on October 17, 2025, the Friends of Eli Savit Candidate Committee has **NOT** filed any of the campaign statements required under MCL 169.233 and MCL 169.235 of MCFA.[7]

30. Additionally, and perhaps most importantly, as of the date of Eli Savit signing and/or filing his affidavit of identity with the Secretary of State

---

[6] See https://campaignfinance.us/washtenaw.mi/iDocuments.php?iCommitteeID=2419&cmdOk=View+Campaign+Statements (last accessed on September 1, 2026 at 3:34 a.m.)

[7] See https://campaignfinance.us/washtenaw.mi/iDocuments.php?iCommitteeID=2419&cmdOk=View+Campaign+Statements (last accessed on September 1, 2026 at 3:34 a.m.)

on August 31, 2026, the Washtenaw County Clerk has **NOT GRANTED** the Friends of Eli Savit Candidate Committee a "Reporting Waiver."

31. The Dissolution of a candidate committee is governed by MCL 169.224(7) of the MCFA, which provides:

> (7) Upon the dissolution of a committee, the committee shall file a statement indicating dissolution with the filing officials with whom the committee's statement of organization was filed. **Dissolution of a committee must be accomplished pursuant to rules promulgated by the secretary of state under the administrative procedures act of 1969**, 1969 PA 306, MCL 24.201 to 24.328. [emphasis supplied.]

32. In *Davis v Secretary of State,* unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090) examined a candidate committee's request for dissolution and the candidate committee's obligations to ***continue*** to file campaign statements and reports required under the MCFA ***until*** such time as a dissolution is **GRANTED** by the appropriate filing official.

33. As explained by the Court of Appeals in *Davis v Secretary of State,* unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at p 9, under MCL 169.233(1)(c) of MCFA, the Friends of Eli Savit Candidate Committee related to Eli Savit's election as Washtenaw County Prosecutor was required to file campaign statements/reports as follows:

> (1) A committee, other than an independent committee, an independent expenditure committee, or a political committee

> required to file with the secretary of state, supporting or opposing a candidate shall file complete campaign statements as required by this act and the rules promulgated under this act according to the following schedule:
>
> * * *
>
> (c) For candidate committees only, in a year in which there is no election for the candidate the candidate committee is supporting or opposing:
> (i) Not later than July 25 with a closing date of July 20 of that year.
> (ii) Not later than October 25 with a closing date of October 20 of that year.

34. As explained by the Court of Appeals in *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at p 9, the Friends of Eli Savit Candidate Committee was also required to file annual campaign statements under MCL 169.235(1) of MCFA, which states:

> In addition to any other requirements of this act for filing a campaign statement, a committee shall also file a campaign statement not later than January 31 of each year. The campaign statement has a closing date of December 31 of the previous year. The period covered by the campaign statement filed under this subsection begins the day after the closing date of the previous campaign statement. A campaign statement filed under this subsection is waived if a postelection campaign statement has been filed that has a filing deadline within 30 days of the closing date of the campaign statement required by this subsection.

35. As noted by Court of Appeals in *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at p 9, as set forth in MCL 169.215(18) of MCFA, the obligation to file campaign statements may be waived in certain circumstances as follows:

> The secretary of state may waive the filing of a campaign statement required under section 33, 34, or 35 if the closing date of the particular campaign statement falls on the same or a later date as the closing date of the next campaign statement filed by the same person, or if the period that would be otherwise covered by the next campaign statement filed by the same person is 10 days or less.

36. "**Otherwise, this obligation to file campaign statements continues until dissolution of the committee**." *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at p 10 (emphasis supplied).

37. "Former Mich Admin Code, R 169.28(2), which was in effect until June 14, 2026 [8], **required a campaign committee to file a final statement that covers the period from the closing date of the last report filed to the date of dissolution**." *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at p 10 (emphasis supplied).

38. The Friends of Eli Savit Candidate Committee's request for dissolution filed with the Washtenaw County Clerk on October 17,

---

[8] Mich Admin Code R 169.28 was rescinded June 14, 2026, and replaced with Mich Admin Code R 168.314, effective June 15, 2026. Like the former rule, as to the filing of a final campaign statement, Mich Admin Code R 168.314(2) states: "A dissolution must consist of a campaign statement that covers the period from the closing date of the last report filed to the date of dissolution and must include a statement as to the disposition of any residual assets and a statement disclosing the payment or forgiveness of any debts."

2025 is governed by the former Mich Admin Code, 169.28(2). *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at p 10.

39. The Former Mich Admin Code, R 169.28 stated:

> (1) A committee which determines it will no longer receive contributions or make expenditures may dissolve by filing a form prescribed by the secretary of state.
>
> (2) **A dissolution shall consist of a campaign statement that covers the period from the closing date of the last report filed to the date of dissolution and shall include a statement as to the disposition of residual funds.**
>
> (3) **A committee may not dissolve if it has assets, outstanding debts, or unpaid late filing fees.** [emphasis supplied.]

40. In this case, the Friends of Eli Savit Candidate Committee **failed to file the "required campaign statement that covers the period from the closing date of the last report filed to the date of dissolution**[.]" Mich Admin Code, R 169.28(2).

41. Additionally, the Friends of Eli Savit Candidate Committee **failed to "include a statement as to the disposition of residual funds."** Mich Admin Code, R 169.28(2).

42. As noted, the Friends of Eli Savit Candidate Committee's July 2025 Quarterly Campaign Statement reported having **an ending balance of $372.55.** Consequently, the Friends of Eli Savit Candidate Committee was **INELIGIBLE** for dissolution under the former Mich Admin Code, R 169.28(3).

43. The Washtenaw County Clerk has **NOT** granted the Friends of Eli Savit Candidate Committee's request for a "Reporting Waiver" because as of its last campaign statement, which was the July 2025 Quarterly Campaign Statement, the candidate committee reported having **an ending balance of $372.55. (See Friends of Eli Savit's July 2025 Quarterly Campaign Statement attached)**.

44. Therefore, because the "**obligation to file campaign statements continues *until dissolution* of the committee**," *Davis, supra*, slip op at 10, under MCL 169.233(1)(c) of the MCFA, the Friends of Eli Savit were **required to file** an October 2025 Quarterly Campaign Statement, and under MCL 169.235(1) of the MCFA, the Friends of Eli Savit also were required to file a January 2026 Annual Campaign Statement.

45. Additionally, pursuant to MCL 169.233(1)(c), the Friends of Eli Savit also was required to filed a July 2026 Quarterly Campaign Statement.

46. As of August 31, 2026, and as of September 1, 2026, the Friends of Eli Savit had **NOT** filed the October 2025 Quarterly Campaign Statement, the January 2026 Annual Campaign Statement nor the July 2026 Quarterly Campaign Statement as required under MCL 169.233(1)(c) and MCL 169.235(1) of MCFA. See *Davis v Secretary of State*, unpublished per curiam opinion of Court of Appeals, issued August 28, 2026 (Docket No. 382090); slip op at pp 9-11.

**The Eli Savit For Attorney General Candidate Committee Failed To File Campaign Statements Required Under MCL 169.228(3) of MCFA.**

47. On May 12, 2025, Eli Savit filed an original Statement of Organization with the Secretary of State for the Eli Savit for Attorney General Candidate Committee (Id. #0606504), which was organized to support Eli Savit's candidacy for Attorney General as a representative of the Michigan Democratic Party.[9]

48. MCL 169.228(3) of MCFA provides:

> (3) **Accompanying a campaign statement reporting the receipt of a contribution from a** ***person whose treasurer does not reside in, whose principal office is not located in, or whose funds are not kept in this state, shall be a statement certified as true and correct by an officer of the contributing person setting forth the full name, address, along with the amount contributed, of each person who contributed to the total amount of the contribution***. The occupation, employer, and principal place of business shall be stated for each person who contributed more than $100.00. **This subsection does not apply if the contributing person** ***is registered*** **as a committee under section 24.** [emphasis supplied.]

49. MCL 169.211(2) of MCFA defines "person" to mean:

> (2) **"Person" means a** business, individual, proprietorship, limited liability company, firm, partnership, joint venture, syndicate, business trust, labor organization, company, corporation, **association, committee, or any other organization or group of persons acting jointly**. [emphasis supplied.]

[9] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboeCommitteePublicSearch (last accessed on September 1, 2026 at 4:39 a.m.

50. On August 18, 2026, the Eli Savit for Attorney General Candidate Committee filed its Pre Convention Campaign Statement, which reported having received a contribution in the amount of $83,250 from the Democratic Attorneys General Association (DAGA). **(See p 89 of 614 of the Eli Savit of Attorney General Candidate Committee's 2026 Pre Convention Campaign Statement attached)**.[10]

51. On the Eli Savit of Attorney General Candidate Committee's 2026 Pre Convention Campaign Statement, it lists the Democratic Attorneys General Association's address as: 1580 Lincoln St., Ste. 1125, Denver, CO. 80203. **(See p 89 of 614 of the Eli Savit of Attorney General Candidate Committee's 2026 Pre Convention Campaign Statement attached)**.[11]

52. A review of the Secretary of State's campaign database, however, has revealed that the Democratic Attorneys General Association (DAGA) was **DISSOLVED** as a Political Action Committee (PAC) **effective May 5, 2011. (See Secretary of State's May 5, 2011 Letter Granting DAGA Dissolution request attached)**.

---

[10] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboeCommitteePublicSearch (last accessed on September 1, 2026 at 4:46 p.m.)

[11] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboeCommitteePublicSearch (last accessed on September 1, 2026 at 4:46 p.m.)

53. The Democratic Attorneys General Association (DAGA) had requested DISSOLUTION of its Michigan PAC on January 27, 2011. (**See DAGA's January 27, 2011 Request for Dissolution attached**).

54. The Democratic Attorneys General Association's (DAGA) January 27, 2011 request for Dissolution lists the name and address of its Treasurer as follows:

> Travis Berry
> 1580 Lincoln St., Ste. 1125
> Denver, CO 80203

55. Although the Democratic Attorneys General Association (DAGA) is no longer registered as a PAC under MCL 169.224 of MCFA, the Democratic Attorneys General Association (DAGA) is registered with the Federation Election Commission (FEC) **under Federal Law.** (**See DAGA's FEC Statement of Organization attached**).

56. The FEC Statement of Organization lists its official bank and depository as Amalgamated, 275 7th Ave., New York, NY 10001.

57. Pursuant to MCL 169.228(3) of MCFA, because the Democratic Attorneys General Association (DAGA) is a "***person whose treasurer does not reside in, whose principal office is not located in, or whose funds are not kept in this state,***" the Eli Savit for Attorney General Candidate Committee was "required" to file a "***a statement certified as true and correct by an officer of the contributing person setting forth the full name, address, along with the***

***amount contributed, of each person who contributed to the total amount of the contribution***."

58. MCL 169.228(3) applies to the Democratic Attorneys General Association's (DAGA) $83,250 contribution because as of the date of the contribution DAGA was **NOT and IS NOT** registered as a committee under MCL 169.224 of the MCFA.

**Failure To File Statement Under MCL 169.228(3) of MCFA For Contribution Received From Leadership For Educational Equity (LEE).**

59. On July 25, 2025, the Eli Savit for Attorney General Candidate Committee filed its July 2025 Quarterly Campaign Statement, which reported having received a contribution in the amount of $2,500 from Leadership For Education Equity (LEE). **(See p 86 of 187 of the Eli Savit of Attorney General Candidate Committee's July 2025 Quarterly Campaign Statement attached)**.[12]

60. On the Eli Savit of Attorney General Candidate Committee's July 2025 Quarterly Campaign Statement, it lists the Leadership For Education Equity (LEE) address as: 800 N. King St., Ste 304-4181, Wilmington, Delaware 19801. **(See p 86 of 187 of the Eli Savit of Attorney**

---

[12] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboeCommitteePublicSearch (last accessed on September 1, 2026 at 4:46 a.m.)

**General Candidate Committee's July 2025 Quarterly Campaign Statement attached).**[13]

61. According to its website, Leadership for Educational Equity (LEE) is a nonprofit civic leadership development organization that works with Teach for America alumni and members to expand educational opportunity. Its listed mission is to Inspire and support members to engage civically and overcome racial and economic barriers in education. It operates primarily as a 501(c)(4) organization alongside a related 501(c)(3) foundation arm.[14]

62. A review of the Secretary of State's campaign database, however, has revealed that Leadership for Education Equity (LEE) was **DISSOLVED** as a Political Action Committee (PAC) **effective March 30, 2016. (See Secretary of State's March 30, 2016 Letter Granting LEE's Dissolution request attached).**

63. Leadership for Education Equity (LEE) had requested **DISSOLUTION** of its Michigan PAC on March 25, 2016. **(See LEE's March 25, 2016 Request for Dissolution attached).**

---

[13] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboeCommitteePublicSearch (last accessed on September 1, 2026 at 4:46 a.m.)

[14] See https://www.leadershipforequity.org/ (last accessed on September 1, 2026 at 5:35 a.m.)

64. Leadership for Education Equity's (LEE) Original Statement of Organization lists the name and address of its "Out-of-State" Treasurer as follows:

> Beki Bahar-Engler
> 1805 7th Street, NW, 8TH Floor
> Washington, DC 20001

**(See LEE's Original Statement of Organization attached).**

65. Pursuant to MCL 169.228(3) of MCFA, because Leadership For Educational Equity (LEE) is a "***person whose treasurer does not reside in, whose principal office is not located in, or whose funds are not kept in this state,***" the Eli Savit for Attorney General Candidate Committee was "required" to file a "***a statement certified as true and correct by an officer of the contributing person setting forth the full name, address, along with the amount contributed, of each person who contributed to the total amount of the contribution***."

66. MCL 169.228(3) applies to the Leadership For Educational Equity's (LEE) $2,500 contribution because as of the date of the contribution LEE was **NOT and IS NOT** registered as a committee under MCL 169.224 of the MCFA.

**Failure To File Statement Under MCL 169.228(3) of MCFA For Contribution Received From Democratic Women of South Orange County.**

67. On August 27, 2026, the Eli Savit for Attorney General Candidate Committee filed a "Late Contribution" Report under MCL 169.232 of MCFA after receiving a "Late Contribution" from Democratic Women of South Orange County in the amount of $2,000. (**See p 2 of 7 of Eli Savit of Attorney General Candidate Committee's August 27, 2026 Late Contribution Report attached**).[15]

68. On the Eli Savit of Attorney General Candidate Committee's August 27, 2026 "Late Contribution" Report, it lists the address for Democratic Women of South Orange County as follows:

P.O. Box 383
San Clemente, California 92674

69. According to its website, the Democratic Women of South Orange County is a "100% volunteer led organization, a chartered club of the Democratic Party of Orange County, and value inclusivity and transparency. We work to advance the Democratic Party agenda and thereby promote the well-being of our communities for now and into the future. Our primary mission is to get Democrats elected."[16]

[15] See https://mi-boe.entellitrak.com/etk-mi-boe-prod/page.request.do?page=page.miboeCommitteePublicSearch (last accessed on September 1, 2026 at 4:46 a.m.)

[16] See https://www.dwsoc.org/about-us.html (last accessed on September 1, 2026 at 5:49 a.m.)

70. A review of the Secretary of State's campaign database, however, has revealed that Democratic Women of South Orange County is **NOT** registered as a PAC under MCL 169.224 of the MCFA.

71. A review of the Secretary of State's campaign finance database further reveals that the Democratic Women of South Orange County has **NEVER** been registered as a PAC under MCL 169.224 of MCFA.

72. Pursuant to MCL 169.228(3) of MCFA, because Democratic Women of South Orange County is a "***person whose treasurer does not reside in, whose principal office is not located in, or whose funds are not kept in this state,"*** the Eli Savit for Attorney General Candidate Committee was "required" to file a "***a statement certified as true and correct by an officer of the contributing person setting forth the full name, address, along with the amount contributed, of each person who contributed to the total amount of the contribution***."

73. MCL 169.228(3) applies to the Democratic Women of South Orange County's $2,000 contribution because as of the date of the contribution LEE was **NOT and IS NOT** registered as a committee under MCL 169.224 of the MCFA.

74. That to the best of my knowledge, information and belief, all of the facts and allegations stated herein in each numbered paragraph are true and correct.

75. If called and sworn as a witness, I am competent to testify as to the facts stated herein.

76. Please send all responses to this sworn challenge to my email address: davisrobert854@gmail.com

**FURTHER AFFIANT SAYETH NOT.**

9/1/26

**ROBERT DAVIS**

Subscribed and sworn to before me

On this 1 day of September, 2026

**Notary Public Signature**

Brionna Daniels

**Printed Name of Notary Public**

State of Michigan, County of Macomb

My Commission Expires 12/20/29

Acting in the County of Oakland

BRIANNA DANIELS
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF MACOMB
My Commission Expires December 20, 2029
Acting in the County of Oakland