# EXHIBIT E

# STATE OF MICHIGAN

# COURT OF CLAIMS

MICHELLE MCQUEER, individually and in her official capacity as Clerk of the Township of Bridgewater,

Plaintiff,

v

Case No. 26-000172-MZ

JOCELYN BENSON, in her official capacity as Michigan Secretary of State, JONATHAN BRATER, in his official capacity as Director of Elections, and MICHIGAN DEPARTMENT OF STATE,

Hon. Michael J. Riordan

Defendants.

______________________________________ /

**ORDER GRANTING 8/12/26 MOTION FOR TEMPORARY RESTRAINING ORDER, 8/17/26 MOTION TO DEEM SERVICE TIMELY, 8/20/26 AND 8/26/26 MOTIONS TO EXCEED PAGE LIMITS, 8/27/26 MOTION TO TAKE JUDICIAL NOTICE, AND 8/27/26 MOTION FOR LEAVE TO FILE A SUR-REPLY, AND DIRECTING NOTICE UPON THE COMPLETION OF THE HAVA PROCEEDING**

There are several motions pending before the Court in this expedited election matter. The Court will consider these motions in turn.

Along with her complaint, plaintiff filed motions for a temporary restraining order (TRO) and preliminary injunction. Because the Court anticipated that defendants would respond with a motion for summary disposition, the Court declined to consider either motion at that time, instead directing "defendants to preserve 'the electronic pollbook software [EPB] and associated files' in a secure manner pending the resolution of this matter." On August 27, 2026, plaintiff requested

the Court take judicial notice of a memorandum sent to county and local clerks on August 26, 2026. The Court GRANTS that motion. The memorandum advised:

> All jurisdictions must upload the EPB into the [Qualified Voter File] QVF for proper retention and preservation. Once uploaded, the local copy of the EPB software and associated files must be deleted from all devices by the seventh calendar day following the final canvass and certification of the election (August 31, 2026). . . .

This instruction is inconsistent with this Court's August 13, 2026 order. Having reviewed the briefing, to ensure the preservation of the EPB during the pendency of this litigation, the Court GRANTS plaintiff's motion for a TRO, and DIRECTS that plaintiff shall retain the EPB until further order of this Court.

In the August 13, 2026 order, the Court directed plaintiff to serve defendants by 2 p.m. that day. Plaintiff personally served defendants at 3:08 p.m. Defendants accepted service and filed appearances in this Court. Plaintiff requested the Court to deem this service as timely. The Court GRANTS that motion.

On August 20, 2026, defendants filed a motion for summary disposition and a 25-page accompanying brief. Defendants requested permission to file this brief which exceeded the 20-page limit of Court of Claims LCR 2.119(A)(3) and MCR 2.119(A)(2)(a). On August 26, 2026, defendants filed a 12-page reply brief. Defendants requested permission to file this reply brief which exceeded the five-page limit of MCR 2.116(G)(1)(a)(*iii*). The Court GRANTS both motions to exceed the page limit and ACCEPTS for filing the briefs submitted to the Court.

On August 27, 2026, plaintiff moved to file a sur-reply. The proposed sur-reply also exceeds the page limit for reply briefs. The Court GRANTS the motion to file a sur-reply and accepts the brief for filing.

On the Court's own motion, and having been advised in defendants' motion for summary disposition that "[a] decision on the complaints is expected by the end of August," the parties are DIRECTED to notify the Court within 24 hours of the administrative proceedings being conducted pursuant to the Help Americans Vote Act (HAVA) is concluded.

IT IS SO ORDERED. This is not a final order.

Date: 08/27/2026

Michael J. Riordan
Judge, Court of Claims

Court of Claims
State of Michigan