# EXHIBIT 1

**STATE OF MICHIGAN**

**COURT OF CLAIMS**

ROBERT DAVIS,

Plaintiff,

v

Case No. 26-000187-MB

JOCELYN BENSON, in her official capacity as Secretary of State,

Hon. Michael F. Gadola

Defendant.

______________________________________ /

OPINION AND ORDER

On September 1, 2026, at 10:42 a.m., plaintiff, Robert Davis, filed this declaratory and mandamus action against defendant, Secretary of State Jocelyn Benson (the SOS), challenging the candidacies of Democratic Party nominees for Attorney General (Eli Savit) and Secretary of State (Garlin Gilchrist II). Plaintiff asserts that both candidates made false statements in their affidavits of identity (AOIs) relating to outstanding campaign finance reports under the Michigan Campaign Finance Act (MCFA), MCL 169.201 *et seq*., and the SOS therefore cannot certify either candidate for purposes of the November 3, 2026 general election. Plaintiff also moved, on an emergency basis, for an ex parte temporary restraining order (TRO) to prevent the SOS from certifying either Savit or Gilchrist. Both parties agree that September 4, 2026, is the practical deadline for resolving this dispute as it is the deadline by which the SOS must certify to counties the slate of candidates to appear on the general election ballot. On September 2, 2026, this Court issued an expedited

RECEIVED by MCOA 9/4/2026 12:05:01 PM

scheduling order, requiring that plaintiff serve the complaint and other documents on the challenged candidates and that briefing be completed by noon on September 3, 2026.

The SOS timely responded to the complaint by moving for summary disposition under MCR 2.116(C)(8) and (10), arguing that (1) the MCFA explicitly bars private causes of action to enforce its provisions, (2) plaintiff did not file an MCFA complaint with the SOS, and (3) there is no indication in the Bureau of Elections' campaign finance records that either candidate owes any late reports to substantiate plaintiff's allegations.

Plaintiff responded to the motion for summary disposition, arguing, in relevant part, that he is not seeking enforcement of the MCFA but is seeking to enforce MCL 168.558(4), which he asserts mandates that the SOS not certify a candidate whose AOI contains a false statement. Plaintiff requested summary disposition in his favor under MCR 2.116(I)(2). Plaintiff also filed an amended complaint, purportedly as a matter of right under MCR 2.118(A)(1). Plaintiff also moved to strike the affidavit of Deputy Director of Elections Adam Fracassi, which is attached as an exhibit supporting the SOS's motion for summary disposition under MCR 2.116(C)(10). Finally, on September 4, plaintiff moved, on an emergency basis, to file a supplemental response in opposition to the motion for summary disposition.

Because time is of the essence, the Court dispenses with a hearing. Because there is no private right of enforcement of the MCFA and plaintiff has not pursued an MCFA complaint in relation to either candidate, the Court GRANTS the SOS's motion for summary disposition, DENIES AS MOOT plaintiff's motions for a TRO and to strike Fracassi's affidavit, DENIES plaintiff's emergency motion to file a supplemental response in opposition to the motion for summary disposition, and DISMISSES the complaint, as amended, WITH PREJUDICE.



RECEIVED by MCOA 9/4/2026 12:05:01 PM

## I. BACKGROUND

The Michigan Democratic Party held its nominating convention on August 29, 2026. Plaintiff asserts that he is a registered Democrat, was present at the nominating convention, and openly voted in opposition of Savit's and Gilchrist's nominations. Under the Michigan Election Law, MCL 168.558(1), Savit and Gilchrist were required to file their AOIs within one business day after nomination. Savit and Gilchrist timely filed AOIs on August 31, 2026.

Plaintiff contends that under Mich Admin Code, R 168.2(3), the SOS had a duty to examine the campaign finance records before certifying the candidates. According to plaintiff, Savit and Gilchrist were required to file additional MCFA statements or reports. Therefore, plaintiff asserts that both candidates made false statements in their AOIs when they certified, as required under MCR 168.558(2), that "[a]t this date, all statements, reports, late filing fees, and fines required of me or any candidate committee organized to support my election under the [MCFA] have been filed or paid[.]"

On September 1, 2026 (the same day he filed this complaint), plaintiff submitted challenges to Savit's AOI and Gilchrist's AOI, as required under Mich Admin Code, R 168.5. Due to the timing of this lawsuit, the SOS has not yet issued a determination on the AOI challenges. Plaintiff does not assert that he has filed an MCFA complaint in relation to either Savit or Gilchrist.

Starting with Savit, plaintiff premises his claims on his own search of the Washtenaw County Clerk's and the SOS's campaign finance databases. He asserts that those searches revealed that the campaign committee associated with Savit's campaign to serve as Washtenaw County Prosecutor (The Friends of Eli Savit Candidate Committee) was improperly dissolved on October 17, 2025. Plaintiff asserts that The Friends of Eli Savit Candidate Committee has not filed



RECEIVED by MCOA 9/4/2026 12:05:01 PM

any campaign statements since the improper dissolution, which he maintains is required under the MCFA. Plaintiff alleges that, more recently, Savit's Attorney General campaign committee reported several improper campaign contributions from entities that were either dissolved or not registered as Political Action Committees (PACs), in violation of the MCFA.

As for Gilchrist, plaintiff asserts that Gilchrist filed a July 25, 2025 Quarterly Campaign Statement in connection with his campaign for Governor, which allegedly listed contributions from dissolved PACs in violation of the MCFA. Plaintiff further alleges that, in early 2025, Gilchrist filed Statements of Organization for his gubernatorial and SOS campaign committees, which listed nonresidents as Treasurers of those campaign committees, again in violation of the MCFA.

In both Counts I and II of the complaint, plaintiff requests a declaratory judgment under MCR 2.605 that declares that (1) the SOS has a legal duty under MCL 168.558(4), and the corresponding administrative rules, to not certify Savit or Gilchrist to appear on the November 3, 2026 general election ballot as the Democratic Party nominees for Attorney General and Secretary of State, respectively, because their candidate committees failed to submit campaign finance statements or reports required under the MCFA; (2) Savit's and Gilchrist's candidate committees failed to file campaign statements or reports under the MCFA; and (3) Savit's and Gilchrist's AOIs contained false statements in violation of MCL 168.558(4). In Count III, plaintiff seeks a writ of mandamus to compel the SOS not to certify Savit or Gilchrist as Democratic Party nominees on the November 3, 2026 general election ballot.

RECEIVED by MCOA 9/4/2026 12:05:01 PM

## II. ANALYSIS

The Court will resolve the motion for summary disposition under MCR 2.116(C)(8).[1] A motion for summary disposition under MCR 2.116(C)(8) examines the legal sufficiency of the plaintiff's claims on the basis of the factual allegations raised in the complaint. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). The Court must accept the factual allegations in the complaint as true and will decide the motion on the pleadings. *Id*. at 160. The motion will be granted if the claim is so clearly unenforceable as a matter of law that no factual development could justify recovery. *Id*.

Plaintiff requests a declaratory judgment under MCR 2.605. MCR 2.605 governs declaratory actions in civil cases and provides, in relevant part, "In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted." MCR 2.605(A)(1). Plaintiff also seeks a writ of mandamus. A writ of mandamus is an extraordinary remedy falling within the Court's discretion. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Id*. (quotation marks and citation omitted).]

Plaintiff's claims fail on the pleadings because each claim would require this Court to adjudicate whether Savit and Gilchrist failed to submit campaign finance statements or reports, in

[1] Because the Court will decide the motion under MCR 2.116(C)(8), it need not consider Fracassi's affidavit. Therefore, plaintiff's motion to strike Fracassi's affidavit is DENIED AS MOOT.



RECEIVED by MCOA 9/4/2026 12:05:01 PM

violation of the MCFA. The MCFA expressly provides that, with one limited exception that does not apply in this case, there is no private right of action to enforce the statute. The statute explains, "[T]here is no private right of action, either in law or in equity, under this act." MCL 169.215(17). The MCFA further clarifies, "[T]he remedies provided in this act are the exclusive means by which this act may be enforced and by which any harm resulting from a violation of this act may be redressed." *Id.* MCL 169.215(5) through (12) outline the administrative procedures under the MCFA. MCL 169.215(12) provides that only a final decision and order of the SOS is subject to judicial review.

Plaintiff's claims for declaratory relief in Counts I and II seek enforcement of the MCFA, in violation of MCL 169.215(17). Plaintiff attempts to circumvent this provision of the MCFA by alleging that the SOS did not comply with her legal obligation to compare statements in the AOI to campaign finance records before certifying the candidate to appear on the general election ballot. But plaintiff's claim that the SOS did not fulfill her obligation to ensure the legitimacy of the statements in the AOIs assumes there will be a finding in plaintiff's favor that Savit and Gilchrist owed additional reports or violated the MCFA in other respects, thus requiring a decision on the issue whether the candidates violated the MCFA. The MCFA precludes a direct cause of action and requires that plaintiff pursue his claims through the administrative procedures outlined in the statute. Because plaintiff never filed an MCFA complaint, the factual allegations underlying his claims were not investigated or decided by the SOS, and so the claims are not ripe for judicial review.[2] The SOS is entitled to summary disposition of Counts I and II under MCR 2.116(C)(8).

[2] The Court acknowledges that two of plaintiff's allegations in relation to Savit are for alleged improper campaign contributions made in mid-to-late August 2026, leaving limited time to pursue



RECEIVED by MCOA 9/4/2026 12:05:01 PM

Because plaintiff's claim for mandamus relief in Count III is premised on the success of his claims for declaratory relief, the SOS is entitled to summary disposition of Count III under MCR 2.116(C)(8).

Additionally, on September 3, at 11:01 a.m., Davis sought to file an amended complaint as a matter of right under MCR 2.118(A)(1). Davis attests within the amended complaint that the pleading does not render the motion for summary disposition moot, does not change the legal theories or substantive facts pleaded in the original complaint, and only seeks to correct errors and add additional facts for Count I.[3] For practical reasons, there is insufficient time for the SOS to respond to the new allegations by September 4, which both parties have agreed is the practical deadline to resolve this dispute. Nevertheless, upon the Court's review, the amendment will not change the outcome of this case. Summary disposition of the amended complaint is warranted under MCR 2.116(C)(8). Because the SOS is entitled to summary disposition, plaintiff's emergency motion for an ex parte TRO is DENIED AS MOOT.

Finally, on September 4, plaintiff moved, on an emergency basis, to supplement his response in opposition to the SOS's motion for summary disposition to incorporate an argument that MCL 168.558(4) must control over MCL 169.215(17) as the more specific statutory provision governing the disqualification of a candidate. That motion is DENIED. Plaintiff has requested

---

an MCFA complaint through decision. However, these allegations once again relate to the truthfulness of the reports and do not allege that Savit failed to file any statements, reports, late filing fees, or fines for purposes of MCL 168.558(4).

[3] Specifically, Davis seeks to add facts regarding the alleged failure of The Friends of Eli Savit Candidate Committee's failure to file a July 2026 Quarterly Campaign Statement to report an alleged July 20, 2026 expenditure. Again, this allegation relates back to plaintiff's claim that this committee did not dissolve properly and asserts an alleged MCFA violation. Plaintiff did not file an MCFA complaint in the weeks leading up to his filing of the complaint.

RECEIVED by MCOA 9/4/2026 12:05:01 PM

relief on the same day he filed his motion, and the scheduling order did not permit any additional briefing beyond the response to the complaint and a single response to the SOS's motion for summary disposition, if filed, due by noon on September 3.

IT IS ORDERED:

1. The SOS's motion for summary disposition is GRANTED.
2. Plaintiff's countermotion for summary disposition is DENIED.
3. Plaintiff's emergency motion for an ex parte TRO is DENIED AS MOOT.
4. Plaintiff's emergency MOTION TO STRIKE Fracassi's affidavit is DENIED AS MOOT.
5. Plaintiff's emergency motion to file a supplemental response brief is DENIED.
6. Plaintiff's complaint and amended complaint are DISMISSED WITH PREJUDICE.
7. This is a final order that resolves the last pending claim and closes the case.

Date: September 4, 2026

Hon. Michael F. Gadola
Chief Judge, Court of Claims

RECEIVED by MCOA 9/4/2026 12:05:01 PM