# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

Plaintiff,

v

JOCELYN BENSON, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, JONATHAN BRATER, in his official and individual capacities as the duly appointed Director of Michigan Bureau Elections, WAYNE COUNTY ELECTION COMMISSION, and BRENDA GREEN, in her official capacity as the duly elected City Clerk for the City of Highland Park,

Defendants.

No. 26-13454

HON. TERRENCE G. BERG

MAG. KIMBERLY G. ALTMAN

---

**AFFIDAVIT OF DEPUTY DIRECTOR OF ELECTIONS ADAM FRACASSI**

I, Adam Fracassi, being duly sworn, voluntarily state as follows:

1. I can testify competently to the facts contained within this affidavit based upon my personal knowledge.

2. I am the Deputy Director of Elections with the Michigan Bureau of Elections (Bureau). I have served in this capacity since September 16, 2024. The Bureau of Elections is an agency within the Michigan Department of State

(Department). I have been with the Bureau since May 6, 2018, and have served in a variety of different capacities.

3. I bring this affidavit in support of Defendants Jocelyn Benson and Jonathan Brater ("Defendants")' Motion to Dismiss. If called as a witness, I could testify truthfully and accurately as to the information contained within this affidavit.

4. I am personally knowledgeable about provisions of the Michigan Campaign Finance Act (MCFA), which regulates campaign financing, requires campaign statements and reports, and prescribes penalties and provides remedies for violations.

**The Secretary's Responsibilities Under The MCFA and MEL**

5. The Secretary of State's responsibilities under the MCFA are twofold, and both functions are served by members of Department's Bureau of Elections staff.

6. First, the Secretary is required to make available and furnish to county clerks, appropriate forms, instructions, and manuals required by the Act. MCL 169.215.

7. Second, relevant here, the Secretary serves as filing official for campaign finance purposes for candidates seeking statewide office. In that capacity, the Secretary receives all statements and reports required to be filed with

the Secretary. MCL 169.215. For offices contained wholly within the county, such as county prosecutor, campaign finance reports are filed with the county clerk.

8. In addition to county clerks, who are also charged with receiving statements and reports, in her capacity as filing official, the Secretary must determine whether a required statement or report complies on its face with the requirements of the MCFA and related administrative rules. Within four business days after a statement or report's filing deadline, the filing official must give notice of an error or omission or the failure to file a report or statement. MCL 169.216(6).

9. Under the Michigan Election Law, a candidate nominated for a federal, state, county, city, township, or village office at a political party convention or caucus shall file an affidavit of identity (AOI) within 1 business day after being nominated with the secretary of state. MCL 168.558(1). In the AOI, the candidate must attest that on the date of the affidavit, "all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the [MCFA] have been filed or paid; and a statement that the candidate acknowledges that making a false statement in the affidavit is perjury, punishable by a fine up to $1,000.00 or imprisonment for up to 5 years, or both." MCL 168.558(4).

10. On September 1, 2026 at 10:25 am, Plaintiff emailed the Bureau challenging the affidavit of identity of Garlin Gilchrist for Secretary of State. The

same day, at 10:31 am, Plaintiff emailed the Bureau challenging the affidavit of identity of Eli Savit for Attorney General. Approximately two hours later, at 12:29 pm, the Bureau was notified that Plaintiff filed in the Michigan Court of Claims. The Bureau has not yet notified the candidates of the challenges, as required by the Rule given the pending litigation.

11. On September 10, 2026, the Michigan Supreme Court denied Plaintiff's application for leave to appeal the Court of Appeals' denial of his motion to expedite. Currently, Plaintiff's appeal remains pending in the Court of Appeals.

12. On September 16, 2026, the Michigan Bureau of Elections notified Plaintiff that, in light of the pending litigation, his challenges to candidates Savit and Gilchrist would be held in abeyance until the litigation and any appeals are resolved.

**Candidate Eli Savit**

13. On August 31, 2026, Eli Savit timely submitted an affidavit as the Democratic nominee for the office of Attorney General with the Bureau.

14. At the time of filing the Bureau reviewed the committee records of Eli Savit for Attorney General (ID #0606504) and the committee had no outstanding reports or fees owed to the Bureau.

15. On September 2, 2026, the Bureau reviewed the campaign filing records of Friends of Eli Savit (ID #C-2019-005) filed with Washtenaw County for his office as Washtenaw County Prosecutor. According to Washtenaw County, Friends of Eli Savit is currently on a reporting waiver and was placed on the reporting waiver after filing an amended statement of organization on October 17, 2025, and does not have any outstanding reports or fees owed to Washtenaw County.

16. The Bureau's review of the campaign finance records for Eli Savit for Attorney General and Friends of Eli Savit indicate that he did not owe any campaign reports or fees at the time of signing his affidavit on August 29, 2026.

**Candidate Garlin Gilchrist**

17. On August 31, 2026, Garlin Gilchrist timely submitted an affidavit as the Democratic nominee for the office of Secretary of State with the Bureau.

18. At the time of filing the Bureau reviewed the committee records of Garlin Gilchrist for Lt Governor (ID #519074), Garlin Gilchrist for Governor (ID #521896), and Garlin Gilchrist for Michigan (ID #0612275). None of the committees associated with Garlin Gilchrist had outstanding reports or fees owed to the Bureau at the time of filing his affidavit of identity.

19. On September 2, 2026, the Bureau reviewed the campaign filing records of Friends of Garlin Gilchrist (ID #82-156752) filed with Wayne County.

According to Wayne County, the Friends of Garlin Gilchrist committee was dissolved on June 4, 2019, and committees are unable to dissolve if they owe outstanding reports or campaign fees.

20. The Bureau's review of the campaign finance records for known committees associated with Garlin Gilchrist indicate that he did not owe any campaign reports or fees at the time of signing his affidavit on August 29, 2026.

21. The Bureau has a strict timeline for investigating alleged campaign finance violations filed under the MCFA. MCL 169.215. The MCFA requires the Bureau to begin the investigation within 5 business days of receiving a complaint. *Id.*

22. When Eli Savit and Garlin Gilchrist signed their respective AOIs and submitted them to the Bureau on August 31, 2026, based on the review of the materials submitted with the respective county clerks, I do not believe either candidate owed reports or had any unpaid late filing fees. Therefore, the AOI signed by Eli Savit and Garlin Gilchrist did not contain a false statement.

**Plaintiff's Declaratory Ruling Request**

23. The Department received a request for an expedited declaratory ruling under the Administrative Procedures Act (APA) from Plaintiff on August 22, 2026.

24. The Department responded to the request on September 22, 2026 by denying the request for failing to state a set of facts as required by the APA for the

Bureau to issue a declaratory ruling. The Department further rejected Plaintiff's request as not being from an interested person since a declaratory ruling was not necessary to guide any of his conduct.

25. In responding to the Plaintiff's request for a declaratory ruling, the Department provided a copy of the declaratory ruling issued which explained how the EPBs are used for elections, and how election data is retained and preserved to comply with both state and federal retention laws. A copy of the ruling that was provided to Plaintiff is included as Defendant's Exhibit 4.

26. To my knowledge, there are no outstanding declaratory ruling requests from Plaintiff.

## Election Administration Timelines

27. Under Michigan Election Law, the Secretary of State must certify to counties the slate of candidates to appear on the November 3, 2026 ballot at least 60 days before the election, which was September 4, 2026 for this cycle. MCL 168.648.

28. It is critical for the successful administration of the election that the names of candidates appearing on ballots be finalized no later than 60 days before the election. In addition to being the statutory deadline, this is also the practical deadline to ensure that ballots are ready for military/overseas voters on September

19, 2026 and all other absentee voters on September 24, 2026 as required by state and federal law.

29. The deadline for absent voter ballots to be printed and made available to voters has therefore passed.

30. As of the date of this affidavit, more than 2.03 million absentee ballots were sent to voters by the local clerks and more than 252,000 absentee ballots have already been returned to local clerks across the state.

31. A decision or determination by this Court removing Savit or Gilchrist as candidates in the general election will therefore create enormous confusion and difficulty for local election officials and voters, necessitating the Department to create a new way to inform voters and officials that the ballots are no longer accurate. The local clerks would have to re-issue more than 2.03 million ballots to voters which would cause an enormous cost to be incurred by the State.

32. Additionally, I do not believe that it would be possible at this stage to reprint ballots in time for early voting. Jurisdictions will begin early voting in approximately two weeks with mandatory early voting period beginning no later than October 24, 2026. It is not possible to reprint ballots statewide and reprogram all the election equipment in two weeks.

AFFIANT SAYS NOTHING FURTHER.

Adam Fracassi 10/7/26
Adam Fracassi
Deputy Director of Elections
Michigan Department of State

Subscribed and sworn to before me, a Notary Public,

on the 7th day of October, 2026.

Robin Anne Hiar

ROBIN ANNE HIAR
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF JACKSON
My Commission Expires October 08, 2032
Acting in the County of Ingham

Print name exactly as it appears on application for commission as a notary public.

Notary Public, State of Michigan, County of Jackson

My Commission Expires: October 8, 2032

Acting in the County of: Ingham