# EXHIBIT 3

STATE OF MICHIGAN
BUREAU OF ELECTIONS
LANSING

September 22, 2026

Robert Davis
davisrobert854@gmail.com

Dear Robert Davis:

The Department of State (Department) acknowledges receipt of your August 22, 2026 email, in which you sought a declaratory ruling under the Administrative Procedure Act (APA), 1969 PA 306, MCL 24.201 *et seq*.

"On request of an interested person, an agency may issue a declaratory ruling as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency." MCL 24.263. You seek a declaratory ruling under MCL 24.264, which allows the validity or applicability of a rule to be determined in an action for declaratory judgment, but only if "the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously." MCL 24.264.

In your request, you state: "[c]ontrary to popular belief, whether a candidate's affidavit of identity complies with the mandatory requirements under MCL 169.558 does NOT end when that candidate is certified to appear on a primary election ballot." Your request goes on to argue that MCL 168.558 and R 168.2(3) and (4) apply to all elections but are not being applied to the November General Election by filing officials. Your request does not specify which filing official has failed to properly apply the statute or rule, or how, nor does it specify which candidates are being improperly, in your opinion, certified to the November ballot. Your conclusion requests only that the Department issue a ruling "concerning the Secretary of State and local election officials' statutory legal duty under MCL 168.558 to apply Mich Admin Code, R 168.2(3) and (4) before certifying a candidate's name to appear on the November 3, 2026 general election ballot." (Emphasis omitted).

Because your request appears to rely on unexplained assumptions about how filing officials apply R 168.2, fails to identify a specific filing official who allegedly incorrectly applied the rule, fails to identify a specific candidate to whom the rule was allegedly incorrectly applied, and fails to assert any facts upon which your request is based, the Department finds you have failed to make a request "as to the applicability to **an actual state of facts** of a statute administered by the agency or of a rule … of the agency." MCL 24.263 (emphasis added). Without any factual assertions, the Department is unable to issue a declaratory ruling.

Sincerely,

Adam Fracassi, Deputy Director of Elections
Michigan Bureau of Elections