# EXHIBIT 4

Outlook

**Expedited Request for Declaratory Ruling Under MCL 24.264 of APA Regarding Validity and Applicability of Mich Admin Code, R 168.48**

**From** Robert Davis <[redacted]>
**Date** Mon 9/21/2026 5:35 PM
**To** MDOS-BOERegulatory <MDOS-BOERegulatory@michigan.gov>; Brater, Jonathan (MDOS) [redacted]; Fracassi, Adam (MDOS) <[redacted]; Benson, Jocelyn (MDOS) <[redacted]>; Meingast, Heather (AG) <[redacted]>; [redacted]

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Dear SOS Benson, Director Brater, Ms. Meingast and Mr. Fracassi:

Pursuant to MCL 24.264 of the Administrative Procedures Act (APA), as a duly registered and qualified voter of the County of Wayne, State of Michigan, I am respectfully submitting this expedited request for a declaratory ruling concerning the validity and applicability of Mich Admin Code, R 168.48 with respect to the upcoming November 3, 2026 general election.

As a duly registered and qualified voter of the State of Michigan, I will be voting in the upcoming November 3, 2026 general election. I intend to vote in person at the polls on November 3, 2026 in the state-wide general election.

However, on October 23, 2025, the Secretary of State's promulgated rule, Mich Admin Code, R 168.48 went into effect. Mich Admin Code, R 168.48 requires and mandates "***the electronic pollbook software and associated files must be deleted from all devices by the seventh day following the final canvass and certification of the election,*** unless a petition for recount has been filed and the recount has not been completed, a post-election audit has been scheduled, or the deletion of the data has been stayed by an order of the court or the secretary of state." (emphasis supplied).

Mich Admin Code, R 168.48, however, contravenes and conflicts with 52 U.S.C. §20701, which governs state elections where federal offices appear on the ballot.

52 U.S.C. §20701 provides:
"***Every officer of election shall retain and preserve, for a period of twenty-two months from the date of any general, special, or primary election of which candidates for the office of*** President, Vice President, presidential elector, ***Member of the Senate, Member of the House of Representatives,*** or Resident Commissioner from the Commonwealth of Puerto Rico **are voted for, all records and papers which come into his possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election, except that, when required by law, such records and papers may be delivered to another officer of election and except that,**

if a State or the Commonwealth of Puerto Rico designates a custodian to retain and preserve these records and papers at a specified place, then such records and papers may be deposited with such custodian, ***and the duty to retain and preserve any record or paper so deposited shall devolve upon such custodian***. Any officer of election or custodian who willfully fails to comply with this section shall be fined not more than $1,000 or imprisoned not more than one year, or both." [emphasis supplied.]

In Michigan, on the November 3, 2026 general election ballot, the office of U.S. Senator and Members of the U.S. House of Representatives will appear. On November 3, 2026, I will be voting for his preferred candidate for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District, which is where Plaintiff resides and is registered to vote.

I am concerned, however, that my properly cast votes for U.S. Senator and Member of the U.S. House of Representatives for the 13th Congressional District will be unlawfully deleted and unpreserved under the provisions of the Mich Admin Code, R 168.48.
268. Because candidates for the offices of U.S. Senator and Members of the U.S. House of Representatives will be voted for in the November 3, 2026 general election in the State of Michigan, 52 U.S.C. §20701 controls.

**Because time is of the essence in this election-related matter, I am respectfully requesting a written response to this expedited request for declaratory ruling is issued within 7 calendar days of the date of this expedited request.**

Please send all written responses to this expedited request for declaratory ruling to my email address:
[redacted]

**Please confirm and acknowledge receipt of this email with a reply email.**

**Respectfully submitted,**
**<u>/s/ ROBERT DAVIS</u>**
**ROBERT DAVIS**
**180 Eason**
**Highland Park, MI 48203**

Outlook

**Expedited Request for Declaratory Ruling Under MCL 24.264 of APA Regarding Validity and Applicability of Mich Admin Code, R 168.48 Conflicting With MCL 168.811 of Michigan Election Law**

**From** Robert Davis <[redacted]
**Date** Tue 9/22/2026 8:13 PM
**To** MDOS-BOERegulatory <MDOS-BOERegulatory@michigan.gov>; Brater, Jonathan (MDOS) [redacted] Fracassi, Adam (MDOS) [redacted] Benson, Jocelyn (MDOS) [redacted]; [redacted]; Meingast, Heather (AG) [redacted]

1 attachment (55 KB)
Secretary of State Promulgated Rules R 168.41 to R 168.48 regarding Voter Data Retention Elections.pdf;

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Dear SOS Benson, Director Brater, Ms. Meingast, and Mr. Fracassi:

This expedited request for declaratory ruling MCL 24.264 of Administrative Procedures Act (APA) is **separate and distinct from the expedited request for declaratory ruling I submitted on Monday, September 21, 2026.**

Pursuant to MCL 24.264 of the Administrative Procedures Act (APA), as a duly registered and qualified voter of the County of Wayne, State of Michigan, I am respectfully submitting this expedited request for a declaratory ruling concerning the validity and applicability of Mich Admin Code, R 168.48 with respect to the upcoming November 3, 2026 general election considering it conflicts with MCL 168.811 of Michigan Election Law.

As a duly registered and qualified voter of the State of Michigan, I will be voting in the upcoming November 3, 2026 general election. I intend to vote in person at the polls on November 3, 2026 in the state-wide general election.

However, on October 23, 2025, the Secretary of State's promulgated rule, Mich Admin Code, R 168.48 went into effect. Mich Admin Code, R 168.48 requires and mandates "the electronic pollbook software and associated files must be deleted from all devices by the seventh day following the final canvass and certification of the election, unless a petition for recount has been filed and the recount has not been completed, a post-election audit has been scheduled, or the deletion of the data has been stayed by an order of the court or the secretary of state." (emphasis supplied).

Mich Admin Code, R 168.48, however, contravenes and conflicts with MCL 168.811 of Michigan Election Law, which governs preservation of ALL election-related data and documents pertaining to

any state, county or local primary and/or general elections held in this state.

MCL 168.811 of Michigan Election Law provides:
"**All election returns, including poll lists, statements, tally sheets, absent voters' return envelopes bearing the statement required by section 761, absent voters' records required by section 760, and other returns made by the election inspectors of the several precincts must be carefully preserved and may be destroyed after the expiration of 22 months following the primary or election at which the same were used**. All applications executed under section 523, all voter registration applications executed by applicants under section 497(3) and (4), and all absent voters' applications must be carefully preserved and may be destroyed after the expiration of 6 years following the primary or election at which those applications were executed. All ballots used at any primary or election, other than ballots containing a federal office, may be destroyed after 30 days following the final determination of the board of canvassers with respect to the primary or election unless a petition for recount has been filed and not completed or unless the destruction of the ballots is stayed by an order of a court. **All ballots containing a federal office, and all presidential primary ballot selection forms, may be destroyed after the expiration of 22 months following the primary or election at which those ballots were cast or forms were used**." [emphasis supplied.]

**Because time is of the essence in this election-related matter, I am respectfully requesting that a written response to this expedited request be issued within 7 calendar days of the date of this expedited request.**

Please send all written responses to this expedited request for declaratory ruling to my email address: [redacted]

**Please confirm and acknowledge receipt of this email with a reply email.**

Respectfully submitted,
**/s/ ROBERT DAVIS**
**ROBERT DAVIS**
180 Eason
Highland Park, MI 48203

**From:** MDOS-BOERegulatory
**To:** Robert Davis
**Subject:** Declaratory ruling requests
**Date:** Wednesday, September 30, 2026 4:20:51 PM
**Attachments:** 2026.9.30 McQueer.pdf

---

Dear Robert Davis,

The Department acknowledges receipt of your declaratory ruling requests dated September 21, 2026 and September 22, 2026, in which you sought a declaratory ruling regarding the validity and applicability of R 168.48. The Department denies your request to issue a declaratory ruling because you are not an interested person under MCL 24.263. R 168.48 governs the conduct of clerks and their staff. Because you are not a clerk or a member of a clerk’s staff, R 168.48 does not apply to you. However, the Department received a declaratory ruling request from an interested person addressing the same subject as your two requests. The Department’s response to that request was in the process of being finalized when your requests were received. That declaratory ruling was issued today, and in the spirit of cooperation, is attached to this email.

**Bureau of Elections,** *Regulatory Division*
Michigan Department of State
P.O. Box 20126
Lansing, Michigan 48901
/ATB