# EXHIBIT 5

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

**STATE OF MICHIGAN**
**IN THE COURT OF CLAIMS**

---

**MICHELLE McQUEER**, individually and in her official capacity as Clerk of the Township of Bridgewater,

Plaintiff,

v

Case No. 2026-                -MZ

HON.

**JOCELYN BENSON**, in her official capacity as Michigan Secretary of State, **JONATHAN BRATER**, in his official capacity as Director of Elections, and the **MICHIGAN DEPARTMENT OF STATE,**

Defendants.

_____________________________________________/

**KDK LAW**
KEVIN KIJEWSKI (P74153)
Attorney for Plaintiff
950 East Maple Road, Suite 204
Birmingham, MI 48009
(248) 971-0476
kevin@kdklawoffice.com
http://www.kdklawoffice.com

_____________________________________________/

**PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

**IMMEDIATE AND EXPEDITED CONSIDERATION REQUESTED**

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

**NOW COMES** Plaintiff Michelle McQueer, individually and in her official capacity as Clerk of the Township of Bridgewater, by and through her attorney, Kevin

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

Kijewski, and for her Complaint against Defendants Jocelyn Benson, in her official capacity as Michigan Secretary of State, Jonathan Brater, in his official capacity as Director of Elections, and the Michigan Department of State, states as follows:

**INTRODUCTION**

1. This action asks the Court to resolve a direct conflict between one administrative rule and three higher sources of law: federal statute, the Michigan Election Law, and the Michigan Constitution. Plaintiff seeks declaratory and injunctive relief against the State and its officers.
2. Plaintiff is a Michigan clerk, an officer of election, and a custodian of election records. The Secretary of State has promulgated R 168.48 of Rule Set 2025-014. That rule directs clerks to delete the electronic poll book software and associated files within seven days after the election is certified.
3. The seven-day command conflicts with each higher source. Under 52 USC 20701, Plaintiff must preserve voting records for twenty-two months, and 52 USC 20702 makes their willful destruction a crime. State law bars destruction of election returns and federal-office ballots before twenty-two months elapse. MCL 168.811. The Constitution requires election officials to keep ballots and election materials secure during an audit. Const 1963, art 2, § 4(1)(l).
4. Plaintiff does not seek to enjoin any election. Plaintiff seeks only a declaration that R 168.48 is invalid, or must be read narrowly, where it commands destruction of records the law requires be kept, and an injunction barring its enforcement against those records.

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

5. Plaintiff brings two claims. Each is independently sufficient to grant relief, and Plaintiff prevails if either one is sustained.

**PARTIES**

6. Plaintiff Michelle McQueer is the duly elected Clerk of the Township of Bridgewater, Washtenaw County. The law charges her with conducting the township's elections, operating the electronic poll book under MCL 168.668b, and keeping the election records in her custody. R 168.48 operates on her directly. She sues in her official capacity, in her own right and not on behalf of the township as a corporate entity, because the conflicting duties the rule creates and the exposure it imposes run to her as the officer.
7. Defendant Jocelyn Benson is the Secretary of State and the State's chief election officer. MCL 168.21. The Secretary, through the Department, promulgated and enforces Rule Set 2025-014. She is sued in her official capacity, so this action is against the State.
8. Defendant Jonathan Brater is the Director of Elections. He directs the Bureau of Elections and, under the Secretary's supervision, administers the election laws, including the electronic poll book program and the data deletion R 168.48 requires. He is sued in his official capacity.
9. Defendant Michigan Department of State is the principal department housing the Bureau of Elections, through which the Secretary administers the election laws.

**JURISDICTION AND VENUE**

10. This Court has exclusive jurisdiction. MCL 600.6419(1)(a) gives the Court of Claims exclusive jurisdiction over claims for declaratory and equitable relief

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

against the State and its officers, notwithstanding any other law that confers jurisdiction on the circuit court. An official-capacity suit against the Secretary is a suit against the State. *See Mays v Snyder*, 323 Mich App 1, 89 (2018), *aff'd sub nom Mays v Governor*, 506 Mich 157 (2020).

11. This Court may grant declaratory relief under MCR 2.605 and injunctive relief under MCL 600.6419(1)(a) and MCR 3.310. Plaintiff's claims arise under the Supremacy Clause, the Michigan Constitution, and the Michigan Election Law, and seek relief against state officers. They fall within this Court's exclusive jurisdiction.

12. Plaintiff has satisfied any prerequisite to suit. On July 6, 2026, Plaintiff herself asked the Secretary in writing, in a request for a declaratory ruling under MCL 24.263, whether R 168.48 requires her to delete these records, how she can comply with both the rule and the retention statutes, and for a stay of the deletion under the rule's own stay provision, and she asked for a response by July 27, 2026. **Exhibit 1.** As of the filing of this complaint, thirty-seven days after the request, the Department has not ruled, granted the stay, or otherwise responded, and the deletion deadline is imminent; the agency has failed to act expeditiously upon the request.

13. That silence is a pattern in this case: written testimony presented to the Joint Committee on Administrative Rules on September 10, 2025 raised the conflict between the proposed rule and 52 USC 20701, and on October 22, 2025 the Speaker Pro Tempore of the Michigan House of Representatives asked the Secretary in writing, in a request for a declaratory ruling under MCL 24.263, how a local clerk can comply with both R 168.48 and the twenty-two month retention

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

requirement of 52 USC 20701; on information and belief, neither has ever been answered. **Exhibit 2.** In any event, an agency may rule only on how a rule applies to facts; it cannot declare its own rule invalid, preempted, or unconstitutional, which is the relief Plaintiff seeks, so any further request would be futile. The Administrative Procedures Act preserves the right to assert a rule's invalidity in any proceeding, MCL 24.264, and Plaintiff's constitutional claims stand apart from that Act.

14. Venue is proper in this Court under MCL 600.6419 and the rules governing claims against the State and its officers.

15. Plaintiff has satisfied the Court of Claims Act. This claim arose on or about October 23, 2025, when Rule Set 2025-014 took effect, in Washtenaw County, where Plaintiff administers elections and would be compelled to delete the records the rule reaches. **Exhibit 3.** The state department involved is the Michigan Department of State, acting through the Bureau of Elections. The nature of the claim is that R 168.48 is preempted by federal law and exceeds the Secretary's authority under, and conflicts with, Michigan law, as set forth below. Plaintiff seeks only declaratory and injunctive relief and claims no money damages. Plaintiff files this verified complaint within one year of accrual, and it satisfies the notice and verification requirements of MCL 600.6431 and MCL 600.6434.

## **STANDING AND ACTUAL CONTROVERSY**

16. Plaintiff has standing. A litigant has standing who holds a special right or a substantial interest harmed differently from the public at large. *Lansing Schools Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372 (2010).

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

17. R 168.48 is directed at Plaintiff. She sues individually as well as in her official capacity because the retention duties, the rule's command, and the criminal exposure run to her personally as the officer of election. Plaintiff bears the very federal, statutory, and constitutional duties to preserve the records the rule orders her to destroy, including the custody duty the Constitution places on election officials. Const 1963, art 2, § 4(1)(l). Because the rule commands her, by virtue of her office, to delete records the law requires her to keep, it impairs her own legal rights and duties as the officer it regulates, an interest different in kind from the citizenry's general interest in lawful elections. She need not be the only clerk the rule reaches; the test is whether her interest differs from the public's, and it does.

18. An actual controversy exists. A declaratory action needs no completed injury; it lets a litigant fix rights before acting at peril. *Shavers v Attorney General*, 402 Mich 554, 588-589 (1978). *Accord MedImmune, Inc v Genentech, Inc*, 549 US 118, 128-129 (2007) (where threatened action by government is concerned, a plaintiff need not expose herself to liability before suing to challenge the basis for the threat).

19. Plaintiff faces that dilemma now. The rule and the retention laws give her contradictory commands she cannot both obey. Comply with R 168.48 and destroy records, risking federal criminal exposure under 52 USC 20702 and the destruction of public records outside an approved schedule contrary to MCL 750.491; or keep the records and face the Secretary's enforcement, including the misdemeanor mechanism of MCL 168.931. Without a declaration she must choose which binding authority to obey, and a declaration of rights resolves the conflict.

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

20. The controversy is ripe and immediate. The August 4, 2026 primary elected nominees for the United States Senate and House, so it generated records subject to the twenty-two-month federal retention period, and Plaintiff holds those records now. Under MCL 168.822(1) the Board of County Canvassers of Washtenaw County must canvass and certify the primary within fourteen days, and R 168.48 then requires Plaintiff to delete the electronic poll book and its associated files by the seventh day after that certification. **Exhibit 4.**

21. Deletion is therefore certain and only days away. No recount, scheduled post-election audit, or stay applies or is anticipated, so none of R 168.48's exceptions will excuse it. Because deletion is irreversible, Plaintiff cannot wait for the clock to run before seeking relief; once the records are destroyed the controversy can no longer be remedied. Plaintiff therefore brings this action now, while the records still exist, and asks the Court to preserve them pending judgment.

22. The rule's exceptions do not dissolve the controversy. The recount, audit, and stay exceptions operate only on a contingency or an act of the Department or a court. In the ordinary election with no recount, audit, or stay, they preserve nothing as of right. The deletion bar lifts only when the Department issues its own release of security memorandum, and the Department issues that release as a matter of course. To keep federal records past day seven, then, Plaintiff must win discretionary relief the rule does not guarantee.

23. An informal promise not to enforce would not moot the dispute. The rule stays in force, backed by the Secretary's supervisory authority and the misdemeanor

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

mechanism of MCL 168.931. Guidance the Department can withdraw at will is no substitute for a binding declaration.

## GENERAL ALLEGATIONS

### A. The Electronic Poll Book and the Records at Issue

24. Each city and township uses electronic poll book software supplied by the Bureau of Elections to process voters and generate precinct reports. MCL 168.668b. On election day the poll book records who was processed, the ballots issued, each voter's processing time, and entries for challenges, spoiled ballots, and other irregularities.

25. After the election, the clerk generates reports, transfers data to approved media, uploads voter history to the qualified voter file, and, under R 168.48, deletes the poll book software and associated files.

26. The electronic poll book and its associated files hold records relating to acts requisite to voting in elections that include federal candidates. During voting the software maintains an Activity Log Report that records every action taken in the poll book: the issuance, spoiling, rejection, and challenge of each ballot, and every entry that reverses or corrects a prior action, each stamped with its time and the operator who took it. The poll book also records the time each voter was processed. These records document each elector's statutorily required application to vote: under MCL 168.523(1) every registered elector must execute an application before being given a ballot, and under MCL 168.523(3) the number of the ballot issued is noted on the approved application, which serves as one of the two poll lists required to be kept as a record of a person who has voted. The electronic poll book

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

is the instrument through which those applications are processed and the resulting ballot transactions are recorded. Those records come into the clerk's possession from the electors themselves in the course of voting; the clerk does not create them. Each such action is an act requisite to voting, and the Activity Log Report is the record of those acts and of the custody and handling of the poll book and the ballots it controls.

27. The Bureau's own poll book manual describes what the closing procedure retains. The Activity Log Report may be viewed and printed on the device, but it is not among the reports the closing procedure requires the clerk to retain, and whether a clerk separately prints or keeps it is a matter of local practice the rule does not require. At closing the procedure prints the ballot summary, the list of voters, and the remarks reports into the paper binder pollbook, and the voter history enters the qualified voter file. In Plaintiff's township, the poll book inspector also backs up the election day electronic pollbook to a secure USB drive every hour during election day; the final backup at the close of the polls is saved to the same drive, an encrypted drive of the kind the rules themselves designate for storing election files, R 168.41(b); and that drive remains in the Clerk's records after the election. The contents of that drive are subject to the same deletion requirement: R 168.48 requires deletion of the pollbook software and every associated electronic file from all devices by the seventh day, the drive is such a device, and neither the rule nor the closing procedure retains the electronic records themselves in any form. **Exhibit 5.**

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

28. The nonpartisan House Fiscal Agency's analysis likewise recognizes that the contents of the electronic poll book are unique to each precinct. **Exhibit 6.**

29. The printed precinct reports do not capture this detail. The printed list of voters shows only each voter's name, address, voting category, and summary status flags. It omits the per-voter processing times, the ballot-transaction and reversal log, the operator login and failed-login audit, and the device security metadata that reside in the electronic poll book.

30. The qualified voter file does not fill the gap. On information and belief, whether the poll book uploads its data after the election or transmits it over a secure live connection during voting, the qualified voter file records only that a voter participated and does not preserve the transaction-level detail above. The Department has confirmed related limits in writing. In a December 8, 2025 response to a Freedom of Information Act request for the list of voters in the November 5, 2024 general election, the Bureau stated that its report omits the precinct in which the voter voted, omits any column showing whether the voter voted absentee or in person, and is limited to persons who remain active registered voters. **Exhibit 7.** The qualified voter file thus provides, in the reports the Department produces, no fixed precinct-level record of who voted in a given federal election, and its contents change as voters move or are cancelled.

31. The retention duties imposed by 52 USC 20701 and MCL 168.811 attach to the records themselves. Deleting the electronic poll book and its associated files destroys those records regardless of what any printed report contains. The printed reports are outputs generated from the poll book database; they are not the

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

electronic records and are not complete copies of the data those records hold, just as the Department's own qualified voter file reports omit fields the database contains. Retaining a printed output is not retaining the electronic record. R 168.48 orders deletion of the software and all associated files without requiring that any electronic copy of the poll book's records be retained by any office, so in the ordinary cycle the electronic records are destroyed in their entirety.

**B. The Federal Retention Requirement**

32. 52 USC 20701 makes every officer of election keep, for twenty-two months after any federal election, all records that come into the officer's possession relating to an act requisite to voting. Under 52 USC 20706, an "officer of election" is anyone who, under color of state law, performs a function connected to such an act.

33. 52 USC 20702 makes it a federal crime, punishable by fine and imprisonment, for any person to willfully steal, destroy, conceal, mutilate, or alter any record or paper required to be retained under 52 USC 20701.

34. Section 20701 is not limited to paper; its text reaches all records. The United States Department of Justice, which enforces the statute, has published guidance stating that the covered materials extend beyond papers to include other records, that jurisdictions must therefore retain and preserve records created in digital or electronic form, and that the retention duty requires election officials to maintain the security and integrity of those records and their chain of custody so that a complete and uncompromised record of federal elections remains available. On information and belief, that guidance remains published as current policy of the Department's Civil Rights Division. The electronic poll book files are records

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

relating to acts requisite to voting, including each elector's application to vote, and they fall within 52 USC 20701.

35. The Department's own instructions to clerks state the same duty. The Bureau of Elections' current Election Officials' Manual instructs that if the office of President, United States Senator, or Representative in Congress appears on the ballot, all documents relating to the election, including ballots and tabulator programs, must be retained for twenty-two months. The electronic poll book files are documents relating to the election. **Exhibit 5.**

**C. The Michigan Retention Statute**

36. The Legislature has fixed how long election records survive. MCL 168.811 bars destruction of election returns, including poll lists, statements, and tally sheets, and of federal-office ballots, until twenty-two months pass. The statute sets a twenty-two-month floor.

**D. The Records Retention and Disposal Scheme**

37. Michigan law fixes the exclusive path for disposing of a public record. A public record may be disposed of only as an approved records retention and disposal schedule provides. MCL 750.491(1); MCL 399.811. A schedule that governs the disposal of records is submitted to the State Administrative Board, which approves or disapproves it and orders the destruction of valueless records accordingly. MCL 399.811(3). Willful destruction of a public record outside an approved schedule is a misdemeanor. MCL 750.491(2).

38. The electronic poll book and the records it holds are public records subject to that scheme. The challenged rule itself confirms as much: R 168.42(1) declares that the

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

voter data contained in the electronic poll book are public records subject to the Freedom of Information Act. The Bureau of Elections publishes an Election Document Retention Schedule that treats poll books and their component lists, statements, and tally sheets as records governed by MCL 168.811, preserves them for years after the election, and preserves federal-office records for twenty-two months. **Exhibit 8.**

39. Retention does not turn on the medium of the record. A record must be kept for its full retention period whatever the format in which it exists, and the office must keep it accessible throughout that period. A clerk does not satisfy the retention duty by keeping a paper summary while deleting electronic records that exist nowhere else.

40. The State's approved retention schedule does contain a seven-day item for electronic pollbook data. Item 23.339 of General Schedule #23, with a county counterpart at item 23.242, approved October 24, 2023, permits destruction of electronic pollbook data seven days after the canvass, but only after the data is uploaded into the qualified voter file or converted to paper. That approval does not authorize this destruction, for two reasons. First, the item's own condition is not satisfied: the electronic records the rule destroys are neither uploaded into the qualified voter file, into which R 168.47 directs the upload of the voting history and other required files, extracts generated from the poll book rather than the poll book's records, nor converted to paper, because the printed reports are field-limited outputs rather than conversions of the records. Second, the same schedule retains ballots from federal elections for twenty-two months, expressly citing 52 USC

KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
KDK LAW
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

20701, item 23.306, while giving the electronic pollbook data seven days; a schedule, like a rule, is subordinate to the statutes and cannot shorten the retention that MCL 168.811 and 52 USC 20701 command.

### E. The Constitutional Audit Right

41. The Constitution guarantees audits of statewide elections and requires public election officials to maintain the security and custody of all ballots and election materials during an audit. Const 1963, art 2, § 4(1)(l). The right is self-executing and is construed in favor of voters. The Legislature implemented it in MCL 168.31a(2), which makes audits review the documents, ballots, and procedures used in an election. Deleting the electronic poll book on day seven, within the retention and audit windows, removes from any audit the documents and data the audit exists to review.

### F. The Challenged Rule

42. Rule Set 2025-014, Mich Admin Code R 168.41 to R 168.48, governs the use of the electronic poll book. The rule defines the electronic poll book to include the early voting electronic poll book, the election day vote center electronic poll book, and the election day electronic poll book, or any combination of them. R 168.41. The deletion command therefore reaches every electronic poll book a clerk uses. The Department filed the rule set with the Secretary of State on October 23, 2025, under the authority of MCL 168.31, and it took effect on filing. R 168.48(1) requires that the electronic poll book software and associated files "must be deleted from all devices by the seventh day following the final canvass and certification of

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

the election," subject to exceptions for a pending recount, a scheduled post-election audit, and a stay ordered by a court or the Secretary of State.**Exhibit 9.**

43. The rule bars deletion until the Bureau of Elections or county clerk issues a release of security memorandum. R 168.48(2). The rule's own audit exception extends retention whenever a precinct is selected for a post-election audit, and the Department's manual identifies the electronic poll book among the subjects of those audits; the State's own oversight process uses the records the rule otherwise destroys.

44. The rule has already operated in Plaintiff's township. Following at least one election conducted since the rule took effect on October 23, 2025, the electronic pollbook files for that election were deleted as the rule requires, and they cannot be recovered. No election involving a federal office was conducted under the rule before the August 4, 2026 primary; this primary presents the first collision between the rule's deletion command and the federal retention duty.

45. R 168.48's exceptions reach only recounts, scheduled audits, and stays. They do not reach the ordinary election that generates twenty-two-month records under 52 USC 20701 and MCL 168.811 but draws no recount, audit, or stay. In that ordinary case, including the August 4, 2026 primary, the rule orders deletion on day seven, far short of the twenty-two months federal and state law require.

**COUNT I. DECLARATORY JUDGMENT: FEDERAL PREEMPTION OF R 168.48 BY 52 USC 20701 AND 20702 UNDER THE SUPREMACY CLAUSE (AS APPLIED)**

46. Plaintiff realleges and incorporates the preceding paragraphs.

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

47. A state rule that conflicts with federal law is void to the extent of the conflict. US Const, art VI, cl 2. Conflict preemption arises when a party cannot obey both commands at once, or when the state rule obstructs the purposes of Congress.
48. As an officer of election, Plaintiff must keep all voting records from a federal election for twenty-two months. 52 USC 20701. Their willful destruction is a federal crime. 52 USC 20702. The August 4, 2026 primary is such an election.
49. R 168.48 makes destruction the default, ordering that the files "must be deleted" by day seven absent a recount, audit, or stay. R 168.48(1). Federal law sets the opposite default: under 52 USC 20701 the officer "shall retain and preserve" the records for twenty-two months, and 52 USC 20702 makes their destruction a crime. The federal duty attaches to the records that come into the officer's possession, the poll book files themselves, not to substitutes the officer might generate, so deleting those files violates the federal duty even if some of the same information survives in another form. R 168.48 inverts the federal command and orders destruction of what federal law requires be kept.
50. The discretionary stay does not cure the conflict. The federal duty is mandatory and self-operative; it does not wait on a clerk persuading the Secretary or a court to suspend a state deletion order. A rule that forces destruction unless the clerk wins relief each cycle to do what federal law already requires obstructs the purpose of 52 USC 20701: preserving records for the full twenty-two months for federal inspection. A State may not make a mandatory federal duty hinge on a discretionary state dispensation.

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

51. In the ordinary election with no recount, audit, or stay, R 168.48 and 52 USC 20701 give Plaintiff opposite commands as to the same records, and Plaintiff cannot obey both. To that extent R 168.48 is preempted, invalid, and unenforceable.

**WHEREFORE,** Plaintiff requests judgment declaring that R 168.48 is preempted by 52 USC 20701 and 20702, and is invalid and unenforceable, to the extent it requires deletion of records within the twenty-two-month federal retention period, together with the further relief set forth below.

**COUNT II. DECLARATORY JUDGMENT: R 168.48 EXCEEDS THE SECRETARY'S AUTHORITY AND CONFLICTS WITH MICHIGAN RETENTION LAW**

52. Plaintiff realleges and incorporates the preceding paragraphs.

53. Statute both grants and limits the Secretary's rulemaking power. MCL 168.31(1)(a) lets her promulgate rules for the conduct of elections and registrations in accordance with state law. A rule is valid only if it falls within the enabling statute, fits the legislative intent, and is not arbitrary or capricious. *Ins Institute of Mich v Comm'r of Financial & Ins Services*, 486 Mich 370, 385 (2010); *see also Luttrell v Dep't of Corrections*, 421 Mich 93, 100 (1984). When a rule conflicts with the governing statute, the statute controls. *Brightmoore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 161 (2021).

54. A rule that conflicts with a statute is invalid to that extent, and an agency may not swap its policy for the Legislature's. *Slis v State*, 332 Mich App 312, 335-336 (2020). An agency's interpretation cannot conflict with the plain meaning of the statute. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 108 (2008).

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

55. The Legislature has fixed how long these records survive. MCL 168.811 bars destruction of election returns, poll lists, and federal-office ballots before twenty-two months pass. Outside its narrow exceptions, R 168.48 orders deletion on day seven. Where the poll book files are or contain election returns or poll lists under MCL 168.811, the rule shortens the statutory period and conflicts with it. It is invalid to that extent.

56. R 168.48 also collides with the statutes governing how a public record may be destroyed. A public record may be disposed of only as an approved retention and disposal schedule provides, through the process the Legislature prescribed, MCL 750.491(1); MCL 399.811, and only to the extent the schedule is itself lawful. **Exhibit 10.** The schedule item that purports to authorize seven-day deletion, General Schedule #23 item 23.339, authorizes destruction only of data uploaded into the qualified voter file or converted to paper, a condition the electronic records do not meet, and neither that item nor R 168.48 can authorize destruction the retention statutes forbid.

57. That the Department directed similar deletion through its election manuals in earlier cycles, and obtained a schedule item reflecting the practice, does not cure the defect. A retention and disposal schedule is an administrative instrument subordinate to the statutes; it can no more shorten the twenty-two months that MCL 168.811 and 52 USC 20701 require than the rule can, because neither an agency nor the records-management process can change a period the Legislature and Congress fixed. To the extent R 168.48 orders destruction those statutes forbid, it conflicts with MCL 168.811, MCL 750.491, and MCL 399.811 and is invalid.

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

58. That a clerk may keep a paper summary does not save the rule. The retention duty attaches to the record in whatever medium it exists. The electronic poll book files are records, and deleting them destroys those records whatever paper remains.

59. A rule ordering the destruction of election records is also not a rule for the "conduct of elections and registrations" under MCL 168.31(1)(a). By ordering destruction the Legislature never authorized and the retention statute forbids, R 168.48 exceeds the Secretary's delegated power, intrudes on the records-retention-schedule process the Legislature committed to the State Administrative Board, and is ultra vires. MCL 168.668b authorizes the Secretary to prescribe procedures for using the electronic poll book, but not to destroy records the retention statutes require be kept; regulating how the poll book is used is not authority to erase the records it holds.

**WHEREFORE,** Plaintiff requests judgment declaring that R 168.48 exceeds the Secretary's authority under MCL 168.31 and conflicts with MCL 168.811, MCL 750.491, and MCL 399.811, and is invalid and unenforceable to the extent it requires deletion of records within the statutory retention period, together with the further relief set forth below.

## COUNT III. IN THE ALTERNATIVE: R 168.48 IS INVALID FOR FAILURE OF SUBSTANTIAL COMPLIANCE WITH THE ADMINISTRATIVE PROCEDURES ACT

60. Plaintiff realleges and incorporates the preceding paragraphs.

61. A rule is not valid unless it is processed in compliance with MCL 24.242 and in substantial compliance with MCL 24.241(2), (3), (4), and (5). MCL 24.243(1). Among the requirements is that the notice of the public hearing include a statement

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

of the terms or substance of the proposed rule, a description of the subjects and issues involved, and the proposed effective date. MCL 24.241(2)(c).

62. The notice of public hearing for the rule set that became R 168.41 through R 168.48 was published in three newspapers on June 14 and 15, 2025 and in the Michigan Register on July 1, 2025. Its entire statement of the substance of the proposed rules read: "The proposed rules would provide that an electronic pollbook must have a secure live connection to the Qualified Voter File while voting is taking place, if the site has internet access. Further, the proposed rules would provide that the electronic pollbook software download provided in MCL 168.668b must still take place and serve as a backup to the live connection." **Exhibit 11.** The notice added that the proposed rules were published on the State of Michigan's website and in the July 1, 2025 issue of the Michigan Register. **Exhibit 12.**

63. Deletion of the electronic poll book appears nowhere in that statement and nowhere in any description of the subjects and issues involved. A reader of the notice was told that the rule set concerned a secure live connection to the qualified voter file and the retention of the statutory download as a backup. The reader was not told that the rule set would order the destruction of the poll book's records seven days after certification.

64. The omission pervades the rulemaking record. The request for rulemaking that opened the docket, approved March 6, 2025, described the purpose as clarifying the electronic pollbook rules in light of technological advances, early voting, and the security benefits of a live connection, and certified that the rules do not conflict with any similar rules, requirements, or standards. The regulatory impact statement

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

stated that there are no parallel federal rules or standards, the comparison MCL 24.245(3)(a) requires, and that no laws, rules, or other legal requirements duplicate, overlap, or conflict with the proposed rules; it contains no demonstration that the deletion requirement is necessary and suitable to achieve its purpose in proportion to its burdens, MCL 24.245(3)(k), no identification of any harm the deletion requirement addresses, and no estimate of its benefits. The agency's report to the Joint Committee on Administrative Rules summarized the rules in the same terms.

65. No individual attended or testified at the July 15, 2025 public hearing; the only two written comments supported the live connection proposal and addressed nothing else; and the clerk feedback the agency relied on concerned only live connectivity. **Exhibits 13, 14, and 15.**

66. The notice requirement exists to invite public participation, to prevent precipitous agency action, and to notify affected persons of the subjects and issues involved so that they may be heard. As to the deletion command, that purpose failed completely: no member of the public, no clerk, and no organization commented on, testified about, or was told of the requirement that election records be destroyed, and the first public opposition came only after the comment period closed.

67. A notice whose affirmative statement of substance omits the rule set's most consequential command is not in substantial compliance with MCL 24.241(2)(c), and R 168.48 is therefore invalid. MCL 24.243(1). This claim is brought within two years after the rules' October 23, 2025 effective date. MCL 24.243(2).

68. In the alternative and at minimum, the regulatory impact statement's certifications were inaccurate as to R 168.48, and its failure to analyze the deletion requirement

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

at all deprived the rulemaking of the analysis the Administrative Procedures Act requires, which independently supports declaratory relief in this action. MCL 24.264.

69. R 168.48 is severable from R 168.41 through R 168.47. The notice described the live connection and download provisions those rules contain, the defect identified in this count is specific to the deletion requirement, and the remaining rules operate independently of it.

**WHEREFORE,** Plaintiff requests judgment declaring that R 168.48 was not processed in substantial compliance with MCL 24.241(2) and is invalid under MCL 24.243(1), together with the further relief set forth below.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Michelle McQueer respectfully requests that this Honorable Court:

A. Declare that R 168.48 is preempted by 52 USC 20701 and 20702, and is invalid and unenforceable, to the extent it requires deletion of records within the twenty-two-month federal retention period;

B. Declare that R 168.48 exceeds the Secretary's authority under MCL 168.31 and conflicts with MCL 168.811, MCL 750.491, and MCL 399.811, and is invalid and unenforceable to the extent it requires deletion of records within the statutory retention period;

C. In the alternative to the foregoing declarations of invalidity, declare that R 168.48 must be construed so as not to require deletion of any records within the retention periods established by 52 USC 20701 and MCL 168.811;

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

D. Enter preliminary and permanent injunctive relief restraining Defendants, their officers, agents, and employees from enforcing R 168.48 against Plaintiff, and from deleting or requiring the deletion of the electronic poll book and its associated files, insofar as they hold records within the retention periods established by 52 USC 20701 and MCL 168.811;

E. Order a speedy hearing of this action and advance it on the Court's calendar under MCR 2.605(D);

F. Award Plaintiff her costs and, to the extent authorized by applicable law, her reasonable attorney's fees; and

G. Grant such other and further relief as this Honorable Court deems just and equitable.

Respectfully submitted by:

Dated: August 12, 2026

/s/ Kevin Kijewski
**KEVIN KIJEWSKI (P74153)**
Attorney for Plaintiff

KDK LAW
KEVIN KIJEWSKI, ESQ. – KATHRYN KIJEWSKI, ESQ.
950 EAST MAPLE ROAD, SUITE 204 – BIRMINGHAM, MI 48009
KDKLAWOFFICE.COM – P: (248) 971-0476 – F: (248) 282-8998

**VERIFICATION**

STATE OF MICHIGAN )
) ss
COUNTY OF WASHTENAW )

Michelle McQueer, being first duly sworn, deposes and states that she is the Plaintiff in the above-captioned action; that she has read the foregoing Complaint; and that the factual allegations contained in it are true to her own knowledge, except as to those matters alleged on information and belief, and as to those matters, she believes them to be true.

Michelle McQueer

Subscribed and sworn to before me this 12th day of August, 2026.

Notary Public, State of Michigan
County of Washtenaw
My commission expires: 02/12/2030
Acting in the County of Washtenaw

LYDIA TANNIS
Notary Public - State of Michigan
County of Washtenaw
My Commission Expires Feb 12, 2030
Acting in the County of Washtenaw