# EXHIBIT 2

| | |
|---|---|
| **From:** | Robert Davis |
| **To:** | Gregory Mahar; Rebecca Camargo; Eric Sabree; Judge David Braxton; Cathy M Garrett |
| **Cc:** | Vincenzo Convertino; Susan Sweetman; Jennifer Redmond; savite@washtenaw.org; bensonj4@michigan.gov; MDOS-BOERegulatory; Fracassi, Adam (MDOS); Brater, Jonathan (MDOS); garlin.gilchrist@michigan.gov; garlin@garlingilchrist.com; garlin@garlin.org; gilchristg@michigan.gov; Meingast, Heather (AG); Grill, Erik (AG) |
| **Subject:** | Re: Request To Be Added To Agenda of Wayne County Election Commission"s September 8, 2026 Meeting To Present Challenge To Certifications of Democratic Nominees for Governor, Attorney General and Secretary of State |
| **Date:** | Tuesday, September 8, 2026 9:26:42 AM |

Good morning, Ms. Camargo, Director Mahar, and Distinguished Members of the Wayne County Election Commission,

I'm following up on my email sent over the Labor Day Holiday concerning my request to be added to Today's meeting agenda to present to the Election Commission my objections to the certification of Democratic nominees for Governor, Attorney General and Secretary of State. **Considering the Election Commission's meeting is scheduled for 11 a.m. this morning, Please advise ASAP if my request will be honored by this Honorable Body. Thank you.**

Respectfully submitted,
Robert Davis

On Sun, Sep 6, 2026 at 8:41 AM Robert Davis <davisrobert854@gmail.com> wrote:

> Good morning, Ms. Camargo, Director Brater and Distinguished Members of the Wayne County Election Commission:
>
> Pursuant to MCL 168.689 of Michigan Election Law, I am respectfully requesting to be added to the agenda for the Wayne County Election Commission's September 8, 2026 meeting to present my challenge and objections to the "certifications" of the Michigan Democratic Party's nominees for Governor, Attorney General and Secretary of State.
>
> Pursuant to MCL 1689 of Michigan Election Law, the Wayne County Election Commission has the statutory legal duty to determine whether candidates have been "properly certified" by the filing official, which in this case is the Secretary of State, prior to authorizing the printing of the ballots for the November 3, 2026 general election. See *Davis v Wayne County Election Commission,* 349 Mich.App. 355; 28 NW3d 354, 364 (2023) (emphasis supplied) ("As a general premise, it is true that MCL 168.689 authorizes, indeed requires, the Commission to do what the statute states: to 'prepare the official ballots for use' in Wayne County and to 'have printed a sufficient number of ballots containing the names of all candidates properly certified to said board of election commissioners' for 'use at any state, district or county election held therein....'"); see also *Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II)* ("It is well established that it is the province of the election commission, not the city clerk, to approve and furnish the ballots to be used in an election.").
>
> Here, the Secretary of State, deliberately and intentionally, violated Mich Admin Code, R 168.2(3) and (4) by failing to "**perform some investigation into the status of each candidate's campaign finance records history *before certifying the candidate's name to appear on a ballot.*"** *Wilcoxon v Garrett,* unpublished per curiam opinion of the Court of Appeals, issued July 22, 2026 (Docket No. 375547); slip op at p 6 (emphasis supplied).

As the Court of Appeals recently explained in Wilcoxon, "[**a]mendments have been made to both MCL 168.558(4) and Rule 168.2(3)**...***to require that officials check state and county records to ensure that a candidate has made accurate statements in the affidavit.***" *Wilcoxon,* slip op at p 5 (emphasis supplied).

The evidence attached clearly shows that the Secretary of State has failed to fulfil her statutory legal duties with respect to properly verifying whether she or the Democratic nominees for Attorney General and Secretary of State made false statements on their affidavits of identity with respect to their respective compliance with the Michigan Campaign Finance Act (MCFA) filing requirements under MCL 168.558(4).

The allegations with respect to Gubernatorial Candidate Jocelyn Benson are set forth in the Wayne County Circuit Court lawsuit, *Davis v Wayne County Election Commission,* Case No. 26-015190-AW, which remains pending before Judge Kathleen McCarthy. The allegations and legal arguments set forth therein are hereby incorporated by reference herein as if they were fully stated and set forth herein.

With respect to the Democratic Party nominee for Attorney General, Eli Savit, the allegations set forth in my timely filed sworn complaints filed in accordance with Mich Admin Code, R 168.5, are the basis for my instant request for the Wayne County Election Commission to determine that he was NOT "properly certified" by the Democratic Secretary of State. The allegations set forth in the sworn complaints dated September 1st and 4th, 2026, which are attached hereto, are hereby incorporated by reference herein as if they were fully stated and set forth herein.

And, as to the Democratic Party nominee for Secretary of State, Garlin Gilchrist II, the allegations set forth in my timely filed sworn complaint filed in accordance with Mich Admin Code, R 168.5, are the basis for my instant request for the Wayne County Election Commission to determine that he was **NOT** "properly certified" by the Democratic Secretary of State. The allegations set forth in the sworn complaint dated September 1st, 2026, which is attached hereto, are hereby incorporated by reference herein as if they were fully stated and set forth herein.

It is important to advise the Wayne County Election Commission that despite there being three (3) ***timely*** filed challenges being filed under Mich Admin Code, R 168.5, which remain pending before the Secretary of State, it is believed the Secretary of State issued her "notice" to the various County Clerks under MCL 168.648 **without** rendering a decision on the timely filed challenges and without conducting the investigations required under Mich Admin Code, R 168.2(3). *Wilcoxon, supra.* ***This is a clear violation of due process.***

The Court of Appeals has held that MCL 168.558 applies to both primary and general elections. *Moore v Genesee Co,* 337 Mich App 723, 728-729; 976 NW2d 921 (2021); see also *Kahlilia Davis v Secretary of State,* unpublished order of the Court of Appeals, entered August 22, 2022 (Docket No. 362455). As such, Democratic nominees Eli Savit and Garlin Gilchrist, who executed affidavits of identity (AOIs) that contained a false statement, cannot appear on the November 3, 2026 general election as the democratic party nominees for Attorney General or Secretary of State, respectively. MCL 168.558(4); Mich Admin Code, R 168.2(4); *Moore*, 337 Mich App at 728-729; see also *Kahlilia Davis v Secretary of State*, unpublished order of the Court of Appeals, entered August 22, 2022 (Docket No. 362455).

Please be advised that the affidavits of identity for Democratic Party Nominees for Attorney General and Secretary of State were **NOT** filed with the Democratic Secretary of State until Monday, August 31, 2026, after they were officially nominated at the Democratic Fall State Convention held on Saturday, August 29th. MCL 168.558(1) of Michigan Election Law required that the affidavits of identity be filed with the Secretary of State "within 1 business after being nominated at the convention."

**Please advise ASAP if my request to present my objections and challenges on the record *before* the Wayne County Election Commission votes to authorize the printing of the ballots will be honored.**

**Also, please confirm receipt of this email and its attachments with a reply email. I have included representatives from the Michigan Secretary of State, as well as the challenged candidates in this email communication.**

**Respectfully submitted,**
**Robert Davis**
**180 Eason**
**Highland Park, MI 48203**