**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT DAVIS,

Plaintiff,

v.

JOCELYN BENSON, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et al.*,

Defendants.

Case No.: 2:26-cv-13454

Hon. Terrence G. Berg

Mag. Judge Kimberly G. Altman

---

**DEFENDANTS THE MICHIGAN DEMOCRATIC PARTY'S, ELI SAVIT'S, AND GARLIN GILCHRIST II'S MOTION TO DISMISS PLAINTIFF'S FIRST-AMENDED VERIFIED COMPLAINT**

***ORAL ARGUMENT REQUESTED***

Plaintiff comes with allegations that are not merely implausible; they are fantastical. He asks this Court to credit a sweeping conspiracy among state officials, a political party, and two candidates based solely on vague, secondhand statements attributed to an unidentified "operative"—statements that supply no verifiable facts and cannot be reconciled with the chronology alleged in Plaintiff's own pleading. The timeline instead shows that the basis of this alleged conspiracy rests on an attempt to delay a decision on a request for an administrative declaratory ruling that focused on primary candidates (which Defendants Eli Savit and Garlin Gilchrist II

were not) and predated their nominations. It had nothing to do with them. The other fabricated scenario involves a pause in addressing campaign finance challenges, where any delay followed from Plaintiff's own decision to litigate those same issues in state court. From this incoherent theory, Plaintiff attempts to manufacture federal due-process and "class-of-one" claims that find no support in the Constitution or governing law. Speculation cannot transform this collection of hearsay, contradictions, and legal conclusions into a plausible claim for relief.

Plaintiff's sole count against the Michigan Democratic Party ("MDP"), Savit, and Gilchrist—conspiracy under 42 U.S.C. § 1983—fails as a matter of law and is not properly pled for several reasons.

First, MDP, Savit, and Gilchrist are private parties. To be liable under Section 1983, Plaintiff must allege with specificity that they individually were acting under color of state law or that they willfully participated in joint, unconstitutional actions by governmental actors. *See Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020). Additionally, for MDP to be liable under Section 1983, Plaintiff must identify some official policy or custom of MDP that gives rise to his claim—not just the actions of an unidentified individual allegedly affiliated with MDP. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996). Plaintiff did not make any factual allegations satisfying these requirements.

Second, Plaintiff's conspiracy claim is facially implausible and is based on only unsupported, vague, and conclusory allegations. Plaintiff therefore has not adequately pled that ***any*** conspiracy existed—let alone one in which the MDP, Savit, or Gilchrist were involved.

Finally, Plaintiff's conspiracy claim cannot stand because each of the underlying counts alleging constitutional violations (Counts I-III) fails as a matter of law, for the reasons stated more fully below and in the State Defendants' Motion to Dismiss, ECF 40, with which the MDP, Savit and Gilchrist concur and agree.

WHEREFORE: For these reasons, as explained in more detail in the supporting brief, the Michigan Democratic Party, Eli Savit, and Garlin Gilchrist II respectfully request that the Court dismiss Plaintiff's complaint with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and grant any other relief that the Court deems just and proper, including fees and costs for having to bring this motion.

Dated: October 15, 2026

Respectfully submitted,

*/s/ Scott R. Eldridge*

Scott R. Eldridge (P66452)
Wendolyn W. Richards (P67776)
Sarah Reasoner (P85573)
*Attorneys for Defendants Michigan Democratic Party, Eli Savit, and Garlin Gilchrist II*
123 W. Allegan St., Suite 200
Lansing, Michigan 48933
(517) 487-2070
eldridge@millercanfield.com
richards@millercanfield.com
reasoner@millercanfield.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT DAVIS,

Plaintiff,

v.

JOCELYN BENSON, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et al.*,

Defendants.

Case No.: 2:26-cv-13454

Hon. Terrence G. Berg

Mag. Judge Kimberly G. Altman

---

**BRIEF IN SUPPORT OF DEFENDANTS THE MICHIGAN DEMOCRATIC PARTY'S, ELI SAVIT'S, AND GARLIN GILCHRIST II'S MOTION TO DISMISS PLAINTIFF'S FIRST-AMENDED VERIFIED COMPLAINT**

***ORAL ARGUMENT REQUESTED***

# TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ ii

CONCISE STATEMENT OF ISSUES PRESENTED ........ vi

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........ vii

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 2

LEGAL STANDARD ........ 9

ARGUMENT ........ 10

I. PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE CONSPIRACY CLAIM AGAINST THE MDP, SAVIT, OR GILCHRIST ........ 10

II. PLAINTIFF FAILED TO PLEAD THAT THE MDP, SAVIT, OR GILCHRIST PARTICIPATED IN THE CONSPIRACY ........ 11

III. PLAINTIFF FAILED TO PLAUSIBLY AND SUFFICIENTLY PLEAD THAT ANY CONSPIRACY EXISTED ........ 13

A. Element 1: No Single Plan Existed ........ 15

B. Element 2: No Mutual Conspiratorial Objective to Violate Plaintiff's Rights ........ 17

C. Element 3: No Overt Act ........ 17

IV. THE CONSPIRACY CLAIM FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE AN UNDERLYING CONSTITUTIONAL VIOLATION ........ 20

A. Counts I-III Fail—and Thus So Does Count IV—for the Reasons Stated in the State Defendants' Motion to Dismiss ........ 20

B. Counts I-II are Barred by Res Judicata ........ 21

V. PLAINTIFF LACKS STANDING UNDER ARTICLE III WHERE HE CANNOT SATISFY ARTICLE III'S REQUIREMENTS OF INJURY IN FACT, CAUSATION AND REDRESSABILITY ........ 23

CONCLUSION ........ 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 9

*Bazzi v. City of Dearborn*,
658 F.3d 598 (6th Cir. 2011) ... 10, 15, 17

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 9

*Buck v. Thomas M. Cooley L. Sch.*,
597 F.3d 812 (6th Cir. 2010) ... 21, 22

*Chakan v. City of Detroit (Detroit Fire Dep't)*,
998 F. Supp. 779 (E.D. Mich. 1998) ... 22

*Chamberlain v. Reddy Ice Holdings, Inc.*,
757 F. Supp. 2d 683 (E.D. Mich. 2010) ... 4, 9

*City of Troy Bldg. Inspector v. Hershberger*,
27 Mich. App. 123, 183 N.W.2d 430 (1970) ... 22

*Davis v. Benson*,
No. 26-000187-MB (Mich. Ct. Cl. Sept. 4, 2026) ... 5, 22

*Davis v. Sec'y of State*,
No. 170671, 2026 WL 2678811 (Mich. Sept. 11, 2026) ... 6

*Davis v. Sec'y of State*,
No. 382336 (Mich. Ct. App. Sept. 8, 2026) ... 6

*Griffin v. Hunter*,
No. 24-5004, 2024 WL 4512531 (6th Cir. Oct. 17, 2024) ... 14, 15

*Gutierrez v. Lynch*,
826 F.2d 1534 (6th Cir. 1987) ... 10

*Hancock v. Miller*,
852 F. App'x 914 (6th Cir. 2021) ... 9

*Harvey v. Harvey*,
949 F.2d 1127 (11th Cir. 1992) ....................................................................13

*Heyne v. Metro. Nashville Pub. Schs.*,
655 F.3d 556 (6th Cir. 2011) ....................................................................10, 12

*Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*,
87 F.4th 743 (6th Cir. 2023) ....................................................................11

*Lintz v. Skipski*,
807 F. Supp. 1299 (W.D. Mich. 1992), *aff'd*, 25 F.3d 304 (6th Cir. 1994) ....................................................................11, 12

*Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*,
361 F.3d 898 (6th Cir. 2004) ....................................................................11

*Monell v. Dep't of Soc. Servs.*,
436 U.S. 658 (1978)....................................................................13

*Moore v. City of Paducah*,
890 F.2d 831 (6th Cir. 1989) ....................................................................vi, 13

*Re/Max Intern., Inc. v. Realty One, Inc.*,
173 F.3d 995 (6th Cir. 1999) ....................................................................14

*Regets v. City of Plymouth*,
No. 11-11746, 2013 WL 1414243 (E.D. Mich. Apr. 8, 2013), *aff'd*, 568 F. App'x 380 (6th Cir. 2014) ....................................................................14, 19

*Rondigo, L.L.C. v. Twp. of Richmond*,
641 F.3d 673 (6th Cir. 2011) ....................................................................9

*Spadafore v. Gardner*,
330 F.3d 849 (6th Cir. 2003) ....................................................................vi, 10

*Street v. Corr. Corp. of Am.*,
102 F.3d 810 (6th Cir. 1996) ....................................................................13

*Stricker v. Twp. of Cambridge*,
710 F.3d 350 (6th Cir. 2013) ....................................................................20

*Taylor v. KeyCorp.*,
680 F.3d 609 (6th Cir. 2012) ........................................................................23

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
551 U.S. 308 (2007)...........................................................................................3

*Throneberry v. Butler*,
No. 1:21-CV-903, 2022 WL 806927 (W.D. Mich. Mar. 17, 2022) ...................13

*Victor v. Weber*,
No. 10-14383, 2011 WL 5212114 (E.D. Mich. Nov. 2, 2011) .............11, 15, 17

*Weser v. Goodson*,
965 F.3d 507 (6th Cir. 2020) ................................................................ vi, 11, 12

**Statutes**

42 U.S.C. § 1983 ..........................................................................................*passim*

Mich. Comp. Laws § 168.72...............................................................................3

Mich. Comp. Laws § 168.558.............................................................................3

Mich. Comp. Laws § 168.558(1) ........................................................................4

Mich. Comp. Laws § 168.558(4) ......................................................................23

Mich. Comp. Laws § 169.216...........................................................................19

Mich. Comp. Laws §§ 169.201-169.282 ......................................................*passim*

**Court Rules**

Fed. R. Civ. P. 8(a)(2)........................................................................................9

Fed. R. Civ. P. 12(b)(1)........................................................................ vi, 23, 24

Fed. R. Civ. P. 12(b)(6).........................................................................vi, 9, 24

Fed. R. Evid. 201(b)(2) .......................................................................................5

Mich. Admin. R. 168.2(3)....................................................................................3

Mich. Admin. R. 168.2(4)....................................................................................3

Mich. Admin. R. 168.5 ....................................................................................4

Mich. Court R. 2.605 ....................................................................................23

**Other Authorities**

U.S. Const., Amend. XI ....................................................................................20

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether Plaintiff stated a plausible and sufficiently specific conspiracy claim under 42 U.S.C. § 1983 against the Michigan Democratic Party ("MDP"), Garlin Gilchrist II, and Eli Savit when (1) he fails to plead facts supporting that MDP, Gilchrist, and Savit—as private actors—were actually involved in the alleged conspiracy sufficient to make them liable for a Section 1983 claim; (2) his conspiracy claim is facially implausible and based on unsupported, vague, and conclusory allegations; and (3) Plaintiff has not alleged a valid constitutional claim underlying the conspiracy count.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 12(b)(1)

Fed. R. Civ. P. 12(b)(6)

42 U.S.C. § 1983

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)

*Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020)

*Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989)

## INTRODUCTION

Plaintiff's dissatisfaction with the Michigan Democratic Party's nominees for the 2026 general election does not state a federal civil-rights claim. His recent Michigan Court of Claims lawsuit challenging Eli Savit's and Garlin Gilchrist II's candidacies was swiftly dismissed. Despite having the full opportunity to have his claims heard in an expedited state-court proceeding, Plaintiff comes to this Court alleging that the Secretary of State and State Director of Elections conspired to delay investigating his underlying complaints, thus violating his procedural due process rights and right to equal protection as a "class of one." He then paints a fanciful scenario in which the MDP, Savit, and Gilchrist also violated 42 U.S.C. § 1983 because an unnamed "operative" told him that they were involved in discussions with the Secretary of State and State Director of Elections about the alleged delay. He pays no attention to the fact that one of his underlying complaints addresses certification of primary candidates for the General Election ballot, which has no relation to Defendants Savit and Gilchrist. And Plaintiff disregards that his own state court filing was the reason for any delay on the other two complaints that pertain to them.

Regardless, Plaintiff cannot proceed with his conspiracy claim with bare, implausible allegations. Federal authority is crystal clear: Plaintiff must allege ***facts*** describing a plausible conspiracy with specificity, and those facts (taken as true)

must allow the Court to conclude that a conspiracy took place. In addition—as Plaintiff admits—MDP, Savit, and Gilchrist are ***private*** actors. They thus cannot be liable under Section 1983 for conspiracy unless they purposely participated in the conspiracy—not just knew about or agreed with the plan.

Plaintiff fails to satisfy these standards, and his claims should thus be met with the same swift dismissal as his Court of Claims case. His allegations are based solely on conclusory hearsay, and he alleges no fact supporting the participation of the MDP, Savit, or Gilchrist in the purported conspiracy. Plaintiff's conspiracy claim against the MDP, Savit, and Gilchrist must therefore be dismissed.

What's more, Plaintiff's conspiracy claim cannot exist if none of his underlying constitutional claims succeed, as more fully described in the State Defendants' Motion to Dismiss. And Plaintiff has no standing and fails to allege any redressable injury connected to movants. Plaintiff's conspiracy claim—the only claim against MDP, Savit, and Gilchrist—must be dismissed with prejudice.

## FACTUAL BACKGROUND

This case arises from a complex web of allegations, conspiracy theories, state court cases, and administrative complaints that surround a dispute about ballot access and record preservation for the upcoming November 2026 general election. To make sense of what is before the Court now, it is important to understand the timeline of events as to how we arrived here.

On August 22, 2026, one week before the Michigan Democratic Party's nominating convention, Plaintiff "submitted an expedited request for a declaratory ruling to the Defendant Secretary of State . . . ." Compl. ¶ 28 (ECF No. 20, PageID.176). Plaintiff submitted that complaint on a Saturday and demanded that the Secretary of State respond by 2 pm on the following Monday. ECF No. 6-1, PageID.100-103.[1] Plaintiff's August 22 complaint asked the Secretary of State to agree that "[c]ontrary to popular belief, whether a candidate's affidavit of identity complies with the mandatory requirements under Mich. Comp. Laws § 168.558 does NOT end when the candidate is certified to appear on the primary election ballot." *Id*. at 100. It further states that Mich. Comp. Laws § 168.558 and Mich. Admin. R. 168.2(3) and (4) are not being applied to the November General Election. *Id*. Plaintiff demanded expedited relief by August 24 because on that date the "State Board of Canvassers will convene to certify the election results from the August 4, 2026 primary election…." *Id.*

As political party nominees, Savit and Gilchrist were not primary candidates, and had not filed their affidavits of identity at this time, so this complaint could not have pertained to them. *See* Mich. Comp. Laws § 168.72 (secretary of state and attorney general are nominated by political parties, not selected through the August

[1] Because the August 22 Complaint is incorporated in and plays a central role in the Complaint, the Court can properly consider it in ruling on this Motion. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

primary). On August 29, 2026, MDP nominated Savit and Gilchrist as its candidates for Attorney General and Secretary of State at its Fall State Nominating Convention. (ECF No. 29-3, PageID.505; ECF No. 29-4, PageID.527). On August 31, 2026, the first business day following the convention, the MDP filed affidavits of identity for its nominees, including Savit and Gilchrist, with the Secretary of State, as required by Mich. Comp. Laws § 168.558(1). (ECF No. 29-3, PageID.508; ECF No. 29-4, PageID.530).

The next day, on September 1, 2026, Plaintiff submitted an administrative challenge to the affidavits of identity with the Secretary of State under Mich. Admin. R. 168.5. Compl. ¶ 45 (ECF No. 20, PageID.181). That same day, Plaintiff filed a lawsuit in the Michigan Court of Claims against the Secretary of State in her official capacity also challenging Savit's and Gilchrist's affidavits of identity on the same basis as his administrative complaints. *Id*. at ¶ 49 (ECF No. 20, PageID.182). In the Court of Claims, Plaintiff sought a declaratory judgment that the Secretary of State has a statutory duty under Michigan law not to certify Savit and Gilchrist as candidates on the upcoming ballot for the November 3, 2026 general election. ECF 40-2, PageID.835.[2] He also sought a writ of mandamus compelling the Secretary of

[2] The Court of Claims filings and decision can be properly considered in ruling on this Motion because (1) the filings are referenced in and play a central role in the Amended Complaint (*see, e.g.*, ECF No. 20, PageID.182-184); and (2) the Court can take judicial notice of state court pleadings. *See Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 698 (E.D. Mich. 2010) ("A court may also take judicial

State not to certify Savit and Gilchrist for the ballot. *Id*. The State Bureau of Elections notified Plaintiff that, because of his Court of Claims suit, the State needed to "hold [Plaintiff's administrative] challenges in abeyance" until the case and all appeals were resolved. Compl. ¶ 84 (ECF No. 20, PageID.191-192).

On September 2, 2026, the Secretary of State filed her motion for summary disposition in the Court of Claims in response to Plaintiff's lawsuit. In support, Adam Fracassi, the Deputy Director of the Bureau of Elections, submitted an affidavit describing that the State Bureau of Elections reviewed the candidates' campaign-finance records maintained by the Secretary of State and the relevant county filing officials and determined that no reports or fees were outstanding when the affidavits were signed. (ECF No. 44-5, PageID.1095-1101).[3]

The Court of Claims quickly dismissed Plaintiff's case with prejudice. Compl. ¶ 57 (ECF No. 20, PageID.184). On September 4, 2026, it granted the Secretary of State's motion for summary disposition and held that Plaintiff's claims fail as a matter of law because he has no private right of action under the Michigan Campaign Finance Act ("MCFA"). (ECF No. 44-2, PageID.1087)). Although Plaintiff couched

---

notice at the pleading stage of certain public documents, including filings in other courts of record and publicly filed disclosure documents.").

[3] The Court may take judicial notice of the Secretary of State's filing in the Court of Claims. *See* Fed. R. Evid. 201(b)(2); Aff. of Adam Fracassi ¶¶ 12-18, Ex. A to Def.'s Combined Br. Opp'n Pl.'s Emergency Mot. for TRO/Preliminary Injunction & Supp. Def.'s Mot. for Summ. Disposition, *Davis v. Benson*, No. 26-000187-MB (Mich. Ct. Cl. Sept. 4, 2026).

his request under a review of the candidates' affidavits of identity, deciding his claim would necessarily require the court to "find[] in plaintiff's favor that Savit and Gilchrist owed additional reports or violated the MCFA in other respects, thus requiring a decision on the issue [of] whether the candidates violated the MCFA." *Id*. In an effort to seek redress before ballots were printed, Plaintiff sought emergency expedited relief in the Court of Appeals and the Michigan Supreme Court. The Court of Appeals denied expedited relief, and the Michigan Supreme Court denied his appeal. See *Davis v. Sec'y of State*, No. 382336 (Mich. Ct. App. Sept. 8, 2026) (unpublished order denying motion to expedite) (ECF No. 44-3, PageID.1091); *Davis v. Sec'y of State*, No. 170671, 2026 WL 2678811 (Mich. Sept. 11, 2026) (granting motion to expedite and denying leave to appeal) (ECF No. 44-4, PageID.1093).

After failing to get the relief he sought in state court, Plaintiff then filed this action. He admits that this current lawsuit concerns the same "subject of [the] now-dismissed lawsuit in the Court of Claims." Compl. ¶ 111 (ECF No. 20, PageID.198). In Counts I-III, he claims that the Secretary of State and Director of Elections violated his procedural due process rights and denied him equal protection under the law by delaying investigating and deciding his August 22 and September 1 complaints. *See generally,* Compl. ¶¶ 64-181 (ECF No. 20, PageID.186-218). Specifically, in Count I, Plaintiff complains that the Secretary of State and Director

of Elections failed to "address[] the merits of Plaintiff's . . . sworn complaints filed on September 1, 2026" before notifying "various county clerks" of which candidates were nominated for the ballot on September 4, 2026. *Id*. at ¶¶ 82-83 (ECF No. 20, PageID.191). He alleges that the Secretary of State and Director of Elections did this because they are "biased" since they "publicly endorsed and supported" Savit and Gilchrist, and because Plaintiff claims that the Secretary of State personally dislikes him. *Id*. at ¶¶ 100-114 (ECF No. 20, PageID.195-199). Count II is a "class of one" equal protection claim based on the same allegations—the purported failure to address the merits of his September 1, 2026 challenge. *See id*. at ¶ 125 (ECF No. 20, PageID.203). Count III raises the same "class of one" equal protection claim regarding Plaintiff's August 22, 2026 complaint. *See id*. at ¶¶ 158-160 (ECF No. 20, PageID.212).

In Count IV, Plaintiff brings a conspiracy claim against the Secretary of State, State Director of Elections, the MDP, Savit, and Gilchrist. *Id*. at ¶¶ 182-209 (ECF No. 20, PageID.219-232).[4] This is the only count against the MDP, Savit, and Gilchrist. Plaintiff alleges that an anonymous "operative" of the MDP informed him that the MDP, Savit, and Gilchrist received a copy of Plaintiff's August 22 and September 1 complaints; "privately met" with and communicated with the Secretary

---

[4] The remaining counts are not relevant to the conspiracy claim against MDP, Savit, and Gilchrist, and thus not a subject of this Motion.

of State and Director of Elections at unspecified dates about those complaints; "agreed that the Defendants Secretary of State and State Director of Elections would" make false statements about their investigation into Plaintiff's complaints; and agreed that the Secretary of State would delay investigating or responding to those complaints. *Id*. at ¶¶ 190-191, 193-201 (ECF No. 20, PageID.222-225). He does not allege that the MDP, Savit, or Gilchrist took any other action to effectuate this purported conspiracy other than allegedly knowing about and agreeing with the alleged plans of the Secretary of State and Director of Elections. *See generally,* Compl. Count IV (ECF No. 20, PageID.219-232).

Plaintiff also claims that the MDP, Savit, and Gilchrist met or communicated with the Secretary of State and "they agreed that the Defendant Secretary of State would allow the Defendant Michigan Democratic Party to fraudulently amend and/or later [sic] its campaign finance filings to defeat any potential challenges brought by the Plaintiff to prevent Defendants Eli Savit [sic] from being 'certified' due to perceived campaign finance violations." *Id*. at ¶ 192 (ECF No. 20, PageID.223). Plaintiff does not explain how this alleged agreement relates to his August 22 and September 1 complaints and does not explain how the purported amendment was fraudulent or illegal. *See generally,* Compl. Count IV (ECF No. 20, PageID.219-232).

For his Count IV conspiracy claim, Plaintiff seeks a declaratory judgment that

the Defendants conspired and monetary damages. ECF No. 20, PageID.230-232.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plausibility standard is not a "'probability requirement,'" but "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (emphasis added).

"A court deciding a motion to dismiss may consider 'other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice.'" *Hancock v. Miller*, 852 F. App'x 914, 919 (6th Cir. 2021). That includes filings in cases before other courts. *Chamberlain v. Reddy Ice Holdings, Inc.*, 757 F. Supp. 2d 683, 698 (E.D. Mich. 2010).

## ARGUMENT

### I. PLAINTIFF HAS NOT ALLEGED A PLAUSIBLE CONSPIRACY CLAIM AGAINST THE MDP, SAVIT, OR GILCHRIST.

Plaintiff's only claim against the MDP, Savit, and Gilchrist—Count IV, for conspiracy—is not properly pled and must be dismissed.

To plead a conspiracy claim under Section 1983, Plaintiff must allege that "(1) a 'single plan' existed, (2) [individual defendants] 'shared in the general conspiratorial objective' to deprive [plaintiff] of [his] constitutional (or federal statutory) rights, and (3) 'an overt act was committed in furtherance of the conspiracy that caused injury.'" *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)). In determining whether Plaintiff has satisfied the heightened pleading standard, the Court must "analyze separately whether [plaintiff] has stated a plausible constitutional violation by each individual defendant, and . . . cannot ascribe the acts of all Individual Defendants to each individual defendant." *Heyne v. Metro. Nashville Pub. Schs.*, 655 F.3d 556, 564 (6th Cir. 2011). Plaintiff failed to satisfy that pleading standard in multiple ways.

## II. PLAINTIFF FAILED TO PLEAD THAT THE MDP, SAVIT, OR GILCHRIST PARTICIPATED IN THE CONSPIRACY.

Plaintiff has not alleged facts under which private actors the MDP, Savit, or Gilchrist could be liable under Section 1983. That provision only applies to government entities. *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 757 (6th Cir. 2023). A private actor cannot be held liable for a conspiracy to violate another's civil rights unless they "willfully participate in joint action with state agents." *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020) (quoting *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)). "[A] private person must do more than passively acquiesce to directions given by a state official before he can be found to have shared the common objective of a conspiracy and therefore become liable under § 1983." *Lintz v. Skipski*, 807 F. Supp. 1299, 1307 (W.D. Mich. 1992), *aff'd*, 25 F.3d 304 (6th Cir. 1994); *see also Victor v. Weber*, No. 10-14383, 2011 WL 5212114, at *6 (E.D. Mich. Nov. 2, 2011) (collecting cases holding that "knowledge alone is inadequate to prove conspiracy; there must be some evidence that Defendants intended themselves to violate the law.").

Plaintiff acknowledges that the MDP is a private organization, and that Gilchrist and Savit are private individuals. *See, e.g.*, ECF No. 20, PageID.230-231 (¶¶ a-e). Thus, Plaintiff must allege that the MDP, Gilchrist, and Savit—as private actors—each intended themselves to violate the law and actually participated in the

alleged conspiracy. *See Weser*, 965 F.3d at 516; *Lintz*, 807 F. Supp. at 1307; *Heyne*, 655 F.3d at 564. Plaintiff does not come close to satisfying that standard. He did not allege any way in which the MDP, Savit, or Gilchrist were involved in the purported conspiracy. *See generally*, Compl. Count IV (ECF No. 20, PageID.219-232). He claims that they knew about and agreed with the plan, but that is not enough. *See Weser*, 965 F.3d at 516; *Lintz*, 807 F. Supp. at 1307; *Heyne*, 655 F.3d at 564.

Indeed, Plaintiff makes no allegation at all about the individual actions of Savit or Gilchrist, nor does he allege any particularized facts that would suggest either one intended to violate the law by entering into a conspiracy. Similarly, the only action Plaintiff claims the MDP took was requesting to amend its own campaign finance documents. Compl. at ¶ 192 (ECF No. 20, PageID.223). But Plaintiff does not explain how this action relates to the alleged conspiracy to delay decision on his August 22 or September 1 complaints—in fact, he alleges that the MDP amended its campaign finance documents to "defeat any ***potential*** challenges" against Mr. Savit, not to defeat the complaints that were pending at that time. *Id*.

Furthermore, the MDP cannot be held vicariously liable under Section 1983 for the conduct of an unidentified member or alleged affiliate. Setting aside Plaintiff's failure to plead that the MDP was acting under the color of law, Section 1983 liability attaches to an organizational defendant only when the constitutional injury results from the organization's own policy or custom, not merely from the

conduct of a person associated with it. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–95 (1978). While "*Monell* involved a municipal corporation, . . . every circuit to consider the issue has extended the holding to private corporations as well." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1129–30 (11th Cir. 1992)). Thus, Plaintiff needed to allege with particularity that the MDP itself made an official decision to participate in the purported conspiracy. He has not done that and cannot do so. Plaintiff does not identify the person who allegedly agreed to the conspiracy, does not allege that the person possessed final policymaking authority or otherwise had authority to bind the MDP, and does not connect the alleged acquiescence to any MDP policy, custom, authorization, or ratification. Unsupported, conclusory allegations about an unidentified individual—rather than an actionable policy or decision of MDP itself—cannot support a claim under Section 1983. *See id*.

## III. PLAINTIFF FAILED TO PLAUSIBLY AND SUFFICIENTLY PLEAD THAT ANY CONSPIRACY EXISTED.

Setting aside MDP's, Savit's and Gilchrist's private actor status, Plaintiff's conspiracy claim is facially implausible and not pled with specificity.

Courts dismiss conspiracy claims that are attenuated, vague, or speculative. *See, e.g.*, *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989) ("there is no evidence beyond mere conjecture and speculation that an agreement existed, thus, precluding a finding of a conspiracy."); *Throneberry v. Butler*, No. 1:21-CV-903,

2022 WL 806927, at *8 (W.D. Mich. Mar. 17, 2022) (dismissing civil conspiracy claim where "Plaintiff's allegations of conspiracy are conclusory and speculative"). For example, in *Griffin v. Hunter*, plaintiffs' Section 1983 conspiracy claim was dismissed because it was not sufficiently pled. No. 24-5004, 2024 WL 4512531, at *3-4 (6th Cir. Oct. 17, 2024). There, plaintiffs alleged that "there was 'an express or tacit agreement for [a] single plan' to violate their rights," but—as here—failed to allege ***facts*** indicating "that a plan existed, that the conspirators shared a conspiratorial objective, or that there was an overt act." *Id*.

Furthermore, even when a plaintiff alleges specific facts supporting a Section 1983 conspiracy claim, "'circumstantial evidence alone cannot support a finding of conspiracy when the evidence is equally consistent with independent'" or lawful conduct. *Regets v. City of Plymouth*, No. 11-11746, 2013 WL 1414243, at *17 (E.D. Mich. Apr. 8, 2013), *aff'd*, 568 F. App'x 380 (6th Cir. 2014) (quoting *Re/Max Intern., Inc. v. Realty One, Inc.*, 173 F.3d 995, 1009 (6th Cir. 1999)).

Plaintiff's conspiracy claim suffers the same shortcomings as *Griffin* and *Regets*. Plaintiff offers largely no factual support for any of the elements of a conspiracy claim against MDP, Savit, or Gilchrist. And, where he does, those facts are more consistent with a normal and lawful election process than they are with a statewide conspiracy targeting him.

### A. Element 1: No Single Plan Existed.

Plaintiff has not alleged facts supporting that the MDP, Savit, and Gilchrist were part of a "single plan" with the other Defendants. *See Bazzi*, 658 F.3d at 602. As in *Griffin*, Plaintiff offers conclusory allegations that the MDP, Savit, and Gilchrist "agreed that the Defendants Secretary of State and State Director of Elections" would not address his September 1, 2026 challenge or his August 22, 2026 complaint. Compl. ¶ 189 (ECF No. 20, PageID.222). But the only purported fact supporting this allegation is the call from the unidentified MDP "operative" who claimed to know about (1) a private meeting where the MDP, Savit, and Gilchrist were ***told*** of a plan by the Secretary of State and Director of Elections; (2) a private meeting where the MDP was told it could "amend and/or later [sic] its campaign finance filings," and (3) emails between the MDP, Gilchrist, and the Secretary of State on an unspecified date. *Id*. at ¶¶ 191-196 (ECF No. 20, PageID.222-224). None of those allegations demonstrate that the MDP, Savit, or Gilchrist were parties to any plan. In the most generous light, they simply establish that the MDP, Savit, or Gilchrist ***knew*** of a plan. Even if the MDP, Savit, and Gilchrist were not private actors, mere knowledge or acquiescence would not be enough to implicate them in the conspiracy. *See Victor*, 2011 WL 5212114, at *6.

Similarly, these allegations are devoid of any details that make them plausible. Plaintiff does not allege the involvement or basis of knowledge by the unidentified operative, who at best passed along hearsay statements.

Nor does he explain why Savit, Gilchrist, or the MDP would want to block investigation of his August 22 complaint. That complaint was filed a week before Savit or Gilchrist were even nominated; appears to pertain to the affidavits of identity for ***primary*** candidates, which Savit and Gilchrist were not; and was submitted before Savit and Gilchrist filed any affidavit of identity attesting to any fact surrounding their campaign finance reports and fees. Plaintiff's claim that Savit or Gilchrist participated in an alleged scheme to delay a complaint that had nothing to do with their candidacy is nonsensical.

Likewise, there was a very narrow window where this purported conspiracy could have taken place: August 31 and September 4—the period between when the affidavits of identity were filed and when Plaintiff claims the Secretary of State needed to decide his claims. *See id*. at ¶¶ 81-82 (ECF No. 20, PageID.190-191). Plaintiff does not identify the participants in any meeting, when or where any agreement was formed, what was said, or any statement or act by the MDP, Savit, or Gilchrist manifesting assent to a shared unconstitutional objective.

### B. Element 2: No Mutual Conspiratorial Objective to Violate Plaintiff's Rights.

Plaintiff also does not allege facts supporting that the MDP, Gilchrist, or Savit "'shared in the general conspiratorial objective' to deprive [plaintiff] of [his] constitutional (or federal statutory) rights." *Bazzi*, 658 F.3d at 602. He merely recites this element in conclusory terms. *See* Compl. ¶ 205 (ECF No. 20, PageID.226). Again, the allegation that MDP, Gilchrist, or Savit were informed of the purported conspiracy does not establish that any of them agreed to the plan, let alone that they intended to deprive Plaintiff of a constitutional right in doing so. At most, these allegations suggest knowledge or acquiescence, which is insufficient to plead participation in a § 1983 conspiracy. *See Victor*, 2011 WL 5212114, at *6. Moreover, he does not allege any legitimate violation of any constitutional or federal rights, as described more fully in the State Defendants' Motion to Dismiss and adopted herein. *See* ECF 40, PageID.815-824.

### C. Element 3: No Overt Act.

Finally, Plaintiff has not plausibly alleged that any overt action was taken to further the purported conspiracy. *Bazzi*, 658 F.3d at 602. He provides a list of seven actions that he claimed the Secretary of State and State Director of Elections have taken to further the conspiracy. Compl. ¶ 207 (ECF No. 20, PageID.226-229). But each of these bullet points is consistent with a normal election process. *See id*. For example, Plaintiff alleges that the Secretary of State issued an affidavit stating that

it conducted a preliminary investigation into Plaintiff's claims, certified Savit and Gilchrist as candidates on September 4, and informed the counties of the slate of candidates to be included on the ballots. *See id*. But those actions are all consistent with a lawful election process.

The only allegation that makes those actions purportedly irregular is Plaintiff's claim that no investigation was performed, and that it was fraudulent for MDP to allegedly amend its campaign finance documents. *See id*. But those allegations are, again, entirely conclusory. Plaintiff does not state any facts supporting his belief that no investigation was conducted. Indeed, he recognizes that the Bureau of Elections submitted an affidavit on September 2, 2026 describing the investigation it made into Savit's and Gilchrist's affidavits, and its finding that they satisfied its requirements. *See id*. Although Plaintiff alleges that there was a conspiracy by the Secretary of State and Director of Elections to falsify the affidavit, he provides no factual support for this claim. He fails to even identify any part of the affidavit that was false. *See,* Compl. ¶ 204 (ECF No. 20, PageID.225).

Plaintiff also alleges that the Secretary of State and Director of Elections allowed the MDP to:

> fraudulently alter and/or amend its campaign finance filings to false [sic] show that Defendant Eli Savit's candidate committee for Attorney General, rather than Defendant Eli Savit's candidate committee for Washtenaw County Prosecutor made a $4,573.13 contribution to the Defendant Michigan Democratic Party's state central committee in July 2026 in violation of the Michigan Campaign Finance Act (MCFA).

*Id*. at ¶ 207 (ECF No. 20, PageID.227-228). There are at least three issues with this allegation.

First, Plaintiff does not explain how the amendment of the campaign finance documents to correct an error is irregular or wrongful. Nor can he because the MCFA specifically permits correcting campaign finance documents. *See, e.g.*, Mich. Comp. Laws § 169.216. Plaintiff also does not allege how any statement in the amended campaign finance statement was false other than vague, conclusory allegations. Thus, this allegation is more consistent with a normal, valid election process of which Plaintiff simply does not like the outcome. That is not sufficient to set forth a conspiracy claim. *See Regets*, 2013 WL 1414243, at *17.

Second, Plaintiff does not explain how this allegation was an overt act to further the alleged scheme of delaying review on his August 22 complaint and September 1 challenge. He does not explain how this amendment relates to his challenge. Instead, he alleges that the MDP amended its campaign finance documents to "defeat any ***potential*** challenges" against Savit, not to defeat the complaints that were pending at that time. Compl. ¶ 192 (ECF No. 20, PageID.223) (emphasis added).

Third, presenting an alleged MCFA violation as a basis for his conspiracy claim creates the same issue that caused Plaintiff's complaint to be dismissed by the Court of Claims. There, his complaint was dismissed because deciding the claim

would necessarily require the Court to "find[] in plaintiff's favor that Savit and Gilchrist . . . violated the MCFA in other respects, thus requiring a decision on the issue [of] whether the candidates violated the MCFA." (ECF No. 40-2, PageID.840). And that was problematic because the MCFA does not allow private rights of action. *Id*. Here, accepting that the amendment of the campaign finance documents was evidence of a conspiracy inherently requires the Court to determine whether the MCFA was violated—a decision that Michigan law does not permit the Court to make in a private cause of action. *See id*.

## IV. THE CONSPIRACY CLAIM FAILS BECAUSE PLAINTIFF DOES NOT ALLEGE AN UNDERLYING CONSTITUTIONAL VIOLATION.

A conspiracy claim under Section 1983 cannot succeed where there is no valid underlying constitutional violation. *Stricker v. Twp. of Cambridge*, 710 F.3d 350, 365 (6th Cir. 2013). Here, Counts I-III—the constitutional claims underlying Plaintiff's conspiracy claim—fail as a matter of law. This is yet another reason why Plaintiff's conspiracy claim must be dismissed.

### A. Counts I-III Fail—and Thus So Does Count IV—for the Reasons Stated in the State Defendants' Motion to Dismiss.

The Secretary of State and Director of Elections explained in their detailed Motion to Dismiss why Plaintiff's constitutional claims fail. *See generally*, ECF No. 40. This includes because:

- Plaintiff's official capacity claims are barred by the Eleventh Amendment (*id*. at PageID.802-803);

- Plaintiff's claims for monetary damages against individual State Defendants are barred by qualified immunity (*id*. at PageID.804-807);
- Plaintiff has no viable procedural due process claim in Count I (*id*. at PageID.817-820); and
- Plaintiff has no viable "class of one" equal protection claims in Counts II and III (*id*. at PageID.820-824).

MDP, Savit, and Gilchrist concur with and adopt these arguments and, for the sake of brevity, will not repeat the points made by Co-Defendants. If the Court dismisses Counts I-III based on these arguments, Count IV must be dismissed as well.

**B. Counts I-II are Barred by Res Judicata.**

In addition, Counts I-II, and consequently Count IV, are barred by res judicata. Res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Buck v. Thomas M. Cooley L. Sch*., 597 F.3d 812, 817 (6th Cir. 2010).[5] "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Id*. at 816-17. Michigan takes a "broad view" of res judicata. *Id*. at 817. Michigan holds that res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising

[5] Count III pertains to Plaintiff's August 22, 2026 request for a declaratory ruling. For the reasons stated above, this request did not pertain to Savit or Gilchrist, and should be dismissed. Nonetheless, if the Court were to find it relevant to a determination of their candidacy, the same res judicata argument would apply.

reasonable diligence, could have raised but did not." *Id*. Plaintiff alleges that he received a call on September 1, 2026 from the unnamed "operative" that the Secretary of State would obstruct the processing of his complaints. (First Amended Complaint, ¶¶ 191-193; ECF No. 20, PageID.222-223). This was two days before he filed his Amended Complaint in the Court of Claims, which did not add any facts about an effort to delay review, and which the court found would not change the outcome of the case. (Court of Claims Order; ECF No. 40-2, PageID.841).

The three elements of res judicata apply here. First, the Court of Claims dismissed Plaintiff's state case on summary disposition, which was a final judgment on the merits. *See Chakan v. City of Detroit (Detroit Fire Dep't)*, 998 F. Supp. 779, 783 (E.D. Mich. 1998) ("Under Michigan law, summary disposition is a final decision on the merits."); *City of Troy Bldg. Inspector v. Hershberger*, 27 Mich. App. 123, 127, 183 N.W.2d 430, 433 (1970) ("The rule in Michigan is that a judgment pending on appeal is deemed Res judicata.").

Second, Counts I-II involve the same parties: Mr. Davis and the Secretary of State (whom he sued in her official capacity in both cases). *See* Compl. ¶ 66, 121, 152 (ECF No. 20, PageID.186, 202, 210); Court of Claims Sept. 4, 2026 Opinion, *Davis v. Benson*, Case No. 26-000187-MB (Ex. 40-2, PageID. 835).

Third, Plaintiff could have brought Counts I-II in his Court of Claims case. This is evident in comparing the complaints in the two actions. In his Court of Claims

suit, Plaintiff requested a declaratory judgment under MCR 2.605 regarding the legal duties of the Secretary of State under Mich. Comp. Laws § 168.558(4), alleged failures of the candidates' committees to file campaign statements/reports under the MCFA, and alleged false statements in the candidates' affidavits of identity. *Id.* at PageID.838. Plaintiff sought a writ of mandamus to compel the Secretary of State not to certify the candidates as Democratic Party nominees for the general election. *Id*. Here, in Counts I-II, he alleges that the Secretary of State violated his rights by not timely investigating the very issues he complained about in the Court of Claims action. *See generally,* Compl. ¶¶ 64-181 (ECF No. 20, PageID.186-218). Thus, the claims in this case and in Plaintiff's Court of Claims case arise from the same series of transactions.

Because Plaintiff's Court of Claims case against the Secretary of State was dismissed with prejudice, and he could have brought his constitutional claims before the Court of Claims, Counts I-II are barred by res judicata.

## V. PLAINTIFF LACKS STANDING UNDER ARTICLE III WHERE HE CANNOT SATISFY ARTICLE III'S REQUIREMENTS OF INJURY IN FACT, CAUSATION AND REDRESSABILITY.

Plaintiff fails to meet the requirements for injury-in-fact, causation, and redressability to satisfy standing under Article III. For the reasons stated in the State Defendants' Motion to Dismiss (ECF 40, PageID.807-815) and adopted here, Plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1). *Taylor v.*

*KeyCorp.*, 680 F.3d 609, 612-13 (6th Cir. 2012). In particular, Plaintiff's request for declaratory relief amounts to nothing more than an advisory opinion that would have no impact to redress any fathomable injury to Plaintiff.

## CONCLUSION

Plaintiff failed to properly allege his Count IV conspiracy claim against MDP, Savit, or Gilchrist. For the reasons set forth above, MDP, Savit, and Gilchrist respectfully ask the Court to dismiss Plaintiff's complaint against them with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and grant any other relief that the Court deems just and proper, including fees and costs for having to bring this motion.

Dated: October 15, 2026

Respectfully submitted,

*/s/ Scott R. Eldridge*

Scott R. Eldridge (P66452)
Wendolyn W. Richards (P67776)
Sarah Reasoner (P85573)
*Attorneys for Defendants Michigan Democratic Party, Eli Savit, and Garlin Gilchrist II*
123 W. Allegan St., Suite 200
Lansing, Michigan 48933
(517) 487-2070
eldridge@millercanfield.com
richards@millercanfield.com
reasoner@millercanfield.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 15, 2026, he caused to be filed with the Clerk of the Court a copy of the foregoing document via the Court's CM/ECF filing system, which will send notification to all attorneys of record.

*/s/ Scott R. Eldridge*