**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.
______________________________________________/

**PLAINTIFF'S REPLY TO DEFENDANT WAYNE COUNTY ELECTION COMMISSION'S RESPONSE (ECF NO. 42) TO PLAINTIFF'S MOTIONS FOR TRO/PRELIMINARY INJUNCTION WITH RESPECT COUNTS VIII AND IX OF AMENDED VERIFIED COMPLAINT [20] (ECF NOS. 29 & 30).**

**NOW COMES**, Plaintiff, Robert Davis, in his own proper person, and for his Reply To Defendant Wayne County Election Commission's Response (ECF No. 42) To Plaintiff's Emergency Motions For TRO/Preliminary Injunction With Respect To Counts VIII and IX of Amended Verified Complaint [20] (ECF Nos. 29 & 30) ("Plaintiff's Reply"), states as follows:

### A. Plaintiff's Meritorious §1983 Claims For Prospective Declaratory and Injunctive Relief and Monetary Damages As Pled In Counts VIII & IX Of Amended Verified Complaint (ECF No. 20) Are Not Barred By Laches.

Defendant Wayne County Election Commission has asserted the frivolous and meritless argument that Counts VIII & IX of the amended complaint (ECF No. 20, PageID. 252-273) are barred under the equitable doctrine of laches. (ECF No. 42, PageID. 927-929). For the reasons stated below, Counts VIII and IX of amended complaint (ECF No. 20, PageID. 252-273) are **not** barred by laches.

The doctrine of laches is rooted in the principle that "equity aids the vigilant, not those who slumber on their rights." *Lucking v. Schram,* 117 F.2d 160, 162 (6th Cir. 1941); *see also United States v. Clintwood Elkhorn Min. Co.,* 553 U.S. 1, 9, 128 S.Ct. 1511, 170 L.Ed.2d 392 (2008) ("A constitutional claim can become time-barred just as any other claim can."). "An action may be barred by the doctrine of laches if: (1) the plaintiff delayed unreasonably in asserting his rights and (2) the defendant is prejudiced by this delay." *King v. Whitmer*, 505 F. Supp. 3d. 720, 731 (E.D. Mich. 2020) (quoting *Brown-Graves Co. v. Central States, Se. and Sw. Areas Pension Fund,* 206 F.3d 680, 684 (6th Cir. 2000)); see also *Ottawa Tribe of Oklahoma v. Logan,* 577 F.3d 634, 639

n.6 (6th Cir. 2009) ("Laches arises from an extended failure to exercise a right to the detriment of another party.").

Courts apply laches in election cases. *Detroit Unity Fund v. Whitmer,* 819 F. App'x 421, 422 (6th Cir. 2020) *Cf. Benisek v. Lamone,* ___ U.S. ___, 138 S. Ct. 1942, 1944, 201 L.Ed.2d 398 (2018) ("[A] party requesting a preliminary injunction must generally show reasonable diligence. That is as true in election law cases as elsewhere.").

However, "[i]n this circuit, we recognize a strong presumption against asserting a laches defense to shorten a statute of limitations." *Operating Engineers Local 324 v G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015) (citing *Chirco v. Crosswinds Communities, Inc.,* 474 F.3d 227, 233 (6th Cir.2007)); *Herman Miller, Inc. v. Palazzetti Imps. & Exps., Inc.,* 270 F.3d 298, 321 (6th Cir. 2001). The Sixth Circuit has "cautioned that 'only rarely' might a laches defense bar relief before the applicable statute of limitations has run." *Operating Engineers Local 324*, 783 F.3d at 1054 (citing *Chirco,* 474 F.3d at 233; *Tandy Corp.,* 769 F.2d at 366).

The United States Supreme Court "has cautioned against invoking laches to bar legal relief." *Petrella v. Metro-Goldwyn-Mayer,*

*Inc.,* 572 U.S. 663, 134 S.Ct. 1962, 1973, 188 L.Ed.2d 979 (2014). "Laches within the term of the statute of limitations is no defense at law." *United States v. Mack,* 295 U.S. 480, 489, 55 S.Ct. 813, 79 L.Ed. 1559 (1935). "[A]pplication of the equitable defense of laches in an action at law would be novel indeed." *County of Oneida v. Oneida Indian Nation of N.Y.,* 470 U.S. 226, 244, n. 16, 105 S.Ct. 1245, 84 L.Ed.2d 169 (1985). Accordingly, "[b]ecause we adhere to the position that, **in face of a statute of limitations enacted by Congress, laches cannot be invoked to bar legal relief**[.]" *Petrella*, 572 U.S. at ___, 134 S.Ct. at 1974 (emphasis supplied).

1. **Plaintiff Did Not Delay In Filing This Lawsuit**.

As noted, "Laches consists of two elements: (1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party." *Brown-Graves Co. v. Cent. States, Se. & Sw. Areas Pension Fund,* 206 F.3d 680, 684 (6th Cir.2000). The events giving rise to Plaintiff's §1983 claims in Counts VIII & IX of the amended complaint occurred at the unlawful meeting the Defendant Wayne County Election Commission held **on September 8, 2026**. (Am Compl., ECF No. 20, PageID. 252-273).

**On September 11, 2026**, Plaintiff filed his original federal lawsuit against the Defendant Wayne County Election Commission, Secretary Jocelyn Benson, Director Jonathan Brater and Highland Park City Clerk, Brenda Green. (Original Compl., ECF No. 1). Specifically, in Counts V-VII of the *original* complaint (ECF No. 1, Page ID. 40-58, ¶¶ 147-209), Plaintiff properly pled and alleged state law claims for declaratory relief and mandamus against the Defendant Wayne County Election Commission for violating Mich.Comp.Laws §§ 168.23(1) and 168.689 of Michigan Election Law. Plaintiff's state-law claims pertained to the Defendant Wayne County Election Commission's unlawful actions taken **at its September 8, 2026 meeting**. (ECF No. 1, Page ID. 40-58, ¶¶ 147-209).

**On September 18, 2026**, however, this Court, *sua sponte*, declined to exercise supplemental jurisdiction and **dismissed without prejudice** Plaintiff's state-claw claims as pled in Counts V-VII of the original complaint against Defendant Wayne County Election Commission. (ECF No. 19, PageID. 152-169). In choosing not to exercise supplemental jurisdiction over Plaintiff's state-law claims, this Court concluded "that principles of comity persuade the Court that it

should not exercise jurisdiction over these state law claims that relate to the manner and processes through which the State of Michigan and its elected officials administer and participate in elections for local government offices, and raise novel and complex issues of state law against individuals associated with local governmental operations." (ECF No. 19, PageID. 167). This Court further explained that "[t]his dismissal will allow Davis to pursue these claims in state court immediately, at a time when a state court could, if it so decided, grant Davis the relief he seeks or perhaps other relief[.]" (ECF No. 19, PageID. 167-168).

**Four days later, on September 22, 2026**, Plaintiff promptly filed an amended verified complaint adding additional constitutional claims under 42 U.S.C. §1983 against the Defendant Wayne County Election Commission for prospective declaratory and injunctive relief **and monetary damages**, which are pled and alleged in Counts VIII and IX. (ECF No. 20, PageID. 252-273, ¶¶ 280-357). **This timeline clearly shows that Plaintiff acted promptly and did not sit on his hands.**

### 2. Plaintiff's §1983 Claims For Monetary Damages Brought Within Three-Year Statute of Limitations.

As noted, "[i]n this circuit, we recognize a strong presumption against asserting a laches defense to shorten a statute of limitations." *Operating Engineers Local 324 v G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015). The Sixth Circuit has held "that the appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws Ann. § 600.5805(10)." *Wolfe v Perry,* 412 F.3d 707, 713-714 (6th Cir. 2005).

"[I]n this Circuit, there is a strong presumption that a plaintiff's ***delay is reasonable*** **so long as the analogous statute of limitations has not elapsed**." *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991) (emphasis supplied). Where, as here, the defendant has not claimed that the statute of limitations has run, it must articulate "compelling reasons" in support of its laches claim. *Id.*; *see also Chirco v. Crosswinds Cmtys., Inc.,* 474 F.3d 227, 233 (6th Cir. 2007) ("Only rarely should laches bar a case before the . . . statute has run.") (quoting *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 366 (6th Cir. 1985)).

Thus, because Plaintiff's §1983 claims for monetary damages against Defendant Wayne County Election Commission were timely filed within the three-year statute of limitations, laches **cannot** be applied to bar Plaintiff's meritorious claims pled in Counts VIII & IX of amended complaint. *Elvis Presley Enters., Inc.,* 936 F.2d at 894.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, and for the reasons set forth in Plaintiff's Briefs In Support of Emergency Motion for TRO/Preliminary Injunction (ECF Nos. 29-1 & 30-1), Plaintiff Robert Davis prays that this Honorable Court **GRANTS** Plaintiff's Emergency Motions for TRO/Preliminary Injunction for Counts VIII & IX. (ECF Nos. 29 & 30).

Dated: October 18, 2026 Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on October 18, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: October 18, 2026 Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***