*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

| | |
|---|---|
| ROBERT DAVIS,<br><br>Plaintiff-Appellant, | FOR PUBLICATION<br>October 12, 2026<br>1:43 PM |
| v | No. 380990<br>Court of Claims<br>LC No. 26-000104-MB |
| SECRETARY OF STATE,<br><br>Defendant-Appellee. | |

Before: BORRELLO, P.J., and BAZZI and LIEVENSE, JJ.

LIEVENSE, J.

In this election-law appeal, plaintiff, Robert Davis, appeals as of right from the Court of Claims's May 26, 2026 order granting summary disposition in favor of defendant, the Secretary of State ("the Secretary"). Davis raises several issues on appeal relating to Michigan law's requirements for an Affidavit of Identity (AOI) and the manner of contesting an AOI. All the issues are moot, but we will consider one issue under an exception to the mootness doctrine. As set forth below, we affirm.

## I. BACKGROUND

The basic facts are undisputed. Under MCL 168.163, a person who wants to run for the state legislature must file nominating petitions or pay a filing fee by the fifteenth Tuesday before the August primary. In 2026, that deadline was April 21, 2026.[1] The prospective candidate also must file two copies of an AOI along with the nominating petitions or filing fee. MCL 168.558(1). Under MCL 168.552(2), a person seeking to challenge signatures on nominating petitions must do so "within 7 days after the deadline for the filing of the nominating petitions." "However, the

[1] Michigan Secretary of State, *August – November 2026 Election Dates*, <https://www.michigan.gov/sos/-/media/Project/Websites/sos/Election-Administrators/Election-Dates.pdf> (accessed October 1, 2026).

Michigan Election Law does not set forth any explicit procedure for resolving challenges to AOIs." *Davis v Secretary of State*, 346 Mich App 445, 465; 12 NW3d 653 (2023).

In that vacuum, the Secretary promulgated Mich Admin Code, R 168.1-168.6. Relevant here, Rule 168.5, "Affidavit of identity challenge," at the relevant time[2] provided:

> (1) Except as provided in subrule (3) of this rule, the filing official shall reject any challenge received more than 7 days after the deadline for the filing of the affidavit of identity.
>
> (2) Except as provided in subrule (3) of this rule, the filing official shall reject any challenge that is not in the form of a signed and notarized complaint.
>
> (3) The filing official may exercise discretion to accept a challenge that does not meet the requirements in subrules (1) and (2) of this rule on a showing of good cause. [2025 Annual Admin Code Supp, R 168.5.[3]]

Thus, in 2026, the deadline for challenging AOIs was April 28, 2026 under the rule.

Against that backdrop, Cranstana LaMonta Anderson (Anderson) filed two copies of her AOI with the Secretary on April 20, 2026, supporting her candidacy for a seat in the Michigan House of Representatives. In Section 1 of the AOI, Anderson wrote that her first name was "Cranstana," her middle name was "LaMonta," and her last name was "Anderson." Also in Section 1 she wrote that a former name was "Cranstana LaMonta Brown." In Section 2, in response to the instruction to "Indicate exactly how you want your name to be printed on the ballot," Anderson wrote, "Cranstana Gina Brown Anderson."

On May 8, 2026, Davis administratively challenged Anderson's ability to appear on the August 2026 primary election ballot as "Cranstana Gina Brown Anderson" and argued he had good cause for filing his challenge late under Rule 168.5 because he needed to request documents under the Freedom of Information Act (FOIA), MCL 15.231 *et seq*., which permitted up to 15 days for a final response, and he was still waiting for those documents.

By letter dated May 14, 2026, the Secretary rejected Davis's challenge because he missed Rule 168.5's deadline for challenging AOIs and lacked "good cause" for being late. In relevant part, the Secretary explained as follows as to "good cause:"

---

[2] Rule 168.5 has since been amended. As of June 8, 2026, the present version of Rule 168.5 deletes Subsection 3 regarding good cause and removes references to Subsection 3 in the other subsections. See Mich Admin Code, R 168.5, available at <https://www.michigan.gov/lara/-/media/Project/Websites/lara/moahr/ARD/2026-Michigan-Register/MR11_070126.pdf> (accessed October 1, 2026).

[3] Available at <https://cdm16110.contentdm.oclc.org/digital/collection/p16110coll2/id/147626/rec/1> (accessed October 1, 2026).

> [i]n your challenge you requested a "good cause" extension to the deadline while you waited on documents requested through the FOIA process. Your FOIA request for Cranstana Anderson's AOI was made on April 30, 2026, which is beyond the 7-day challenge window. Therefore, the Department is denying your request for a "good cause" extension because the challenge deadline had already elapsed when you made your FOIA request.

The Secretary did not explain in the letter why it believed Davis's FOIA request was made on April 30, 2026, but in a subsequently-filed affidavit the Deputy Director of Elections at the Bureau of Elections stated that Davis submitted a FOIA request to the Bureau of Elections. Davis does not dispute the statement that he submitted his FOIA request on that date.

On May 18, 2026, Davis filed a two-count complaint and accompanying motion seeking: (1) a declaratory judgment that Rule 168.5 is invalid because it conflicts with Michigan law and is otherwise arbitrary and capricious or, if it is not, that he established good cause supporting his challenge and (2) a declaratory judgment that Anderson's AOI was invalid and a writ of mandamus that the Secretary not include Anderson's name on the ballot because her requested name that included "Gina" did not comply with Michigan law and contained a false statement.

On May 19, the Court of Claims consolidated this case with two other challenges to candidates related to AOIs, one of which also challenged Rule 168.5. Then, on May 20, the Secretary moved for summary disposition in the consolidated cases and Davis filed an amended complaint containing three counts. Counts I and II of Davis's amended complaint were similar to Counts I and II of his original complaint, while new Count III challenged the candidacy of Michael Howard, another candidate for the same office as Anderson, because Howard allegedly failed to file two copies of his AOI and the Secretary allegedly had improperly denied Davis's related FOIA request. The Court of Claims sua sponte struck Count III because it was "not related to any of the other counts in [the] three consolidated matters" and was an "unrelated claim regarding a newly identified candidate" that "cannot be raised in an amended complaint and must be raised in a new action." The Secretary also disputed Davis's entitlement to file the amended complaint, but, because the amended Counts I and II "changed nothing," the Secretary asked for its motion for summary disposition to apply to the amended complaint. The Court of Claims accepted the Secretary's motion as responsive to the amended complaint.

The Court of Claims held a hearing on the pending motions in the consolidated cases. During the hearing it indicated that it would consider the amended complaint, though it did not revisit Count III. Thereafter, the Court of Claims granted the Secretary's motion in an order addressing the three consolidated cases. In this case, it upheld the validity of Rule 168.5, agreed that Davis lacked good cause for his late challenge, rejected the Secretary's claim that laches precluded Davis's claims, and did not address whether Anderson's AOI was defective (Count II) because Davis's challenge was late. Davis immediately appealed the other two consolidated cases, which were expedited, appealed the order in this case a few days later, and this case was not expedited. As a result, a panel of this Court already affirmed the dismissal of Davis's two other

challenges in a separate appeal. *Davis v Secretary of State*, unpublished per curiam opinion of the Court of Appeals, issued June 2, 2026 (Docket Nos. 380907 and 380909) (*Davis I*).[4]

II. MOOTNESS OF THE APPEAL

Davis raises eight questions presented on appeal, but they come down to five issues: (1) the trial court erred in upholding Rule 168.5 and granting summary disposition to the Secretary under that rule because Davis's challenge was late; (2) the trial court erred in finding plaintiff did not show good cause for filing his challenge late; (3) the trial court erred by not addressing Anderson's ability to appear on the ballot (Count II); (4) the trial court erred by not addressing Count III of the amended complaint; and (5) plaintiff's claims were not barred by laches.

These issues are moot because the 2026 primary election occurred. We are also aware that both challenged candidates lost. The first issue alone, however, is likely to recur yet evade appellate review if not addressed and has public significance: the facial validity of Rule 168.5's seven day deadline to challenge AOIs and the Court of Claims's application of the rule to deny relief.

This Court reviews de novo whether an appeal is moot. *Associated Builders and Contractors of Mich v Dep't of Technology, Mgt, and Budget*, 350 Mich App 168, 175; 31 NW3d 790 (2024). Courts generally may not decide issues that are moot, meaning the courts cannot craft any relief with practical legal effect on the case, but a moot issue may be justiciable "if the issue is one of public significance that is likely to recur, yet evade judicial review." *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010). "The fact that the [2026 primary] election is a historical event presumptively renders plaintiff's challenges moot," but "legal questions affecting election ballots, such as AOI requirements, are the classic example of issues that the courts will nevertheless review because they are matters of public significance that are likely to recur yet evade judicial review." *Davis*, 346 Mich App at 460-461.

The applicability of a mootness exception depends in part on whether a judicial pronouncement would be of value to persons other than the specific parties in the case. See *People v Kaczmarek*, 464 Mich 478, 481; 628 NW2d 484 (2001); *Milford v People's Community Hosp Auth*, 380 Mich 49, 55-56; 155 NW2d 835 (1968). Davis brought a claim for declaratory relief, which permits litigants to have a court determine their rights before actual harm has occurred, but such claims require an actual controversy rather than a merely hypothetical or anticipated controversy. *Attorney General v Eli Lilly and Co*, ___ Mich ___, ___; ___ NW3d ___ (2026) (Docket No. 165961); slip op at 14-15.

As will be discussed in more detail below, *Davis I*, which dealt with the other two consolidated cases, addressed the validity of Rule 168.5. But *Davis I* was not published, so it is not binding. MCR 7.215(C)(1). And, importantly, there is no reason to believe that this is the only case where someone might challenge a candidate's AOI or seek to do so after the rule's deadline. Any such person could commence a new declaratory-judgment action addressing Rule

---

[4] Because more than one case involving Davis is cited in this opinion, all citations other than to *Davis I* will use a full citation format to minimize potential confusion.

168.5's validity, but unless and until that person files a tardy AOI challenge, it is unlikely that the person could establish an "actual controversy," rather than a merely hypothetical or anticipated one. *Eli Lilly*, ___ Mich at ___; slip op at 14-15. By that time, the same tight deadlines that applied in *Davis I* would likely apply again. Thus, a judicial pronouncement of the rule's validity in a published opinion has value to litigants other than Davis and this case. *Kaczmarek*, 464 Mich at 481.

The same is not true for the other issues Davis raises on appeal. Whether the trial court erred in finding Davis did not show good cause for filing a late challenge to the AOI is moot because it is a fact-intensive inquiry that will not necessarily apply to other litigants. Also, Anderson lost the primary and, most important, the "good cause" exception, Subsection 3, has been deleted from Rule 168.5. See Mich Admin Code, R 168.5. Thus, the question of whether that exception is arbitrary and capricious, or renders Rule 168.5 arbitrary and capricious, will not recur. *Davis*, 346 Mich App at 460-461.

Similarly, whether Anderson's request to appear on the ballot with a name that includes "Gina" violated Michigan law and contained a false statement that entitled Davis to declaratory or mandamus relief (Count II) is moot because Anderson lost and we see no significant issue to be resolved.[5]

Davis's argument that the Court of Claims should not have sua sponte stricken Count III of his amended complaint regarding Howard has merit. See *Barkley v City of Southfield*, ___ Mich App ___, ___; ___ NW3d ___ (2026) (Docket No. 369608 et al.); slip op at 13 (under MCR 2.118(A)(1) "a party may amend its complaint once by right at any point before, and then up to 14 days after, the adverse party serves its requisite responsive pleading."). Howard, however, also lost the primary election and we see no reason to exempt the issue from the mootness doctrine. Finally, Davis's argument that his claims were not barred by laches is moot and it is otherwise unnecessary to consider it because the trial court ruled in Davis's favor[6] on the issue and the Secretary no longer argues that laches applies.

## III. RULE 168.5 IS VALID

Davis argues the trial court erred in granting summary disposition to the Secretary under Rule 168.5 and upholding the facial validity of the rule. We disagree.

A grant or denial of summary disposition is reviewed de novo. *McMaster v DTE Energy Co*, 509 Mich 423, 431; 984 NW2d 91 (2022). Questions of law, including the interpretation of statutes, court rules, and administrative rules are also reviewed de novo. *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 309-310; 901 NW2d 577 (2017); *City of Romulus v Dep't of*

---

[5] In addition, even if the Secretary allowed the name "Gina" on the ballot, we do not know why it did so, and Michigan law provides several bases for including alternative names on ballots. See, e.g., MCL 168.558 and 168.560b.

[6] As such, Davis is not "aggrieved" under MCR 7.203(A) by the Court of Claims's ruling in his favor on this issue.

*Environmental Quality*, 260 Mich App 64, 64-65; 678 NW2d 444 (2003). "The scope of an administrative agency's statutory rulemaking authority and whether an agency has exceeded that authority, whether an administrative rule is arbitrary and capricious, and whether a rule comports with the intent of the Legislature are all questions of law that are reviewed de novo." *Emagine Entertainment, Inc v Dep't of Treasury*, 334 Mich App 658, 662-663; 965 NW2d 720 (2020).

In *Davis I*, this Court held that Rule 168.5 and its good-cause exception are valid as a proper exercise of the Secretary's rulemaking authority to fill a gap in a statutory regime. *Davis I*, unpub op at pp 4-5. That said, *Davis I* was not published and is not binding precedent, MCR 7.215(C)(1), thus we again consider the validity of Rule 168.5.

In *Davis I*, Davis argued, as he does here, that Rule 168.5 was invalid because the Legislature had not enacted a procedure for resolving AOI challenges, so imposing a deadline by an administrative rule necessarily violated the applicable statutory law. The *Davis I* panel disagreed, and we do too.

Therefore, we now expressly adopt our prior conclusion upholding the validity of Rule 168.5 in *Davis I*, as follows:

> [A] rule that conflicts with a statute is invalid. *Brightmore Gardens, LLC v Marijuana Regulatory Agency*, 337 Mich App 149, 161; 975 NW2d 52 (2021). In addition, "[a]n agency's legislative rule may be determined to be invalid when the rule goes beyond the parameters of the enabling statute, when the rule does not comply with the legislative intent underlying the enabling statute, or when the rule is arbitrary or capricious." *Id*.
>
> For purposes of the instant opinion only, this Court will assume without deciding that there is a right to challenge an AOI as has been asserted by plaintiff's complaints. And with that assumption, we hold that the Court of Claims did not err when it held that plaintiff failed to show that Rule 168.5's temporal limit on AOI challenges was invalid. As plaintiff acknowledges, this state's election law "does not set forth any explicit procedure for resolving challenges to AOIs." *Moore v Genesee Co*, 337 Mich App 723, 732; 976 NW2d 921 (2021). See also *Berry v Garrett*, 316 Mich App 37, 43; 890 NW2d 882 (2016) (noting that Section 552 does not address the resolution of challenges to affidavits of identity). Stated otherwise, this state's election statutes are silent about the procedures for officials to use when weighing AOI challenges. This silence is precisely the type of scenario that is appropriate for administrative rulemaking. Indeed, it is entirely appropriate for administrative rules to fill a "gap" that has been left by a statutory regime that includes a delegation of rulemaking authority. See *Dep't of Labor & Econ Growth, Unemployment Ins Agency v Dykstra*, 283 Mich App 212, 224; 771 NW2d 432 (2009) (quotation marks and citation omitted). Further, we discern no part of the challenged rule that goes beyond the parameters of defendant's statutory authority, nor any part of the rule that is contrary to the Legislature's intent. The Court of Claims did not err in holding that the seven-day deadline for challenging an AOI was a permissible delegation of rulemaking authority.

* * *

> In light of the above, the Wayne County Clerk had the authority to reject plaintiff's untimely challenge to [Anderson's] AOI. [*Davis I*, unpub op at 4-5.]

This analysis applies here, thus, we hold that Rule 168.5's requirement that challenges to AOIs must be rejected if received more than 7 days after the deadline for filing is valid, and the Court of Claims did not err in granting summary disposition to the Secretary and rejecting Davis's late challenge to Anderson's AOI.

Affirmed.

/s/ Andrew J. Lievense
/s/ Stephen L. Borrello
/s/ Mariam S. Bazzi