**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.
_______________________________________________________/

**PLAINTIFF'S MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE OF MICHIGAN COURT OF CLAIMS JUDGE MICHAEL RIORDAN'S OCTOBER 27, 2026 STATEWIDE TRO ENTERED IN STATE-COURT ACTION, *MCQUEER v. BENSON, ET.AL.***

**NOW COMES**, Plaintiff, Robert Davis, in his own proper person, and for his Motion For The Court To Take Judicial Notice of Michigan Court of Claims Judge Michael Riordan's October 27, 2026 Statewide TRO Entered In State-Court Action, *McQueer v Benson, et.al*. ("Motion To Take Judicial Notice"), states as follows:

**Concurrence Under E.D.Mich. L.R. 7.1(a)**

Prior to filing the instant Motion To Take Judicial Notice, Plaintiff sought concurrence under E.D.Mich. L.R. 7.1(a) from counsel for all of the named defendants, but concurrence was not timely received from

any of the named defendants; necessitating the filing of this Motion To Take Judicial Notice.

**The Court Should Take Judicial Notice of Michigan Court of Claims Judge Michael Riordan's October 27, 2026 Statewide TRO Entered In State-Court Action, *McQueer v Benson, et.al.***

It is well-settled that "'Federal courts may take judicial notice of proceedings in other courts of record.'" *Rodic v Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader v. Public Bank,* 417 F.2d 75, 82-83 (6th Cir. 1969) (citing cases), *cert. denied,* 397 U.S. 1065, 90 S.Ct. 1503, 25 L.Ed.2d 686 (1970)). "A **court must take judicial notice** 'if requested by a party and supplied with the necessary information.' Fed.R.Evid. 201(d)." *U.S. ex rel. Dingle v BioPort Corp.,* 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) (emphasis supplied).

"A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed." Fed. R.Evid. 201(e). "Public records and government documents are generally considered 'not to be subject to reasonable dispute.'" *U.S. ex rel. Dingle*, 270 F.Supp.2d at 972 (quoting *Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir.1999), *overruled in part on*

*other grounds, Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508-14, 122 972*972 S.Ct. 992, 996-99, 152 L.Ed.2d 1 (2002); *Yeary v. Goodwill Indus.-Knoxville, Inc.,* 107 F.3d 443, 445 (6th Cir.1997); *Armengau v. Cline,* 7 Fed.Appx. 336, 344, 345 (6th Cir.2001)).

Earlier this afternoon, at the request of intervening plaintiffs, Republican National Committee and Michigan Republican Party, Michigan Court of Claims Judge Michael Riordan entered a statewide temporary restraining order (TRO) in the state-court election-related matter of *McQueer v Benson, et.al.,* Michigan Court of Claims No. 26-000172-MZ ("*McQueer* State-Court Action"), enjoining the Defendants Secretary of State Jocelyn Benson and State Director of Elections Jonathan Brater from enforcing the provisions of Mich Admin Code, R 168.48. (**See Michigan Court of Claims Judge Michael Riordan's October 27, 2026 Statewide TRO attached).**

Judge Riordan's October 27, 2026 statewide TRO further ordered and directed the Defendants Secretary of State and Director Brater "**to instruct all local election officials to retain the EPBs from the November 3 General Election.** The instructions must direct those officials to transfer the EPB from the precinct laptops onto the

encrypted flash drives and then to securely store those flash drives until further order of this Court." (*Id.*) (emphasis supplied). Judge Riordan's statewide TRO further ordered that Defendants Secretary of State and Director Brater "**are precluded from enforcing Rule 168.48 pending the resolution of this matter**." (*Id.*) (emphasis supplied).

It is necessary and appropriate for this Honorable Court to take judicial notice of Judge Riordan's October 27th statewide TRO because the legal issues they address are directly relevant and pertinent to Plaintiff's federal preemption claim as pled and alleged in Count VII of the amended complaint. *See* Am. Compl. ECF No. 21, PageID. 246-252, ¶¶ 258-279.

It is readily apparent that the meritorious legal issues presented in Count VII of the amended verified complaint filed in *this case* (Am. Compl. ECF No. 21, PageID. 246-252, ¶¶ 258-279) and the claims properly pled and alleged in the *McQueer* State-Court Action, are directly related and pertinent to one another. Thus, this Court taking judicial notice of the state-court's statewide TRO referenced above is necessary and appropriate. *Rodic,* 615 F.2d at 738; see also *U.S. ex rel. Dingle,* 270 F.Supp.2d at 972.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Robert Davis prays that this Honorable Court **GRANTS** his Motion To Take Judicial Notice of Michigan Court of Claims Judge Michael Riordan's October 27, 2026 Statewide TRO entered in the *McQueer* State-Court Action.

Dated: October 27, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on October 27, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: October 27, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***
Plaintiff