**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ROBERT DAVIS,**
Plaintiff,

Case No. 2:26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.

______________________________________/

**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________/

# PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT JOCELYN BENSON'S AND JONATHAN BRATER'S MOTION TO DISMISS (ECF NO. 40).

---

## TABLE OF CONTENTS

**STATEMENT OF ISSUES/QUESTIONS PRESENTED**................3

**CONTROLLING MOST APPROPRIATE LEGAL AUTHORITY**....4

**INDEX OF AUTHORITIES**.......................................................5-7

**ARGUMENTS**.............................................................,,,8-37

**CONCLUSION**..............................................................37

**CERTIFICATE OF SERVICE**..................................................37

## STATEMENT OF ISSUES/QUESTIONS PRESENTED

I. Are Plaintiff's individual capacity claims barred by qualified immunity?

Plaintiff Answers: NO
Defendants Brater and Benson answer: YES

II. Are Plaintiff's official capacity claims barred by the Eleventh Amendment?

Plaintiff Answers: NO
Defendants Brater and Benson answer: YES

III. Does Plaintiff have Article III standing?

Plaintiff Answers: YES
Defendants Brater and Benson answer: NO

IV. Has Plaintiff adequately pled plausible 1983 constitutional claims?

Plaintiff Answers: YES
Defendants Brater and Benson answer: NO

---

## CONTROLLING AND MOST APPROPRIATE LEGAL AUTHORITY

- *Warren v. City of Athens,* 411 F.3d 697, 711 (6th Cir. 2005) ("A 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either by 'negati[ng] every conceivable basis which might support' the government action or by demonstrating that the challenged government action was motivated by animus or ill-will.")

- *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam) (holding that the Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that (1) she has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment.")

- *Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012) ("Animus is defined as 'ill will, antagonism, or hostility usually controlled by deep-seated and sometimes virulent.'")

- *Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012) ("ill will is defined as an 'unfriendly feeling; animosity, hostility.'")

## INDEX OF AUTHORITIES

*A & W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022)……………………………………………………12

*ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016)……………………………………………………………12,13

*ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003)………………………………………………………………………41

*Anders v Cuevas*, 984 F.3d 1166, 1179 (6th Cir. 2021)………….33,34,37

*Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II*)………………………………………………24,25

*Bench Billboard v City of Cincinnati,* 675 F.3d 974 (6th Cir. 2012)……37

*Berry v Garrett*,316 Mich.App. 37; 890 NW2d 882 (2016)... 4,17,18,19,23, 24

*Board of Regents of State Colls. v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)……………………………………………16,17

*Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009)………………………………………………………………………10

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007)……………………………………12,13,41

*Cleveland Board of Education* v. *Loudermill,* 470 U. S. 532 (1985)…15

*Daily Services, LLC v Valentino*, 756 F.3d 893 (6th Cir. 2014)…..4,14,15

*Davis v Wayne County Election Commission*, 349 Mich.App. 355; 28 NW3d 354 (2023)……………………………………………………4,24,25

*Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001)………………………………………………………………42

*Dellinger v Bessent*, No. 25-5028, 2025 WL 559669, at *3 (D.C. Cir. Feb. 15, 2025)……………………………………………………………………13

*EJS Props., LLC v. City of Toledo,* 698 F.3d 845 (6th Cir.2012)….14,16

*Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 605, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)……………………………………………………………33

*Fields v Henry County, Tenn.*, 701 F.3d 180, 186 (6th Cir. 2012)….19,20

*Fradco, Inc. v. Dep't of Treasury,* 495 Mich. 104, 114, 845 N.W.2d 81 (2014)………………………………………………………………………22

*G&V Lounge, Inc. v. Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994)……………………………………………………………42

*Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996)………..13

*Heyne v Metro Nashville Pub. Sch.,* 655 F.3d 556, 566 (2011)………...31

*Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012)….34,38

*Mikel v Quin*, 58 F.4th 252, 261 (6th Cir. 2023)……………………..18,19

*Obama for America v Husted*, 697 F.3d 423 (6th Cir. 2012)…….13,41,42

*People v. Francisco,* 474 Mich. 82, 87, 711 N.W.2d 44 (2006)…………22

*Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417 (6th Cir. 2000)……..10

*Procter & Gamble v. Bankers Tr. Co.*, 78 F.3d 219 (6th Cir.1996)…11,12

*Purcell v. Gonzalez,* 549 U.S. 1, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006)..42,43

*Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986)……………………………26,27,28,29,30

*Tony L. By & Through Simpson v Childers,* 71 F.3d 1182, 1185 (6th Cir. 1995)……………………………………………………………………18,19

*TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.,* 430 F.3d 783, 788 (6th Cir. 2005)………………………………………………………32,33

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)……………………………………………………………13

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)…………………………………………………………33

*Vitolo v Guzman*, 999 F.3d 353, 360 (6th Cir. 2021)…………………..42

*Warren v. City of Athens, Ohio,* 411 F.3d 697 (6th Cir.2005)……..15,33

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 22 (2008)……………12

*Withrow v Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)..31

*Wojcik v City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001)……….15,16

*Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)……………………………………………………………………4,15

**STATE STATUTES**

Mich.Comp.Laws §168.23(1)……………………………………IN PASSIM

Mich.Comp.Laws §168.558(4)…………………………….……….IN PASSIM

Mich.Comp.Laws §168.567……………………………………….....23,24,25

Mich.Comp.Laws §168.689…………………………………………24,25,26

**FEDERAL RULES/STATUTES**

FED.R.CIV.P. 65………………………………….……………IN PASSIM

**FEDERAL CONSTITUTION**

Due Process 14th Amendment……………………..……………IN PASSIM

Equal Protection 14th Amendment……………………………IN PASSIM

# ARGUMENT

## Plaintiff's Official Capacity Claims Brought Against Defendants Benson and Brater Are Not Barred By The Eleventh Amendment.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of any Foreign State.

U.S. Const. amend. XI. Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury,* 987 F.2d 376, 381 (6th Cir.1993) (internal citations omitted). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (internal citations omitted).

However, "[t]he Supreme Court recognizes an exception to this rule if an official-capacity suit seeks *only prospective injunctive or declaratory relief*." *Cady v Arenac*, 574 F.3d 334, 344 (6th Cir.2009) (citing *Papasan v. Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d

209 (1986)) (emphasis supplied). "In order to fall within the *Ex parte Young* exception, a claim must seek *prospective relief* to end a continuing violation of federal law." *Diaz v. Mich. Dep't of Corr.,* 703 F.3d 956, 964 (6th Cir.2013) (emphasis supplied). However, "*Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute." *Children's Healthcare is a Legal Duty v. Deters,* 92 F.3d 1412, 1415 (6th Cir.1996).

Contrary to Defendants Benson and Brater's arguments, Counts I-III and Counts V-VII, seek *prospective declaratory and injunctive relief* against Defendants Benson and Brater in their respective official capacities for violating Plaintiff's various constitutional rights. (ECF No. 20, PageID. 1-219; 232-252). Thus, Plaintiff's official capacity claims against Defendants Benson and Brater in Counts I-III and Counts V-VII of the amended complaint (ECF No. 20, PageID. 1-219; 232-252) are **NOT** barred by the Eleventh Amendment because "[t]he Supreme Court recognizes an exception to this rule if an official-capacity suit seeks *only prospective injunctive or declaratory relief*." *Cady v Arenac*, 574 F.3d 334, 344 (6th Cir.2009) (citing *Papasan v.*

*Allain,* 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)) (emphasis supplied).

## ARGUMENT

### Plaintiff's Individual Capacity Claims Brought Against Defendants Benson and Brater Are Not Barred By Qualified Immunity.

For Counts I-III and V-VII of the amended complaint, Plaintiff also seek monetary damages against Defendants Benson and Brater in their respective *individual* capacities. (ECF No. 20, PageID. 1-219; 232-252). It is well settled that "the state's sovereign immunity does not preclude suits against state officials in their individual capacities for damages under §1983." *Skinner v Govorchin*, 463 F.3d 518, 524 (6th Cir. 2006). "Personal liability against a state official can be established under 1983 by showing 'that the official, acting under color of state law, caused the deprivation of a federal right.'" *Gcan v Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (quoting *Kentucky v Graham*, 473 U.S. 159, 166; 105 S.Ct. 3099 (1985)).

Defendants Benson and Brater have asserted the affirmative defense of qualified immunity. "Qualified immunity is an affirmative defense, and a defendant bears the burden of pleading it in the first

instance." *TS v Doe*, 742 F.3d 632, 635 (6th Cir. 2014). However, "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's `entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point,' that point is usually summary judgment and not dismissal under Rule 12." *Wesley v. Campbell,* 779 F.3d 421, 433-34 (6th Cir. 2015) (brackets and citation omitted) (quoting *Vakilian v. Shaw,* 335 F.3d 509, 516 (6th Cir. 2003)); *see also Guertin v. Michigan,* 912 F.3d 907, 917 (6th Cir. 2019); *Courtright,* 839 F.3d at 518. "'[I]t is often perilous to resolve a Rule 12(b)(6) motion on qualified immunity grounds' because development of the factual record is frequently necessary to decide whether the official's actions violated clearly established law." *Anders v Cuevas*, 984 F.3d 1166, 1175 (6th Cir. 2021) (quoting *Singleton v. Kentucky,* 843 F.3d 238, 242 (6th Cir. 2016)).

Even if qualified immunity could be considered or resolved at this early stage under a Rule 12(b)(6) motion to dismiss, which the Sixth Circuit has clearly held it **cannot**, *Anders*, 984 F.3d at 1175, a two-part test determines whether qualified immunity applies: "(1) whether, considering the allegations in a light most favorable to the party

injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Colvin v. Caruso,* 605 F.3d 282, 290 (6th Cir.2010) (quoting *Estate of Carter v. City of Detroit,* 408 F.3d 305, 310 (6th Cir.2005)). "We are 'free to consider [the two-part test] in whatever order is appropriate in light of the issues before us'" and may begin with the second step. *Id.* (quoting *Jones v. Byrnes,* 585 F.3d 971, 975 (6th Cir.2009)); *see Pearson v. Callahan,* 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Generally, the "clearly established" requirement means "that binding authority would have alerted reasonable people in [the defendant's] position that her conduct was unlawful." *Perez v. Oakland Cnty.*, 466 F.3d 416, 428 (6th Cir.2006). Courts "look principally to the law of this circuit and to the Supreme Court." *Id.* at 427. This is Plaintiff's burden to bear. *Id.*

For Counts I-VII, the constitutional rights Defendants Benson and Brater violated were clearly established.

In Count I of the amended complaint (ECF No. 20, PageID. 186-202), Plaintiff thoroughly pleads and alleges that Defendants Benson and Brater, in their individual capacities violated his procedural due

process rights and Plaintiff further pleads and alleges that Defendants Benson and Brater were biased decisionmakers. (ECF No. 20, PageID. 195-202). "Procedural due process is not satisfied when a person has a protected interest under the Due Process Clause and the individual responsible for deciding whether to deprive that person of his interest is biased." *Heyne v Metropolitan Nashville Public Schools*, 655 F.3d 556, 566 (6th Cir. 2011). *See also Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975) (stating that "a biased decisionmaker [is] constitutionally unacceptable"); *McKinney v. Pate,* 20 F.3d 1550, 1561 (11th Cir.1994) ("It is axiomatic that, in general, the Constitution requires that the state provide fair procedures and an impartial decisionmaker before infringing on a person's interest in life, liberty, or property."); *Nasierowski Bros. Inv. Co. v. City of Sterling Heights,* 949 F.2d 890, 897 n. 8 (6th Cir. 1991) ("[I]t is a hallmark of procedural due process that `a biased decisionmaker is constitutionally unacceptable....'" (quoting *Withrow,* 421 U.S. at 47, 95 S.Ct. 1456)); *cf. Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("The fundamental requirement of due process is the opportunity to be heard `at a meaningful time and in a meaningful manner.'"

(quoting *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965))).

With respect to Counts II-III, Plaintiff thoroughly pleads and alleges "class of one" equal protection claims. (ECF No. 20, PageID. 202-210). It is well-settled that "Plaintiffs' right to freedom from invidious discrimination under the Equal Protection Clause was certainly clearly established at all times pertinent to this action[.]" *Rondingo, LLC v Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011). Thus, "the fundamental question presented in this case is whether plaintiffs' complaint alleges sufficient facts to make out valid equal protection claim — i.e., sufficient facts to 'raise the right to relief above the speculative level,' sufficient facts to make out a 'plausible claim,' one beyond the line of 'sheer possibility.'" *Id.*

With respect to Count IV, Plaintiff alleges Defendants Benson and Brater in their individual capacities conspired with Defendants Michigan Democratic Party, Eli Savit and Garlin Gilchrist to violate Plaintiff's constitutional rights. (ECF No. 20, PageID. 219-232). The standard for proving a civil conspiracy claim in the Sixth Circuit is as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks,* 771 F.2d 935, 943-44 (6th Cir.1985). "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez* 671*671 *v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987). But "[r]arely in a conspiracy case will there be direct evidence of an express agreement among all the conspirators to conspire, ... [and] circumstantial evidence may provide adequate proof of conspiracy." *Weberg v. Franks,* 229 F.3d 514, 528 (6th Cir.2000).

However, "[a] claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) (citing *Bauss v. Plymouth Twp.*, 233 Fed. Appx. 490, 500 (6th Cir.

2007)). Here, for the reasons stated below, Plaintiff thoroughly pleads and establishes separate and actionable constitutional injuries, which include violations of Plaintiff's procedural due process rights and denying Plaintiff equal protection under a "class of one" theory.

With respect to Counts V-VII, Defendants Benson's and Brater's motion to dismiss (ECF No. 40) fails to explain how qualified immunity bars these claims. Defendants Benson's and Brater's motion to dismiss (ECF No. 40) fails to identity or explain how Plaintiff's constitutional rights were not clearly established with respect to Counts V-VII[1].

## ARGUMENT

### Plaintiff Has Article III Standing For All Claims Against Defendants Benson and Brater

To have Article III standing, a plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Murray v. U.S. Dep't of Treasury,* 681 F.3d 744, 748 (6th Cir.2012). The alleged injury must be both "concrete and particularized" and "actual or imminent, not

---

[1] For the reasons set forth and stated in Michigan Court of Claims Judge Michael Riordan's November 2, 2026 opinion and order in the state-court action *McQueer v Benson*, Plaintiff agrees to voluntarily dismiss Count VII of amended complaint.

conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Moreover, the injury in fact must be both "(a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted).

With respect to Counts I-VII of the amended complaint, Plaintiff has thoroughly plead and alleged facts establishes each of the necessary elements to establish Article III standing. Defendants Benson's and Brater's motion to dismiss (ECF No. 40) fails to specifically identity how Plaintiff has failed to satisfy Article III standing for Counts I-VII of the amended complaint. Plaintiff has stated injuries with specificity that are personal to him in detail. (ECF No. 20).

Contrary to Defendants' arguments, Plaintiff has adequately pled allegations showing that Defendants Benson and Brater are the cause for any possible injury to him. "To establish causation, a plaintiff must show a 'causal connection between the injury and the conduct

complained of,' or, in other words, that the injury alleged is 'fairly . . . trace[able] to the challenged action of the defendant.'" *Durham v. Martin*, 905 F.3d 432, 434 (6th Cir. 2018). The injury alleged cannot be the result of "the independent action of some third party." 504 U.S. at 560. In Counts I-VII, Plaintiff thoroughly pleads and alleges "causal connection between the injury and the conduct complained of[.]" *Id.*

## ARGUMENT

### Defendants' Rule 12(b)(6) Motion To Dismiss Must Be Denied Because Plaintiff Has Adequately Pleaded Plausible §1983 Constitutional Violations In Counts I-VII Of Amended Complaint (ECF No. 20).

"When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts are obliged to construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true in determining whether the complaint states a plausible claim for relief." *Davis v Robert*, 192 F.Supp.3d 847, 853 (E.D.Mich. 2016) (citing *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.2010)).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached

to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living v Morrison Management,* 905 F.3d 421, 426 (6th Cir. 2018) (citing *Buck v Thomas M. Cooley Law Sch*., 597 F.3d 812, 816 (6th Cir. 2010)).

"To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). Section 1983 affords a plaintiff relief from constitutional violations committed by state actors. See *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

**A. Count I-Procedural Due Process Claim**

The Fourteenth Amendment's Due Process Clause bars "any State" from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, §1. The Supreme Court

has recognized that the Due Process Clause has procedural and substantive components. See *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 755-56 (2005).

Procedural due process requires the government to provide "fair procedure" before depriving a person of life, liberty, or property. *Zinermon v Burch*, 494 U.S. 113, 125 (1990). To prevail on a procedural-due-process claim, a plaintiff must show: (1) "deprivation by state action of a protected interest in life, liberty, or property," and (2) "inadequate state process." *Reed v Goertz*, 598 U.S. 230, 236 (2023).

1. **Protected Property Interest**

In Count I of the amended complaint, Plaintiff thoroughly pleads and alleges that Plaintiff had a protected property interest under Michigan law to file a sworn complaint challenging the validity of Defendants Eli Savit's and Garlin Gilchrist's affidavits of identity. (ECF No. 20, PageID. 187-192, ¶¶70-85).

The Constitution protects property interests; it does not create them. *Phillips v Wash. Legal Found.*, 524 U.S. 156, 164 (1998). Protected property interests "are created and their dimensions are defined by existing rules or understandings that stem from an

independent source such as state law." *Bd. of Regents of State Colls. v Roth,* 408 U.S. 564, 577 (1972). "[T]he state law must create a legitimate entitlement to a benefit or a justifiable expectation of receiving it." *Williams v City of Detroit*, 54 F.4th 895, 899 (6th Cir. 2022). A "unilateral expectation" in receiving a benefit will not suffice. *Roth*, 408 U.S. at 577.

Moreover, "rules and understandings, promulgated and fostered by state officials' can form the foundation of a protected property interest." *Gunasekera v Irwin*, 551 F.3d 461, 464 (6th Cir. 2009) (quoting *Perry v Sindermann,* 408 U.S. 593, 602-602, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972)). Per a recent holding of the Michigan Court of Appeals, it has been established that Plaintiff had a protected property interest under Mich Admin Code, R 168.5, as amended effective June 8, 2026, to file a sworn complaint challenging the validity of the affidavits of identity filed by Defendants Eli Savit and Garlin Gilchrist. See *Davis v Benson*, ___Mich.App.___, ____; ____ NW3d ____ (issued October 12, 2026) (Docket No. 380990); slip op at p 6 (holding that "there is a right to challenge an AOI as has been asserted by plaintiff's complaints.")

**2. State-Created Liberty Interest**.

Similarly, in Count I of the amended complaint, Plaintiff also thoroughly pleads and alleges that state-created liberty interests existed under Mich Admin Code, R 168.2(3) & (4). (ECF No. 20, PageID. 192-195, ¶¶86-99).

"State-created liberty interests arise when a state places 'substantive limitations on official discretion.'" *Tony L. By & Through Simpson v Childers,* 71 F.3d 1182, 1185 (6th Cir. 1995) (quoting *Olim v Wakinekona*, 461 U.S. 238, 249 (1983)). "A statute places substantive limits on official discretion when it (1) contains mandatory language (2) requiring specific substantive outcomes (3) when specific substantive predicates are met." *Mikel v Quin*, 58 F.4th 252, 261 (6th Cir. 2023) (citing *Fields v Henry County, Tenn*., 701 F.3d 180, 186 (6th Cir. 2012)). "Procedural rights that 'do not require a particular substantive outcome' cannot give rise to protected liberty interests." *Fields*, F.3d at 186 (quoting *Gibson v McMurray*, 159 F.3d 230, 233 (6th Cir. 1998)).

**3. Biased Decisionmaker**

In paragraphs 100-118, Plaintiff thoroughly pleads and alleges that Defendants Benson and Brater were biased decisionmakers. (ECF No. 20, PageID. 195-201, ¶¶ 100-118).

"Procedural due process is not satisfied when a person has a protected interest under the Due Process Clause and the individual responsible for deciding whether to deprive that person of his interest is biased." *Heyne v Metro Nashville Pub Sch*., 655 F.3d 556, 566 (2011). "[A] biased decisionmaker [is] constitutionally unacceptable." *Withrow v Larkin*, 421 U.S. 35, 47 (1975).

**4. Inadequate State Process**

With the dismissal of Plaintiff's pre-election state-court action to prevent Defendants Eli Savit and Garlin Gilchrist from appearing on the November 3, 2026 general election ballot, Plaintiff sufficiently pleaded and alleged that there was an "inadequate state process." Reed, 598 U.S. at 236. (ECF No. 20, PageID.182-186, ¶¶49-63).

**B. Counts II-III- "Class of One" Equal Protection Claims**.

In Counts II-III of the amended complaint, Plaintiff thoroughly pleads and alleges equal protection "class-of-one" claims against the Defendants Benson and Brater. (ECF No. 20, PageID. 202-218, ¶¶119-181).

The Equal Protection Clause "prohibits discrimination by government which either burdens a fundamental right, targets a

suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.,* 430 F.3d 783, 788 (6th Cir. 2005). The Supreme Court has recognized "successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that (1) she has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam). "[T]he class-of-one theory of equal protection... presupposes that like individuals should be treated alike, and that to treat them differently is to classify them in a way that must survive at least rationality review...." *Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 605, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008).

"A class-of-one equal protection claimant must show not just that they were treated differently than others outside of their 'class' but that, in comparison to those outside their class, they were 'similarly situated in all relevant respects.'" *Anders v Cuevas*, 984 F.3d 1166, 1180 (6th Cir. 2021) (quoting *Johnson v. Morales,* 946 F.3d 911, 939 (6th Cir.

2020)). "In determining whether individuals are 'similarly situated,' a **court should 'not demand exact correlation, but should instead seek relevant similarity.'"** *Bench Billboard v City of Cincinnati,* 675 F.3d 974, 987 (6th Cir. 2012) (quoting *Perry v McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)) (emphasis supplied). Of note, "'**determining whether individuals are similarly situated is generally a factual issue for the jury**.'" *Loesel*, 692 F.3d at 463 (quoting *Eggleston v Bieluch*, 2023 Fed.Appx. 257, 264 (11th Cir. 2006)) (emphasis supplied).

Here, Plaintiff thoroughly pleads and alleges in both Counts II and III that Plaintiff was treated differently than others that were similarly situated and who had filed similar sworn complaints with the Defendants Benson and Brater challenging a candidate's affidavit of identity that was filed with the Defendant Benson as the filing official. (ECF No. 20, PageID. 202-218, ¶¶119-181).

"A 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either by 'negati[ng] every conceivable basis which might support' the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." *Warren v. City of Athens,* 411 F.3d 697, 711 (6th

Cir. 2005) (quoting *Klimik v. Kent Cnty. Sherriff's Dep't,* 91 F. App'x 396, 400 (6th Cir. 2004) and *Bower v. Vill. of Mount Sterling,* 44 F. App'x 670, 677-78 (6th Cir. 2002)). "It is not necessarily dispositive that the decision at issue was discretionary." *Anders v Cuevas*, 984 F.3d 1166, 1179 (6th Cir. 2021) (citing *Franks v. Rubitschun,* 312 F. App'x 764, 766 & n.3 (6th Cir. 2009)) (rejecting the argument that "individualized, discretionary decisions can rarely, if ever, be challenged in class-of-one actions").

"Animus is defined as 'ill will, antagonism, or hostility usually controlled by deep-seated and sometimes virulent.'" *Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012) (quoting Webster's Third New International Dictionary, Unabridged (2002)). And, "ill will is defined as an 'unfriendly feeling; animosity, hostility.'" *Id.* (quoting Webster's Third New International Dictionary, Unabridged (2002)).

Plaintiff thoroughly pleads and alleges in both Counts II-III that he was treated differently than other similarly situated persons due to the "animus" and "ill will" Defendants Benson and Brater had towards the Plaintiff. (ECF No. 20, PageID. 202-218, ¶¶119-181).

**C. Count IV-Civil Conspiracy.**

The only argument Defendants Benson and Brater advance with respect to Count IV-Civil Conspiracy is that this count should be dismissed because "Plaintiff has failed to raise any cognizable protected rights or valid constitutional claims in Counts I through III." (ECF No. 40, PageID. 824). However, as noted above, Plaintiff has sufficiently pleaded and alleged plausible claims for violations of Plaintiff's procedural due process rights and denial of equal protection under the "class of one" theory as set forth in Counts I-III.

Therefore, because Plaintiff has sufficiently pleaded and alleged plausible constitutional violations in Counts I-III, Defendants' motion to dismiss Count IV must be denied.

**D. Count V-Void for Vagueness.**

In Count V of the amended complaint, Plaintiff thoroughly pleads and alleges that certain portions of Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA) are "void for vagueness." (ECF No. 20, PageID. 232-239).

"The void-for-vagueness doctrine finds its roots in the Due Process Clause, as well as the First Amendment." *Smith ex rel. Smith v Mt*

*Pleasant Public Sch.*, 285 F.Supp.2d 987, 992 (E.D.Mich. 2003). Due process requires that laws not be vague." *600 Marshall Ent. Concepts v Memphis,* 705 F.3d 576, 586 (6th Cir. 2013). "[A]n enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v City of Rockford*, 408 U.S. 104, 108 (1972).

"Vagueness may take two forms, both of which result in a denial of due process. A vague [statute] denies fair notice of the standard of conduct to which a citizen is held accountable. At the same time, a[] [statute] is void for vagueness if it is an unrestricted delegation of power, which in practice leaves the definition of its terms to law enforcement officers, and thereby invites arbitrary, discriminatory and overzealous enforcement." *Dambrot v Central Michigan University*, 55 F. 3d 1177, 1183-84 (6th Cir. 1995).

Not only do "[v]ague laws…trap the innocent by not providing fair warnings," but laws that fail to provide explicit standards guiding their enforcement impermissibly delegate basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned v City of Rockford*, 408 U.S. 104, 108-109 (1972).

Count V of the amended complaint alleges that Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.***" *See Warren Consol Sch Dist v Hazel Park Sch Dist*., ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their request to the agency*. *If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court*.") (emphasis supplied). (ECF No. 20, PageID. 234, ¶221).

As Count V of Plaintiff's amended complaint alleges, there is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Secretary of State and State Director of Elections to provide a written response to Plaintiff's expedited request for declaratory ruling. (ECF No. 20, PageID. 235, ¶222). Thus, Defendants Secretary of State and State Director of Elections can take as long as they want before issuing a written response to Plaintiff's

written request for an expedited request for declaratory ruling. (ECF No. 20, PageID. 235, ¶223).

Defendants Secretary of State and State Director of Elections actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters. (ECF No. 20, PageID. 235, ¶223). Plaintiff has First Amendment right to access the courts and to file a nonfrivolous lawsuit for declaratory relief under Mich.Comp.Laws §24.264 of the APA. (ECF No. 20, PageID. 235, ¶224).

The provision of Mich.Comp.Laws §24.264 allowing Plaintiff to file a state-court lawsuit for declaratory relief if Defendants Secretary of State and State Director of Elections "Failed To Act Upon" Plaintiff's request for declaratory ruling "Expeditiously" is void-for-vagueness. The word "expeditiously" is **NOT** defined under the APA. Thus, a state-court judge is free to exercise its discretion and interpret the term "expeditiously" as the state-court judge sees fit. Because the term "expeditiously" is **NOT** defined under the APA, a state-court judge could conceivably rule that the Defendants Secretary of State and State

Director of Elections need more than just a few weeks to respond to an expedited request for declaratory ruling even if it pertains to an impending election with imminent ballot printing deadlines. (ECF No. 20, PageID. 235-236, ¶¶226-228).

"The absence of clear standards guiding the discretion of the public official vested with the authority to enforce the enactment invites abuse by enabling the official to administer the policy on the basis of impermissible factors." *United Food & Commercial Workers Union Local 1099 v Southwest Ohio Regional Transit Auth*., 163 F.3d 341, 359 (6th Cir. 1998).

Accordingly, Plaintiff has plausibly pled a claim for portions of Mich.Comp.Laws §24.264 to be rendered "void for vagueness."

**E. Count VI-Denial Access To Court "Forward-Looking" Claim.**

Count VI of the amended complaint thoroughly pleads and alleges a denial of access to court "forward-looking" claim.

"The Supreme Court has recognized a constitutional right of access to the courts, whereby a plaintiff with a nonfrivolous legal claim has the right to bring that claim to a court of law." *Flagg v City of Detroit*, 715 F.3d 165, 173 (6th Cir. 2013). "Access to courts does not

only protect one's right tp physically enter the courthouse halls, but also insures that the access to courts will be 'adequate, effective and meaningful.'" *Swekel v City of River Rouge*, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting *Bounds v Smith*, 430 U.S. 817, 822 (1977)).

"Denial of access to the courts claims may be 'forward-looking' or 'backward-looking'" *Flagg*, 715 F.3d at 173. "In forward-looking claims, the plaintiff accuses the government of creating or maintaining some 'frustrating condition,' that stands between the plaintiff and the 'the courthouse door.'" *Flagg*, 715 F.3d at 173 (quoting Christopher v Harbury, 536 U.S. 403, 413 (2002)). "The object of the suit is to eliminate the condition, thereby allowing the plaintiff…to sue on some underlying legal claim." *Id*.

On August 22, 2026, pursuant to Mich.Comp.Laws §24.264 of the Administrative Procedures Act (APA), Plaintiff submitted an expedited request for a declaratory ruling to the Defendant Secretary of State concerning the applicability of Mich Admin Code, R 168.2(3) as to the "certification" of candidates for the November 3, 2026 general election. (ECF No. 20, PageID. 241, ¶243). As of the date and time of the filing of the amended complaint, Plaintiff had **NOT** received a written response

to his August 22, 2026 expedited request for declaratory ruling. (ECF No. 20, PageID. 241, ¶244).

Plaintiff had sent numerous follow up communications to the Defendants Secretary of State and State Director of Elections checking on the status of the Defendants Secretary of State's and State Director of Elections' written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling. (ECF No. 20, PageID. 241, ¶245).

Defendants Benson and Brater's **refusal** to timely respond to Plaintiff's August 22, 2026 expedited request for declaratory ruling has **prevented** Plaintiff from filing a lawsuit in the Michigan Court of Claims or state circuit court. (ECF No. 20, PageID. 242, ¶246). Under Mich.Comp.Laws §24.264 of the APA, Plaintiff **cannot** file a lawsuit for declaratory relief "***unless the plaintiff has first requested the agency for a declaratory ruling and the agency has denied the request or failed to act upon it expeditiously.***" *See Warren Consol Sch Dist v Hazel Park Sch Dist.*, ___Mich.____; ____NW3d____ (issued March 5, 2026) (Mich. Supreme Court Docket No.167643); slip op at p 13-14 ("MCL 24.264, however, *requires* regulated parties seeking a declaratory decision regarding an agency's *rule to first present their*

*request to the agency. If such a request is actually or constructively denied, the party may then file a declaratory judgment action in circuit court.*") (emphasis supplied). (ECF No. 20, PageID. 242, ¶247).

There is **NO** statutory provision or promulgated rule under the APA providing a set deadline for the Defendants Benson and Brater to provide a written response to Plaintiff's expedited request for declaratory ruling. (ECF No. 20, PageID. 242, ¶248). Thus, Defendants Benson and Brater can take as long as they want before issuing a written response to Plaintiff's written request for an expedited request for declaratory ruling. (ECF No. 20, PageID. 242, ¶249).

Defendants Benson and Brater's actions of refusing to issue a written response promptly are deliberate and intentional to prevent and delay Plaintiff from initiating a lawsuit seeking declaratory relief in time-sensitive election-related matters. (ECF No. 20, PageID. 243, ¶250). Plaintiff has a First Amendment right to access the courts and to file a nonfrivolous lawsuit for declaratory relief under Mich.Comp.Laws §24.264 of the APA. (ECF No. 20, PageID. 242, ¶251).

There was no practical reason for the Defendants Benson and Brater's refusal to issue a written denial of Plaintiff's August 22, 2026

request for declaratory ruling other than to prevent Plaintiff from filing a nonfrivolous lawsuit under Mich.Comp.Laws §24.264 of APA. (ECF No. 20, PageID. 243, ¶252). Defendants Benson and Brater's unethical actions have denied Plaintiff "effective" and "meaningful" access to the court because the September 4, 2026 deadline for "certifying" candidates for the November 3, 2026 general election has passed and the absentee ballots have been printed and disseminated to the local city, township and county clerks. (ECF No. 20, PageID. 243, ¶253).

Although Plaintiff may seek relief against the Defendant Wayne County Election under Mich.Comp.Laws §168.567 to correct the ballots with the removal of Defendants Eli Savit and Garlin Gilchrist's names that were improperly "certified" by the Defendant Secretary of State to appear on the November 3, 2026 general election ballot, Plaintiff has been denied "effective" and "meaningful" access to the court because Plaintiff could have sought "meaningful" relief to have Defendants Savit and Gilchrist's names removed from the ballot before the ballots were printed. (ECF No. 20, PageID. 243-244, ¶254).

Plaintiff was unable to file a lawsuit because under Mich.Comp.Laws §24.264 of the APA because the written denial of

Defendants Benson and Brater was required *first*. (ECF No. 20, PageID.244, ¶255). And although Mich.Comp.Laws §24.264 of the APA, allows Plaintiff to file a lawsuit because Defendants Brater and Benson "failed to act upon" Plaintiff's request for declaratory ruling "expeditiously", such judicial review is not "meaningful" or "effective" because the state-court judge has "unchecked" discretion to ultimately determine if the Defendants Benson and Brater had ample and sufficient time to issue a written response. (ECF No. 20, PageID.244, ¶256).

The condition under Mich.Comp.Laws §24.264 of APA requiring the written denial of the Defendants Secretary of State and State Director of Elections before Plaintiff can file a nonfrivolous lawsuit for declaratory relief under Mich.Comp.Laws §24.264 of APA needed to be eliminated so that Plaintiff could proceed with filing a state-court action for declaratory relief. (ECF No. 20, PageID.244, ¶257).

### F. Count VII-Federal Preemption of Mich Admin Code, R 168.48.

For the reasons set forth in Michigan Court of Claims Judge Michael Riordan's November 2, 2026 opinion and order entered in the state-court action *McQueer v Benson,* which permanently enjoins the

Defendants Benson and Brater from enforcing Mich Admin Code, R 168.48, Plaintiff agrees to voluntarily dismiss Count VII of the amended complaint.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Robert Davis prays that this Honorable Court **DENIES** Defendants Jocelyn Benson's and Jonathan Brater's Motion to Dismiss (ECF No. 40).

Dated: November 19, 2026 Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on November 19, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: November 19, 2026 Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro Se***