# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**
Plaintiff,

Case No. 2:26-cv-13454
Hon. Terrence G. Berg
Mag. Judge Kimberly Altman

**v.**

**JOCELYN BENSON**, in her official and individual capacities as the duly elected Secretary of State for the State of Michigan, *et.al.,*
Defendants.

______________________________________________/

**ROBERT DAVIS,** ***Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203
(313) 523-7118
Davisrobert854@gmail.com

**HEATHER S. MEINGAST (P55439)**
**ERIK GRILL (P64713)**
Assistant Attorneys General
Attorneys for Defendants Benson & Brater
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
meingasth@michigan.gov
grille@michigan.gov

**ANTHONY CHUBB (P72608)**
Giarmarco Mullins Horton
Attorneys for Defendant Green
101 W. Big Beaver, Tenth Fl.
Troy, MI 48084
(248) 457-7000
achubb@gmhlaw.com

**JAMES HEATH**
Wayne County Corp. Counsel
**REBECCA CAMARGO** (P66013)
Principal Asst. Corp. Counsel
Attorneys for Defendant Wayne County Election Commission
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 224-5312
rcamargo@waynecounty.com

______________________________________________/

# PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS MICHIGAN DEMOCRATIC PARTY'S, ELI SAVIT'S, AND GARLIN GILCHRIST'S MOTION TO DISMISS PLAINTIFF'S FIRST-AMENDED VERIFIED COMPLAINT (ECF NO. 48).

---

## TABLE OF CONTENTS

**STATEMENT OF ISSUES/QUESTIONS PRESENTED**................3

**CONTROLLING MOST APPROPRIATE LEGAL AUTHORITY**....4

**INDEX OF AUTHORITIES**.......................................................5-7

**ARGUMENTS**...........................................................,,,8-25

**CONCLUSION**............................................................25

**CERTIFICATE OF SERVICE**..............................................26

---

## STATEMENT OF ISSUES/QUESTIONS PRESENTED

I. Does Plaintiff's amended verified complaint adequately pleads and alleges a *prima facie* claim for civil conspiracy against Defendants Michigan Democratic Party, Eli Savit and Garlin Gilchrist for conspiring with state governmental officials, Defendant Secretary of State and State Director of Elections, to violate Plaintiff's procedural due process rights and rights to equal protection under the law under the "class of one" theory?

Plaintiff Answers: YES

Defendants MDP, Savit and Gilchrist Answer: NO

## CONTROLLING AND MOST APPROPRIATE LEGAL AUTHORITY

- *Bassett v Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426 (6th Cir. 2008)
- *Cooper v. Parrish,* 203 F.3d 937 (6th Cir. 2000)
- *Hooks v. Hooks,* 771 F.2d 935 (6th Cir.1985)
- *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)
- *Memphis American Postal, AFL-CIO, Local 96 v City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004)

# INDEX OF AUTHORITIES

*A & W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022)....................................................12

*ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp. 3d 665, 670 (S.D. Ohio 2016).........................................................................12,13

*ACLU of Kentucky v. McCreary County,* 354 F.3d 438, 445 (6th Cir. 2003)..................................................................................41

*Anders v Cuevas*, 984 F.3d 1166, 1179 (6th Cir. 2021).............33,34,37

*Barrow v Detroit Election Comm*, 305 Mich App 649, 671; 854 NW2d 489 (2014) (*Barrow II*)................................................24,25

*Bench Billboard v City of Cincinnati,* 675 F.3d 974 (6th Cir. 2012)......37

*Berry v Garrett*,316 Mich.App. 37; 890 NW2d 882 (2016)... 4,17,18,19,23, 24

*Board of Regents of State Colls. v Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)..............................................16,17

*Broyles v. Correctional Med. Svs.,* Inc., 2009 WL 3154241 (6th Cir. 2009)..................................................................................10

*Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007).....................................12,13,41

*Cleveland Board of Education* v. *Loudermill,* 470 U. S. 532 (1985)...15

*Daily Services, LLC v Valentino*, 756 F.3d 893 (6th Cir. 2014).....4,14,15

*Davis v Wayne County Election Commission*, 349 Mich.App. 355; 28 NW3d 354 (2023)...................................................4,24,25

*Déjà vu of Nashville, Inc. v. Metro. Gov't of Nashville,* 274 F.3d 377, 400 (6th Cir. 2001)...................................................................42

*Dellinger v Bessent*, No. 25-5028, 2025 WL 559669, at *3 (D.C. Cir. Feb. 15, 2025)....................................................................................13

*EJS Props., LLC v. City of Toledo,* 698 F.3d 845 (6th Cir.2012)....14,16

*Engquist v. Oregon Dep't of Agr.,* 553 U.S. 591, 605, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008)............................................................33

*Fields v Henry County, Tenn.*, 701 F.3d 180, 186 (6th Cir. 2012)....19,20

*Fradco, Inc. v. Dep't of Treasury,* 495 Mich. 104, 114, 845 N.W.2d 81 (2014)...............................................................................22

*G&V Lounge, Inc. v. Michigan Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994)............................................................42

*Golden v. Kelsey-Hayes, Co.,* 73 F.3d 648, 653 (6th Cir. 1996)...........13

*Heyne v Metro Nashville Pub. Sch.,* 655 F.3d 556, 566 (2011)............31

*Loesel v City of Frankenmuth*, 692 F.3d 452, 466 (6th Cir. 2012)....34,38

*Mikel v Quin*, 58 F.4th 252, 261 (6th Cir. 2023)..........................18,19

*Obama for America v Husted*, 697 F.3d 423 (6th Cir. 2012).......13,41,42

*People v. Francisco,* 474 Mich. 82, 87, 711 N.W.2d 44 (2006)............22

*Pertuso v. Ford Motor Credit Co.,* 233 F.3d 417 (6th Cir. 2000)........10

*Procter & Gamble v. Bankers Tr. Co.*, 78 F.3d 219 (6th Cir.1996)...11,12

*Purcell v. Gonzalez,* 549 U.S. 1, 127 S.Ct. 5, 166 L.Ed.2d 1 (2006)..42,43

*Southeastern Mich Fair Budget Coalition v Killeen*, 153 Mich App 370, 373-376; 395 NW2d 325 (1986)................................26,27,28,29,30

*Tony L. By & Through Simpson v Childers,* 71 F.3d 1182, 1185 (6th Cir. 1995)...................................................................................18,19

*TriHealth, Inc. v. Bd. of Comm'rs, Hamilton Cnty.,* 430 F.3d 783, 788 (6th Cir. 2005)...........................................................32,33

*Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981)……………………………………………………13

*Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000)…………………………………………………33

*Vitolo v Guzman*, 999 F.3d 353, 360 (6th Cir. 2021)…………………..42

*Warren v. City of Athens, Ohio,* 411 F.3d 697 (6th Cir.2005)……..15,33

*Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20, 22 (2008)……………12

*Withrow v Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)..31

*Wojcik v City of Romulus*, 257 F.3d 600, 609 (6th Cir. 2001)………..15,16

*Zinermon v. Burch,* 494 U.S. 113, 127, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)…………………………………………………………………4,15

**STATE STATUTES**

Mich.Comp.Laws §168.23(1)……………………………………IN PASSIM

Mich.Comp.Laws §168.558(4)………………………………..……IN PASSIM

Mich.Comp.Laws §168.567…………………………………………...23,24,25

Mich.Comp.Laws §168.689……………………………………………24,25,26

**FEDERAL RULES/STATUTES**

FED.R.CIV.P. 65…………………………………..…………….IN PASSIM

**FEDERAL CONSTITUTION**

Due Process 14th Amendment…………………..…………….IN PASSIM

Equal Protection 14th Amendment…………………………..IN PASSIM

# ARGUMENT

## PLAINTIFF HAS ALLEGED A PLAUSIBILE CIVIL CONSPIRACY CLAIM AGAINST DEFENDANTS MDP, SAVIT AND GILCHRIST.

### A. Standard of Review

"When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), courts are obliged to construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true in determining whether the complaint states a plausible claim for relief." *Davis v Robert*, 192 F.Supp.3d 847, 853 (E.D.Mich. 2016) (citing *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.2010)).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted). "Such public records that a court may consider include documents from other court proceedings." *Watermark Senior Living v*

*Morrison Management,* 905 F.3d 421, 426 (6th Cir. 2018) (citing *Buck v Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)).

**B. State Action**

"To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: 1) the defendant acted under color of state law; and 2) the defendant's conduct deprived the plaintiff of rights secured under federal law." *Fritz v Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). Section 1983 affords a plaintiff relief from constitutional violations committed by state actors. See *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Accordingly, a threshold issue is whether Defendants Johnson and Gaukler Pointe Communications were acting under color of state law as "state actors".

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power `possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West,* 487 U.S. at 49, 108 S.Ct. 2250 (quoting *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)); see also *Waters v. City of*

*Morristown, Tenn.,* 242 F.3d 353, 359 (6th Cir. 2001) (state actor's conduct must "occur[] in the course of performing an actual or apparent duty of his office, or [] the conduct is such that the actor could not have behaved as he did without the authority of his office.").

"When a defendant is a private entity, this circuit recognizes three tests for determining whether its conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test." *Memphis American Postal, AFL-CIO v Memphis*, 361 F.3d 898, 905 (6th Cir. 2004) (citation omitted). The public function test "requires that the private entity exercise powers which are traditionally exclusively reserved to the state." *Id.* at 1335. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. *Id.* Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state. *Id.*

In Count IV, Plaintiff brings a civil conspiracy claim against Defendants Michigan Democrat Party ("Defendant MDP"), Eli Savit ("Defendant Savit") and Garlin Gilchrist ("Defendant Gilchrist") under

42 U.S.C. § 1983. (ECF No. 20, PageID. 219-232). In Count IV, Plaintiff thoroughly pleads and alleges that Defendants MDP, Savit and Gilchrist conspired with state governmental officials, Defendants Jocelyn Benson ("Defendant Secretary of State") and Jonathan Brater ("Defendant State Director of Elections") to violate Plaintiff's procedural due process and equal protection rights. (ECF No. 20, PageID. 219-232).

Although Defendants MDP, Savit and Gilchrist are "private" persons, as explained in greater detail below, "[i]f a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 . . ." *Cooper v. Parrish,* 203 F.3d 937, 952 n. 2 (6th Cir. 2000). "Private persons may be held liable under § 1983 if they willfully participate in joint action with state agents." *Memphis American Postal, AFL-CIO, Local 96 v City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004).

As noted, to state a §1983 claim, Plaintiff must show that (1) Defendants MDP, Savit and Gilchrist acted under color of state law and (2) that their conduct deprived Plaintiff of rights secured under federal law. *Fritz v. Charter Twp. of Comstock,* 592 F.3d 718, 722 (6th Cir. 2010).

**1. Defendants MDP, Savit and Gilchrist Are State Actors.**

At the outset, it might appear that Plaintiff's claim fails to make it out of the gate; after all, Defendants MDP, Savit, and Gilchrist are private actors. *See Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct.") (internal quotations omitted). However, "under color of state law" requirement can be satisfied if Plaintiff plausibly alleges that Defendants MDP, Savit, and Gilchrist's "conduct that allegedly gave rise to the deprivation of [their] constitutional rights may be fairly attributable to the State." *Marie v. American Red Cross,* 771 F.3d 344, 362 (6th Cir. 2014) (internal quotations omitted).

Initially, Defendants MDP, Savit and Gilchrist seem to argue that Plaintiff has failed to do so under any of the four different tests that the Sixth Circuit has adopted for that purpose. *See id.* ("(1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test"). But these tests are "relevant only in cases in which there are no allegations of cooperation or concerted action between state and private actors."

*American Postal Workers Union, Local 96 v. City of Memphis,* 361 F.3d 898, 905 (6th Cir. 2004); *see also Cooper v. Parrish,* 203 F.3d 937, 952 n. 2 (6th Cir. 2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 . . ."). And a conspiracy is precisely what Plaintiff has alleged-that Defendants MDP, Savit and Gilchrist conspired with state government officials, Defendants Secretary of State and State Director of Elections, to violate Plaintiff's procedural due process and equal protection rights. (ECF No. 20, PageID. 219-232).

The question, then, is whether Plaintiff has sufficiently alleged that Defendants MDP, Savit and Gilchrist conspired with these state governmental actors to violate Plaintiff's procedural due process and equal protection rights. *See Revis v. Meldrum,* 489 F.3d 273, 292 (6th Cir. 2007) ("[C]laims of conspiracies between private and state actors, if adequately alleged, generally suffice to establish state action on the part of the private actors for the purposes of deciding a motion to dismiss.").

**2. Civil Conspiracy Under 42 U.S.C. §1983.**

The standard for proving a civil conspiracy was set forth in *Hooks v. Hooks,* 771 F.2d 935 (6th Cir.1985), in which the Sixth Circuit held:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id.* at 943-44; *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir.1989); see also *Pillette v. Detroit Police Dept.*, 661 F.Supp. 1145 (E.D.Mich.1987), aff'd, 852 F.2d 1288 (6th Cir.1988). This must be done with "some degree of specificity," as "vague and conclusory allegations unsupported by material facts" will not suffice. *Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009).

The allegations here are similar to those made in *Local 96,* and, as in that case, Plaintiff has sufficiently alleged all three elements of a civil conspiracy. First, the existence of a single plan: A single plan existed between Defendants MDP, Savit, Gilchrist, Secretary of State and State Director of Elections in that they privately met and agreed

that the Defendants Secretary of State and State Director of Elections would not comply with Mich Admin Code, R 168.2(3) & (4) and R 168.5 and they further agreed that the Defendants Secretary of State and State Director of Elections would not issue a written response to Plaintiff's August 22, 2026 expedited request for declaratory ruling. (ECF No. 20, PageID. 222, ¶189).

Additionally, Defendants Michigan Democratic Party, Eli Savit, Garlin Gilchrist, Secretary of State and State Director of Elections privately met and agreed that the Defendants Secretary of State and State Director of Elections would falsely state publicly or in court filings that the Defendants Secretary of State and State Director of Elections engaged in a preliminary investigation and review of Defendants Eli Savit's and Garlin Gilchrist's campaign finance reports and found no violations or missing reports or statements. (ECF No. 20, PageID. 222, ¶190). *See Local 96,* 361 F.3d at 905 (holding the statement "was the result of an agreement" satisfactorily alleged that a single plan existed).

Second, that the conspirators shared in a general conspiratorial objective: To prevent Plaintiff's two (2) sworn complaints filed under Mich Admin Code, R 168.5 and August 22, 2026 expedited request for

declaratory ruling filed under Mich.Comp.Laws §24.264 of APA from being timely and properly addressed by the Defendants Secretary of State and State Director of Elections prior to the September 4, 2026 deadline for the Defendant Secretary of State to certify candidates for the November 3, 2026 general election ballot. (ECF No. 20, PageID.221, ¶188). *See id.* (holding the alleged conspiratorial objective "to deprive [the Union] of its rights, privileges, and immunities" was sufficient).

The amended complaint also specifically alleges that Defendants MDP, Savit and Gilchrist were aware of and shared in this objective. (ECF No. 20, PageID.226, ¶¶205-206). *Cf. Bickerstaff v. Lucarelli,* 830 F.3d 388, 401 (6th Cir. 2016) (holding that the failure to allege that the defendant knew of relevant events meant that she could not have plausibly shared in the "general conspiratorial objective").

Finally, overt acts were committed in furtherance of the conspiracy that injured the Plaintiff: To carry out this conspiratorial plan, the Defendants Secretary of State and State Director of Elections committed the following overt acts that injured the Plaintiff:

- To date, Defendants Secretary of State and State Director of Elections have not issued a written response to

Plaintiff's August 22, 2026 expedited request for declaratory ruling.

- On September 4, 2026, pursuant to Mich.Comp.Laws §168.648, Defendant Secretary of State issued written "notices" to the various county clerks "certifying" Defendants Eli Savit and Garlin Gilchrist **without** conducting an investigation as required under Mich Admin Code, R 168.2(3) & (4) ***before*** certifying the candidates and without addressing the merits of Plaintiff's September 1, 2026 sworn complaints challenging the validity of Defendants Eli Savit and Garlin Gilchrist's affidavits of identity.
- On September 2, 2026, Defendants Secretary of State and State Director of Elections caused a false affidavit to be filed in the Michigan Court of Claims in the matter of *Davis v Benson*, Court of Claims Case No. 26-000187-MB, by Deputy Elections Director, Adam Fracassi, in which he falsely attested to the fact that the Defendant Secretary of State and State Director of Elections had conducted a preliminary investigation and review of campaign finance records filed by various candidate committees of Defendants Eli Savit and Garlin Gilchrist and found not outstanding statements were due.
- On September 3, 2026, the Defendants Secretary of State and State Director of Elections allowed the Defendant Michigan Democratic Party to fraudulently alter and/or amend its campaign finance filings to false show that Defendant Eli Savit's candidate committee for Attorney General, rather than Defendant Eli Savit's candidate committee for Washtenaw County Prosecutor made a $4,573.13 contribution to the Defendant Michigan Democratic Party's state central committee in July 2026 in violation of the Michigan Campaign Finance Act (MCFA).
- On September 4, 2026, in accordance with Mich.Comp.Laws §168.648, the Defendant Secretary of State issued written "notices" to the various county clerks listing the candidates that the Defendant Secretary of

State "certified" to appear on the November 3, 2026 general election ballot, which included the names of Defendants Eli Savit and Garlin Gilchrist.

- On September 16, 2026, the Defendants Secretary of State and State Director of Elections issued a written response to Plaintiff's September 1, 2026 sworn complaints challenging the validity of Defendants Eli Savit and Garlin Gilchrist's affidavits of identity advising Plaintiff that "the Department will hold your challenges in abeyance until such litigation, including your pending appeal, is resolved."
- On September 18, 2026, in accordance with Mich.Comp.Laws §168.759a(5), local city, county and township clerks disseminated absentee ballots to overseas military personnel after receiving the Defendant Secretary of State's "certification" of candidates on September 4, 2026.

(ECF No. 20, PageID. 226-227, ¶207).

Thus, at least at this stage, Plaintiff has sufficiently alleged that Defendants MDP, Savit and Gilchrist acted under color of state law by way of a civil conspiracy.

## ARGUMENT

## PLAINTIFF ADEQUATELY ALLEGES UNDERLYING CONSTITUTIONAL VIOLATIONS OF PROCEDURAL DUE PROCESS AND EQUAL PROTECTION UNDER "CLASS OF ONE" THEORY.

"A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury." *Rapp v. Dutcher*, 557 F. App'x 444, 450 (6th Cir. 2014) (citing

*Bauss v. Plymouth Twp*., 233 Fed. Appx. 490, 500 (6th Cir. 2007)). Here, for the reasons set forth in Plaintiff's Brief in Opposition to Defendants Jocelyn Benson's and Jonathan Brater's Motion to Dismiss [40] (ECF No. 63), Plaintiff thoroughly pleads and establishes separate and actionable constitutional injuries, which include violations of Plaintiff's procedural due process rights and denying Plaintiff equal protection under a "class of one" theory.

To alleviate redundancy, Plaintiff hereby incorporates by reference all of the legal arguments set forth in Plaintiff's Brief in Opposition to Defendants Jocelyn Benson's and Jonathan Brater's Motion to Dismiss [40] (ECF No. 63) as if they were fully stated and set forth herein.

## ARGUMENT

## *RES JUDICATA* DOES NOT BAR PLAINTIFF'S FEDERAL CLAIMS AGAINST DEFENDANTS MDP, SAVIT AND GILCHRIST.

"The Full Faith and Credit Act, 28 U.S.C. §1738, requires the federal courts to give state court judgments the same preclusive effect that the state would afford such judgments." *McCormick v Braverman*, 451 F.3d 382, 397 (6th Cir. 2006) (citations omitted). This Court "must give the same preclusive effect, under the doctrine[] of res judicata…to

state court judgments would receive in the courts of the rendering state." *Ingram v City of Columbus*, 185 F.3d 579, 593 (6th Cir. 1999) (citing *Migra v Warren City Sch. Bd. of Educ.,* 465 U.S. 75, 85 (1984)). Here, Michigan law controls.

Under Michigan law, the doctrine of res judicata "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) **both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been resolved in the first**." *Adair v State*, 470 Mich. 105, 121 (2004) (citing *Sewell v Clean Cut Mgt. Inc.*, 463 Mich. 569, 575 (2001)) (emphasis supplied). "The party asserting the defense of res judicata bears the burden of proof." *Winget v JP Morgan Chase Bank, N.A.,* 537 F.3d 565, 572 (6th Cir. 2008).

Defendants MDP, Savit and Gilchrist have asserted the frivolous defense that *res judicata* bars Plaintiff's federal claims because they could have been brought in the state-court action filed by the Plaintiff in the Court of Claims against the Defendant Secretary of State on September 1, 2026. *See Davis v Benson*, unpublished opinion and order of Court of Claims, issued September 4, 2026 (COC No. 2026-000187-

MB). It is apparent from Defendants' frivolous argument that their counsel is unfamiliar with the limited jurisdiction of the Michigan Court of Claims.

For starters, Plaintiff's §1983 federal constitutional claims could **not** have been brought in the Michigan Court of Claims because the Michigan Court of Claims lacks subject-matter jurisdiction over federal claims. The Michigan Court of Claims Act, being Mich.Comp.Laws §600.6440, provides:

> **No claimant may be permitted to file claim in said court against the state nor any department, commission, board, institution, arm or agency thereof who has an adequate remedy upon his claim in the federal courts**, but it is not necessary in the complaint filed to allege that claimant has no such adequate remedy, but that fact may be put in issue by the answer or motion filed by the state or the department, commission, board, institution, arm or agency thereof. [emphasis supplied.]

In *McKenzie v Dept. of Corrections*, 332 Mich.App. 289, ___; 957 NW2d 341, 350 (2020), the Michigan Court of Appeals interpreted Mich.Comp.Laws §600.6440 and addressed the legal question of whether the Michigan Court of Claims had subject-matter jurisdiction to address issues of federal law and so held:

> "A review of the plain statutory language indicates that if a claimant has an **adequate remedy for his or her claims**

> ***in the federal court*, the claimant *cannot* file the claim in the Court of Claims**." [emphasis supplied].

In *McKenzie*, the Michigan Court of Appeals further explained that "[b]ecause the Court of Claims Act governs the Court of Claims, the aforementioned (and thus "said) court refereed to in MCL 600.6440 is the Court of Claims. **As a result, MCL 600.6440 directs only that if an adequate remedy is available in the federal courts, the claim *cannot be filed, specifically, in the Court of Claims***." *McKenzie*, 332 Mich.App. at___; 957 NW2d at 350. (emphasis supplied).

Because Plaintiff clearly has an adequate remedy and a cause of action in this Court under 42 U.S.C. §1983, the Michigan Court of Claims lacked subject-matter jurisdiction to address the federal claims raised in the amended complaint (ECF No. 20).

In addition to the fact that the Michigan Court of Claims lacked subject-matter jurisdiction over Plaintiff's federal §1983 claims, *res judicata* is also inapplicable because Plaintiff's state-court action brought in the Michigan Court of Claims did **not** involve the same parties or their privies. Notably, Defendants MDP, Savit and Gilchrist were **not** parties to Plaintiff's state-court action filed in the Michigan Court of Claims. Defendants MDP, Savit and Gilchrist were not named

parties in the state-court action filed in the Michigan Court of Claims because the Michigan Court of Claims lacks subject-matter jurisdiction over nonstate actors and private individuals. See *Council of Organizations v State of Michigan*, 321 Mich.App. 456, at ____; 909 NW2d 449, 455 (2017) (holding that the Court of Claims lacks subject-matter jurisdiction over non state actors and private individuals); see also *Haider v. Mich. Technological Univ.,* unpublished per curiam opinion of the Court of Appeals, issued June 13, 1997 (Docket No. 183350), 1997 WL 33347843, p.3 (holding that "[b]ecause the individual defendants are not executive officers, the Court of Claims did not have subject-matter jurisdiction over" claims against them).

Therefore, Defendants MDP's, Savit's and Gilchrist's argument that *res judicata* bars Plaintiff's meritorious federal claims lack merit.

**ARGUMENT**

**PLAINTIFF HAS ARTICLE III STANDING FOR ALL CLAIMS AGAINST DEFENDANTS MDP, SAVIT AND GILCHRIST.**

To have Article III standing, a plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Murray v. U.S. Dep't of Treasury,* 681 F.3d 744, 748 (6th Cir.2012). The alleged injury must be

both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.,* 528 U.S. 167, 180, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Moreover, the injury in fact must be both "(a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted).

With respect to Counts I-IV of the amended complaint, Plaintiff has thoroughly plead and alleged facts establishes each of the necessary elements to establish Article III standing. Defendants MDP's, Savit's, and Gilchrist's motion to dismiss (ECF No. 48) fails to specifically identity how Plaintiff has failed to satisfy Article III standing for Counts I-IV of the amended complaint. Plaintiff has stated injuries with specificity that are personal to him in detail. (ECF No. 20).

Contrary to Defendants' arguments, Plaintiff has adequately pled allegations showing that Defendants MDP, Savit and Gilchrist are the cause for any possible injury to him. "To establish causation, a plaintiff

must show a 'causal connection between the injury and the conduct complained of,' or, in other words, that the injury alleged is 'fairly . . . trace[able] to the challenged action of the defendant.'" *Durham v. Martin*, 905 F.3d 432, 434 (6th Cir. 2018). The injury alleged cannot be the result of "the independent action of some third party." 504 U.S. at 560. In Counts I-IV, Plaintiff thoroughly pleads and alleges "causal connection between the injury and the conduct complained of[.]" *Id.*

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Plaintiff Robert Davis prays that this Honorable Court **DENIES** Defendants Michigan Democratic Party's, Eli Savit's and Garlin Gilchrist's Motion to Dismiss (ECF No. 48).

Dated: November 19, 2026

Respectfully submitted,
/s/ROBERT DAVIS
**ROBERT DAVIS, *Pro se***
Plaintiff
180 Eason
Highland Park, MI 48203

## CERTIFICATE OF SERVICE

I, ROBERT DAVIS, certify that on November 19, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of the United States District Court of the Eastern District of Michigan, using the CM/ECF system, which will send notification of such filing to all counsel of record at the email addresses that they have provided to the Court.

Dated: November 19, 2026 Respectfully submitted,

/s/ROBERT DAVIS

**ROBERT DAVIS, *Pro Se***